☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Remington Outdoor Company, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Freedom Group, Inc.<br>American Heritage Arms, Inc.<br>American Heritage Arms, LLC |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 6 – 0 1 7 4 4 9 1 |

4. **Debtor's address**

**Principal place of business**

100   Electronics Boulevard SW
Number   Street

_____

Huntsville     AL     35824
City           State   ZIP Code

Madison
County

**Mailing address, if different from principal place of business**

_____
Number       Street

_____
P.O. Box

_____
City             State     ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number       Street

_____

_____
City             State     ZIP Code

5. **Debtor's website** (URL)     www.remington.com

Case 20-81688-11   Doc 1   Filed 07/27/20   Entered 07/27/20 20:54:48   Desc Main
                          Document      Page 1 of 20

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ❏ Partnership (excluding LLP) |
| | | ❏ Other. Specify: _____ |

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ❏ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ■ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ❏ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 3   3   2   9 |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ❏ Chapter 7 |
| | | ❏ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ■ Chapter 11. *Check **all** that apply*: |
| | | ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ❏ A plan is being filed with this petition. |
| | | ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ❏ Chapter 12 |

Case 20-81688-11    Doc 1    Filed 07/27/20    Entered 07/27/20 20:54:48    Desc Main
Document    Page 2 of 20

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☐ No

   ■ Yes. District __Delaware_____ When _03/25/2018_ Case number __18-10684_____
                                          MM / DD / YYYY

   District _____ When _____ Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ■ Yes. Debtor _See Schedule 1 attached hereto_ Relationship _Affiliate_____

    District _Northern District of Alabama_ When _07/27/2020_
                                                          MM / DD / YYYY

    Case number, if known _Pending_____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**_____
                              Number          Street

    _____

    _____    _____ _____
    City                                  State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.[1]

[1]Unable to determine at this time.

**14. Estimated number of creditors\***

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

■ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets\***

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
■ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities\***

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
■ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___07/27/2020___
MM / DD / YYYY

**✗** _(signature)_

Signature of authorized representative of debtor

Title **Chief Executive Officer**

**Ken D'Arcy**

Printed name

\*All statistical and financial information contained herein is reported on a consolidated basis with the Debtor's affiliates as of the Petition Date.

**18. Signature of attorney**

✘ /s/ Derek F. Meek_____     Date   07/ 27 / 2020___

Signature of attorney for debtor                              MM   / DD / YYYY

Derek F. Meek_____

Printed name

Burr & Forman LLP_____

Firm name

420         20th Street North, Suite 3400_____

Number       Street

Birmingham_____     AL     35203_____

City                                        State   ZIP Code

(205) 251-3000_____     dmeek@burr.com_____

Contact phone                              Email address

ASB-7723-M74D_____     Alabama_____

Bar number                                 State

Case 20-81688-11   Doc 1   Filed 07/27/20   Entered 07/27/20 20:54:48   Desc Main
Document     Page 5 of 20

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtors in this Court

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Alabama. Contemporaneously herewith, the Debtors are filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to Remington Outdoor Company, Inc.

1. 32E Productions, LLC
2. Barnes Bullets, LLC
3. FGI Finance Inc.
4. FGI Holding Company, LLC
5. FGI Operating Company, LLC
6. Great Outdoors Holdco, LLC
7. Huntsville Holdings LLC
8. Outdoor Services, LLC
9. RA Brands, L.L.C
10. Remington Arms Company, LLC
11. Remington Arms Distribution Company, LLC
12. Remington Outdoor Company, Inc.
13. TMRI, Inc.

**RESOLUTIONS**
**OF THE BOARD OF DIRECTORS OF**
**REMINGTON OUTDOOR COMPANY, INC.**
**a Delaware corporation**

The members of the board of directors (collectively, the "Board") of Remington Outdoor Company, Inc., a Delaware corporation (the "Company"), hereby take the following actions and consent to the adoption of the following preambles and resolutions (these "Resolutions").

