## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

### DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS,

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this motion (the "**Motion**") seeking entry of interim and final orders, pursuant to sections 105(a), 327 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**") and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (i) authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' businesses, in accordance with the procedures set forth herein, and (ii) granting certain related relief, as described more fully herein. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

## Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.     On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases.  The Debtors' request for joint administration of these Chapter 11 Cases for procedural purposes only is currently pending.

4.     The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military and law enforcement customers throughout the world.  The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States.  The Debtors' headquarters is located in Huntsville, Alabama.

5.     Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated by reference herein.[2]

---

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**The Debtors' Ordinary Course Professionals**

6. The Debtors, in the day-to-day operation of their businesses, regularly call upon certain professionals, including attorneys and other professionals (collectively, the "**OCPs**"), to assist them in carrying out their responsibilities. The OCPs provide services to the Debtors in a variety of matters unrelated to these Chapter 11 Cases, including regulatory, consulting and financial services, and legal services with regard to specialized areas of law. The OCPs expected to be utilized by the Debtors during the pendency of these Chapter 11 Cases are identified on **Exhibit C** to this Motion.

7. For example, as of the Petition Date, the Debtors were defending a number of lawsuits, claims, investigations and proceedings, including without limitation product liability, commercial, environmental, and employment matters that arise in the ordinary course of business, for which the Debtors are represented by certain law firms specializing in the areas of law implicated by those matters. In addition, the Debtors use a number of consultants to assist with certain tax, audit and valuation matters in the ordinary course of the Debtors' business.

8. The Debtors submit that the continued employment and compensation of the OCPs is in the best interests of their estates, creditors and other parties in interest. It is critical that the Debtors be able to engage the OCPs in an effort to defend potential claims against their estates and preserve the value for stakeholders. Further, although the Debtors anticipate that the OCPs will wish to continue to represent and advise the Debtors during these Chapter 11 Cases, they would not be in a position to do so if the Debtors were not permitted to pay them on a regular basis. Without the background knowledge, expertise and familiarity that the OCPs have relative to the Debtors and their operations, the Debtors would undoubtedly incur additional and unnecessary expenses in educating and retaining replacement professionals. Accordingly, the Debtors' estates

and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day management of the Debtors' businesses.

9.　　In light of the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Moreover, a requirement that the OCPs each file retention pleadings and follow the usual fee application process required of other bankruptcy professionals would burden the Clerk's office, the Court and the Bankruptcy Administrator for the Northern District of Alabama (the "**Bankruptcy Administrator**") with unnecessary fee applications.　This Motion proposes procedures to alleviate such a burden.

**B.　Proposed Procedures**

10.　　The Debtors anticipate employing the OCPs to perform ongoing services during the pendency of these Chapter 11 Cases.　The Debtors propose that the following procedures shall govern the retention and payment of the OCPs (the "**OCP Procedures**"):

(a)　To ensure that none of the OCPs represents or holds any interest adverse to the Debtors or their estates with respect to the matter on which such professional is employed, each OCP shall be required to file a declaration (each, a "**Declaration of Disinterestedness**") with the Court, substantially in the form attached hereto as <u>**Exhibit D**</u>, stating that it does not hold an interest materially adverse to the Debtors, and to serve its Declaration of Disinterestedness on the following parties (the "**Notice Parties**"):

(i)　the Debtors, Remington Outdoor Company, Inc., 100 Electronics Boulevard SW, Huntsville, AL 35824;

(ii)　proposed counsel for the Debtors, (a) O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA, 90071 (Attn: Stephen H. Warren and Karen Rinehart) and Burr & Forman LLP, 420 20th Street North, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek and Hanna Lahr);

(iii)    the Office of the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602 (Attn: Richard Blythe);

