# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| | Joint Administration Requested |
| Debtors. | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE BANKRUPTCY ADMINISTRATOR TO SOLICIT AND FORM CONSOLIDATED UNSECURED CREDITORS' COMMITTEE**

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this motion (this "**Motion**"), pursuant to Sections 105(a) and 1102(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") authorizing the United States Bankruptcy Administrator for the Northern District of Alabama (the "**Bankruptcy Administrator**") to solicit and form one (1) consolidated unsecured creditors' committee (the "**Consolidated Committee**") in the above-captioned chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

43874452 v1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these chapter 11 cases. The Debtors' request for joint administration of these chapter 11 cases for procedural purposes only is currently pending.

4. The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military, and law enforcement customers throughout the world. The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' principal headquarters are located in Huntsville, Alabama.

5. Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession*, filed contemporaneously herewith and incorporated by reference herein.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek the entry of an order pursuant to Sections 105(a) and 1102(a) of the Bankruptcy Code authorizing the Bankruptcy Administrator to solicit and form a Consolidated Committee in lieu of soliciting and forming separate unsecured creditors' committees in each of the Debtors' thirteen (13) Chapter 11 Cases.

## BASIS FOR RELIEF

7. Contemporaneously herewith, the Debtors have filed: (a) a motion seeking procedural consolidation and joint administration of their chapter 11 cases, and (b) a motion for authorization to file a consolidated list of the forty (40) largest unsecured claims against all the Debtors on a consolidated basis (the "**Consolidated Forty Largest List**"). As set forth therein, the Debtors are affiliates with integrated operations and many of the same creditors. As described in detail in the Debtors' motion requesting authorization to continue their pre-petition cash management systems, the Debtors have a consolidated and centralized cash management system. To facilitate efficient management of cash, the Debtors' receivables are generally transferred to Remington Arms Company, LLC's ("**RAC**") centralized operating account, and the transactions are recorded on RAC's and the other Debtors' books and records through intercompany accounting entries. The Debtors' accounts payable are frequently paid from RAC's bank accounts, and the transactions are likewise recorded through intercompany accounting entries.

8. Because the Debtors' employees and professionals otherwise would have been required to divert significant resources and effort at a critical time in their operations in order to reconcile the specific Debtor entity against which each of the claims would be asserted on an individual basis, the Debtors instead prepared the Consolidated Forty Largest List which reflects the creditors and claims on a combined basis. The Consolidated Forty Largest List accurately reflects the debt structures of the Debtors as a whole.

9. Allowing the Bankruptcy Administrator to solicit and form a single Consolidated Committee will save resources and permit the efficient administration of these Chapter 11 Cases. The Debtors are informed and believe that without the relief sought in this Motion, the Bankruptcy Administrator may otherwise need to solicit separate committees for each of the estates. Requiring the formation of thirteen separate creditors' committees would significantly increase the costs of administering the bankruptcy estates without a concomitant benefit and could divert the Debtors' management from the critical tasks involved in maximizing the value of the Debtors' assets for the benefit of stakeholders. The Debtors respectfully submit that the Bankruptcy Administrator's formation of a single creditors' committee will adequately represent the interests of unsecured creditors in the Chapter 11 Cases.

10. Section 1102 of the Bankruptcy Code gives the Court discretion in regards to the formation of an unsecured creditors' committee. *See, e.g.*, *Masters, Mates & Pilots Plans v. Lykes Bros. S.S. Co., Inc. (In re Lykes Bros. S.S. Co., Inc.)*, 200 B.R. 933, 940 (M.D. Fla. 1996) ("[T]he Bankruptcy Court may review the Trustee's administrative task of appointing committee members, upon motion of a party in interest or upon its own motion."). Moreover, Section 105(a) of the Bankruptcy Code empowers the court to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

11. In light of the foregoing, authorizing the Bankruptcy Administrator to solicit and form a Consolidated Committee is in the best interest of the Debtors' estates and will facilitate the efficient and orderly administration of the Chapter 11 Cases.

12. Consolidated committees have been formed in this District in other chapter 11 cases that have been jointly administered. *See, e.g.*, *In re Mission Coal Co., LLC*, No. 18-04177-TOM11

(Bankr. N.D. Ala. Oct. 25, 2018) [Doc. 147]; *In re Walter Energy, Inc.*, No. 15-02741-TOM11 (Bankr. N.D. Ala. Aug. 4, 2015) [Doc. 342].

### Notice

13. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as applicable local bankruptcy rules, and is sufficient under the circumstances. The Debtors have provided notice of this Motion to: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

### No Prior Request

14. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such further relief as may be appropriate and proper.

Dated: July 28, 2020

*/s/ Derek F. Meek*
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: dmeek@burr.com
　　　 hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* admission pending)
Karen Rinehart (*pro hac vice* admission pending)
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: swarren@omm.com
　　　 krinehart@omm.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

43874452 v1

6

Case 20-81688-CRJ11   Doc 16   Filed 07/28/20   Entered 07/28/20 00:41:33   Desc Main
Document    Page 6 of 9

# **Exhibit A**

43874452 v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| | Joint Administration Requested |
| Debtors. | |

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE BANKRUPTCY ADMINISTRATOR TO SOLICIT AND FORM CONSOLIDATED UNSECURED CREDITORS' COMMITTEE

This matter came to be heard upon the motion[2] (the "**Motion**") of Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a) and 1102(a) of the Bankruptcy Code, authorizing the Bankruptcy Administrator to solicit and form one (1) consolidated unsecured creditors' committee (the "**Consolidated Committee**") in the above-captioned chapter 11 cases. Upon consideration of the Motion and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record herein; and after due deliberation thereon; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

43874452 v1

good and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Bankruptcy Administrator is authorized to solicit and form a Consolidated Committee for all of the Debtors' estates based on the Consolidated Forty Largest List.

3. This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE