IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br> REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-81688-11 <br><br> Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby file this motion (this "**Motion**"), pursuant to Section 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), for entry of an order substantially in the form attached hereto as **Exhibit A** hereto (the "**Proposed Order**") setting procedures for periodic interim allowance of compensation and reimbursement of expenses for counsel, investment bankers, and financial advisors (the "**Case Professionals**") to the Debtors in the Chapter 11 Cases. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

43873885 v1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases. The Debtors' request for joint administration of these Chapter 11 Cases for procedural purposes only is currently pending.

4. The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military, and law enforcement customers throughout the world. The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' headquarters is located in Huntsville, Alabama.

5. Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor*

*Company, Inc. and its Affiliated Debtors and Debtors in Possession* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated by reference herein.[2]

6. On the Petition Date, the Debtors filed applications to retain and employ: (i) O'Melveny & Myers LLP and Burr & Forman LLP, as counsel; (ii) Ducera Partners LLC, as investment banker; (iii) M-III Advisory Partners, LP, as financial advisor; and (iv) Prime Clerk LLC, as claims, noticing and solicitation agent. The Debtors may also need to retain additional professionals in connection with these Chapter 11 Cases.[3] In addition, an official committee of unsecured creditors (the "**Committee**") may be appointed in these Chapter 11 Cases and may wish to retain professionals.

7. The Debtors believe that establishing orderly procedures for the payment of fees and expenses for professionals whose retentions are approved by this Court pursuant to Bankruptcy Code sections 327 or 1103 and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331 (each a "**Professional**" and, collectively, the "**Professionals**") will streamline the administration of these Chapter 11 Cases and otherwise promote efficiency for the Court, the Office of the Bankruptcy Administrator for the Northern District of Alabama, and other parties in interest. A streamlined process for serving fee applications is in the best interest of the Debtors because it will

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] Other professionals may also be retained in accordance with the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Employment and Compensation of Professionals Utilized in the Ordinary Course of Business* (the "**Ordinary Course Professionals Motion**") filed contemporaneously herewith. If the Ordinary Course Professionals Motion is granted, such professionals will not need to file individual retention applications and will, subject to certain limitations, be paid in full each month without the requirement to file interim or final fee applications. In addition, the retention applications for Ducera Partners LLC and Prime Clerk LLC seek retention of those professionals without the need to file interim or final fee applications.

facilitate efficient review of the Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

**RELIEF REQUESTED**

8. The Debtors respectfully request entry of the Proposed Order, pursuant to Bankruptcy Code sections 105(a) and 331, establishing a streamlined process for the allowance and payment of compensation and reimbursement of expenses for Professionals who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331.

9. Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a specified Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Interim Compensation Procedures**"):

> (a) On or after the fifteenth (15th) day, or the next business day if such day is not a business day, of each month following the month for which compensation is sought (the "**Compensation Period**"), each Professional seeking interim allowance of its fees and expenses may file an application that will include the relevant time entry and description and expense detail for interim allowance of compensation and services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**") with the Court, pursuant to Bankruptcy Code section 331, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Application on the following parties (the "**Notice Parties**"):
>
>> (i) the Debtors, Remington Outdoor Company, Inc., *et al.*, 100 Electronics Boulevard SW, Huntsville, AL 35824;
>>
>> (ii) proposed co-counsel to the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071 (Attn: Stephen H. Warren, Esq. and Karen Rinehart, Esq.);
>>
>> (iii) proposed co-counsel to the Debtors, Burr & Forman LLP, 420 20th Street North, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek, Esq. and Hanna Lahr, Esq.);

(iv) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Andreas Andromalos, Esq. and Tia C. Wallach, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(v) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103 (Attn: Kathleen M. LaManna, Esq. and Nathan Plotkin, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(vi) counsel to Ankura Trust Company, LLC as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement and Exit Term Loan Agent under the Exit Term Loan Agreement, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017 (Attn: Donald Bernstein, Esq. and Joanna McDonald, Esq.), and Hand Arendall Harrison Sale, 1810 5th Avenue North, Suite 400, Birmingham, AL 35203 (Attn: Benjamin S. Goldman, Esq.);

(vii) counsel to Franklin Advisors, Inc., as FILO Lender, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua Morse, Esq. and Andrew Alfano, Esq.), and Christian & Small LLP, 505 North 20th Street, Suite 1800, Birmingham, AL 35203 (Attn: Daniel Sparks, Esq. and Bill Bensinger, Esq.);

(viii) counsel to the United Mine Workers of America, 18354 Quantico Gateway Dr., Suite 200, Triangle, VA 22172 (Attn: Deborah Stern, Esq.);

(ix) the Office of the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602 (Attn: Richard M. Blythe, Esq.); and

(x) counsel for any statutory committee appointed in these Chapter 11 Cases.

