## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-11<br><br>Joint Administration Requested |

## DEBTORS' APPLICATION FOR INTERIM AND FINAL ORDERS AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") hereby file this application (this "**Application**"), pursuant to Sections 327(a), 329, and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), for entry of an interim order, substantially in the form of **Exhibit B** hereto (the "**Proposed Interim Order**"), and a final order substantially in the form of **Exhibit C** hereto (the "**Proposed Final Order**," and together with the Proposed Interim Order, the "**Proposed Orders**") authorizing and approving the retention and employment of Burr & Forman LLP ("**Burr & Forman**") as counsel for the Debtors. In support of this Application, the Debtors rely on the *Affidavit of Derek F. Meek*, a partner of Burr & Forman (the "**Meek Affidavit**"), attached hereto as **Exhibit A**, and state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

43568861 v1

## JURISDICTION AND VENUE

1.      On July 27, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Debtors' chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code §§ 327(a), 329, and 1107.

## GENERAL BACKGROUND

3.      On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these chapter 11 cases.  The Debtors' request for joint administration of these chapter 11 cases for procedural purposes only is currently pending.

4.      The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition, and related products for commercial, military, and law enforcement customers throughout the world.  The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States.  The Debtors' principal headquarters are located in Huntsville, Alabama.

5.      Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration*

*of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession*, filed contemporaneously herewith and incorporated by reference herein.

## RELIEF REQUESTED

### A.    Employment of Professionals

6.      Section 327(a) of the Bankruptcy Code empowers the trustee (or debtor-in-possession), with the court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

7.      Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under Section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

8.      By this Application, the Debtors desire to retain and employ Burr & Forman as their attorneys in these chapter 11 cases, effective as of the Petition Date.  The Debtors have selected Burr & Forman because: (a) the Debtors have consulted with Burr & Forman prior to the Petition Date with respect to, *inter alia*, advice regarding a host of issues related to the Debtors' restructuring efforts and the preparation for the commencement and prosecution of these chapter 11 cases; (b) Burr & Forman and the attorneys that have been assigned to these chapter 11 cases have considerable experience in chapter 11 reorganization cases and the fields of debtors' and creditors' rights generally; (c) Burr & Forman does not hold or represent any interest adverse to the Debtors or to their bankruptcy estates, as more particularly discussed below and in the Meek Affidavit; and (e) Burr & Forman is a "disinterested person" as that term is defined in § 101(14)

Case 20-81688-CRJ11    Doc 19    Filed 07/28/20    Entered 07/28/20 00:53:27    Desc Main
Document    Page 3 of 23

of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, as more particularly discussed below.

9.     The Debtors envision that Burr & Forman will have responsibility for counseling and representing the Debtors in connection with general bankruptcy administration in these chapter 11 cases as well as general corporate, finance, litigation, conflicts, employee benefits, labor, tax, customer issues, vendor issues, insurance, and assisting the Debtors on matters relating to local bankruptcy custom and practice. In the event that there is a conflict of interest with a particular matter to be handled by Burr & Forman, the Debtors are prepared to employ conflicts counsel to handle such matter.

10.     The Burr & Forman attorneys who would be actively engaged in these chapter 11 cases have been admitted to this Court, although certain of Burr & Forman's transactional attorneys advising the Debtors may not be admitted to this Court.

11.     The Debtors are not aware of any objection by any creditor to Burr & Forman's employment or any actual conflict of interest if the employment herein requested is approved.

12.     To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Meek Affidavit, Burr & Forman has no connection with the Debtors, their secured creditors, their unsecured creditors, their equity security holders or any other parties in interest or their respective attorneys, except that the Debtors engaged Burr & Forman with respect to, among other things, (a) specific transactions such as contractual negotiations, (b) litigation matters, and (c) the Debtors' restructuring efforts and the preparation for and the commencement and prosecution of these chapter 11 cases. As set forth in further detail in the Meek Affidavit, Burr & Forman, due to the breadth of its practice in representing creditors and debtors in insolvency-related matters, as well as general litigation and transactional matters, has in the past provided or

may presently provide discrete transactional and/or litigation legal services to certain of the Debtors' creditors or other parties in interest in matters unrelated to and having no effect upon or influence on these chapter 11 cases.

