# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO BANKRUPTCY CODE SECTION 363 AUTHORIZING THE DEBTORS TO PAY FEES AND REIMBURSE EXPENSES INCURRED BY AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL COUNSEL TO THE RESTRUCTURING COMMITTEE

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby file this motion (the "**Motion**") for entry of an interim order, substantially in the form of **Exhibit A** hereto (the "**Proposed Interim Order**"), and a final order, substantially in the form of **Exhibit B** hereto (the "**Proposed Final Order**," and together with the Proposed Interim Order, the "**Proposed Orders**"), pursuant to 11 U.S.C. § 363 of the United States Code (the "**Bankruptcy Code**"), approving the Debtors' compensating Akin Gump Strauss Hauer & Feld ("**Akin Gump**") as counsel to the Restructuring Committee (as defined herein). In support of this Motion, the Debtors submit the Declaration of Sarah Link Schultz (the "**Schultz Declaration**"), which is attached hereto as **Exhibit C** and incorporated by reference herein. In further support of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter interim and final orders consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

3.      On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases.  The Debtors' request for joint administration of these Chapter 11 Cases for procedural purposes only is currently pending.

4.      The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military, and law enforcement customers throughout the world.  The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' corporate headquarters is located in Huntsville, Alabama.

5.      Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession* (the "**First Day**

**Declaration**"),[2] filed contemporaneously herewith and incorporated by reference herein.

**RELIEF REQUESTED**

6.      By this Motion, the Debtors seek entry of the Proposed Orders, attached hereto as **Exhibit A** and **Exhibit B**, respectively, pursuant to Bankruptcy Code section 363(b) authorizing the Debtors to pay the reasonable fees and expenses of Akin Gump in its capacity as counsel to the Restructuring Committee (as defined below).  The Restructuring Committee is entitled to retain its own counsel and be indemnified for such costs by the Debtors, and thus, these professional fees and expenses are actual and necessary administrative costs of the Debtors' estates under Bankruptcy Code section 503(b)(1).

**The Restructuring Committee's Formation and Retention of Akin Gump**

7.      On April 7, 2020, the board of directors (the "**Board**") of Remington Outdoor Company, Inc. (the "**Company**") adopted certain resolutions (the "**Board Resolutions**") whereby the Board determined that, in the good faith exercise of its business judgment, it was advisable and in the best interests of the Company to explore all strategic alternatives available to the Company, including, without limitation, changes in the Debtors' capital structure, a possible financing, refinancing, stock or asset sale, merger, acquisition, other business combination, recapitalization, restructuring, plan of reorganization or other reorganization or similar transaction involving the Debtors (any such transaction, a "**Possible Transaction**").

8.      The Board additionally determined that, in the good faith exercise of its business judgment, it was in the Debtors' best interests to designate a Restructuring Committee of the Board consisting of independent and disinterested directors (the "**Restructuring Committee**" and such members, the "**Independent Directors**") to, on behalf of the Board, review and evaluate any and

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

all Possible Transactions. The Restructuring Committee's oversight involves, among other things, reviewing and evaluating information regarding the Debtors' restructuring strategy.

9. In addition, the Board authorized the Restructuring Committee, in its sole discretion, to retain at the Debtors' expense, legal counsel, financial and other advisors, consultants and agents that were determined necessary and were acceptable to the Restructuring Committee.

10. In connection therewith, on April 7, 2020, the Restructuring Committee retained Akin Gump as its legal counsel. The engagement letter, pursuant to which the Restructuring Committee retained Akin Gump, and the Company agreed to pay such fees and expenses incurred in connection therewith, is attached hereto as **Exhibit C** (the "**Engagement Letter**").

11. Since its engagement, Akin Gump has met with the Company's management team and the Debtors' proposed legal and financial advisors to familiarize itself with the Debtors' business. Akin Gump has also coordinated numerous Restructuring Committee meetings and conferred with the Independent Directors on all aspects associated with the Possible Transactions and the Chapter 11 Cases.

12. While Akin Gump has been in frequent communication with the Debtors' proposed counsel, O'Melveny & Myers LLP ("**OMM**"), about the Possible Transactions and the Chapter 11 Cases, Akin Gump's engagement is separate from, and not duplicative of, OMM's engagement in these Chapter 11 Cases.

13. The Debtors believe that Akin Gump is well-suited to advise the Restructuring Committee in these Chapter 11 Cases. The Restructuring Committee interviewed several candidates before selecting Akin Gump to serve as legal counsel. The Debtors believe that the Restructuring Committee selected Akin Gump to advise them in connection with the Possible Transactions and the Chapter 11 Cases because, among other reasons, Akin Gump has extensive

experience and knowledge in the field of bankruptcy, restructuring and corporate governance, among many other legal practice areas. As set forth in the Schultz Declaration, Akin Gump is well-qualified to represent the Restructuring Committee in the Chapter 11 Cases and will advise, assist and represent the Restructuring Committee exclusively in connection with the Chapter 11 Case.

14. The Debtors have agreed to compensate Akin Gump for services rendered to the Restructuring Committee prior to, on and after the Petition Date. The Debtors propose to pay Akin Gump amounts that do not (and will not) exceed the rates that Akin Gump customarily charges to its other clients, and to reimburse both according to its customary reimbursement policies, and respectfully submit that such rates and policies are reasonable. The applicable rates are set forth in the Schultz Declaration. As of the Petition Date, Akin Gump holds an advance payment (the "**Advance Payment**") from the Debtors. Akin Gump intends to perform a true-up of its billing records to determine if any additional fees and expenses incurred prior to the Petition Date should be applied against the Advance Payment. Following such true-up, Akin Gump proposes to hold this Advance Payment until the end of the Chapter 11 Cases and, at the conclusion of our representation, Akin Gump will apply the Advance Payment to the final invoice and return any excess to the Debtors.

15. The Debtors understand that, in connection with the reimbursement of reasonable and necessary expenses, Akin Gump customarily charges its clients for all ancillary services incurred, including but not limited to, photocopying charges, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, and temporary employees, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcript, filing fees, document retrieval and similar items.

16.     While the Debtors recognize that there is statutory authority for the Debtors to retain Akin Gump, on behalf of the Restructuring Committee, under Bankruptcy Code section 327(e), given the facts of the case, the Debtors believe that Bankruptcy Code section 363 is more appropriate.  Specifically, because the Restructuring Committee, not the Debtors, is the entity retaining Akin Gump (although the Debtors will pay for Akin Gump's services as set forth herein), the Debtors believe that Akin Gump's services are more appropriately authorized and paid for pursuant to Bankruptcy Code section 363.  Despite not being retained by the Debtors pursuant to Bankruptcy Code section 327, Akin Gump will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the Northern District of Alabama (the "**Local Bankruptcy Rules**"), and any other applicable procedures and orders of the Court.

17.     In reliance on the Schultz Declaration and subject to the disclosures made therein, the Debtors believe, with respect to the matters for which Akin Gump was retained by the Restructuring Committee, that Akin Gump neither has nor represents an interest materially adverse to the interests of the Debtors or their respective estates or any class of creditors or equity interest holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.  To the best of the Debtors' knowledge, and as disclosed in the Schultz Declaration and the schedules thereto, Akin Gump (a) are "disinterested persons" within the meaning of Bankruptcy Code section 101(14), (b) do not hold or represent an interest adverse to the Debtors' estates, and (c) except as set forth in the Schultz Declaration, have no connection to the Debtors,

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document       Page 6 of 51

its creditors or their related parties.[3]

18.     Akin Gump will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflict or other disqualifying circumstances exist or arise.  To the extent that Akin Gump discovers any new relevant facts or relationships bearing on the matters described herein during the period of either of its employment, Akin Gump will use reasonable efforts to promptly file a supplemental declaration.