**WHEREAS**, on April 7, 2020, the Board designated a restructuring committee consisting of independent and disinterested directors of the Board (the "Restructuring Committee") to consider, evaluate and negotiate strategic and/or financial alternatives for the Company, including the possibilities of seeking alternative financing, or undertaking a sale, restructuring, reorganization, or other recapitalization transaction and related financing involving the Company and/or one or more of its direct and indirect subsidiaries, and taking certain other actions with respect thereto;

**WHEREAS**, the Restructuring Committee reviewed the performance and results of the Company, the market in which the Company operates, its current and future liquidity needs, its business prospects, and its current and long-term liabilities;

**WHEREAS**, the Restructuring Committee has reviewed the materials presented by its financial, legal, and other advisors and have engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and has had the opportunity to fully consider, the Company's financial condition, including its liabilities and liquidity position, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses and operations;

**WHEREAS**, the Restructuring Committee, in consultation with the Company's financial, legal, and other advisors, determined that it was in the best interests of the Company to explore a potential sale of its various business units to one or more potential bidders (the "Sale Transaction"); and

**WHEREAS**, on July 26, 2020, the Restructuring Committee, in consultation with the Company's financial, legal, and other advisors, and in consideration of all the applicable facts and circumstances recommended to the Board, and the Board has determined that it is desirable and in the best interests of the Company and its creditors, equity holders, employees, and other parties in interest that the Company file or cause to be filed a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code").

**I.     Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the Northern District of Alabama (the "<u>Bankruptcy Court</u>") or other court of competent jurisdiction.

**RESOLVED FURTHER**, that any one or more officers of the Company (each an "<u>Authorized Person</u>" and collectively, the "<u>Authorized Persons</u>") are authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify all petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the restructuring of the Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Person executing the same shall determine.

**RESOLVED FURTHER**, that each Authorized Person is authorized, empowered, and directed, in the name and on behalf of the Company, to negotiate, enter into, execute, deliver, certify, file, record, and perform, or cause to be negotiated, entered into, executed, delivered, certified, filed, recorded, and performed, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, pleadings, or other documents and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with the Company's chapter 11 case, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof.

## II.     <u>Cash Collateral</u>

**RESOLVED FURTHER**, that the Company, as a debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Company's assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in its chapter 11 case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code.

## III.    <u>Sale Process and Bidding Procedures</u>

**RESOLVED FURTHER**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, and the Company be and it hereby is authorized to (i) file the motion (the "<u>Sale Motion</u>") with the Bankruptcy Court to request, among other things, the Bankruptcy Court's approval of (a) the Sale Transaction, (b) the commencement of a marketing and sale process in the chapter 11 case for the Sale Transaction (the "<u>Sale Process</u>"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Sale Motion (such bidding procedures, in the form approved by the Bankruptcy Court, the "<u>Bidding Procedures</u>") and (ii) commence and implement the Sale Process.

**RESOLVED FURTHER**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each of them hereby is,

2

authorized, empowered, and directed, in the name and on behalf of the Company, to take any and all other actions as they may deem necessary or advisable to (i) file the Sale Motion with the Bankruptcy Court, (ii) commence and implement the Sale Process as contemplated in the Bidding Procedures, (iii) grant access to due diligence materials and other confidential information regarding the assets of the Company and the applicable subsidiaries to participants in the Sale Process in accordance with the Bidding Procedures, and (iv) in connection with the access mentioned above, negotiate and execute non-disclosure agreements between the Company, its subsidiaries, and the participants in the Sale Process protecting the confidentiality of certain due diligence materials and other confidential information.

**RESOLVED FURTHER**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered and directed, in the name of and on behalf of the Company, to take any and all other actions as they may deem necessary or advisable to, in the Company's capacity as stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner, or member of any of its subsidiaries and/or other entities that are debtors in the chapter 11 cases and that will take part in the Sale Process, to cause such subsidiaries and/or other entities to execute, to deliver and to perform any of the actions contemplated with respect to the Sale Process, the Bidding Procedures, and these resolutions or the transactions contemplated hereby.

## IV.     Retention of Advisors

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the law firm of O'Melveny & Myers LLP as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of O'Melveny & Myers LLP.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Burr & Forman LLP as local counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Burr & Forman LLP.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed, in the name of and on behalf of the Company, to (i) employ

3

the law firm of Akin Gump Strauss Hauer & Feld LLP, to represent and assist the Restructuring Committee in matters delegated to the Restructuring Committee in carrying out its duties, and (ii) to compensate Akin Gump Strauss Hauer & Feld LLP, as counsel to the Restructuring Committee, for its fees and expenses incurred in connection therewith; and, in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application or motion with the Bankruptcy Court for authority to either (i) retain, on behalf of the Restructuring Committee, the services of Akin Gump Strauss Hauer & Feld LLP or (ii) pay the fees and expenses of Akin Gump Strauss Hauer & Feld LLP in connection with its fees and expenses incurred in its representation of the Restructuring Committee.