(iv)    counsel to Whitebox Advisors LLC, as Priority Term Loan Lender, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Andreas Andromalos, Esq. and Tia C. Wallach, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(v)    counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103 (Attn: Kathleen M. LaManna, Esq. and Nathan Plotkin, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(vi)    counsel to Ankura Trust Company, LLC as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement and Exit Term Loan Agent under the Exit Term Loan Agreement, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017 (Attn: Donald Bernstein, Esq. and Joanna McDonald, Esq.), and Hand Arendall Harrison Sale, 1810 5th Avenue North, Suite 400, Birmingham, AL 35203 (Attn: Benjamin S. Goldman, Esq.);

(vii)    counsel to Franklin Advisors, Inc., as FILO Lender, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua Morse, Esq. and Andrew Alfano, Esq.), and Christian & Small LLP, 505 North 20th Street, Suite 1800, Birmingham, AL 35203 (Attn: Daniel Sparks, Esq. and Bill Bensinger, Esq.); and

(viii)    counsel to the Committee.

(b)    All parties in interest shall have ten (10) days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "**Objection Deadline**"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be consensually resolved within ten (10) days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than fifteen (15) days from that date or on a date otherwise agreed by the parties. The Debtors shall not be authorized to retain and pay such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(c)     If no objection is received by the Objection Deadline with respect to an OCP, the Debtors shall be authorized to retain and pay that OCP in accordance with these OCP Procedures.

(d)     The Debtors are authorized to pay any retained OCP, without further application to the Court, 100% of fees and disbursements upon submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date and the fees and disbursements related thereto; *provided*, *however*, that the total of all OCP's (other than audit and tax professionals) fees, excluding costs and disbursements, do not exceed $290,000 per month while these Chapter 11 Cases are pending (the "**OCP Monthly Cap**"); *provided*, *further*, that the total amount disbursed per quarter for all OCP's (other than audit and tax professionals) does not exceed $870,000 (the "**OCP Quarterly Cap**") (it being understood and agreed that the first partial month shall not be included in the quarterly test); and, for all OCP audit and tax professionals, the total of all professional fees, excluding costs and disbursements, does not exceed $400,000 per annum (the "**OCP Audit/Tax Cap**" and, together with the OCP Monthly Cap and the OCP Quarterly Cap, collectively, the "**OCP Caps**"). The OCP Caps may be increased by mutual agreement between the Debtors and the Bankruptcy Administrator, *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

(e)     To the extent that fees payable to the OCPs in the aggregate exceed the OCP Quarterly Cap or OCP Audit/Tax Cap (as applicable), the Debtors shall submit a Notice of Fees in Excess of the OCP Cap (the "**Notice of Excess Fees**") providing the total amount of fees and disbursements actually incurred and the amount by which such fees and disbursements exceed the applicable OCP Cap.

(f)     The Notice of Excess Fees shall be served upon the Notice Parties. The Notice Parties shall then have fifteen (15) days to object to the Notice of Excess Fees. The Bankruptcy Administrator shall have the right to request that any OCP whose fees and disbursements regularly and substantially exceed the amounts allocated to such OCP under the OCP Quarterly Cap or OCP Audit/Tax Cap (as applicable) be the subject of a retention application pursuant to Bankruptcy Code section 327(a).

(g)     If, after fifteen (15) days no objection is filed, the fees requested in the Notice of Excess Fees shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need for further action from such OCP.

(h)     Beginning on the quarter ending September 30, 2020, and for each quarter thereafter through the date of entry of an order confirming a plan of reorganization, the Debtors shall file with the Court and serve on the Notice Parties, no later than forty-five (45) days after the end of such quarter, or no

later than forty-five (45) days after the date of entry of an order confirming a plan of reorganization if such date is before the end of the quarter, a statement (the "**Quarterly Statement**") that shall include the following information for each OCP: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; (c) all postpetition payments made to that OCP to date; and (d) a general description of the services rendered by that OCP.

(j)     The Debtors may retain additional OCPs from time to time during these Chapter 11 Cases by (a) including each additional OCP on an amended version of **Exhibit D** to this Motion that shall be filed with the Court and served on the Notice Parties and (b) having such additional OCP comply with the OCP Procedures.

11.     Although certain of the OCPs may hold minor amounts of unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or any other parties in interest, and, thus, no OCP would be retained who does not meet, if applicable, the special counsel retention requirement of Bankruptcy Code section 327(e).