(b) The first Monthly Fee Application submitted by each Professional shall cover the period from the effective date of such Professional's retention through and including the last day of the month following such date. For the avoidance of doubt, the first Monthly Fee Application for the Professionals whose retentions are approved by the Court on or prior to July 31, 2020 shall be on or after August 15, 2020.

(c) Any Professional who fails to file a Monthly Fee Application for a particular month(s) may subsequently submit a consolidated Monthly Fee Application for a particular month(s). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and, to the extent applicable the Local Rules for the United States Bankruptcy Court for the Northern District of Alabama (the "**Local Rules**").

(d) Each Notice Party will have ten (10) calendar days, or the next business day if such day is not a business day, after service of a Monthly Fee Application to object thereto (the "**Objection Deadline**"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, each Professional shall file a certificate of no objection, or a certificate of partial no objection with the Court, whichever is applicable, after which the Debtors shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "**Maximum Interim Payment**"); or (ii) if an objection is properly filed, the Professional shall be entitled to 80% of the fees and 100% of the expenses not subject to an objection (the "**Actual Interim Payment**").

(e) If any Notice Party objects to a Professional's Monthly Fee Application (the "**Affected Professional**"), it must, on or before the expiration of the Objection Deadline, file with the Court and serve on the Affected Professional and each Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. The Objection shall specifically identify the objectionable fees and expenses, including the amount of the applicable fees and expenses, and the basis for the Objection. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are able to resolve their dispute, the Affected Professional shall serve on the Notice Parties a statement indicating that the Objection has been withdrawn or settled, and the Debtors shall promptly pay, in accordance with subparagraph (d) that portion of the Monthly Fee Application that is no longer subject to an Objection up to the Maximum Interim Payment. If the parties are unable to resolve their dispute within twenty-one (21) calendar days, or the next business day if such day is not a business day, after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Affected Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if necessary.

(f) For the period ending September 30, 2020 and for each subsequent three-month period (each, an "**Interim Fee Period**"), each Professional shall file with the Court and serve on the Notice Parties an application (an "**Interim**

**Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to Bankruptcy Code section 331. The Interim Fee Application must include a summary of: (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application, and (v) any other information requested by the Court or required by the Local Rules. All Interim Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Eleventh Circuit law.

(g) Each Professional shall file its Interim Fee Application on or before the forty-fifth (45th) calendar day, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period. For the avoidance of doubt, the first Interim Fee Applications for the Professionals whose retentions are approved by the Court on or prior to September 30, 2020 shall be filed on or before November 16, 2020.

(h) Additional Objections to any Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twenty-first (21st) calendar day, or the next business day if such day is not a business day, following service of the applicable Interim Fee Application.

(i) Service of the Monthly Fee Applications, Interim Fee Applications, final fee applications, and notices of any hearing thereon (the "**Hearing Notices**") shall be limited as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and Hearing Notices; and (ii) parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive the Hearing Notices and, only upon request of the appropriate Professional, the Monthly and Interim Fee Applications and final fee applications.

(j) The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve an Interim Fee Application without a hearing.

(k) The pendency of an Objection or an Additional Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(l) Any Professional who fails to file a Monthly Fee Application or an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(m) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(n) Any member of a statutorily appointed committee in these Chapter 11 Cases may submit statements of expenses (excluding third-party's counsel's fees and expenses of individual committee members) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided, however*, that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Eleventh Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of this Court.

(o) No Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to Bankruptcy Code sections 327 or 1103.

10. The Debtors submit that these Interim Compensation Procedures are consistent with interim compensation procedures previously approved by the Court. *See, e.g.*, *In re Runnin L Farms, LLC*, Case No. 19-82716-CRJ11 (Bankr. N.D. Ala. Oct. 8, 2019) [Doc. 52].