13.     To the best of the Debtors' knowledge, information and belief, Burr & Forman (a) does not hold or represent any interest adverse to the Debtors or to their bankruptcy estates and (b) is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

**B.     <u>Compensation of Professionals</u>**

14.     Burr & Forman intends to apply for compensation for professional services rendered in connection with these cases and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court. Burr & Forman's current standard and discounted hourly rates for the attorneys presently designated to represent the Debtors and legal assistants presently designated to work on these chapter 11 cases are as follows:

| | |
|---|---|
| Partners | $420 - $620 |
| Associates | $350 - $390 |
| Legal Assistants | $260 |

15.     The hourly rates set forth above are subject to periodic adjustments from time to time to reflect economic and other conditions. Burr & Forman's rates are consistent with those charged by firms of comparable size and stature. Moreover, Burr & Forman's rates are set at a level designed to fairly compensate the firm for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses. It is Burr & Forman's policy to charge all of its clients for expenses incurred in connection with a client's case. In that regard, Burr & Forman utilizes a "user fee" client billing system with respect to such expenses under which a particular

Case 20-81688-CRJ11     Doc 19     Filed 07/28/20     Entered 07/28/20 00:53:27     Desc Main
Document     Page 5 of 23

client is charged only for those expenses incurred on its behalf. Those expenses include, but are not limited to, photocopying, Lexis, Westlaw, facsimile transfers, long distance telephone calls, travel expenses, meals, parking, and word processing charges.

16.     The Debtors propose to employ Burr & Forman at the regular hourly rates set forth herein, subject to the approval of this Court. As set forth in more detail in the *Debtors' Motion to Set Procedures for Periodic Interim Allowance of Compensation and Reimbursement of Expenses for Counsel*, filed contemporaneously herewith, the Debtors request that they be permitted to make monthly payments to Burr & Forman equal to 80% of the amount of fees charged and 100% of expenses billed by Burr & Forman in its representations of the Debtors without further order of the Court, with the remaining 20% of the amount of fees charged to be paid upon approval of Burr & Forman's final fee application. All fees and expenses shall be subject to final approval of this Court.

17.     The representations made in this Application with respect to Burr & Forman apply to each of Burr & Forman's partners and associates.

18.     The Debtors believe that Burr & Forman is well qualified to represent them in these chapter 11 cases and that Burr & Forman's retention is necessary and in the best interest of the Debtors and their bankruptcy estates.

## NOTICE AND PRIOR APPLICATIONS

19.     The Debtors will provide notice of this Application to the following: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (iv) counsel to Ankura Trust Company, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (v) counsel to

Whitebox Advisors LLC as Priority Term Loan Lender; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

20.     No previous request for the relief requested herein has been made in this bankruptcy case to this or any other court.

**WHEREFORE,** the Debtors respectfully request that this Court enter interim and final orders substantially the same as in the forms attached hereto as **Exhibit B** and **Exhibit C**, respectively, and grant such other and further relief as this Court deems just and proper.

<div style="margin-left:40%">

**Remington Outdoor Company, Inc. and its affiliated debtors**

By: /s/ Ken D'Arcy
Name: Ken D'Arcy
Its:     Chief Executive Officer

</div>

<u>**Exhibit A**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC.,<br>*et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-81688-11<br><br>Joint Administration Requested |

**AFFIDAVIT IN SUPPORT OF THE DEBTORS' APPLICATION FOR INTERIM AND
FINAL ORDERS AUTHORIZING RETENTION AND EMPLOYMENT OF BURR &
FORMAN LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION
AND STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY
<u>PROCEDURE 2016 AND §§ 327(a) AND 329 OF THE BANKRUPTCY CODE</u>**

       Before me, the undersigned notary, personally appeared Derek F. Meek, who being known to me and first duly sworn, deposes and states the following:

       1.       I am a partner of the law firm of Burr & Forman LLP ("**Burr & Forman**"), with offices at 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, and have been duly admitted to practice before, among others, the United States District Courts for the Northern, Middle and Southern Districts of Alabama.  I am a member of the state bar of Alabama and am over the age of twenty-one (21) years and am competent to testify regarding the matters contained herein.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).  The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