## BASIS FOR RELIEF REQUESTED

19.     The compensation of counsel for the Restructuring Committee is appropriate under Bankruptcy Code section 363(b), which provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Section 363 also provides that transactions outside the ordinary course of business must be approved by court order after notice and a hearing.  Courts characteristically hold, if a debtor's proposed use of its asset pursuant to Bankruptcy Code section 363(b) represents a reasonable business judgment on the part of the debtor, such use should be approved.  *See, e.g.*, *KK-PB Fin., LLC v. 160 Royal Palm, LLC (In re 160 Royal Palm, LLC)*, 785 F. App'x 829, 830 (11th Cir. 2019) (affirming bankruptcy court order applying "sound business justification" to section 363); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (court defers to trustee's judgment as long as there is a legitimate business justification); *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) (court should defer to a trustee's

---

[3] Given the nature of the representation, as detailed in the Schultz Declaration, Akin Gump only searched conflicts with respect to the main parties in the Chapter 11 Cases and not the entire creditor database.  To the extent that other parties become active in the Chapter 11 Cases, Akin Gump will supplement its conflicts search and, to the extent necessary, file a supplemental declaration making the requisite disclosures.

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document      Page 7 of 51

judgment so long as there is a legitimate business justification for his action); *In re Global Home Products, LLC*, 369 B.R. 778, 783 (Bankr. D. Del. 2007) (compensation issues are normally governed by the business judgment standards); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175 (D. Del. 1991) (recognizing that courts routinely apply the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)).

20.     As discussed above, pursuant to the Board Resolutions, the Restructuring Committee has been authorized to retain, in its sole discretion, legal counsel in connection with reviewing and evaluating any and all Possible Transactions. After interviewing various firms, the Restructuring Committee engaged Akin Gump in light of the firm's global reputation and extensive experience in, among others, things, financial restructuring and corporate matters. Accordingly, the Company is obligated to pay such fees and expenses incurred by Akin Gump in connection with its representation of the Restructuring Committee.

21.     The Restructuring Committee is a vital component of the restructuring process and provides autonomous oversight to ensure the sound exercise of business judgment throughout the Chapter 11 Cases. Similar committees are often appointed in transactions of this nature and compensation of counsel for such committees is routinely granted pursuant to Bankruptcy Code section 363(b). *See, e.g.*, *Global Safety Textiles Holdings LLC, et al.*, Case No. 09-12234 (KG) (Bankr. D. Del. Jul. 28, 2009) [Docket No. 126]; *KiOR, Inc.*, Case No. 14-12514 (CSS) (Bankr. D. Del. Mar. 18, 2015) [Docket No. 532]; *Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Sep. 27, 2012) [Docket No. 1610]; *SunEdison, Inc., et al.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 13, 2016) [Docket No. 764]. In light of the foregoing, the Debtors believe that paying the fees and expenses of Akin Gump as counsel to the Restructuring Committee is appropriate and in the best interests of the Debtors and their estates.

## NOTICE

22.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Bankruptcy Rules, and is sufficient under the circumstances. The Debtors will provide notice of this Motion to the following parties-in-interest: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, LLC, as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement, and as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary under the circumstances.

## NO PRIOR REQUEST

23.     The Debtors have not previously sought the relief requested herein from this or any other Court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully entry of the Proposed Orders, substantially in the form attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and such other relief as may be just and proper under the circumstances.

Dated: July 28, 2020

*/s/ Derek F. Meek*

**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone:(205) 251-3000
Facsimile: (205) 458-5100
Email: dmeek@burr.com
       hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* admission pending)
Karen Rinehart (*pro hac vice* admission pending)
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407
Email: swarren@omm.com
       krinehart@omm.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

# EXHIBIT A

## Proposed Interim Order

43887016 v1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## INTERIM ORDER PURSUANT TO BANKRUPTCY CODE
## SECTION 363 AUTHORIZING THE DEBTORS TO PAY FEES AND
## REIMBURSE EXPENSES INCURRED BY AKIN GUMP STRAUSS HAUER &
## FELD LLP AS SPECIAL COUNSEL TO THE RESTRUCTURING COMMITTEE

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), seeking entry of an interim order (this "**Interim Order**")[2] pursuant to Bankruptcy Code section 363 approving the Debtors' compensating Akin Gump Strauss Hauer & Feld ("**Akin Gump**") as counsel to the Restructuring Committee, all as more fully set forth in the Motion; and upon consideration of the Schultz Declaration; and the First Day Declaration; and it appearing that (i) the Court has jurisdiction over these Chapter 11 Cases and the Motion under 28 U.S.C. §§ 1334(b) and 157, and the *Amended General Order of Reference* from the United States District Court for the Northern District of Alabama dated as of July 17, 1984, (ii) venue of these Chapter 11 Cases and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rule 1073-1, (iii) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not defined in this Interim Order have the meanings used in the Motion.

43887016 v1

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter interim and final orders consistent with Article III of the United States Constitution, and (iv) notice of the Motion was adequate and proper under the circumstances, and no other or further notice need be given; and the Court having held an interim hearing, if necessary, to consider the relief requested in the Motion (the "**Interim Hearing**"); and upon the record of the Interim Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized to satisfy, pay and reimburse on behalf of the Restructuring Committee all reasonable charges for professional services rendered by Akin Gump as counsel to the Restructuring Committee on or after the Petition Date.

3. Akin Gump will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and order of the Court.

4. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

5. Notwithstanding Bankruptcy Rule 6004(h), 7062, and 9014, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document    Page 13 of 51

6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

7.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE

43887016 v1

3

**EXHIBIT B**

**Proposed Final Order**

43887016 v1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTION 363 AUTHORIZING THE DEBTORS TO PAY FEES AND REIMBURSE EXPENSES INCURRED BY AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL COUNSEL TO THE RESTRUCTURING COMMITTEE

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), seeking entry of a final order (this "**Final Order**")[2] pursuant to Bankruptcy Code section 363 approving the Debtors' compensating Akin Gump Strauss Hauer & Feld ("**Akin Gump**") as counsel to the Restructuring Committee, all as more fully set forth in the Motion; and upon consideration of the Schultz Declaration; and the First Day Declaration; and it appearing that (i) the Court has jurisdiction over these Chapter 11 Cases and the Motion under 28 U.S.C. §§ 1334(b) and 157, and the *Amended General Order of Reference* from the United States District Court for the Northern District of Alabama dated as of July 17, 1984, (ii) venue of these Chapter 11 Cases and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rule 1073-1, (iii) the Motion is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not defined in this Final Order have the meanings used in the Motion.

43887016 v1

pursuant to 28 U.S.C. § 157(b), and the Court may enter interim and final orders consistent with Article III of the United States Constitution, and (iv) notice of the Motion was adequate and proper under the circumstances, and no other or further notice need be given; and the Court having held a final hearing, if necessary, to consider the relief requested in the Motion (the "**Final Hearing**"); and upon the record of the Final Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to satisfy, pay and reimburse on behalf of the Restructuring Committee all reasonable charges for professional services rendered by Akin Gump as counsel to the Restructuring Committee on or after the Petition Date.