**RESOLVED FURTHER**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of M-III Advisory Partners, LP as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of M-III Advisory Partners, LP.

**RESOLVED FURTHER**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Ducera Partners LLC and, where appropriate, its affiliates including Ducera Securities LLC ("Ducera") as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Ducera.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Prime Clerk LLC as notice, claims, and balloting agent to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Prime Clerk LLC.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ any other professionals, including attorneys, accountants, financial advisors, investment bankers,

4

and tax advisors, necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary.

## V.      Other Authorizations and Ratification

**RESOLVED FURTHER**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to take any and all other actions as they may deem necessary or advisable to, in the Company's capacity as stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner, or member of any of its subsidiaries and/or other entities that are debtors in the chapter 11 cases, to cause such subsidiaries and/or other entities to execute, deliver, and perform any of the actions contemplated with respect to the chapter 11 cases and these resolutions or the transactions contemplated hereby.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper, or desirable to prosecute to a successful completion of the chapter 11 case, including implementing the foregoing Resolutions and the transactions contemplated by these Resolutions.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions.

**RESOLVED FURTHER**, that the omission from these Resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing Resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing Resolutions.

**RESOLVED FURTHER**, that all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by any Authorized Person or any director, employee, legal counsel, or other representative of or advisor to the Company, in the name and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

Case 20-81688-11   Doc 1   Filed 07/27/20   Entered 07/27/20 20:54:48   Desc Main
Document    Page 11 of 20

**RESOLVED FURTHER**, that in connection with the transactions contemplated by the foregoing Resolutions, the Secretary and any Assistant Secretary of the Company be, and each of them individually hereby is, authorized in the name and on behalf of the Company, to certify any more formal or detailed resolutions as such Authorized Person may deem necessary, appropriate, or desirable to effectuate the intent of the foregoing Resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Board as if set forth at length herein.

Case 20-81688-11   Doc 1   Filed 07/27/20   Entered 07/27/20 20:54:48   Desc Main
Document      Page 12 of 20

**CERTIFICATE**

Date:   July 26, 2020

I, Melissa Cofield, the Vice President and Corporate Secretary of Remington Outdoor Company, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Company") hereby certifies as follows:

1.      I am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2.      Attached hereto is a true and correct copy of the resolutions of the board of directors of the Company (the "Board"), without exhibits, duly adopted at a meeting of the Board on July 26, 2020.

3.      Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written below.

By:   _____

Name: Melissa Cofield
Title:   Vice President and Corporate Secretary

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Alabama

In re   **Remington Outdoor Company, Inc.**                Case No. _____

                                               Debtor(s)       Chapter    **11** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept _____ $ _____ Hourly Rates

   Prior to the filing of this statement I have received _____ $ _____ Please refer to the Retention Application

   Balance Due _____ $ _____ **0.00**

2. The source of the compensation paid to me was:

   ☑ Debtor        ☑ Other (specify):      Affiliated Debtor.

3. The source of compensation to be paid to me is:

   ☑ Debtor        ☑ Other (specify):      Affiliated Debtor.

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **As set forth in the *Debtors' Application for Interim and Final Orders Authorizing Retention and Employment of Burr & Forman LLP as Counsel for Debtors and Debtors In Possession* (the "Retention Application"), filed concurrently herewith.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **As set forth in the Retention Application.**

---

**CERTIFICATION**

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**July 27, 2020** _____        **/s/ Derek F. Meek** _____
*Date*                                     **Derek F. Meek**
                                          *Signature of Attorney*
                                          **Burr & Forman LLP**
                                          **420 North 20th Street, Suite 3400**
                                          **Birmingham, AL 35203**
                                          **(205) 251-3000  Fax: (205) 458-5100**
                                          **dmeek@burr.com**
                                          *Name of law firm*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy
43881629 v1

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Alabama

In re    **Remington Outdoor Company, Inc.**        Case No.                

                                    Debtor(s)        Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $      Hourly Rates |
| Prior to the filing of this statement I have received | $      Please refer to the Retention Application |
| Balance Due | $      **0.00** |

2.  The source of the compensation paid to me was:

    ☑ Debtor       ☑ Other (specify):       Affiliated Debtor.

3.  The source of compensation to be paid to me is:

    ☑ Debtor       ☑ Other (specify):       Affiliated Debtor.