## Relief Requested

12.     By this Motion, and pursuant to Bankruptcy Code section 105(a) and 327, and Bankruptcy Rule 2014, the Debtors seek authority, but not direction, to (a) retain the OCPs without requiring the submission of separate retention pleadings for each OCP and (b) pay the OCPs 100% of their postpetition fees and expenses, subject to the OCP Procedures.

## Basis for Relief

13.     In determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327 and therefore must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtors' ongoing business operations.  *See, e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (In re Johns-Manville Corp.), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those

persons who play an intimate role in the reorganization of a debtor's estate."); *In re Drexel Burnham Lambert Grp. Inc.*, 112 B.R. 584, 587 (Bankr. S.D.N.Y. 1990) (same). Courts often consider the following factors in determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327:

- Whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

- Whether the entity is involved in negotiating the terms of a plan of reorganization;

- Whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

- Whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

- The extent of the entity's involvement in the administration of the debtor's estate; and

- Whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (holding that only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327).

14. The foregoing factors must be considered as a whole when determining whether an entity is a professional within the meaning of Bankruptcy Code section 327. None of the factors

alone is dispositive. Considering all of the factors, the Debtors do not believe that the OCPs are professionals requiring a full retention under section 327. The OCPs will not be involved in the administration of these Chapter 11 Cases. Instead, the OCPs will provide services in connection with the Debtors' business operations. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish a clear mechanism for retention and payment of the OCPs and thereby avoid any subsequent controversy with respect thereto.

15.     The Debtors and their estates would be well served by continued retention of the OCPs because of their established relationship with the Debtors and understanding of the Debtors and their operations. Furthermore, in light of the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal and other advisors to prepare and submit individual applications and proposed retention orders for each OCP. Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' businesses by retaining and compensating the OCPs in accordance with the OCP Procedures.

## Reservation of Rights

16.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve the right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' right to subsequently dispute such claim.

## Notice

17.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as applicable local bankruptcy rules, and is sufficient under the circumstances.  The Debtors will provide notice of this Motion to the following parties-in-interest: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (vii) counsel to Franklin Advisors, Inc., as FILO Lender; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary under the circumstances.

## No Prior Request

18.     The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an interim order, substantially in the form attached hereto as **Exhibit A**, and a final order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such further relief as the Court may deem appropriate and proper.

Dated: July 28, 2020

Respectfully submitted,

*/s/ Derek F. Meek*
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone:    (205) 251-3000
Facsimile:    (205) 458-5100
Email:  dmeek@burr.com
             hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* admission pending)
Karen Rinehart (*pro hac vice* admission pending)
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407
Email: swarren@omm.com
            krinehart@omm.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

## **EXHIBIT A**

## **Proposed Form of Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| | Joint Administration Requested |
| Debtors. | |

## INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 327 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, (the "**Bankruptcy Code**"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order (this "**Order**") (i) authorizing but not directing the Debtors to employ and compensate professionals utilized in the ordinary course of business (the "**OCPs**") and (ii) granting certain related relied, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).  The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

no other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Debtors are authorized but not directed on an interim basis to, in their sole

discretion, retain and pay reasonable fees and expenses for the services of the OCPs in the ordinary

course of their businesses.

3.      Any payment made pursuant to this Order is not intended and should not be

construed as an admission as to the validity or priority of any claim or a waiver of the Debtors'

rights to subsequently dispute such claim, and any such payment is not intended and should not be

construed as an assumption of any executory contract or obligation of the Debtors.