## BASIS FOR RELIEF REQUESTED

11. Pursuant to Bankruptcy Code section 331, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one-hundred and twenty (120) days, or more often if the Court permits. Specifically, Bankruptcy Code section 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

Absent an order of this Court, Bankruptcy Code section 331 limits payment of fees and expenses to professionals rendering services in these Chapter 11 Cases to only three (3) times per year.

12. Congress's intent in enacting Bankruptcy Code section 331 is expressed unequivocally in the House of Representatives and Senate Reports accompanying enactment of the Bankruptcy Code, which provides as follows:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

13. Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As set forth below, courts have regularly entered orders, in

accordance with Bankruptcy Code section 105(a), establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund a debtor's reorganization proceedings. *See id.* at 897. The Compensation Procedures are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this District.

## NOTICE

14. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as applicable local bankruptcy rules, and is sufficient under the circumstances. The Debtors have provided notice of this Motion to: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, LLC, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002. A copy of the Motion is also available on the Debtors' case website at https://cases.primeclerk.com/RemingtonOutdoor.

15. The Debtors submit that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

## NO PRIOR REQUEST

16. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such further relief as may be appropriate and proper.

Dated: July 28, 2020

*/s/ Derek F. Meek*
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone:   (205) 251-3000
Facsimile:   (205) 458-5100
Email: dmeek@burr.com
          hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* admission pending)
Karen Rinehart (*pro hac vice* admission pending)
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407
Email: swarren@omm.com
          krinehart@omm.com

*Proposed Attorneys for the
Debtors and Debtors in Possession*

43873885 v1

11

# Exhibit A

**Proposed Interim Compensation Order**

43873885 v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

This matter came to be heard upon the motion (the "**Motion**")[2] of Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, pursuant to Section 331 of the Bankruptcy Code, setting procedures for periodic interim allowance of compensation and reimbursement of expenses for the Debtors' professionals in the above-captioned Chapter 11 Cases. Upon consideration of the Motion and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. Except as otherwise provided in an order of the Court authorizing the retention of a specified Professional, the Professionals specifically retained pursuant to an order of the Court in these Chapter 11 Cases may seek interim payment of compensation and reimbursement of expenses in accordance with the following Interim Compensation Procedures:

(a) On or after the fifteenth (15th) day, or the next business day if such day is not a business day, of each month following the month for which compensation is sought (the "**Compensation Period**"), each Professional seeking interim allowance of its fees and expenses may file an application that will include the relevant time entry and description and expense detail for interim allowance of compensation and services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**") with the Court, pursuant to Bankruptcy Code section 331, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Application on the following parties (the "**Notice Parties**"):

(i) the Debtors, Remington Outdoor Company, Inc., *et al.*, 100 Electronics Boulevard SW, Huntsville, AL 35824;

(ii) proposed co-counsel to the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071 (Attn: Stephen H. Warren, Esq. and Karen Rinehart, Esq.);

(iii) proposed co-counsel to the Debtors, Burr & Forman LLP, 420 20th Street North, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek, Esq. and Hanna Lahr, Esq.);

(iv) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Andreas Andromalos, Esq. and Tia C. Wallach, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(v) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103 (Attn: Kathleen M. LaManna, Esq. and Nathan Plotkin, Esq.), and Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 1500, Birmingham, AL 35203 (Attn: Jeremy Retherford);

(vi) counsel to Ankura Trust Company, LLC as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement and Exit Term Loan Agent under the Exit Term Loan Agreement, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017 (Attn: Donald Bernstein, Esq. and Joanna McDonald, Esq.), and Hand Arendall Harrison Sale, 1810 5th Avenue North, Suite 400, Birmingham, AL 35203 (Attn: Benjamin S. Goldman, Esq.);

(vii) counsel to Franklin Advisors, Inc., as FILO Lender, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua Morse, Esq. and Andrew Alfano, Esq.), and Christian & Small LLP, 505 North 20th Street, Suite 1800, Birmingham, AL 35203 (Attn: Daniel Sparks, Esq. and Bill Bensinger, Esq.);

(viii) counsel to the United Mine Workers of America, 18354 Quantico Gateway Dr., Suite 200, Triangle, VA 22172 (Attn: Deborah Stern, Esq.);

(ix) the Office of the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602 (Attn: Richard M. Blythe, Esq.); and

(x) counsel for any statutory committee appointed in these Chapter 11 Cases.