43568861 v1

2.      As a partner at Burr & Forman, I am one of the persons who has custody and control of Burr & Forman's business records regarding the Debtors and their chapter 11 cases.  These records were made at or near the time of the event recorded by a person (or persons) with knowledge of the event and charged with the responsibility for recording such events.  These records are kept in the ordinary course of Burr & Forman's regularly conducted business activities, which is Burr & Forman's customary practice.  I have reviewed Burr & Forman's records regarding the Debtors and these chapter 11 cases, which leads me to the summary set forth herein.  All facts and procedures set forth herein are either (a) facts or procedures of which I have personal knowledge or (b) an accurate summary of Burr & Forman's business records and practices.

3.      This Affidavit is submitted in support of the application (the "**Application**") of the Debtors, as debtors and debtors in possession, for the issuance and entry of interim and final orders pursuant to Section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") authorizing the retention of Burr & Forman as counsel.

## SERVICES TO BE PROVIDED

4.      The Debtors have expressed their desire to retain and employ Burr & Forman as their attorneys in their chapter 11 cases effective as of the Petition Date.  The Debtors selected Burr & Forman because: (a) the Debtors have consulted with Burr & Forman prior to the Petition Date with respect to, *inter alia*, advice regarding a host of issues related to the Debtors' restructuring efforts and the preparation for the commencement and prosecution of these chapter 11 cases; (b) Burr & Forman and the attorneys that have been assigned to these chapter 11 cases have considerable experience in chapter 11 reorganization cases and the fields of debtors' and creditors' rights generally; (c) Burr & Forman does not hold or represent any interest adverse to the Debtors or to their bankruptcy estates; and (d) Burr & Forman is a "disinterested person" as

that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, as more particularly discussed below.

5.      Burr & Forman anticipates having responsibility for counseling and representing the Debtors in connection with general bankruptcy administration in their chapter 11 cases as well as general corporate, finance, litigation, labor, tax, customer issues, insurance, and assisting the Debtors on matters relating to local bankruptcy custom and practice.

6.      The Burr & Forman attorneys who would be actively engaged in the Debtors' chapter 11 cases have been admitted to this Court, although certain of Burr & Forman's transactional attorneys advising the Debtors might not be admitted to this Court.

7.      Burr & Forman intends to apply for compensation for professional services rendered in connection with these cases and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.  Burr & Forman's current standard and discounted hourly rates for the attorneys presently designated to represent the Debtors and legal assistants presently designated to work on these chapter 11 cases are as follows:

| | |
|---|---|
| Partners | $420 - $620 |
| Associates | $350 - $390 |
| Legal Assistants | $260 |

8.      The hourly rates set forth above are subject to periodic adjustments from time to time to reflect economic and other conditions.  Burr & Forman's rates are consistent with those charged by firms of comparable size and stature.  Moreover, Burr & Forman's rates are set at a level designed to fairly compensate the firm for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses.  It is Burr & Forman's policy to charge all of its clients for expenses incurred in connection with a client's case.  In that regard, Burr & Forman

utilizes a "user fee" client billing system with respect to such expenses under which a particular client is charged only for those expenses incurred on its behalf. Those expenses include, but are not limited to, photocopying, Lexis, Westlaw, facsimile transfers, long distance telephone calls, travel expenses, meals, parking, and word processing charges.

9. To the best of my knowledge, information and belief, neither I nor Burr & Forman has any connection with the Debtors, their secured creditors, their largest unsecured creditors, or their equity security holders, except as set forth in this Affidavit and Exhibit 1 hereto.[1]

10. Prior to the commencement of the Debtors' chapter 11 cases, the Debtors engaged Burr & Forman with respect to the Debtors' restructuring efforts and the preparation for and the commencement and prosecution of their chapter 11 cases. Burr & Forman, due to its size and the breadth of its practice in representing creditors and debtors in insolvency related matters, as well as general litigation and transactional matters, has in the past represented or presently represents certain entities identified through a conflict check (the "Conflict Check"), which is described more thoroughly in the following paragraph, and on Exhibit 1 hereto, in matters wholly unrelated to and having no effect upon or influence on this proceeding.

11. In preparation for its representation of the Debtors in these chapter 11 cases, Burr & Forman conducted a Conflict Check utilizing the process described herein. First, Burr & Forman conducted a review (the "**Initial Review**") of a consolidated list containing the Debtors'

---

[1] Burr & Forman represents Parker Trutec MMi, Inc. ("**Trutec**") in connection with a claim asserted against Trutec regarding certain manufacturing issues by one or more of the Debtors' predecessors in interest (the "**Debtors' Predecessors**"). As a result of the *First Amended Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession (Technical Modifications)* (the "**2018 Plan**"), filed with Docket No. 248 in Case No. 18-10684 (BLS) in the United States Bankruptcy Court for the District of Delaware, all of the Debtors' Predecessors' rights, title, and interest in and to such claim was transferred to the litigation trust established pursuant to the terms of the 2018 Plan. Neither the Debtors nor the Debtors' Predecessors are not beneficiaries under the litigation trust. Accordingly, to the best of my knowledge, information and belief, Burr & Forman does not have any conflict with respect to its representation of Trutec.

known creditors and vendors. Burr & Forman continues to review its records regarding other possible creditors and vendors as the identities of such creditors and vendors are disclosed to Burr & Forman. From the results of the Initial Review, Burr & Forman conducted a second phase of review and identified (1) present clients and (2) former clients. During the next phase of review (the "**Third Phase of Review**"), Burr & Forman focused on present clients and former clients that Burr & Forman has represented within the past three (3) years (collectively, the "**Present and Former Clients**"). During the Third Phase of Review, Burr & Forman conducted a conflict analysis (the "**Conflict Analysis**") of the Present and Former Clients. The purpose of the Conflict Analysis was to ascertain the nature of Burr & Forman's representation of the Present and Former Clients and whether Burr & Forman's representation of the in these chapter 11 cases would present an issue. After Burr & Forman completed the Conflict Analysis, attorneys working on the Debtors' chapter 11 cases again reviewed the Conflict Analysis results and found them to accurately reflect the data and information available to Burr & Forman.

12.     Notwithstanding the foregoing, to the best of my knowledge, information and belief, neither I nor Burr & Forman are currently representing any of the Debtors' known creditors in any matters directly adverse to the Debtors. None of the entities described on Exhibit 1 contributed, individually, more than three percent (3%) to Burr & Forman's gross revenues for 2019. In the event that a conflict arises, the Debtors are prepared to employ conflicts counsel to handle any matters that may arise in which Burr & Forman has a possible conflict. Thus, to the extent that a direct dispute arises between the Debtors and a current or former client of Burr & Forman that cannot be resolved quickly, the Debtors will have competent counsel available to represent them in the matter.

13.     While it is possible that some of the Debtors' employees are current or former clients of Burr & Forman, it is unlikely, given the fact that Burr & Forman represents primarily business clients.  Nevertheless, Burr & Forman intends to run a complete conflict analysis on these employees, and will disclose any conflicts to this Court if any are identified.

14.     To the extent that Burr & Forman identifies any other parties in interest which Burr & Forman represented or, currently represents, Burr & Forman will disclose such information as it becomes known.

15.     To the best of my knowledge, information, and belief, neither I nor Burr & Forman nor any partner, counsel, or associate of Burr & Forman holds or represents any interest adverse to the Debtors or to their estates.

16.     Additionally, to the best of my knowledge, information, and belief, Burr & Forman is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b), in that it, its partners and associates:

(a)     are not creditors, equity security holders, or insiders of the Debtors;

(b)     are not and were not, within two (2) years before the petition date a director, officer, or employee of the Debtors; and

(c)     do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

17.     The statements made herein are based on the Conflict Check and further inquiries of certain Burr & Forman attorneys.  Further inquiry will be made following the submission of this Affidavit, with additional disclosure to this Court, if applicable.

18.     Pre-petition, the Debtors paid a $200,000.00 evergreen retainer to Burr & Forman. Prior to the bankruptcy filings Burr & Forman drew down $312,837.57 for professional services

rendered (including bankruptcy filing fees) between May 16, 2020 and, up to and including, July 27, 2020. At all times since it was retained, Burr & Forman has been paid from the evergreen retainer held in trust by Burr & Forman. Burr & Forman is now holding the balance of $204,971.00 as a general retainer for post-Petition Date services and expenses incurred in connection with the Debtors' chapter 11 cases, as set forth more fully below. Burr & Forman has received no other funds from the Debtors in at least the one year preceding the Petition Date.

19. Such retainer will be held in trust to be applied to post-petition fees and expenses subject to Bankruptcy Court approval. To the extent Burr & Forman's pre-petition fees and expenses exceed the amount of the retainer (which upon information and belief, they do not), Burr & Forman waives such remaining pre-petition fees and expenses.

20. Burr & Forman has not shared, nor agreed to share (a) any compensation or reimbursement it has received or may receive with another person, other than with the partners, counsel and associates of Burr & Forman, or (b) any compensation or reimbursement another person has received or may receive.

21. Portions of the foregoing constitute the statement of Burr & Forman pursuant to Bankruptcy Code §§ 329 and 504 and Bankruptcy Rule 2016.

WHEREFORE, the affiant respectfully requests that this Court issue and enter an Order (a) granting the Debtors' request to employ Burr & Forman as set forth in the Application and (b) granting the Debtors such other and further relief as this Court deems just and proper.

_____
Derek F. Meek
Affiant

STATE OF ALABAMA          )
COUNTY OF JEFFERSON       )

Sworn to and Subscribed before me on this 27th day of July 2020.

_____
Notary Public

My Commission expires: ___11/22/2021___

## Exhibit 1

A thorough review of Burr & Forman's records as described in the Affidavit suggests that Burr & Forman currently represents or formerly represented the following persons and/or entities, and/or affiliates of the following persons and/or entities, who may have an interest in these chapter 11 cases in matters wholly unrelated to and having no effect upon or influence on these chapter 11 cases:

Wells Fargo Bank
Walmart Stores, Inc.
Bank of America
Berkshire Hathaway
StarStone
AIG
Chubb
National Wild Turkey Foundation
Westrock
Alabama Equipment
Instream Environmental
Otis Elevator Company
Mattoon Rural King
Big Rock Sports, LLC
General Dynamics
Thompson Tractor
Microsoft
Regions Commercial Equipment Finance, LLC
AT&T
Rocky Mountain Power
Waste Management
Cadence Bank
First State Bank
Ameritas Life Insurance Company
Caterpillar Financial Services Corp.
Duke Energy
State of Alabama
Alliant TechSystems Operations, LLC
St. Marks Powder
Wilmington Trust, N.A.

Burr & Forman will supplement this list when appropriate.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-11<br><br>Joint Administration Requested |

### INTERIM ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

Upon consideration of the Application[2] (the "**Application**") filed July 27, 2020 by Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for the issuance and entry of an interim order (this "**Interim Order**"), pursuant to Section 327(a) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy R**ules"), authorizing and approving the retention and employment of Burr & Forman LLP ("**Burr & Forman**") as counsel for the Debtors; and upon the *Affidavit of Derek F. Meek*, a partner of Burr & Forman, which is attached to the Application as Exhibit A (the "**Meek Affidavit**"); and it appearing that the attorneys of Burr & Forman who will be actively engaged in this case have been admitted to this Court; and the Court being satisfied that, as set

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).  The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2]  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

43568861 v1

forth in the Meek Affidavit, (a) the Debtors have consulted with Burr & Forman prior to the Petition Date with respect to, *inter alia*, advice regarding a host of issues related to the Debtors' restructuring efforts and the preparation for the commencement and prosecution of these chapter 11 cases; (b) Burr & Forman and the attorneys that have been assigned to these chapter 11 cases have considerable experience in chapter 11 reorganization cases and the fields of debtors' and creditors' rights generally; (c) Burr & Forman does not hold or represent any interest adverse to the Debtors or to their bankruptcy estates; and (e) Burr & Forman is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and the Court having determined that the retention and employment of Burr & Forman is necessary and is in the best interests of the Debtors and their estates; and due notice of the Application having been provided and it appearing that no other or further notice need be given; and no adverse interest being represented; and after due deliberation and sufficient cause appearing therefore; it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.     The Application is **APPROVED on an interim basis**.

2.     In accordance with Sections 327(a), 329 and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized and empowered to retain and employ Burr & Forman as attorneys to represent them in these chapter 11 cases, and to perform any other legal services requested by the Debtors, effective as of the Petition Date.

3.     The compensation of Burr & Forman for services performed are at Burr & Forman's regular hourly rates, subject to the approval of this Court.

4.     Burr & Forman shall be subject to any Orders entered by this Court pertaining to the submission of fee applications by professional persons retained pursuant to 11 U.S.C. § 327(a) ("Professionals") and the payment of Professionals.

Case 20-81688-CRJ11     Doc 19     Filed 07/28/20     Entered 07/28/20 00:53:27     Desc Main
Document          Page 18 of 23

5.     The final hearing (the "**Final Hearing**") on the Application is scheduled for _____, 2020, at __:__ _.m., Central Time, before this Court. Any objections or responses to entry of a final order on the Application shall be filed on or before 4:00 p.m. Central Time on _____, 2020, and served on the following parties: (a) proposed counsel for the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA, 90071 (Attn: Stephen H. Warren and Karen Rinehart) (Emails: swarren@omm.com; krinehart@omm.com) and Burr & Forman LLP, 420 20th Street North, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek and Hanna Lahr) (Emails: dmeek@burr.com; hlahr@burr.com); (b) the Office of the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602 (Attn: Richard Blythe) (Email: richard_blythe@alnba.uscourts.gov); and (c) counsel to the Creditors' Committee (if any).  In the event no objections to the entry of a final order on the Application are timely received, this Court may enter a final order without need for a hearing thereon.

6.     No later than two (2) business days after the date this Interim Order is entered, the Debtors shall cause this Interim Order to be served via first class U.S. mail on the following parties, which shall constitute adequate notice of the Final Hearing on the Application: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

Case 20-81688-CRJ11    Doc 19    Filed 07/28/20    Entered 07/28/20 00:53:27    Desc Main
Document      Page 19 of 23

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.


Dated: July ___, 2020.

_____

UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

**FINAL ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR
& FORMAN LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

Upon consideration of the Application[2] (the "**Application**") filed July 27, 2020 by Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for the issuance and entry of a final order (this "**Final Order**"), pursuant to Section 327(a) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy R**ules"), authorizing and approving the retention and employment of Burr & Forman LLP ("**Burr & Forman**") as counsel for the Debtors; and upon the *Affidavit of Derek F. Meek*, a partner of Burr & Forman, which is attached to the Application as Exhibit A (the "**Meek Affidavit**"); and it appearing that the attorneys of Burr & Forman who will be actively engaged in this case have been admitted to this Court; and the Court being satisfied that, as set forth in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

43568861 v1

Meek Affidavit, (a) the Debtors have consulted with Burr & Forman prior to the Petition Date with respect to, *inter alia*, advice regarding a host of issues related to the Debtors' restructuring efforts and the preparation for the commencement and prosecution of these chapter 11 cases; (b) Burr & Forman and the attorneys that have been assigned to these chapter 11 cases have considerable experience in chapter 11 reorganization cases and the fields of debtors' and creditors' rights generally; (c) Burr & Forman does not hold or represent any interest adverse to the Debtors or to their bankruptcy estates; and (e) Burr & Forman is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and the Court having determined that the retention and employment of Burr & Forman is necessary and is in the best interests of the Debtors and their estates; and due notice of the Application having been provided and it appearing that no other or further notice need be given; and no adverse interest being represented; and after due deliberation and sufficient cause appearing therefore; it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Application is **APPROVED on a final basis**.

2.      In accordance with Sections 327(a), 329 and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized and empowered to retain and employ Burr & Forman as attorneys to represent them in these chapter 11 cases, and to perform any other legal services requested by the Debtors, effective as of the Petition Date.

3.      The compensation of Burr & Forman for services performed are at Burr & Forman's regular hourly rates, subject to the approval of this Court.

4.      Burr & Forman shall be subject to any Orders entered by this Court pertaining to the submission of fee applications by professional persons retained pursuant to 11 U.S.C. § 327(a) ("Professionals") and the payment of Professionals.

6

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.


Dated: July ___, 2020.


_____
UNITED STATES BANKRUPTCY JUDGE

43568861 v1