3.      Akin Gump will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and order of the Court.

4.      Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

5.      Notwithstanding Bankruptcy Rule 6004(h), 7062, and 9014, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document      Page 17 of 51

6.     To the extent there may be any inconsistency between the terms of the Interim Order and this Final Order, this Final Order shall govern.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

8.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**Schultz Declaration**

43887016 v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

**DECLARATION ON SARAH LINK SCHULTZ**
**IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF**
**INTERIM AND FINAL ORDERS PURSUANT TO BANKRUPTCY**
**CODE SECTION 363 AUTHORIZING THE DEBTORS TO PAY FEES AND**
**REIMBURSE EXPENSES INCURRED BY AKIN GUMP STRAUSS HAUER &**
**FELD LLP AS SPECIAL COUNSEL TO THE RESTRUCTURING COMMITTEE**

I, Sarah Link Schultz, under penalty of perjury, declare as follows:

1.      I am a partner with the law firm Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**"). Akin Gump maintains offices at, among other places, 2300 N. Field Street, Suite 1800, Dallas TX, 75201. I am a member of good standing of the State Bar of Texas. There are no disciplinary proceedings pending against me.

2.      I am duly authorized to make this declaration (the "**Declaration**") on behalf of Akin Gump in support of the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to Bankruptcy Code Section 363 Authorizing the Debtors to Pay Fees and Reimburse Expenses Incurred by Akin Gump Strauss Hauer & Feld LLP as Special Counsel to the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

43887016 v1

*Restructuring Committee* (the "**Motion**").[2]   Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      It is my understanding that on April 7, 2020, prior to the Petition Date, the board of directors (the "**Board**") of Remington Outdoor Company, Inc. (the "**Company**") adopted certain resolutions (the "**Board Resolutions**") whereby the Board determined it was advisable and in the best interests of the Company to explore all strategic alternatives available to the Company, including, without limitation, changes in the capital structure of the Company, a possible financing, refinancing, stock or asset sale, merger, acquisition, other business combination, recapitalization, restructuring, plan of reorganization or other reorganization or similar transaction involving the Company and/or its subsidiaries (any such transaction, a "**Possible Transaction**").

4.      It is my understanding that the Board additionally determined it was in the best interests of the Company to designate a Restructuring Committee of the Board consisting of independent and disinterested directors (the "**Restructuring Committee**" and such members, the "**Independent Directors**") to, on behalf of the Board, review and evaluate any and all Possible Transactions.

5.      In connection therewith, the Board Resolutions authorized the Restructuring Committee, in its sole discretion, to retain at the Company's expense, legal counsel, financial and other advisors, consultants and agents that the Restructuring Committee determined was necessary and that were acceptable to the Restructuring Committee.   Resultantly, the Restructuring Committee retained Akin Gump as its legal counsel on April 7, 2020.  Pursuant to the engagement letter, attached to the Motion as **<u>Exhibit C</u>** (the "**Engagement Letter**"),

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

the Company agreed to pay such fees and expenses incurred by Akin Gump in their capacity as legal counsel to the Restructuring Committee.

6. Since its engagement, Akin Gump has met with the Company's management team and the Debtors' proposed legal and financial advisors to familiarize itself with the Debtors' business. Akin Gump has also coordinated numerous Restructuring Committee meetings and conferred with the Independent Directors on all aspects associated with the Possible Transactions and the Chapter 11 Cases.

7. Akin Gump has been in frequent communication with the Debtors' proposed counsel, O'Melveny & Meyers LLP ("**OMM**"), about the Possible Transactions and the Chapter 11 Cases. Akin Gump's engagement is separate from, and not duplicative of, OMM's engagement in these Chapter 11 Cases, and Akin Gump is not providing legal advice directly to any of the Debtors.

8. Akin Gump is well-suited to advise the Restructuring Committee in these Chapter 11 Cases. Among other legal practice areas, Akin Gump has extensive experience and knowledge in the fields of financial restructuring and corporate governance. Akin Gump routinely handles complex chapter 11 cases, and I believe that Akin Gump has assembled a highly-qualified team of attorneys to provide legal services to the Restructuring Committee and the Independent Directors in connection with the Chapter 11 Cases.

9. Although I understand that the Debtors are not seeking to retain Akin Gump as an estate professional whose employment is subject to approval under Bankruptcy Code section 327, Akin Gump will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

10. Moreover, for the avoidance of doubt and to the best of my knowledge, Akin Gump does not have any conflicts of interest that would impair its ability to represent the Restructuring Committee. In connection with its proposed retention by the Restructuring Committee in the Chapter 11 Cases, Akin Gump undertook a thorough review of its computerized database (the "**Conflicts Database**") to determine whether it had any conflicts or other relationships that might cause it not to be disinterested. The Conflicts Database is designed to include every matter on which Akin Gump is now and has been engaged, by which entity Akin Gump is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter. It is the policy of Akin Gump that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflicts Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, Akin Gump maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

11. In that regard, in preparation for its representation of the Restructuring Committee, Akin Gump undertook to determine its connections with the Debtors and other parties-in-interest. Given the nature of the representation, Akin Gump did not search the entire Conflict Database, but searched the Conflict Database with respect to the significant parties in the case (collectively, the "**Interested Parties**"), with such list attached to this Declaration

as **Schedule 1**. To the extent that other parties become active in the Chapter 11 Cases, Akin Gump will supplement its conflicts search and, to the extent necessary, supplement this Declaration.

12. Based upon the results of that inquiry and conflict check (and any and all knowledge I have apart from the results thereof), Akin Gump, to the best of my knowledge and belief (after what I consider to be an appropriate inquiry), does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).

13. Akin Gump and certain of its attorneys may have in the past represented, may currently represent, and likely in the future will represent Interested Parties in this Chapter 11 Case in connection with matters completely unrelated to the Debtors and the Chapter 11 Cases. Set forth in **Schedule 2** annexed hereto is a listing of the Interested Parties from Schedule 1 that Akin Gump either (i) currently represents (or represents a related party of the Interested Party) (the "**Current Clients**") in matters unrelated to the Chapter 11 Cases, or (ii) has in the past represented (or represented a related party of the Interested Party) in matters unrelated to the Chapter 11 Cases. In connection with the services to be rendered to the Restructuring Committee, Akin Gump will not commence a cause of action in the Chapter 11 Cases against the parties listed on Schedule 2 that are current or ongoing clients of Akin Gump (including parties listed below under the "Specific Disclosures" section of this Declaration) unless Akin Gump has an applicable waiver or first receives a waiver from such party allowing Akin Gump to commence such an action. To the extent that a waiver does not exist or is not obtained from such client and it is necessary for the Restructuring Committee to commence,

or be involved in, an action against that client, the Restructuring Committee will be represented in such particular matter by conflicts counsel or other counsel.

14.     Set forth in **Schedule 3** annexed hereto is a listing of those parties from Schedule 1 (Interested Parties) that are currently or have in the past been adverse to clients of Akin Gump in matters unrelated to these Chapter 11 Cases.

15.     Set forth in **Schedule 4** annexed hereto is a list of those Interested Parties that currently serve or have served on one or more informal and/or official creditors' committees represented by Akin Gump.  Akin Gump has not represented and will not represent these parties in connection with the Chapter 11 Cases.

## SPECIFIC DISCLOSURES

16.     There are no debilitating disclosures with respect to any connection Akin Gump has or has had with the Debtors, Interested Parties, the Bankruptcy Administrator or any employee of that office, insofar as I know or have been able to ascertain after reasonable inquiry.  To the best of my knowledge, information and belief, there are no other instances wherein Akin Gump has, has had, or might be deemed to have or have had connections with the Debtors, its creditors, or other Interested Parties.  In addition, none of the connections disclosed in this Declaration, in my view, affects Akin Gump's disinterestedness, nor is it likely to do so in the future.

17.     At the inception of each engagement for which a declaration is required pursuant to Bankruptcy Rule 2014, Akin Gump reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of Akin Gump and, as a result, made payments to Akin Gump for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceeds 1% of Akin Gump's total revenues for such calendar year.  In

connection with this Declaration, Akin Gump, for the avoidance of doubt, reviewed similar information for the years 2017, 2018 and 2019.

18. With the exception of the parties described below, Akin Gump's revenues for services rendered on behalf of each of the parties in interest identified in Schedule 1 aggregate, with respect to each such party in interest, less than 1% of Akin Gump's annual revenue in each of calendar year 2017, 2018 and 2019.

19. Akin Gump currently represents an ad hoc group of noteholders (the "**PG&E Group**") of Pacific Gas and Electric Company and certain of its affiliates (the "**PG&E Debtors**") in connection with the PG&E Debtors' chapter 11 cases. Certain members of the PG&E Group or their affiliates are parties in interest in these Chapter 11 Cases.[3] The total fees received from the PG&E Group represented approximately 1.94% of Akin Gump's revenue for the calendar year 2019.

20. Akin Gump currently represents and has formerly represented AT&T Corp. and/or certain of its affiliates (collectively, "**AT&T**") in numerous matters unrelated to the Debtors' Chapter 11 Cases, including litigation, intellectual property, corporate, employment, and telecommunication services. The total fees received from AT&T represented approximately 2.1% of Akin Gump's 2017 revenue.

21. Akin Gump previously represented an ad hoc group of noteholders (the "**Seadrill Group**") of Seadrill Limited and certain of its subsidiaries and affiliates (collectively, the "**Seadrill Debtors**") in connection with the Seadrill Debtors' chapter 11 cases. Certain members of the Seadrill Group or their affiliates are parties in interest in these

---

[3] These parties in interest or affiliates thereof are listed on Schedule 1 and include, without limitation, the following entities: Lord, Abbett & Co. LLC.

Chapter 11 Cases.[4]   Akin Gump's revenues for services rendered on behalf of the Seadrill Group represented approximately 1.1% for the calendar year 2017.

22.     Akin Gump previously represented an ad hoc committee of creditors (the "**Weatherford Group**") of Weatherford International plc and certain of its subsidiaries and affiliates (collectively, the "**Weatherford Debtors**") in connection with the Weatherford Debtors' chapter 11 cases.  Certain members of the Weatherford Group or their affiliates are parties in interest in these Chapter 11 Cases.[5]  Akin Gump's revenues for services rendered on behalf of the Weatherford Group represented approximately 1.4% for the calendar year 2017.

23.     Akin Gump previously represented an ad hoc committee  of creditors (the "**Avaya Group**") of Avaya Inc. and certain of its subsidiaries and affiliates (collectively, the "**Avaya Debtors**") in connection with the Avaya Debtors' chapter 11 cases.  Certain members of the Avaya Group or their affiliates are parties in interest in these Chapter 11 Cases.[6]  Akin Gump's revenues for services rendered on behalf of the Avaya Group represented approximately 1.4% for the calendar year 2017.

24.     Given the size and complexity of the Debtors' business, and the number of Interested Parties in the Chapter 11 Cases, it is possible that, despite reasonable efforts to discover connections as described above, the information listed above and in the attached exhibits may be incomplete or may have changed without our knowledge and may change

---

[4] These parties in interest or affiliates thereof are listed on <u>Schedule 1</u> and include, without limitation, the following entities: Whitebox Advisors LLC.

[5] These parties in interest or affiliates thereof are listed on <u>Schedule 1</u> and include, without limitation, the following entities: Franklin Advisers, Inc. and Whitebox Advisors LLC.

[6] These parties in interest or affiliates thereof are listed on <u>Schedule 1</u> and include, without limitation, the following entities: JPMorgan Chase Bank, N.A., J.P. Morgan Investment Management Inc., Lord, Abbett & Co. LLC, PGIM, Inc., and Whitebox Advisors LLC.

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document      Page 27 of 51

during the pendency of the Chapter 11 Cases. I am not aware, however, of any connections not disclosed, and I believe that if there were any such other connections, they were unrelated to the Chapter 11 Cases and would have no effect on our representation.

25. Notwithstanding, Akin Gump will periodically review their files during the pendency of the Chapter 11 Cases to ensure that no conflict or other disqualifying circumstances exist or arise. To the extent that Akin Gump discovers any new relevant facts or relationships bearing on the matters described herein during the period of either of their employment, Akin Gump will use reasonable efforts to promptly file a supplemental to this Declaration.

## PROFESSIONAL COMPENSATION

26. It is my understanding that the Debtors, pursuant to the Board Resolutions, will compensate Akin Gump for services rendered to the Restructuring Committee on and after the Petition Date. The amount charged by Akin Gump for this engagement will not exceed the rates that Akin Gump customarily charge to their other clients, and Akin Gump will seek reimbursement according to their customary reimbursement policies. Pursuant to the Engagement Letter, the lawyers and paraprofessionals anticipated to work on this engagement have hourly rates ranging as follows:

| Title | 2020 Billing Rate/Range |
|---|---|
| Attorneys | $535 - $1,595 |
| Paralegals | $125 - $455 |

27. More specifically, the current hourly rates for the Akin Gump attorneys with primary responsibility for providing services to the Restructuring Committee are:

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document      Page 28 of 51

(a)    Ira Dizengoff (Partner, Financial Restructuring), $1,595.00;

(b)    Sarah Link Schultz (Partner, Financial Restructuring), $1,595.00;

(c)    Joanna Newdeck (Senior Counsel, Financial Restructuring, $1,195.00; and

(d)    Chance Hiner (Associate, Financial Restructuring), $775.00.

28.    In addition to the above attorneys, other attorneys and paraprofessionals will, from time to time, assist in the representation of the Restructuring Committee in connection with the Chapter 11 Cases at Akin Gump's standard hourly rates in effect for such personnel.

29.    Because the fees (a) are based on hourly rates and will correspond to the degree of effort expended on the Restructuring Committee's behalf and (b) are Akin Gump's usual and customary rates for services of this nature, I believe that these rates, and the terms and conditions of Akin Gump's employment, are reasonable.

30.    In connection with the reimbursement of reasonable and necessary expenses, Akin Gump customarily charges their clients for all ancillary services incurred, including but not limited to, photocopying charges, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, secretarial overtime and temporary employees, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcript, filing fees, document retrieval and similar items, and subject to the applicate guidelines for these Chapter 11 Cases, will continue to charge such reasonable and necessary expenses according to customary reimbursement policies.

31.    Akin Gump will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document    Page 29 of 51

Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

32.     Neither Akin Gump nor any attorney of Akin Gump has any agreement with any other entity to share with such entity any compensation received by Akin Gump in connection with the Chapter 11 Cases, or in connection with Akin Gump's representation of the Restructuring Committee and Independent Directors prior to the date hereof.

## AKIN GUMP'S PREPETITION COMPENSATION

33.     As set forth above, Akin Gump has represented the Restructuring Committee since April 2020 pursuant to the Engagement Letter.  Since April 2020, Akin Gump received compensation for fees and reimbursement for expenses related to such services in accordance with Akin Gump's customary billing practices.

34.     In addition, prior to the Petition Date, Akin Gump held an advance amount on account of services to be performed and expenses to be incurred in connection with the filing and prosecution of the Chapter 11 Cases and Akin Gump's representation of the Restructuring Committee (the "**Advance Payment**").  Akin Gump has debited against the Advance Payment on account of prepetition services performed and expenses incurred.[7]  As of the Petition Date, $220,252.50 of the Advance Payment remains.  Akin Gump intends to perform a true-up of its billing records to determine if any additional fees and expenses incurred prior to the Petition Date should be applied against the Advance Payment.  Following such true-up, Akin Gump proposes to hold this Advance Payment until the end of the Chapter 11 Cases and, at

---

[7] In most instances, Akin Gump has been paid from an evergreen retainer.  Attached to this Declaration as Schedule 5 is a chart detailing invoices tendered and payments rendered on account of services performed by Akin Gump as counsel to the Restructuring Committee for the ninety (90) days prior to the Petition Date.

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document      Page 30 of 51

the conclusion of our representation, Akin Gump will apply the Advance Payment to the final invoice and return any excess to the Debtors.

35.     As of the Petition Date, the Debtors did not owe Akin Gump any amounts for legal services rendered before the Petition Date.

36.     As stated above, pursuant to Bankruptcy Code section 504 and Bankruptcy Rule 2016(b), Akin Gump has not shared or agreed to share any of its compensation from the Debtors with any other persons, other than employees and partners of Akin Gump

37.     For the stated reasons, I believe that it is in the best interest of the Debtors' estates for Akin Gump to be employed by the Restructuring Committee in the Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 27, 2020

*/s/ Sarah Link Schultz*_____
Sarah Link Schultz
Partner at Akin Gump Strauss Hauer & Feld LLP

<u>**Schedule 1**</u>

**Schedule of Searched Parties**

**Debtors**

| | |
|---|---|
| 32E Productions, LLC | RA Brands, L.L.C. |
| Barnes Bullets, LLC | Remington Arms Company, LLC |
| FGI Finance Inc. | Remington Arms Distribution Company, |
| FGI Holding Company, LLC | LLC |
| FGI Operating Company, LLC | Remington Outdoor Company, Inc. |
| Great Outdoors Holdco, LLC | TMRI, Inc. |
| Huntsville Holdings LLC | |
| Outdoor Services, LLC | |

**Non-Debtor Affiliates**
Remington Charitable Fund
Remington Licensing Corporation
Remington Outdoor (UK) Ltd.

**Officers and Directors**

| | |
|---|---|
| Billy Hogue | Ken D'Arcy |
| Brian Wheatley | Mark Boyadjian |
| Charles Thurman | Mark Little |
| Chuck Rink | Matt McCarrol |
| Ehsan Zargar | Matt Trask |
| Emile Buzaid | Melissa Anderson |
| Gene Davis | Melissa Cofield |
| Jeff Brown | Rick Kilts |
| Joanne Chomiak | William Krogseng |
| John Trull | |

**Debtors' Professionals**

| | |
|---|---|
| M-III Advisory Partners, LP | Swanson, Martin, and Bell |
| O'Melveny & Myers LLP | Womble Bond Dickson |
| Shook, Hardy, and Bacon | |

**Equity Owners, Potentially 5% or Greater**

| | |
|---|---|
| Funds and accounts managed by Franklin Advisers, Inc. | Chase Bank, N.A. |
| Funds and accounts managed by either J.P. Morgan Investment Management Inc. and/or funds and accounts managed by JPMorgan | Schultze Master Fund, Ltd. |

**Letters of Credit**
Geodis Logistics LLC

**Credit Facility Lenders**[1]

Ankura Trust Company, LLC
Cantor Fitzgerald Securities
Funds and accounts managed by Franklin
  Advisers, Inc.
JP Morgan Chase Bank, N.A.; funds and
  accounts managed by JPMorgan Chase
  Bank, N.A.
J.P. Morgan Investment Management Inc.;
  funds and accounts managed by J.P.
  Morgan Investment Management Inc.
Lord Abbett; funds and accounts managed
  by Lord Abbett

Pandora Select Partners, LP
Renaissance Investment Holdings Ltd.
Teachers Retirement Systems of Oklahoma
Whitebox Asymmetric Partners, LP
Whitebox Caja Blanca Fund, LP
Whitebox Credit Partners, LP
Whitebox GT Fund, LP
Whitebox Multi-Strategy Partners, LP

**Stockholders (Current/Recent)**
ACIS CLO 2013-1, Ltd.
ACIS CLO 2014-3 Ltd.
ACIS CLO 2014-4 Ltd.
ACIS CLO 2014-5 Ltd.
ACIS CLO 2014-6 Ltd.
Antora Peak Capital Management LP
Antora Peak Credit Opportunities Fund, LP
Artisan Credit Opportunities Master Fund
  LP
BTIG, LLC
Cantor Fitzgerald & Co.
DG Value Partners II Master Fund, LP
DG Value Partners, LP
First Southern Securities, LLC
Funds and accounts managed by Franklin
  Advisers, Inc.
Funds and accounts managed by J.P. Morgan
  Investment Management Inc.
Funds and accounts managed by JPMorgan
  Chase Bank, N.A.
Funds and accounts managed by Lord
  Abbett

Hillmark Funding, Ltd.
LCM XIII Limited Partnership
LCM XIV Limited Partnership
LCM XIX Limited Partnership
LCM XV Limited Partnership
LCM XVI Limited Partnership
LCM XVII Limited Partnership
LCM XVIII Limited Partnership
LCM XX Limited Partnership
LCM XXI Limited Partnership
LCM XXII LTD.
LCM XXIII LTD.
LCM XXIV LTD.
LCM XXV LTD.
Logen Asset Management, L.P.
Newmark Capital Funding 2013-1CLO
Renaissance Investment Holdings, Ltd.
Schultze Master Fund, Ltd.
Whitebox Asymmetric Partners, LP
Whitebox Multi-Strategy Partners, LP

---

[1] As stated in the *Debtors' Application for Entry of Interim and Final Order Authorizing the Employment and Retention of O'Melveny & Myers LLP as Attorneys for the Debtors*, where available and applicable, the names of the individual funds and accounts managed by investment advisors that are holders of the FILO Term Loan, the Exit Term Loan, and equity securities have been provided to the Office of the Bankruptcy Administrator.

**Landlords**

BCR Enterprises, Ltd.
Eagle Bulk Shipping International (USA)
   LLC (Subtenant)
First Stamford Place SPE L.L.C. and
   Merrifield First Stamford SPE L.L.C.
FW Properties, L.L.C.

Glassell Family LLC
Norma J. Allen
PAM Industrial Properties, LLC
PanCal Southhaven One 127, LLC
Stout Industrial Properties, LLC
Sturgis Economic Development Corporation

**Leases**

Applied Combustion
Arkansas Copier (De Large)
BCR Enterprises Ltd.
Eagle Bulk Shipping International (USA)
   LLC
Empire State Realty Trust (ESRT) First
   Stamford Place SPE LLC
FW Properties, LLC
GEODIS Logistics LLC
Glassell Family LLC
Great America Financial/Toshiba Business
   Solutions

HYG Financial Services
MacCopy
Mail Finance Inc.
Norma J. Allen
PAM Industrial Properties
PanCal Southhaven One 127, LLC
S&K Industries
Safety Kleen
Stout Industrial (Tom Stout and Pam Stout)
Sturgis Economic Development Corporation
Toyota Industries Commercial Finance
Wiese Lifts

**Taxing Authorities**

Alabama Department of Revenue,
   Birmingham, Alabama
Alabama Department of Revenue,
   Montgomery, Alabama
Alcohol Tobacco Tax & Trade Bureau.
   Cincinnati, Ohio
Arizona Department of Revenue, Phoenix,
   Arizona
Benton County Collector, Bentonville,
   Arkansas
Butler County Sheriff, Morgantown,
   Kentucky
City of Huntsville, Huntsville, Alabama
Clark County Treasurer, Jeffersonville,
   Indiana
Collector of Revenue, Springfield, Missouri
Colorado Department of Revenue, Denver,
   Colorado
Crittenden County Sheriff, Marion,
   Kentucky
Delaware Division of Corporations, Dover,
   Delaware

Department of Tax & Revenue, Charleston,
   West Virginia
Desoto County, Tax Collector, Hernando,
   Mississippi
District of Columbia Government,
   Washington, DC
Douglas County Tax Commissioner,
   Douglasville, Georgia
Florida Department of Revenue,
   Tallahassee, Florida
Franchise Tax Board, Sacramento,
   California
Georgia Sales and Use Tax Division,
   Atlanta, Georgia
Idaho State Tax Commission, Boise, Idaho
Illinois Department of Revenue, Springfield,
   Illinois
Indiana Department of Revenue,
   Indianapolis, Indiana
James W. Wilburn III, Treasurer, Lenoir
   City, Tennessee
Juab County Assessor, Nephi, Utah

Kansas Department of Revenue, Topeka, Kansas

Kentucky State Treasurer, Frankfort, Kentucky

La Porte County Treasurer, Michigan City, Indiana

Lafayette County Collector, Lexington, Missouri

Lonoke County Collector, Lonoke, Arkansas

Loudon County Trustee, Loudon, Tennessee

Louisiana Department of Revenue Baton Rouge, Louisiana

Madison County Tax Collector, Huntsville, Alabama

Maine Bureau of Taxation, Augusta, Maine

Marion County Collector, Yellville, Arkansas

Maryland Comptroller of the Treasury, Baltimore, Maryland

Massachusetts Department of Revenue, Boston, Massachusetts

Minnesota Department of Revenue, St. Paul, Minnesota

Mississippi Tax Commission, Jackson, Mississippi

Missouri Department of Revenue, Jefferson City, Missouri

Nebraska Department of Revenue, Lincoln, Nebraska

Nevada Department of Taxation, Las Vegas, Nevada

New Mexico Taxation and Revenue Department, Santa Fe, New Mexico

New York State Sales Tax, Albany, NY

North Carolina Department of Revenue - W/H

North Carolina Department of Revenue, Raleigh, North Carolina

North Carolina Division of Motor Vehicles, Raleigh, North Carolina

North Carolina Secretary of State, Raleigh, North Carolina

Office of the Fayette County Sheriff, Lexington, Kentucky

Ohio Treasurer of State, Columbus, Ohio

Oklahoma Tax Commission, Oklahoma City, Oklahoma

Pennsylvania Department of Revenue, Harrisburg, Pennsylvania

Pinellas County Tax Collector, Seminole, Florida

Randolph County Treasurer, Chester, Illinois

Receiver of Taxes, Mohawk, NY

Rockingham County Tax Department, Charlotte, North Carolina

South Carolina Department of Revenue, Columbia, South Carolina

South Dakota Department of Revenue, Sioux Falls, South Dakota

State of Arkansas, Little Rock, Arkansas

State of California, Sacramento, California

State of Connecticut, Hartford, Connecticut

State of Hawaii, Honolulu, Hawaii

State of Iowa Treasurer, Des Moines, Iowa

State of Michigan, Lansing, Michigan

State of New Jersey, Trenton, New Jersey

State of North Dakota, Bismarck, North Dakota

State of Rhode Island, Providence, Rhode Island

State of Washington Department of Revenue, Seattle, Washington

Tennessee Department of Revenue, Nashville, Tennessee

Texas State Treasurer, Austin, Texas

Treasurer of Hancock County, Findlay, Ohio

Treasurer of State, Columbus, Ohio

Utah State Tax Commission, Salt lake City, Utah

Vermont Department of Taxes, Montpelier, Vermont

Village of Ilion Treasurer, Ilion, NY

Virginia Department of Taxation, Richmond, Virginia

Wake County Department of Revenue, Raleigh, North Carolina

Wisconsin Department of Revenue, Milwaukee, Wisconsin

Wyoming Department of Revenue, Cheyenne, Wyoming

43887016 v1

**Utility Providers**

AAA Disposal Services Inc.
ADCO Companies Ltd.
Airgas USA LLC
AT&T
Centracom
CenturyLink
CenturyLink Communications LLC
City of Huntsville Utilities (Huntsville, Alabama)
City of Lexington, Missouri
Constellation NewEnergy - Gas Division
Cox Communications
Duke Energy
Empire District
Evergy Inc.
First Electric Cooperative Corp.
Frontier Communications
Herkimer County Sewer District (Mohawk, NY)
Ilion Water Department (Ilion, NY)
Intercall (Atlanta, GA)
Jay Mecham's Country Garbage (Mona, Utah)

Madison Electric Inc. (Madison, Alabama)
Mail Finance Inc. (Dallas, Texas)
Mona City (Mona, Utah)
National Grid
Piedmont Natural Gas Company (Dallas, Texas)
Rocky Mountain Power
Spectrum
Sprague Operating Resources LLC
Town of Mayodan (Mayodan, NC)
Verizon
Village of Ilion, Light Department (Ilion, NY)
Waste Management (Carol Stream, Illinois)
Waste Management of Alabama North (Huntsville, Alabama)
Waste Management of New York - Utica
Windstream Corporation (Louisville, Kentucky)

**Parties Submitting LOIs**

Party names are confidential and not disclosed

**Alabama Bankruptcy Judges (N.D. Ala.)**

Clifton R. Jessup, Jr.
D. Sims Crawford
James J. Robinson
Jennifer H. Henderson
Tamara O. Mitchell

**Bankruptcy Administrator/Trial Attorneys (N.D. Ala.)**

Jon Dudeck
Judith Thompson
Michele T. Hatcher
Richard Blythe
Tazewell Shepard
Thomas Corbett

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document    Page 36 of 51

**<u>Schedule 2</u>**

**Schedule of Searched Parties and/or Certain Related Parties that Akin Gump
Currently Represents, or Has in the Past Represented, in Matters
Unrelated to these Chapter 11 Cases**

**Debtors**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**Non-Debtor Affiliates**

*Akin Gump has represented in the past the following company and/or certain related parties of such
company on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Remington Licensing Corporation

**Officers and Directors**

*Akin Gump has represented in the past and currently represents the following individuals and/or certain
related parties of such individuals on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Eugene I. Davis

**Stockholders (Current/Recent)**

*Akin Gump has represented in the past and currently represents the following companies and/or certain
related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

| | |
|---|---|
| DG Value Partners II Master Fund, LP | LCM XV Limited Partnership |
| DG Value Partners, LP | LCM XVI Limited Partnership |
| Funds and accounts managed by Franklin | LCM XVII Limited Partnership |
|   Advisers, Inc. | LCM XVIII Limited Partnership |
| Funds and accounts managed by J.P. Morgan | LCM XX Limited Partnership |
|   Investment Management Inc. | LCM XXI Limited Partnership |
| Funds and accounts managed by JPMorgan | LCM XXII LTD. |
|   Chase Bank, N.A. | LCM XXIII LTD. |
| Funds and accounts managed by Lord Abbett | LCM XXIV LTD. |
| LCM XIII Limited Partnership | LCM XXV LTD. |
| LCM XIV Limited Partnership | Whitebox Asymmetric Partners, LP |
| LCM XIX Limited Partnership | Whitebox Multi-Strategy Partners, LP |

*Akin Gump has represented in the past the following companies and/or certain related parties of such
companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Cantor Fitzgerald & Co.
Funds and accounts managed by Lord Abbett
Renaissance Investment Holdings, Ltd.

**Credit Facility Lenders**

*Akin Gump has represented in the past and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

| | |
|---|---|
| Ankura Trust Company, LLC | Pandora Select Partners, LP |
| Funds and accounts managed by Franklin Advisers, Inc. | Whitebox Asymmetric Partners, LP |
| | Whitebox Caja Blanca Fund, LP |
| Funds and accounts managed by J.P. Morgan Investment Management Inc. | Whitebox Credit Partners, LP |
| | Whitebox GT Fund, LP |
| Funds and accounts managed by JPMorgan Chase Bank, N.A. | Whitebox Multi-Strategy Partners, LP |

*Akin Gump has represented in the past the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

| | |
|---|---|
| Cantor Fitzgerald Securities | Renaissance Investment Holdings Ltd. |
| Funds and accounts managed by Lord Abbett | |

**Equity Owners, Potentially 5% or Greater**

*Akin Gump has represented in the past and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Funds and accounts managed by Franklin Advisers, Inc.
Funds and accounts managed by J.P. Morgan Investment Management Inc. and/or funds and accounts managed by JPMorgan Chase Bank

**Landlords**

*Akin Gump has represented in the past and currently represents the following company and/or certain related parties of such company on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Eagle Bulk Shipping International (USA) LLC (Subtenant)

**Leases**

*Akin Gump has represented in the past and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

| | |
|---|---|
| Eagle Bulk Shipping International (USA) LLC | Solutions |
| Great America Financial/Toshiba Business | |

*Akin Gump has represented in the past the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Safety Kleen
Toyota Industries Commercial Finance

**Letters of Credit**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**Utility Providers**

*Akin Gump has represented in the past and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

AT&T                                         National Grid
CenturyLink                                  Spectrum
CenturyLink Communications LLC               Waste Management (Carol Stream, Illinois)
Cox Communications

*Akin Gump has represented in the past the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Airgas USA LLC
Constellation NewEnergy - Gas Division
Duke Energy
Verizon
Windstream Corporation (Louisville, Kentucky)


**Debtors' Professionals**

*Akin Gump has represented in the past the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

M-III Advisory Partners, LP                  Shook, Hardy, and Bacon


**Taxing Authorities**

*Akin Gump has represented in the past the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

District of Columbia Government, Washington, DC
State of Michigan, Lansing, Michigan
State of New Jersey, Trenton, New Jersey

**Alabama Bankruptcy Judges (N.D. Ala.)**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**Bankruptcy Administrators/Trial Attorneys (N.D. Ala.)**

*Akin Gump has not represented in the past and currently does not represent these parties.*

**Parties Submitting LOIs**

*Akin Gump has represented in the past the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Confidential Party 1
Confidential Party 2

## Schedule 3

**Schedule of Searched Parties and/or Certain Related Parties that are Currently, or Have in the Past Been, Adverse to Clients of Akin Gump**

Airgas USA LLC
Alcohol Tobacco Tax & Trade Bureau.
 Cincinnati, Ohio
Ankura Trust Company, LLC
AT&T
BTIG, LLC
Cantor Fitzgerald & Co.
Cantor Fitzgerald Securities
CenturyLink
CenturyLink Communications LLC
Constellation NewEnergy - Gas Division
Cox Communications
DG Value Partners II Master Fund, LP
DG Value Partners, LP
District of Columbia Government, Washington,
 DC
Duke Energy
Empire District
Empire State Realty Trust (ESRT) First
 Stamford Place SPE LLC
First Stamford Place SPE L.L.C. and Merrifield
 First Stamford Place SPE L.L.C.
Funds and accounts managed by Franklin
 Advisers, Inc.
Funds and accounts managed by J.P. Morgan
 Investment Management Inc.
Funds and accounts managed by JPMorgan
 Chase Bank, N.A.
Funds and accounts managed by Lord Abbett
Frontier Communications
Geodis Logistics LLC
Glassell Family LLC
Great America Financial/Toshiba Business
 Solutions
Illinois Department of Revenue, Springfield,
Illinois
Indiana Department of Revenue, Indianapolis,
 Indiana
LCM XIII Limited Partnership
LCM XIV Limited Partnership
LCM XIX Limited Partnership
LCM XV Limited Partnership
LCM XVI Limited Partnership
LCM XVII Limited Partnership
LCM XVIII Limited Partnership

LCM XX Limited Partnership
LCM XXI Limited Partnership
LCM XXII LTD.
LCM XXIII LTD.
LCM XXIV LTD.
LCM XXV LTD.
National Grid
The Navajo Nation
New York State Sales Tax, Albany, NY
Pandora Select Partners, LP
Remington Licensing Corporation
Renaissance Investment Holdings Ltd.
Safety Kleen
Schultze Master Fund, Ltd.
Spectrum
State of Arkansas, Little Rock, Arkansas
State of California, Sacramento, California
State of Connecticut, Hartford, Connecticut
State of Hawaii, Honolulu, Hawaii
State of Michigan, Lansing, Michigan
State of New Jersey, Trenton, New Jersey
State of Rhode Island, Providence, Rhode Island
State of Washington Department of Revenue,
 Seattle, Washington
Toyota Industries Commercial Finance
Verizon
Waste Management (Carol Stream, Illinois)
Whitebox Asymmetric Partners, LP
Whitebox Caja Blanca Fund, LP
Whitebox Credit Partners, LP
Whitebox GT Fund, LP
Whitebox Multi-Strategy Partners, LP

## Schedule 4

**Schedule of Searched Parties that are Currently Serving, or Have in the Past Served, on Other Informal and/or Official Creditors' Committees Represented by Akin Gump**

AT&T
Funds and accounts managed by Franklin
  Advisers, Inc.
Funds and accounts managed by J.P. Morgan
  Investment Management Inc.
Funds and accounts managed by JPMorgan
  Chase Bank
Funds and accounts managed by Lord Abbett
  Bond Debenture Fund, Inc.
Pandora Select Partners, LP
Schultze Master Fund, Ltd.
Verizon
Whitebox Asymmetric Partners, LP
Whitebox Caja Blanca Fund, LP
Whitebox Credit Partners, LP
Whitebox GT Fund, LP
Whitebox Multi-Strategy Partners, LP

## Schedule 5

| Bill Date | Pay Date | Fees | Expenses | Total | Additional Advance Payment | Balance of Advance Payment |
|---|---|---|---|---|---|---|
| Advance Payment Balance Prior to 90-Day Period Prior to Petition Date | | | | | | $250,000.00 |
| 4/22/2020 | 4/27/2020 | $213,764.00 | $ - | $213,764.00 | | $250,000.00 |
| 5/5/2020 | 5/8/2020 | $163,465.00 | $ - | $163,465.00 | | $250,000.00 |
| 5/27/2020 | 5/29/2020 | $254,550.00 | $ - | 254,550.00 | | $250,000.00 |
| 6/10/2020 | 6/12/2020 | $269,050.00 | $ - | 269,050.00 | | $250,000.00 |
| 6/18/2020 | 6/17/2020 | $149,105.00 | $215.35 | $149,320.35 | $100,000.00 | $350,000.00 |
| 6/29/2020 | 7/7/2020 | $220,888.50 | $1,215.92 | $222,104.42 | | $350,000.00 |
| 7/20/2020 | 7/21/2020 | $138,021.00 | $28.40 | $138,049.40 | $12,500.00 | $362,500.00 |
| 7/24/2020 | 7/27/2020 | $89,588.00 | $ - | $89,588.00 | $16,000.00 | $347,912.00 |
| Application of Advance Payment Against Known Unpaid Fees and Expenses as of Petition Date[1] | | $127,659.50 | $ - | $127,659.50 | | $220,252.50 |

---

[1] To the extent that Akin Gump identifies any additional prepetition fees and expenses not provided for herein, Akin Gump shall apply the remaining Advance Payment amount to such amounts owed.

43887016 v1

# **EXHIBIT D**

## **Engagement Letter**

43887016 v1



**SARAH LINK SCHULTZ**
+1 214.969.4367/fax: +1 214.969.4343
sschultz@akingump.com

**CONFIDENTIAL**
April 7, 2020

VIA E-MAIL

Remington Outdoor Company, Inc.
Independent Directors of the Board of
Remington Outdoor Company, Inc.
Attn: Jeff Brown
100 Electronics Blvd SW
Huntsville, Alabama 35824

       Re:     Terms of Engagement

Dear Mr. Brown:

       I am pleased to confirm our representation, effective as of April 7, 2020, of the Independent Directors (the "**Independent Directors**") of the Board of Remington Outdoor Company, Inc. (the "**Company**") in connection with the development, structuring, and implementation of a potential restructuring of the Company. The firm appreciates your confidence in us, and we look forward to working with you.

       At the beginning of our representation of a client, the firm's policy is to describe the manner in which we will bill for legal services and disbursements. A clear understanding of those matters helps to maintain a harmonious professional relationship. I encourage you to consider the matters set forth in this letter carefully and to raise with us any question that you may have now or later about its contents.

       We refer matters to those lawyers in this firm who in our judgment can perform the highest quality work, in a timely and efficient manner, and at the lowest cost. We also employ non-lawyer assistants in tasks where lawyers are not necessary, to facilitate the rapid and efficient performance of services. While I certainly do not expect that you will find the legal representation by this firm to be in any way unsatisfactory, I do encourage you to discuss any problems or questions with me at any time.

       The firm charges for my services at the hourly rate of $1,595.00. The other lawyers anticipated to work on this engagement have hourly rates ranging from $535.00 to $1,595.00. Hourly rates for paralegals range from $125.00 to $455.00. We envision that Ira Dizengoff, a partner in Akin Gump's financial restructuring group, and I will have primary responsibility for



**Akin Gump**
STRAUSS HAUER & FELD LLP

Remington Outdoor Company, Inc.
April 7, 2020
Page 2

this engagement and that we will be assisted by, among others, Joanna Newdeck, a senior counsel in Akin Gump's financial restructuring group and Chance Hiner, an associate in Akin Gump's financial restructuring group. Ira Dizengoff's hourly rate is $1,595.00, Joanna Newdeck's hourly rate is $1,195.00, and Chance Hiner's hourly rate is $775.00. Akin Gump's billing rates are subject to periodic adjustments, in which case the new rates will apply to work done after those rate changes are effective in our systems. In addition, expenses advanced on your behalf or internal charges for administrative expenses (which may exceed our direct costs) are added to the statement rendered for the month in which such expenses or charges are recorded in our billing system.

In order to undertake and carry out this type of restructuring engagement, we have discussed and agreed that, upon the execution of this letter, the Company will provided an advance payment to Akin Gump in the amount of $250,000.00. This advance payment and all future payments as described in this letter shall be made via wire transfer and become the property of Akin Gump immediately upon receipt and may be used by Akin Gump at any time without restriction.

Akin Gump will provide the Independent Directors and the Company with bi-weekly (or weekly, as the case may be) statements of fees and expenses; however, we reserve the right to alter the terms of delivering such statement depending upon the circumstances. Akin Gump will look solely to the Company for payment of their fees and for the avoidance of doubt shall not look to the Independent Directors. Our fee statements delivered to the Company will set forth the amount of our charges for professional and ancillary services, together with reasonable supporting detail, but without any detail that would waive the attorney-client privilege or be adverse to the interests of the Independent Directors. To the extent that the amount of any of our statements is less than the advance payment amount, the Company will pay us a further advance payment to bring your advance as of the billing date up to $250,000.00 within three (3) days of receipt of the statement. To the extent that the amount of our weekly statement is more than the advance payment amount, the Company will pay to us forthwith the excess amount and an additional advance payment to bring the total advance payment up to $250,000.00. Akin Gump may suspend or terminate any work in progress if timely payment is not made. We may also withdraw from the representation in a manner consistent with applicable ethical standards. When we have completed our services to the Independent Directors in connection with this engagement, our final statement will reflect the amount, if any, by which the accumulated advance payments have exceeded accumulated charges for all of our services and we shall pay that amount forthwith to the Company, as applicable.

Case 20-81688-CRJ11    Doc 23    Filed 07/28/20    Entered 07/28/20 01:05:38    Desc Main
Document      Page 47 of 51



**Akin Gump**
STRAUSS HAUER & FELD LLP

Remington Outdoor Company, Inc.
April 7, 2020
Page 3

In the event that the Company or any one of its affiliates intends to commence a chapter 11 case, the Company shall, in advance of any such filing, pay Akin Gump a further advance payment to bring the total advance payment amount as of the filing date up to the amount of the then-agreed advance payment amount, which shall not be less than $250,000.00, after deducting for accrued fees and expenses through the filing date.

The Independent Directors may terminate this engagement at any time for any reason effective upon fifteen (15) business days' written notice to Akin Gump. Any portion of the advance payment not used to satisfy accrued fees and expenses of Akin Gump through such effective date shall be remitted to the Company, as may be applicable.

Notwithstanding the Company's obligations herein, Akin Gump's duties hereunder run solely to the Independent Directors, collectively (not individually) and Akin Gump is not authorized and will not purport to be an agent of the Company for any purpose.

Attached to this letter is our Statement of Firm Policies (the **"Statement"**) that will apply to our representation of you in the matter set forth above and in each matter agreed to from time to time. In the event of a conflict between the terms of the Statement and the terms of this letter, the terms of this letter shall control. Please review these policies and let me know if you have any questions concerning them.

If the terms described above and in the attached Statement are satisfactory, please sign the enclosed copy of this letter and wire the advanced payment to Akin Gump.

Sincerely,

Sarah Link Schultz

Enclosure

THE STATE BAR OF TEXAS INVESTIGATES AND PROSECUTES PROFESSIONAL MISCONDUCT COMMITTED BY TEXAS ATTORNEYS. ALTHOUGH NOT EVERY COMPLAINT AGAINST OR DISPUTE WITH A LAWYER INVOLVES PROFESSIONAL MISCONDUCT, THE STATE BAR'S OFFICE OF GENERAL COUNSEL WILL PROVIDE YOU WITH INFORMATION ABOUT HOW TO FILE A COMPLAINT. PLEASE CALL 1 800-932-1900 TOLL-FREE FOR MORE INFORMATION.



Remington Outdoor Company, Inc.
April 7, 2020
Page 4

**AGREED**:

Remington Outdoor Company, Inc.

By:_____
      Ken Darcy, Chief Executive Officer


Date:_____



Independent Directors of the Board of Remington Outdoor
Company, Inc.


By:_____
      Jeff Brown, Chairman of the Board of Directors, on
      behalf of the Independent Directors


Date:_____



**Akin Gump**
STRAUSS HAUER & FELD LLP

Remington Outdoor Company, Inc.
April 7, 2020
Page 4

**AGREED**:

Remington Outdoor Company, Inc.

By: _____
      Ken Darcy, Chief Executive Officer

Date: _____
      April 7, 2020

Independent Directors of the Board of Remington Outdoor
Company, Inc.

By: _____
      Jeff Brown, Chairman of the Board of Directors, on
      behalf of the Independent Directors

Date: _____
      April 7, 2020


**Akin Gump**
STRAUSS HAUER & FELD LLP

Remington Outdoor Company, Inc.
April 7, 2020
Page 4

**AGREED**:

Remington Outdoor Company, Inc.

By:_____
        Ken Darcy, Chief Executive Officer

Date:_____

Independent Directors of the Board of Remington Outdoor
Company, Inc.

By:_____
        Jeff Brown, Chairman of the Board of Directors, on
        behalf of the Independent Directors

Date:_____