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]

    **As set forth in the *Debtor' Application for Entry of Interim and Final Orders Authorizing the Employment and Retention of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "Retention Application"), filed concurrently herewith.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

    **As set forth in the Retention Application.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**July 27, 2020**                                    **/s/ Stephen H. Warren**
*Date*                                                  **Stephen H. Warren**
                                                            *Signature of Attorney*
                                                            **O'Melveny & Myers LLP**
                                                            **400 S. Hope Street**
                                                            **Los Angeles, CA 90071**
                                                            **(213) 430-6000 Fax: (213) 430-6407**
                                                            **swarren@omm.com**
                                                            *Name of law firm*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                 Best Case Bankruptcy
43779212 v1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., | Case No. 20-_____( ) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Bankruptcy Rule 1007(a)(3), the following is a list of entities holding an interest in the above-captioned debtor.

| Name of Equity Security Holder | Mailing Address of Equity Security Holder | Number of Equity Securities[1] |
|---|---|---|
| CEDE & CO (FAST ACCOUNT) | CEDE & CO<br>PO BOX 20<br>BOWLING GREEN STATION<br>NEW YORK, NY 10004-1408 | 11,387,029 |
| SCHULTZE MASTER FUND LTD | SCHULTZE MASTER FUND LTD<br>800 WESTCHESTER AVENUE<br>SUITE S-632<br>PORT CHESTER, NY 10573 | 492,409 |
| ANTORA PEAK CREDIT OPPORTUNITIES | ANTORA PEAK CREDIT OPPORTUNITIES FUND LP<br>C/O CONSTELLATION ADVISERS LLC<br>1212 AVENUE OF AMERICAS<br>6TH FLOOR<br>NEW YORK, NY 10036 | 350,052 |
| BMR FUNDING LLC | BMR FUNDING LLC<br>TWO GREENWICH PLAZA<br>1ST FLOOR<br>GREENWICH, CT 06830-6353 | 299,957 |
| WHITEBOX ASYMMETRIC PARTNERS, L.P. | WHITEBOX ASYMMETRIC PARTNERS LP<br>3033 EXCELSIOR BLVD<br>SUITE 300<br>MINNEAPOLIS, MN 55416 | 127,730 |
| WHITEBOX MULTI STRATEGY PARTNERS LP | WHITEBOX MULTI STRATEGY PARTNERS LP<br>3033 EXCELSIOR BLVD<br>SUITE 300<br>MINNEAPOLIS, MN 55416-4675 | 127,582 |

---

[1] All equity securities are designated as common shares.

| Name of Equity Security Holder | Mailing Address of Equity Security Holder | Number of Equity Securities[1] |
|---|---|---|
| JNL SERIES TR - JNL/PPM AMERICA | JNL SERIES TR - JNL/PPM AMERICA FLOATING RATE INCOME FD UA 7/28/2000 225 WEST WACKER DRIVE CHICAGO, IL 60606-1224 | 56,543 |
| ROCKWALL CDO II, LTD. | ROCKWALL CDO II, LTD. 300 CRESCENT COURT SUITE 700 DALLAS, TX 75201-7849 ATTN: CARTER CHISM | 56,429 |
| GREENBRIAR CLO, LTD | GREENBRIAR CLO, LTD 300 CRESCENT COURT SUITE 700 DALLAS, TX 75201-7849 ATTN: CARTER CHISM | 54,704 |
| SG-FINANCIAL LLC | SG-FINANCIAL LLC PO BOX 3417 LITTLE ROCK, AR 72203-3417 | 49,210 |
| W.R. STEPHENS JR. TRUST A | W.R. STEPHENS JR. TRUST A, UA 5/3/99 PO BOX 3417 LITTLE ROCK, AR 72203-3417 | 49,210 |
| EASTLAND CLO, LTD | EASTLAND CLO, LTD 300 CRESCENT COURT SUITE 700 DALLAS, TX 75201-7849 ATTN: CARTER CHISM | 37,619 |
| JMP CREDIT ADVISORS CLO IV LTD. | JMP CREDIT ADVISORS CLO IV LTD. 3440 PRESTON RIDGE ROAD SUITE 350 ALPHARETTA, GA 30005 | 19,184 |
| STRATFORD CLO LTD | STRATFORD CLO LTD 300 CRESCENT COURT SUITE 700 DALLAS, TX 75201-7849 ATTN: CARTER CHISM | 18,810 |
| WESTCHESTER CLO, LTD. | WESTCHESTER CLO, LTD. 300 CRESCENT COURT SUITE 700 DALLAS, TX 75201-7849 ATTN: CARTER CHISM | 18,810 |
| JMP CREDIT ADVISORS CLO III(R) LTD | JMP CREDIT ADVISORS CLO III(R) LTD 3440 PRESTON RIDGE ROAD SUITE 350 ALPHARETTA, GA 30005 | 18,662 |

Case 20-81688-11   Doc 1   Filed 07/27/20   Entered 07/27/20 20:54:48   Desc Main
Document    Page 17 of 20

| Name of Equity Security Holder | Mailing Address of Equity Security Holder | Number of Equity Securities[1] |
|---|---|---|
| WHITEBOX MULTI-STRATEGY PARTNERS LP | WHITEBOX MULTI-STRATEGY PARTNERS LP<br>3033 EXCELSIOR BLVD<br>SUITE 300<br>MINNEAPOLIS, MN 55416-4675 | 14,305 |
| VOYA CLO 2015-1, LTD. | VOYA CLO 2015-1, LTD.<br>7337 E. DOUBLETREE RANCH ROAD<br>SUITE 10<br>SCOTTSDALE, AZ 85258 | 12,373 |
| WHITEBOX ASYMMETRIC PARTNERS LP | WHITEBOX ASYMMETRIC PARTNERS LP<br>3033 EXCELSIOR BLVD<br>SUITE 300<br>MINNEAPOLIS, MN 55416-4675 | 12,086 |
| VOYA CLO 2014-4, LTD. | VOYA CLO 2014-4, LTD.<br>7337 E. DOUBLETREE RANCH ROAD<br>SUITE 10<br>SCOTTSDALE, AZ 85258 | 10,705 |
| VOYA CLO 2014-2, LTD. | VOYA CLO 2014-2, LTD.<br>7337 E. DOUBLETREE RANCH ROAD<br>SUITE 10<br>SCOTTSDALE, AZ 85258 | 10,619 |
| VOYA CLO 2013-3, LTD. | VOYA CLO 2013-3, LTD.<br>7337 E. DOUBLETREE RANCH ROAD<br>SUITE 10<br>SCOTTSDALE, AZ 85258 | 10,455 |
| VOYA CLO 2013-1, LTD. | VOYA CLO 2013-1, LTD.<br>7337 E. DOUBLETREE RANCH ROAD<br>SUITE 10<br>SCOTTSDALE, AZ 85258 | 10,416 |
| EASTSPRING INVESTMENTS US BANK LOAN | EASTSPRING INVESTMENTS US BANK LOAN SPECIAL ASSET MOTHER INV TR UA 5/26/14<br>225 WEST WACKER DRIVE<br>CHICAGO, IL 60606 | 9,842 |
| PPM GRAYHAWK CLO, LTD | PPM GRAYHAWK CLO, LTD<br>225 WEST WACKER DRIVE<br>CHICAGO, IL 60606 | 9,405 |
| COMMONWEALTH FIXED INTEREST FUND 17 | COMMONWEALTH FIXED INTEREST FUND 17<br>ONE FRANKLIN PARKWAY<br>SAN MATEO, CA 94403-1906 | 6,114 |
| NATIONAL RAILROAD RETIREMENT | NATIONAL RAILROAD RETIREMENT INVESTMENT TRUST<br>309 WEST 49TH ST<br>19TH FL<br>NEW YORK, NY 10019-7316 | 2,063 |

Case 20-81688-11   Doc 1   Filed 07/27/20   Entered 07/27/20 20:54:48   Desc Main
Document     Page 18 of 20

| Name of Equity Security Holder | Mailing Address of Equity Security Holder | Number of Equity Securities[1] |
|---|---|---|
| CANTOR FITZGERALD & CO | CANTOR FITZGERALD & CO<br>900 WEST TRADE STREET<br>SUITE 725<br>CHARLOTTE, NC 28202 | 2 |

Fill in this information to identify the case and this filing:

Debtor Name  _Remington Outdoor Company, Inc.___

United States Bankruptcy Court for the Northern District of Alabama

Case number *(if known)*: _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* ___

☐ *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on    07/27/2020         X   _____
               MM/DD/YYYY              Signature of individual on behalf of debtor

                                       Ken D'Arcy_____
                                       Printed name

                                       Chief Executive Officer_____
                                       Position or relationship to debtor