4.      The final hearing (the "**Final Hearing**") on the Motion shall be held on _____ 2020,

at_:__.m. Central Time.  Any objections or responses to the entry of a final order on the Motion

shall be filed on or before 4:00 p.m. Central Time on _____, 2020, and served on the following

parties: (a) proposed counsel for the Debtors, O'Melveny & Myers LLP, 400 South Hope Street,

Los Angeles, CA, 90071 (Attn: Stephen H. Warren and Karen Rinehart) (Emails:

swarren@omm.com; krinehart@omm.com) and Burr & Forman LLP, 420 20th Street North, Suite

3400, Birmingham, AL 35203 (Attn: Derek F. Meek and Hanna Lahr) (Emails: dmeek@burr.com; hlahr@burr.com); (b) the Office of the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602 (Attn: Richard Blythe) (Email: richard_blythe@alnba.uscourts.gov); (c) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender, Brown Rudnick LLP, One Financial Center, Boston MA, 02111 (Attn: Andreas Andromalos, Esq. and Tia C. Wallach, Esq.) (Emails: aandromalos@brownrudnick.com; twallach@brownrudnick.com), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford, Esq.) (Email: jretherford@balch.com); (d) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103 (Attn: Kathleen LaManna and Nathan Plotkin) (Emails: klamanna@goodwin.com; nplotkin@goodwin.com), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford, Esq.) (Email: jretherford@balch.com); (e) counsel to Ankura Trust Company, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement, Davis, Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017 (Attn: Donald Bernstein and Joanna McDonald) (Emails: donald.bernstein@davispolk.com; joanna.mcdonald@davispolk.com), and Hand Arendall Harrison Sale, 1810 5th Avenue North, Suite 400, Birmingham, AL 35203 (Attn: Benjamin S. Goodman) (Email: bgoldman@handfirm.com); (f) counsel to Franklin Advisors, Inc., as FILO Lender, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua Morse, Esq. and Andrew Alfano, Esq.) (Emails: joshua.morse@pillsburylaw.com; andrew.alfano@pillsburylaw.com), and Christian & Small

LLP, 505 North 20th Street, Suite 1800, Birmingham, AL 35203 (Attn: Daniel Sparks, Esq. and

Bill Bensinger, Esq.) (Emails: ddsparks@csattorneys.com; bdbensinger@csattorneys.com); and

(g) counsel to the Creditors' Committee (if any).  In the event no objections to the entry of a final

order on the Motion are timely filed, this Court may enter a final order without need for a hearing

thereon

5.      Entry of this Interim Order is necessary to avoid immediate and irreparable harm.

The requirements of Bankruptcy Rule 6003(b) have been satisfied.

6.      Adequate notice of, and an opportunity for a Hearing on, the Motion have been

provided.  Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

7.      The Debtors shall serve a copy of this Interim Order upon all parties who were

served with the Motion.

8.      Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the

terms and conditions of this Interim Order are immediately effective and enforceable upon its

entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Interim Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2020


_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

## Proposed Form of Final Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## FINAL ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 327 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order (this "**Order**") (i) authorizing but not directing the Debtors to employ and compensate professionals utilized in the ordinary course of business (the "**OCPs**") and (ii) granting certain related relied, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, in their sole discretion, to retain and pay reasonable fees and expenses for the services of the OCPs in the ordinary course of their businesses.

3.      The following procedures shall govern the retention and payment of OCPs (the "OCP Procedures"):

(a)     To ensure that none of the OCPs represents or holds any interest adverse to the Debtors or their estates with respect to the matter on which such professional is employed, each OCP shall be required to file a declaration (each, a "**Declaration of Disinterestedness**") with the Court, substantially in the form attached as **Exhibit C** to the Motion, stating that it does not hold an interest materially adverse to the Debtors, and to serve its Declaration of Disinterestedness on the following parties (the "**Notice Parties**"):

(i)     the Debtors, Remington Outdoor Company, Inc., 100 Electronics Boulevard SW, Huntsville, AL 35824;

(ii)    proposed counsel for the Debtors, (a) O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA, 90071 (Attn: Stephen H. Warren and Karen Rinehart) and Burr & Forman LLP, 420 20th Street North, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek and Hanna Lahr);

(iii) the Office of the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602 (Attn: Richard Blythe);

(iv) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Andreas Andromalos, Esq. and Tia C. Wallach, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(v) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103 (Attn: Kathleen M. LaManna, Esq. and Nathan Plotkin, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(vi) counsel to Ankura Trust Company, LLC as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement and Exit Term Loan Agent under the Exit Term Loan Agreement, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017 (Attn: Donald Bernstein, Esq. and Joanna McDonald, Esq.), and Hand Arendall Harrison Sale, 1810 5th Avenue North, Suite 400, Birmingham, AL 35203 (Attn: Benjamin S. Goldman, Esq.);

(vii) counsel to Franklin Advisors, Inc., as FILO Lender, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua Morse, Esq. and Andrew Alfano, Esq.), and Christian & Small LLP, 505 North 20th Street, Suite 1800, Birmingham, AL 35203 (Attn: Daniel Sparks, Esq. and Bill Bensinger, Esq.); and

(viii) counsel to the Committee.

(b) All parties in interest shall have ten (10) days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "**Objection Deadline**"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be consensually resolved within ten (10) days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than fifteen (15) days from that date or on a date otherwise agreed by the parties. The Debtors shall not be authorized to retain and pay such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(c)     If no objection is received by the Objection Deadline with respect to an OCP, the Debtors shall be authorized to retain and pay that OCP in accordance with these OCP Procedures.

(d)     The Debtors are authorized to pay any retained OCP, without further application to the Court, 100% of fees and disbursements upon submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date and the fees and disbursements related thereto; *provided*, *however*, that the total of all OCP's (other than audit and tax professionals) fees, excluding costs and disbursements, do not exceed $290,000 per month while these Chapter 11 Cases are pending (the "**OCP Monthly Cap**"); *provided*, *further*, that the total amount disbursed per quarter for all OCP's (other than audit and tax professionals) does not exceed $870,000 (the "**OCP Quarterly Cap**") (it being understood and agreed that the first partial month shall not be included in the quarterly test); and, for all OCP audit and tax professionals, the total of all professional fees, excluding costs and disbursements, does not exceed $400,000 per annum (the "**OCP Audit/Tax Cap**" and, together with the OCP Monthly Cap and the OCP Quarterly Cap, collectively, the "**OCP Caps**"). The OCP Caps may be increased by mutual agreement between the Debtors and the Bankruptcy Administrator, *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

(e)     To the extent that fees payable to the OCPs in the aggregate exceed the OCP Quarterly Cap or OCP Audit/Tax Cap (as applicable), the Debtors shall submit a Notice of Fees in Excess of the OCP Cap (the "**Notice of Excess Fees**") providing the total amount of fees and disbursements actually incurred and the amount by which such fees and disbursements exceed the applicable OCP Cap.

(f)     The Notice of Excess Fees shall be served upon the Notice Parties. The Notice Parties shall then have fifteen (15) days to object to the Notice of Excess Fees. The Bankruptcy Administrator shall have the right to request that any OCP whose fees and disbursements regularly and substantially exceed the amounts allocated to such OCP under the OCP Quarterly Cap or OCP Audit/Tax Cap (as applicable) be the subject of a retention application pursuant to Bankruptcy Code section 327(a).

(g)     If, after fifteen (15) days no objection is filed, the fees requested in the Notice of Excess Fees shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need for further action from such OCP.

(h)     Beginning on the quarter ending September 30, 2020, and for each quarter thereafter through the date of entry of an order confirming a plan of reorganization, the Debtors shall file with the Court and serve on the Notice

Parties, no later than forty-five (45) days after the end of such quarter, or no later than forty-five (45) days after the date of entry of an order confirming a plan of reorganization if such date is before the end of the quarter, a statement (the "**Quarterly Statement**") that shall include the following information for each OCP: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; (c) all postpetition payments made to that OCP to date; and (d) a general description of the services rendered by that OCP.

(j)     The Debtors may retain additional OCPs from time to time during these Chapter 11 Cases by (a) including each additional OCP on an amended version of **Exhibit C** to the Motion that shall be filed with the Court and served on the Notice Parties and (b) having such additional OCP comply with the OCP Procedures.

4.     Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim, and any such payment is not intended and should not be construed as an assumption of any executory contract or obligation of the Debtors.

5.     Notwithstanding the possible applicability of Bankruptcy Rules 7062, 9014, or otherwise, this Order shall be immediately effective and enforceable upon its entry.

6.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE

<u>**EXHIBIT C**</u>

**List of Ordinary Course Professionals**

**Remington Outdoor Company, Inc.**
**Schedule of Ordinary Course Professionals**

| Monthly / Recurring Ordinary Course Professionals | | |
| --- | --- | --- |
| **Provider Name** | **Vendor Address** | **Service(s) Provided** |
| ANGEION GROUP LLC | 1801 MARKET STREET, SUITE 660, PHILADELPHIA, PA 19103 | Product Liability Support Firm |
| BAKER BOTTS | 910 LOUISIANA STREET, HOUSTON, TX 77002 | Special Counsel (International Sales) |
| BLACKBURN & STOLL LLC | 257 EAST 200 SOUTH, SUITE 800, SALT LAKE CITY, UT 84111 | Personal Injury Counsel |
| DAY PITNEY LLP | 1 JEFFERSON ROAD, PARSIPPANY, NJ 07054-2833 | Product Liability Counsel |
| ERNST & YOUNG, LLP | 190 CARONDELET PLAZA, SUITE 1300, CLAYTON, MO 63105 | Tax (Excise Tax) |
| FRIDAY, ELDREDGE & CLARK | 400 W CAPITOL, LITTLE ROCK, AR 72201 | Product Liability Counsel |
| JACKSON LEWIS, LLP | 75 PARK PLAZA, BOSTON, MA 02116 | Union and Employee Matters |
| MAYNARD COOPER & GALE PC | 1901 6TH AVENUE NORTH, SUITE 2400, BIRMINGHAM, AL 35203-2602 | State Incentives Counsel |
| NELSON MULLINS RILEY & SCARBOROUGH | 1320 MAIN STREET, 17TH FLOOR, COLUMBIA, SC 29201 | eDiscovery Services |
| ORCHID ADVISORS LLC | 40 WEST HILLS DRIVE, AVON, CT 6001 | Compliance Counsel |
| PROFILE ADVISORS LLC | 405 LEXINGTON AVE, SUITE 915, NEW YORK, NY 10174 | Public Relations |
| REED SMITH LLP | 225 FIFTH AVENUE, PITTSBURGH, PA 15222 | Insurance Counsel |
| SHOOK, HARDY & BACON, LLP | 2555 GRAND BOULEVARD, KANSAS CITY, MO 64108 | Product Liability Counsel |
| SWANSON MARTIN & BELL | 330 NORTH WABASH AVE - STE 3300, CHICAGO, IL 60611 | Product Liability Counsel |
| WILMER & LEE P A | 100 WASHINGTON STREET, SUITE 100, HUNTSVILLE, AL 35801 | Workers Comp. and Employee Matters Counsel |
| WOMBLE BOND DICKSON | ONE WELLS FARGO CENTER, SUITE 3500, CHARLOTE, NC 28202 | Special Counsel (Patents, trademarks, benefits, etc.) |

**Other Product Liability Related Counsel**

| | | |
| --- | --- | --- |
| BINGHAM GREENEBAUM DOLL LLP | 10 WEST MARKET STREET, INDIANAPOLIS, IN 46204 | Product Liability Counsel |
| BUTLER, SNOW, O'MARA, STEVENS | 1020 HIGHLAND COLONY PKWY., SUITE 1400, RIDGELAND, MS 39157 | Product Liability Counsel |
| DICKINSON WRIGHT PLLC | 2600 WEST BIG BEAVER RD, SUITE 300, TROY, MI 48084 | Product Liability Counsel |
| CLAYTON UTZ | 1 BLIGHT STREET, SYDNEY, NEW SOUTH WALES | Product Liability Counsel |
| CORETTE BLACK CARLSON & MICKELSON | 129 WEST PARK STREET, SUITE 301, BUTTE, MT 59701 | Product Liability Counsel |
| GRAY REED & MCGRAW LLP | 1300 POST OAK BOULEVARD #2000, HOUSTON, TX 77056 | Product Liability Counsel |
| HUNTER MACLEAN EXLEY & DUNN PC | 200 EAST ST JULIAN STREET, SAVANNAH, GA 31401 | Product Liability Counsel |
| IRWIN FRITCHIE URQUHART & MOORE LLC | 400 POYDRAS STREET, SUITE 2700, NEW ORLEANS, LA 70130 | Product Liability Counsel |
| LIGHTFOOT,FRANKLIN, & WHITE LLC | 400 20TH STREET NORTH, BIRMINGHAM, AL 35203-3200 | Product Liability Counsel |
| MCGINNIS LOCHRIDGE AND KILGORE LLP | 600 CONGRESS AVE, SUITE 2100, AUSTIN, TX 78701 | Product Liability Counsel |
| OHNSTAD TWICHELL PC | 444 SHEYENNE STREET, SUITE 102, WEST FARGO, ND 58078 | Product Liability Counsel |
| PORTER WRIGHT MORRIS & ARTHUR LLP | 41 SOUTH HIGH STREET, COLUMBUS, OH 43215 | Product Liability Counsel |
| POST & SCHELL PC | 1600 JOHN F KENNEDY BOULEVARD, PHILADELPHIA, PA 19103 | Product Liability Counsel |
| REMINGER CO LPA | 200 CIVIC CENTER DRIVE, SUITE 800, COLUMBUS, OH 43215 | Product Liability Counsel |
| RODEY LAW FIRM | 201 THIRD STREET NW, SUITE 2200, ALBUQUERQUE, NM 87103-1888 | Product Liability Counsel |
| SNOW CHRISTENSEN & MARTINEAU | 10 EXCHANGE PLACE, 11TH FLOOR, SALT LAKE CITY, UT 84111 | Product Liability Counsel |
| SPOTTS FAIN PC | 411 E FRANKLIN STREET, SUITE 600, RICHMOND, VA 23219 | Product Liability Counsel |
| THE LAW OFFICE OF ROBERT H ALEXANDER JR., PC | 100 NORTH BROADWAY, P.O. BOX 868, OKLAHOMA CITY, OK 73101-0868 | Product Liability Counsel |
| WYATT, TARRANT & COMBS, LLP | 500 WEST JEFFERSON STREET, SUITE 2800, LOUISVILLE, KY 40202 | Product Liability Counsel |
| YOKA & SMITH LLP | 445 SOUTH FIGUEROA ST - 38TH FL, LOS ANGELES, CA 90071 | Product Liability Counsel |

| Audit and Tax Professional Services Required from Petition Date to Plan Effective Date | | |
| --- | --- | --- |
| **Provider Name** | **Vendor Address** | **Service(s) Provided** |
| DELOITTE TAX LLP | 2200 ROSS AVE #1600, DALLAS, TX 75201 | Tax (Federal/State Returns) |
| GRANT THORNTON LLP | PO BOX 532019, ATLANTA, GA 30353-2019 | Auditor |
| KPMG, LLC | 2323 ROSS AVE #1400, DALLAS, TX 75201 | Accounting and Valuation Services |

## **EXHIBIT D**

## **Form Declaration of Disinterestedness**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## DECLARATION OF DISINTERESTEDNESS OF [_____]
## IN SUPPORT OF RETENTION AS AN ORDINARY COURSE PROFESSIONAL

I, _____, being duly sworn, state the following under penalty of perjury:

1. I am a [position] of _____ (the "**Firm**"), which has a place of business at _____.

2. The above-captioned debtors and debtors in possession (the "**Debtors**") have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for persons that are parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates, except as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

_____.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these Chapter 11 Cases.

5.      Neither I nor any principal, partner, director, or officer of or professional retained by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained, except as follows: _____.

7.      The Debtors owe the Firm $[_____] for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.  The Firm understands that its designation as an ordinary course professional does not entitle the Firm to payment for services provided during the prepetition period outside of a confirmed plan of reorganization.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing .is true and correct to the best of my knowledge and belief.  Executed on [_____], 2020.

_____
[Name]
[Position, Firm]