(b) The first Monthly Fee Application submitted by each Professional shall cover the period from the effective date of such Professional's retention through and including the last day of the month following such date. For the avoidance of doubt, the first Monthly Fee Application for the Professionals whose retentions are approved by the Court on or prior to July 31, 2020 shall be on or after August 15, 2020.

(c) Any Professional who fails to file a Monthly Fee Application for a particular month(s) may subsequently submit a consolidated Monthly Fee Application for a particular month(s). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and, to the extent applicable, the Local Rules for the United States Bankruptcy Court for the Northern District of Alabama (the "**Local Rules**").

(d) Each Notice Party will have ten (10) calendar days, or the next business day if such day is not a business day, after service of a Monthly Fee Application to object thereto (the "**Objection Deadline**"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, each Professional shall file a certificate of no objection, or a certificate of partial no objection with the Court, whichever is applicable, after which the Debtors shall be

43873885 v1                                     3

Case 20-81688-CRJ11    Doc 18    Filed 07/28/20    Entered 07/28/20 00:46:03    Desc Main
Document    Page 15 of 19

(e) authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "**Maximum Interim Payment**"); or (ii) if an objection is properly filed, the Professional shall be entitled to 80% of the fees and 100% of the expenses not subject to an objection (the "**Actual Interim Payment**").

(e) If any Notice Party objects to a Professional's Monthly Fee Application (the "**Affected Professional**"), it must, on or before the expiration of the Objection Deadline, file with the Court and serve on the Affected Professional and each Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. The Objection shall specifically identify the objectionable fees and expenses, including the amount of the applicable fees and expenses, and the basis for the Objection. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are able to resolve their dispute, the Affected Professional shall serve on the Notice Parties a statement indicating that the Objection has been withdrawn or settled, and the Debtors shall promptly pay, in accordance with subparagraph (d) that portion of the Monthly Fee Application that is no longer subject to an Objection up to the Maximum Interim Payment. If the parties are unable to resolve their dispute within twenty-one (21) calendar days, or the next business day if such day is not a business day, after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Affected Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if necessary.

(f) For the period ending September 30, 2020 and for each subsequent three-month period (each, an "**Interim Fee Period**"), each Professional shall file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to Bankruptcy Code section 331. The Interim Fee Application must include a summary of: (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application, and (v) any other information requested by the Court or required by the Local Rules. All Interim Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Eleventh Circuit law.

(g) Each Professional shall file its Interim Fee Application on or before the forty-fifth (45th) calendar day, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period. For the avoidance of doubt, the first Interim Fee Applications for the Professionals whose retentions are approved by the Court on or prior to September 30, 2020 shall be filed on or before November 16, 2020.

(h) Additional Objections to any Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twenty-first (21st) calendar day, or the next business day if such day is not a business day, following service of the applicable Interim Fee Application.

(i) Service of the Monthly Fee Applications, Interim Fee Applications, final fee applications, and notices of any hearing thereon (the "**Hearing Notices**") shall be limited as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and Hearing Notices; and (ii) parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive the Hearing Notices and, only upon request of the appropriate Professional, the Monthly and Interim Fee Applications and final fee applications.

(j) The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve an Interim Fee Application without a hearing.

(k) The pendency of an Objection or an Additional Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(l) Any Professional who fails to file a Monthly Fee Application or an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(m) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of the Professionals. All fees and expenses paid

     to the Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

  (n)  Any member of a statutorily appointed committee in these Chapter 11 Cases may submit statements of expenses (excluding third-party's counsel's fees and expenses of individual committee members) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided, however*, that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Eleventh Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of this Court.

  (o)  No Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to Bankruptcy Code sections 327 or 1103.

3.  In each Interim Fee Application and final fee application, all Professionals who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless otherwise provided in an order by the Court, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

6.  The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

7.  The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

43873885 v1

6

Case 20-81688-CRJ11   Doc 18   Filed 07/28/20   Entered 07/28/20 00:46:03   Desc Main Document   Page 18 of 19

Dated: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE