**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

### DEBTORS' APPLICATION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF O'MELVENY & MYERS LLP AS ATTORNEYS FOR THE DEBTORS

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby file this application (the "**Application**") for entry of an interim order, substantially in the form of **Exhibit C** hereto (the "**Proposed Interim Order**"), and a final order, substantially in the form of **Exhibit D** hereto (the "**Proposed Final Order**," and together with the Proposed Interim Order, the "**Proposed Orders**") pursuant to sections 327(a), 328(a), 329, and 330 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment and retention of O'Melveny & Myers LLP ("**O'Melveny**") as the Debtors' attorneys in these Chapter 11 Cases, in accordance with O'Melveny's customary hourly rates and reimbursement policies in effect when services are rendered. In support of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

43880429 v1

Application, the Debtors submit the *Declaration of Stephen H. Warren in Support of Debtors' Application for Entry of Interim and Final Orders Authorizing the Employment and Retention of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "**Warren Declaration**"), attached hereto as **<u>Exhibit A</u>**, and the *Declaration of Ken D'Arcy in Support of Debtors' Application for Entry of Interim and Final Orders Authorizing the Employment and Retention of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "**D'Arcy Declaration**"), attached hereto as **<u>Exhibit B</u>**. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter interim and final orders consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rule 1073-1.

3.     The statutory and procedural predicates for the relief requested herein are Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule 2016-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## GENERAL BACKGROUND

4.     On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases.  The Debtors' request for joint administration of these Chapter 11 Cases for procedural purposes only is currently pending.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 2 of 96

5.	The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military, and law enforcement customers throughout the world.  The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' corporate headquarters is located in Huntsville, Alabama.

6.	Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession* (the "**First Day Declaration**"),[2] filed contemporaneously herewith and incorporated by reference herein.

## RELIEF REQUESTED

7.	By this Application, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit C** and **Exhibit D**, respectively, to employ and retain O'Melveny pursuant to sections 327(a), 328(a), 329, and 330 of the Bankruptcy Code as their attorneys in these Chapter 11 Cases, effective as of the Petition Date, in accordance with O'Melveny's customary hourly rates and reimbursement policies in effect when services are rendered.

## BASIS FOR RELIEF REQUESTED

## I.	FACTS SPECIFIC TO RELIEF REQUESTED

### A.	O'Melveny's Qualifications

8.	The Debtors have selected O'Melveny as their attorneys because of O'Melveny's recognized experience in the field of debtors' and creditors' rights and business reorganizations

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

under chapter 11 of the Bankruptcy Code.  As described in the Warren Declaration, O'Melveny has experience practicing before bankruptcy courts in many jurisdictions and has been actively involved in a wide variety of major chapter 11 cases.

9.      In the course of its relationship with the Debtors, O'Melveny has become familiar with the Debtors' businesses, financial affairs, and capital structure.  O'Melveny thus has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of these Chapter 11 Cases.  The Debtors believe that O'Melveny is both well-qualified and uniquely able to represent them in these Chapter 11 Cases in an efficient and effective manner.

10.      The Debtors previously filed for bankruptcy in the District of Delaware, confirming their plan of reorganization in May 2018 (the "Prior Case").  O'Melveny acted as counsel for Franklin Advisers, Inc. and/or its affiliates ("Franklin") in its capacity as manager for certain third party owned funds or accounts in the Prior Case.  Franklin was subsequently joined by one or more other existing bondholders (funds or accounts managed by JPMorgan Chase affiliates), forming an ad hoc group of lenders.  As a result of the reorganization plan confirmed in the Debtors' Prior Case, creditors (including funds or accounts managed by Franklin and JPMorgan Chase affiliates) became the owners of the Debtors' equity through securities issued in the Prior Case, as well as the holders of debt issued in the Prior Case.  Multiple separate funds or accounts managed by Franklin collectively (but not individually) hold all or substantially all of the FILO Term Loan and a majority of the Exit Term Loan.  They also collectively (but not individually) own a majority of the equity.

11.      O'Melveny continued representing Franklin concerning certain matters related to the Debtors (including amendments to credit documents and refinance of certain loan facilities) as

well as in unrelated matters. In or about March and April of 2019, O'Melveny represented Franklin when the Debtors refinanced their Exit ABL Facility issued in the Prior Case. As a result of the refinance, the Debtors issued the Priority Term Loan Facility to third party lenders. O'Melveny represented Franklin in that transaction, including negotiation of inter-creditor arrangements with the holders of the Priority Term Loan Facility, related consents and amendments. Remington was separately advised in the transaction by another firm. As a result of the transaction, the Debtors were able to refinance the Exit ABL Facility from the Prior Case and avoid the need to restructure. O'Melveny also provided other services to Franklin related to Remington in 2019, including certain amendments to credit facilities and related waivers. As described below, O'Melveny thereafter ended its representation of Franklin on any matters related to the Debtors and has obtained a conflict waiver from Franklin.

12. After the Debtors emerged from the Prior Case, O'Melveny began representing the Debtors in certain corporate matters, finance matters, and merger and acquisition activity, among other things. In or about February 2020, O'Melveny represented the Debtors in an amendment to certain of their debt agreements after it terminated its representation of Franklin in matters related to Remington. In or about March 2020, O'Melveny began providing restructuring related advice to the Debtors and, since that time, has advised the Debtors on various restructuring alternatives. In that regard, O'Melveny assisted the Debtors in exploring restructuring alternatives and preparing for filing these Chapter 11 Cases, among other things. O'Melveny has not provided advice to Franklin concerning these Chapter 11 Cases and does not currently represent Franklin in connection with any Remington matters. As set forth in more detail, below, Franklin waived any conflicts related to, *inter alia*, O'Melveny's representation of the Debtors in the Chapter 11 Cases including any matter resulting in litigation.

13.     Having represented the Debtors over the past two years and being extensively familiar with the Debtors' finances, business, and operations, O'Melveny is very familiar with the Debtors' businesses, financial affairs, and capital structure and is therefore uniquely qualified to immediately and knowledgeably assist the Debtors in their reorganization efforts. To maximize the value of such efforts to date, and because of O'Melveny's experience in bankruptcy law, the Debtors have requested that O'Melveny represent them in these Chapter 11 Cases.

**B.      Services to be Provided**

14.     In these Chapter 11 Cases, the Debtors anticipate that O'Melveny will render general legal services as needed, including in the areas of restructuring, corporate, finance, litigation, and tax. The professional services that O'Melveny will render to the Debtors may include, without limitation, the following:

(a)     advising the Debtors of their rights, powers, and duties as debtors and debtors in possession in the management and operation of their businesses;

(b)     preparing on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in these Chapter 11 Cases;

(c)     advising the Debtors on, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in these Chapter 11 Cases;

(d)     advising the Debtors on actions that they might take to collect and recover property for the benefit of their estates;

(e)     advising the Debtors on executory contracts and unexpired lease assumptions, assignments, and rejections;

(f)     assisting the Debtors in reviewing, estimating, and resolving any claims asserted against their estates;

(g)     advising the Debtors in connection with potential sales of assets;

(h)  commencing and conducting litigation necessary or appropriate to assert rights held by the Debtors, protect assets of their estates, or otherwise further the goals of the Debtors' restructuring;

(i)  assisting the Debtors in obtaining the Court's approval of the postpetition debtor in possession financing facilities;

(j)  attending meetings and representing the Debtors in negotiations with representatives of creditors and other parties in interest;

(k)  advising the Debtors on tax matters;

(l)  advising and assisting the Debtors in connection with the preparation, solicitation, confirmation, and consummation of a chapter 11 plan; and

(m)  performing all other necessary legal services in connection with these Chapter 11 Cases and other general corporate matters concerning the Debtors' businesses.

15.     From time to time, the Debtors may request that O'Melveny undertake specific matters beyond the scope of the responsibilities set forth above.  Should O'Melveny agree to undertake any such specific matters, the Debtors further request authority in this Application to employ O'Melveny for such matters, in addition to those set forth above, without further order of this Court.

16.     The Debtors require knowledgeable counsel to render these essential professional services, and, as described in the Warren Declaration, O'Melveny has substantial expertise in each of these areas.  As a result, O'Melveny is well-qualified to perform these services and represent the Debtors' interests in these Chapter 11 Cases.  Subject to the Court's approval of this Application, O'Melveny is willing to serve as the Debtors' counsel and to perform the services described above.

**C.     Professional Compensation**

17.     O'Melveny intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the

Debtors' Chapter 11 Cases on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable procedures or orders of this Court. Additionally, O'Melveny recognizes that the Bankruptcy Administrator for the Northern District of Alabama (the "**Bankruptcy Administrator**") is charged with reviewing applications for compensation when the Bankruptcy Administrator deems it appropriate.

18.    O'Melveny will be compensated at its standard hourly rates, which are based on the professionals' level of experience. As set forth in the Warren Declaration, O'Melveny's current hourly rates for (i) partners range from $995 to $1,555; (ii) other attorneys, including associates and counsel positions, range from $545 to $995; (iii) paraprofessionals and legal assistants range from $180 to $415; and (iv) administrative support staff, when billed, range from $45 to $90. The Debtors understand that O'Melveny's rates are subject to annual and customary firm-wide adjustments in the ordinary course of O'Melveny's business. The hourly rates and corresponding rate structure that O'Melveny will use in these Chapter 11 Cases are consistent with the rates that O'Melveny charges other comparable clients, regardless of the location of the clients or any associated case.

19.    O'Melveny will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above. It is OMM's policy to charge its clients for all disbursements and expenses incurred in rendering services, including, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

### D.    Compensation Received by O'Melveny from the Debtors

20.     Other than as set forth above, there is no proposed arrangement between the Debtors and O'Melveny for compensation to be paid in these Chapter 11 Cases. O'Melveny has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code. Information regarding the Debtors' payments to O'Melveny before the commencement of these cases is provided in the Warren Declaration. As of the Petition Date, the Debtors do not owe O'Melveny any prepetition fees for services performed or expenses incurred.

21.     O'Melveny and the Debtors signed an updated engagement agreement dated April 8, 2020 (the "**Engagement Agreement**") which included work related to the Chapter 11 Cases. The Engagement Agreement includes a $500,000 evergreen advance, which is property of O'Melveny under the law applicable to the Engagement Agreement. The advance was paid on or about April 9, 2020 and any unearned portion thereof is subject to return to the Debtors upon completion of the engagement.

### E.     No Duplication of Services

22.     The Debtors intend and believe that O'Melveny's services will complement, and not duplicate, the services rendered by any other professional retained in these Chapter 11 Cases. Contemporaneously with filing this Application, the Debtors are filing an application to retain Burr & Forman LLP ("**Burr**") as bankruptcy co-counsel. The Debtors have also filed applications seeking to employ and retain (i) M-III Advisory Partners, LP, as financial advisor; (ii) Ducera Partners LLC, as investment banker; and (iii) Prime Clerk, LLC, as claims, noticing and soliciting agent. O'Melveny has advised the Debtors that it intends to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in these Chapter 11 Cases and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible. Rather

than resulting in any extra expense to the Debtors' estates, the Debtors anticipate that the coordination of efforts of the Debtors' attorneys and other professionals will add to the progress and effective administration of these Chapter 11 Cases. Further, Burr will serve as counsel with respect to matters or parties as to which O'Melveny has a conflict and determines that it cannot (or should not) represent the Debtors.

### F. O'Melveny's Disinterestedness

23. To the best of the Debtors' knowledge, (i) O'Melveny is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (ii) O'Melveny has no connection to the Debtors, their creditors, or any parties in interest, except as may be disclosed in the Warren Declaration or herein.

24. O'Melveny has not provided advice to any creditor of the Debtors concerning these Chapter 11 Cases. As discussed above, O'Melveny previously represented Franklin concerning the Debtors, including in the Prior Case, but has not provided and will not provide advice to Franklin concerning these Chapter 11 Cases. Franklin has provided a broad conflict waiver concerning this representation, which includes the ability to litigate against Franklin in matters related to the Chapter 11 Cases. The O'Melveny Restructuring Group partners leading the representation of the Debtors (Stephen Warren and Nancy Mitchell) were not involved in the Prior Case and do not represent Franklin on any pending matter. The O'Melveny corporate partner leading that aspect of the representation of the Debtors (J.P. Motley) was not involved in the Prior Case and does not represent Franklin on any pending matter. The other O'Melveny partners representing the Debtors in the Chapter 11 Cases had no involvement with the Prior Case, with the exception of one finance partner who had nominal involvement concerning certain finance matters.

The lead O'Melveny restructuring, finance, and corporate partners from the Prior Case have not participated in these Chapter 11 Cases and will not participate in them.

25.     If and to the extent that O'Melveny's prior advice to Franklin concerning the Prior Case or other matters were to become an issue, Burr will be able to address them. Moreover, the Debtors established a Restructuring Committee made up of independent, non-management directors and separately represented by counsel. All restructure transactions have been and will be approved by the Restructuring Committee after independent review.

26.     O'Melveny has fully informed the Debtors of its ongoing representations of entities that may have a connection to the Debtors as described in the Warren Declaration. The Debtors selected O'Melveny as their restructuring counsel with that information and have consented to O'Melveny's continuing to represent such entities in matters unrelated to these proceedings.

27.     If any new relevant facts or relationships are discovered or arise, O'Melveny will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## II.     LEGAL BASIS FOR RELIEF REQUESTED

### A.     Retention and Employment of O'Melveny as the Debtors' Attorneys is Permitted Pursuant to Sections 327 and 328 of the Bankruptcy Code

28.     The Debtors seek approval of the employment and retention of O'Melveny as their attorneys pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) provides that a debtor "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in carrying out its duties. 11 U.S.C. § 327(a); *In re Waterfall Village of Atlanta, Ltd*., 103 B.R. 340, 344-45 (Bankr. N.D. Ga. 1989)

(discussing flexible approach to disinterested test adopted by the 11th Circuit, focusing on actual conflict that poses reasonable possibility that "some specific impropriety did occur.").

29.     Bankruptcy Code Section 327(c) specifies that in a chapter 11 case, a person is not disqualified by virtue of a prior representation of a creditor, absent an objection by the United States trustee or Bankruptcy Administrator and the showing of an actual conflict of interest.  11 U.S.C. Section 327(c).  The legislative history to section 327(c) explains the provision as follows: "Section 327(c) represents a compromise between HR 8200 as passed by the House and the Senate amendment. The provision states that former representation of a creditor, whether secured or unsecured, will not automatically disqualify a person from being employed by a trustee [or debtor in possession], but if such person is employed by the trustee, the person may no longer represent the creditor in connection with the case." 124 Cong.Rec. H11091 (daily ed. Sept. 28, 1978); S17408 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini).  *See also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 328 (1977) and S.Rep. No. 989, 2d Sess. 38 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787; *Matter of Nephi Rubber Prod. Corp.*, 120 B.R. 477, 481 (Bankr. N.D. Ind. 1990)(citing foregoing legislative history and applying the same standard to equity holders); *In re Champ Car World Series*, LLC, 411 B.R. 619, 626 (Bankr. S.D. Ind. 2008 ("Section 101(14)(c), like § 327(a), is phrased in the present tense, so prior representation that has since terminated is of no concern."); *In re Marvel Entertainment Group*, 140 F.3d 463, 478 (3d Cir. 1998)(overruling denial of retention motion where counsel had previously represented creditor and had an unconditional waiver of conflicts).

30.     The Debtors respectfully request retention of O'Melveny in accordance with O'Melveny's customary hourly rates and reimbursement policies in effect when services are rendered, pursuant to section 328(a) of the Bankruptcy Code, which provides in relevant part, that

debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ." *Id.* § 328(a).

31.     Section 330 of the Bankruptcy Code permits the court to award to a professional person "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." *Id.* § 330(a)(1). In determining the amount of reasonable compensation to be awarded, a court will consider the nature, extent, and value of services provided by the professional, taking into account factors such as the time spent on such services, the rates charged for such services, whether such services were necessary, whether such services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the issue, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners. *See id.* § 330(a)(3).

32.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

> Fed. R. Bankr. P. 2014(a).

33.     Bankruptcy Rule 2016 requires retained professionals to submit applications for payment of compensation in chapter 11 cases. It is O'Melveny's practice when representing debtors in chapter 11 cases to submit detailed time entries that set forth, among other things, a detailed description of each activity performed, the amount of time spent on the activity (in tenth

of an hour increments), the subject matter of the activity, and the parties involved with the activity at issue.

34.     As stated in the Warren Declaration, O'Melveny is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or any parties in interest, except as may be disclosed in the Warren Declaration or herein.  Further, the Debtors submit that the retention of O'Melveny is appropriate and complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, as well as applicable requirements of the Bankruptcy Administrator.

### NOTICE

35.     Notice of the hearing on the relief requested in this Application will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Bankruptcy Rules, and is sufficient under the circumstances.  The Debtors will provide notice of this Application to the following parties-in-interest: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC, as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, LLC as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement and as Exit Term Loan Agent under the Exit Term Loan Agreement; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 14 of 96

36.     A copy of this Application is also available on the Debtors' case website at https://cases.primeclerk.com/RemingtonOutdoor.

37.     In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary under the circumstances

## NO PRIOR APPLICATION

38.     The Debtors have not made any prior application for the relief sought in this Application to this Court or any other.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of interim and final orders, substantially in the forms attached hereto as **Exhibit C** and **Exhibit D**, respectively, authorizing the employment and retention of O'Melveny as the Debtors' attorneys in these Chapter 11 Cases as requested in this Application, and granting such other and further relief as may be just and proper under the circumstances.

Dated:   July 28, 2020

*/s/ Ken D'Arcy*
_____
Ken D'Arcy
Chief Executive Officer

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 16 of 96

**<u>Exhibit A</u>**

**Warren Declaration**

43880429 v1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
|  | Joint Administration Requested |
| Debtors. |  |

## DECLARATION OF STEPHEN H. WARREN
## IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF INTERIM
## AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION
## O'MELVENY & MYERS LLP AS ATTORNEYS FOR THE DEBTORS

I, Stephen H. Warren, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

1.     I am a senior partner and member of the Restructuring Practice of the firm O'Melveny & Myers LLP ("**O'Melveny**"), proposed counsel to Remington Outdoor Company, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**").

2.     I am duly authorized to make this declaration (the "**Declaration**") on behalf of O'Melveny and submit this Declaration in support of the *Debtors' Application for Entry of Interim and Final Orders Authorizing the Employment and Retention of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "**Application**"),[2] filed concurrently with this Declaration, in which the Debtors seek entry of interim and final orders authorizing the employment of O'Melveny as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not defined in this Declaration have the meanings used in the Application.

43880429 v1

the Debtors' attorneys pursuant to Bankruptcy Code sections 327(a), 328(a), 329, and 330, Bankruptcy Rules 2014(a) and 2016(a), Local Bankruptcy Rule 2016-1, and under the terms and conditions set forth in the Application.

3.      Except as otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.  Certain of the disclosures set forth herein are related to matters within the knowledge of other employees of O'Melveny and are based on information provided by them.

## O'MELVENY'S QUALIFICATIONS

4.      O'Melveny is a full service international law firm, with approximately 770 lawyers in 15 offices located in the United States and abroad.[3]  In addition to restructuring, reorganization, and bankruptcy expertise, attorneys at O'Melveny provide legal services in virtually every major practice area, including corporate, finance, securities, intellectual property, tax, and litigation.

5.      Attorneys in O'Melveny's restructuring practice have been actively involved in many significant restructurings and served as counsel to debtors and creditors in various large and complex bankruptcy cases, including, among others: *In re Stone Energy Corporation, et al*. (Case No. 16-36390) (MI) (S.D. Tex. 2016); *In re Linn Energy, LLC* (Case No. 16-60040) (DRJ) (S.D. Tex. 2016); *In re Peabody Energy Corporation, et al*. (Case No. 16-42529) (BSS) (E.D. Miss. 2016); *In re Verso Corp., et al*. (Case No. 16-10163) (KG) (Bankr. D. Del. 2016); *In re Colt Holdings Company LLC* (Case No. 15-11296) (LSS) (Bankr. D. Del.); *In re Cal Dive International, Inc.* (Case No. 15-10458) (CSS) (Bankr. D. Del.); *In re Entegra Power Group LLC* (Case No. 14 11859) (PJW) (Bankr. D. Del); *In re Energy Future Holdings Corp.* (Case No. 14-

---

[3] OMM has offices in Century City, Los Angeles, Newport Beach, San Francisco, and Silicon Valley in California; New York, Washington, D.C.; and international offices in Beijing, Brussels, Hong Kong, London, Seoul, Shanghai, Singapore, and Tokyo.

10979) (CSS) (Bankr. D. Del.); *In re Revel AC, Inc.* (Case No. 13-16253) (JHW) (Bankr. D.N.J.);

*In re CHL Ltd.* (Case No. 12-12437) (KJC) (Bankr. D. Del.); *In re Edison Mission Energy* (Case

No. 12-49219) (JPC) (Bankr. N.D. Ill.); *In re Homer City Funding LLC* (Case No. 12-13024) (KG)

(Bankr. D. Del.); *In re Vertis Holdings, Inc.* (Case No. 12-12821) (CSS) (Bankr. D. Del.); *In re

AES Eastern Energy*, *L.P.* (Case No. 11-14138) (KJC) (Bankr. D. Del.); *In re Dynegy Holdings,

LLC* (Case No. 11-38111) (CGM) (Bankr. S.D.N.Y.); *In re Caribbean Petroleum Corp.* (Case

No.10-12553) (KG) (Bankr. D. Del.); *In re Xerium Technologies, Inc.* (Case No. 10-11031) (KJC)

(Bankr. D. Del.); *In re Escada (USA), Inc.* (Case No. 09-15008) (SMB) (Bankr. S.D.N.Y.); *In re

Lyondell Chemical Company* (Case No. 09-10023) (REG) (Bankr. S.D.N.Y.); *In re Gottschalks

Inc.* (Case No. 09-10157) (KJC); *In re New Century TRS Holdings, Inc.* (Case No. 07-10416)

(KJC) (Bankr. D. Del.); *In re Advanced Marketing Services*, *Inc.* (Case No. 06-11480) (CSS)

(Bankr. D. Del.); and *In re M T S, Inc. d/b/a Tower Records* (Case No. 06-10891) (BLS) (Bankr.

D. Del.).

6.      The Debtors previously filed for bankruptcy in the District of Delaware, confirming

their plan of reorganization in May 2018 (the "Prior Case"). I conducted inquiries with persons

whom I believe to have personal knowledge of the relevant facts and the following is based upon

my information and belief as a result of such inquiries. O'Melveny acted as counsel for Franklin

Advisers, Inc. and/or its affiliates ("Franklin") in its capacity as manager for certain third party

owned funds or accounts in the Prior Case. Franklin was subsequently joined by one or more other

existing bondholders (funds or accounts managed by JPMorgan Chase affiliates), forming an ad

hoc group of lenders. As a result of the reorganization plan confirmed in the Debtors' Prior Case,

creditors (including funds or accounts managed by Franklin and JPMorgan Chase affiliates)

became the owners of the Debtors' equity through securities issued in the Prior Case, as well as

the holders of debt issued in the Prior Case. Multiple separate funds or accounts managed by Franklin collectively (but not individually) hold all or substantially all of the FILO Term Loan and a majority of the Exit Term Loan. They also collectively (but not individually) own a majority of the equity.

7. O'Melveny continued representing Franklin concerning certain matters related to the Debtors (including amendments to credit documents and refinance of certain loan facilities) as well as in unrelated matters. In or about March and April of 2019, O'Melveny represented Franklin when the Debtors refinanced their Exit ABL Facility issued in the Prior Case. As a result of the refinance, the Debtors issued the Priority Term Loan Facility to third party lenders. O'Melveny represented Franklin in that transaction, including negotiation of inter-creditor arrangements with the holders of the Priority Term Loan Facility, related consents and amendments. Remington was separately advised in the transaction by another firm. As a result of the transaction, the Debtors were able to refinance the Exit ABL Facility from the Prior Case and avoid the need to restructure. O'Melveny also provided other services to Franklin related to Remington in 2019, including certain amendments to credit facilities and related waivers. As described below, O'Melveny subsequently ended its representation of Franklin on any matters related to the Debtors and has obtained a conflict waiver from Franklin.

8. After the Debtors emerged from the Prior Case, O'Melveny began representing the Debtors in certain corporate matters, finance matters, and merger and acquisition activity, among other things. In or about February 2020, O'Melveny represented the Debtors in an amendment to certain of their debt agreements. O'Melveny terminated its representation of Franklin in matters related to Remington. In or about March 2020, O'Melveny began providing restructuring related advice to the Debtors and, since that time, has advised the Debtors on various restructuring

alternatives. In that regard, O'Melveny assisted the Debtors in exploring restructuring alternatives and preparing for filing these Chapter 11 Cases, among other things. O'Melveny has not provided advice to Franklin concerning these Chapter 11 Cases and does not currently represent Franklin in connection with any Remington matters. As set forth in more detail, below, Franklin waived any conflicts related to, *inter alia*, O'Melveny's representation of the Debtors in the Chapter 11 Cases including any matter resulting in litigation.

9. Having represented the Debtors over the past two years and being extensively familiar with the Debtors' finances, business, and operations, O'Melveny is very familiar with the Debtors' businesses, financial affairs, and capital structure and is therefore uniquely qualified to immediately and knowledgeably assist the Debtors in their reorganization efforts. To maximize the value of such efforts to date, and because of O'Melveny's experience in bankruptcy law, the Debtors have requested that O'Melveny represent them in these Chapter 11 Cases.

## SERVICES TO BE PROVIDED

10. The Debtors have requested that O'Melveny render general legal services, as needed, including in the areas of restructuring, corporate, finance, litigation, and tax. The professional services O'Melveny will render to the Debtors may include, without limitation, the following:

> (a) advising the Debtors of their rights, powers, and duties as debtors and debtors in possession in the management and operation of their businesses;
>
> (b) preparing on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in these Chapter 11 Cases;
>
> (c) advising the Debtors on, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in these Chapter 11 Cases;

5

(d)        advising the Debtors on actions that they might take to collect and recover property for the benefit of their estates;

(e)        advising the Debtors on executory contracts and unexpired lease assumptions, assignments, and rejections;

(f)        assisting the Debtors in reviewing, estimating, and resolving any claims asserted against their estates;

(g)        advising the Debtors in connection with potential sales of assets;

(h)        commencing and conducting litigation necessary or appropriate to assert rights held by the Debtors, protect assets of their estates, or otherwise further the goals of the Debtors' restructuring;

(i)        assisting the Debtors in obtaining the Court's approval of the postpetition debtor in possession financing facilities;

(j)        attending meetings and representing the Debtors in negotiations with representatives of creditors and other parties in interest;

(k)        advising the Debtors on tax matters;

(l)        advising and assisting the Debtors in connection with the preparation, solicitation, confirmation, and consummation of a chapter 11 plan; and

(m)        performing all other necessary legal services in connection with these Chapter 11 Cases and other general corporate matters concerning the Debtors' businesses.

11.      I understand that the Debtors may, from time to time, request that O'Melveny undertake specific matters beyond the scope of the responsibilities set forth above. Should O'Melveny agree to undertake any such specific matters, the Debtors are requesting authority in the Application to employ O'Melveny for such matters, in addition to those set forth above, without further order of the Court. Subject to approval of the Court, O'Melveny is willing to serve as the Debtors' attorneys and to perform the services described above.

12.      By separate application, the Debtors are also requesting that the Court approve the retention of Burr & Forman LLP ("**Burr**") as bankruptcy co-counsel with respect to the Debtors' Chapter 11 Cases. O'Melveny will continue to coordinate with Burr, as well as the other

professionals retained by the Debtors, to ensure a clear delineation of the professionals' respective roles and duties in these Chapter 11 Cases so as to prevent duplication of effort. More specifically, O'Melveny will take the lead on, among other things, (i) obtaining court approval of the Debtors' postpetition financing facilities; (ii) negotiating and consummating asset sales and other strategic transactions; (iii) advising the Debtors and communicating and negotiating with the Debtors' creditors and other parties in interest with respect to a chapter 11 plan; and (iv) formulating, soliciting and obtaining confirmation of a chapter 11 plan. Burr's duties will include, among other things, (i) providing Alabama law expertise, including advising the Debtors and O'Melveny on issues of local practice and the requirements of the Bankruptcy Administrator; (ii) communicating with the Court and the Bankruptcy Administrator with respect to the Debtors' filings and the Chapter 11 Cases; (iii) reviewing, commenting on, and coordinating the filing of various pleadings; and (iv) appearing in court on behalf of the Debtors. Further, Burr will serve as counsel with respect to matters or parties as to which O'Melveny has a conflict and determines that it cannot (or should not) represent the Debtors.

## PROFESSIONAL COMPENSATION

13. O'Melveny intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the Debtors' Chapter 11 Cases on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures or orders of the Court. Additionally, O'Melveny recognizes that the Bankruptcy Administrator is charged with reviewing applications for compensation when the Bankruptcy Administrator deems it appropriate.

14. O'Melveny intends to apply to the Court for allowance of compensation at its standard hourly rates, which are based on the professionals' level of experience. O'Melveny's

current hourly rates for (i) partners range from $995 to $1,555; (ii) other attorneys, including associates and counsel positions, range from $545 to $995; (iii) paraprofessionals and legal assistants range from $180 to $415; and (iv) administrative support staff, when billed, range from $45 to $90 per hour. These hourly rates are subject to annual and customary firm-wide adjustments in the ordinary course of O'Melveny's business. The hourly rates and corresponding rate structure that O'Melveny will use in these Chapter 11 Cases are consistent with the rates that O'Melveny charges other comparable clients and regardless of the location of the clients or any associated case.

15. O'Melveny will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above. It is O'Melveny's policy to charge its clients for all disbursements and expenses incurred rendering services, including, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

16. I provide the following additional information regarding O'Melveny's representation of the Debtors:

(a) O'Melveny has not agreed to a variation of its standard or customary billing arrangements for representing the Debtors during their Chapter 11 Cases. Notwithstanding the terms of its pre-existing retention agreement with the Debtors, O'Melveny has previously accepted certain voluntary discounts or reductions from its billed charges in its discretion. These courtesy discounts or reductions were not terms of O'Melveny's engagement letter with the Debtors.

(b) None of O'Melveny's professionals included in this engagement have varied their rate based on the geographic location of these Chapter 11 Cases.

(c) O'Melveny represented the Debtors in the two years prior to the Petition Date. Except as noted above, the billing rates and material financial terms in connection with such representation have not changed postpetition other than due to annual and customary firm-wide adjustments to O'Melveny's

hourly rates in the ordinary course of O'Melveny's business or as described herein.

## COMPENSATION RECEIVED BY
## O'MELVENY FROM THE DEBTORS

17.     Other than as set forth herein, there is no proposed arrangement between the Debtors and O'Melveny for compensation to be paid in these Chapter 11 Cases. O'Melveny has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

18.     According to O'Melveny's books and records as of July 24, 2020, O'Melveny has received payment from the Debtors of approximately $8,114.573.71 since August 2018 for legal services performed and expenses incurred in connection with, *inter alia*, certain corporate matters, finance matters, and merger and acquisition activity, as well as in contemplation of, or in connection with, the Debtors' refinancing and restructuring efforts and the preparation for the filing of these Chapter 11 Cases.  In addition, certain payments O'Melveny received from the Debtors were advances for legal services rendered and costs incurred, owned by O'Melveny upon receipt and to be held on account, to be drawn at O'Melveny's discretion to apply to fees and costs incurred.

19.     O'Melveny and the Debtors signed an updated engagement agreement dated April 8, 2020 (the "**Engagement Agreement**")[4] which included work related to the Chapter 11 Cases. The Engagement Agreement includes a $500,000 evergreen advance, which is property of O'Melveny under the law applicable to the Engagement Agreement.  The advance was paid on or about April 9, 2020 and subsequently has been replenished and drawn down prior to the Petition

---

[4] A copy of the Engagement Agreement has been provided to the Office of the Bankruptcy Administrator and is available for review as the Bankruptcy Court may direct.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 26 of 96

Date for prepetition fees and costs. Any unearned portion thereof is subject to return to the Debtors upon completion of the engagement.

20.     An accounting summary of payments invoiced and received by O'Melveny in the ninety days prior to the Petition Date is set forth on the attached **Schedule 2**. As of the Petition Date, the Debtors do not owe O'Melveny any fees for services performed or expenses incurred.

## O'MELVENY'S DISINTERESTEDNESS

21.     To the best of my knowledge, O'Melveny does not represent and will not represent any entity, other than the Debtors, in matters related to these Chapter 11 Cases.

22.     To the best of my knowledge, O'Melveny (i) is not a creditor, an equity interest holder, or an insider of the Debtors; (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and (iii) does not have any interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity interest holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason. In the course of its services as the Debtors' corporate and finance counsel, O'Melveny delivered one or more customary financing related opinions on behalf of the Debtors to their lenders in connection with loan obligations or amendments. If and to the extent that any issue related to O'Melveny's opinions become an issue in these cases, Burr is positioned to address it. Accordingly, I believe that O'Melveny is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

23.     To the best of my knowledge on information and belief after reasonable inquiry, the partners, counsel, associates, and employees of O'Melveny do not have any connection with the Debtors, their known creditors, other known or potential parties in interest, the Bankruptcy Administrator or any person employed in the office of the Bankruptcy Administrator, any United

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 27 of 96

States Bankruptcy Judge for the Northern District of Alabama, or the Clerk of the Bankruptcy Court for the Northern District of Alabama, or any person employed by the office of such clerk.

24.     In connection with its proposed retention by the Debtors in these Chapter 11 Cases, O'Melveny has conducted a check for conflicts of interest and other conflicts and connections based upon information provided to O'Melveny by the Debtors. O'Melveny maintains a database containing the names of current and former clients and other principal parties related to such clients and has a department devoted to the research and analysis of conflicts of interest and other conflict issues.

25.     I caused O'Melveny to review and analyze the conflicts database to determine whether O'Melveny has any relationships with the principal parties in interest in these cases (the "**Potential Parties in Interest**"), including (a) the Debtors' equity interest holders; (b) the Debtors' Prepetition Secured Creditors; (c) the Debtors' top 40 unsecured creditors; (d) the entities revealed by a national search of Uniform Commercial Code filings; (e) the members of the Debtors' boards of directors and certain senior employees; (f) the professionals representing the Debtors and other interested parties in the chapter 11 cases; (g) the United States Bankruptcy Judges for the Northern District of Alabama, the Bankruptcy Administrator, and their respective key staff members; (h) other vendors, customers, and potential parties in interest; and (j) parties who have submitted indications of interest concerning the Debtors' assets (provided that their names are not disclosed due to confidentiality reasons).  A list of the potential parties in interest searched is provided as **Exhibit A to Schedule 1** attached hereto.[5]

---

[5] The full list of potential parties, including the names of individual funds and accounts managed by investment advisers described in Exhibit A to Schedule 1, has been or will be provided to the Office of the Bankruptcy Administrator.

26.     O'Melveny also made a general inquiry to all O'Melveny employees requesting disclosure of any relationship with (a) any Bankruptcy Judge in the Northern District of Alabama; (b) anyone employed by the Office of the Clerk of the Bankruptcy Court for the Northern District of Alabama; or (c) any trustee, attorney or staff employed by the office of the Bankruptcy Administrator.  Additionally, O'Melveny requested disclosure by all employees, to the best of their knowledge, of any claims held against, or equity interest in, any of the Debtors and whether any O'Melveny employee is or was a director, officer, or general partner of any of the Debtors or a relative of a director, officer, or general partner of any of the Debtors.

27.     To the extent that such searches indicated that O'Melveny has or had a relationship with any Potential Parties in Interest within the last two years, the identity of such entity, and O'Melveny's relationship therewith, are set forth on the attached **<u>Schedule 1</u>**.[6]  Given the size and diversity of O'Melveny's practices and the number of Potential Parties in Interest, O'Melveny represents certain Potential Parties in Interest in ongoing matters unrelated to the Debtors' Chapter 11 Cases.  Pursuant to section 327(c) of the Bankruptcy Code, O'Melveny is not disqualified from acting as the Debtors' counsel merely because it represents certain Potential Parties in Interest in matters unrelated to these Chapter 11 Cases.  No single client of OMM (or such client's respective subsidiaries and affiliates) listed on <u>Schedule 1</u> accounted for more than 1% of OMM's gross revenues in 2019.

28.     As noted on <u>Schedule 1</u>, the firm has represented various creditors and parties in interest.  As described herein, O'Melveny has steps to confirm that the services provided by

---

[6] O'Melveny's inclusion of parties on <u>Schedule 1</u> is solely to illustrate O'Melveny's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the Debtors' schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

O'Melveny to the persons and entities listed on <u>Schedule 1</u> did not include legal advice concerning these Chapter 11 Cases.

29.     O'Melveny has not provided advice to any creditor of the Debtors concerning these Chapter 11 Cases.  As discussed above, O'Melveny previously represented Franklin concerning the Debtors, including in the Prior Case, but has not provided and will not provide advice to Franklin concerning these Chapter 11 Cases.  I conducted inquiries with persons whom I believe to have personal knowledge of the relevant facts and the following is based upon my information and belief as a result of such inquiries.  Franklin has provided a broad conflict waiver concerning this representation, which includes the ability to litigate against Franklin in matters related to the Chapter 11 Cases.  The O'Melveny Restructuring Group partners leading the representation of the Debtors (Stephen Warren and Nancy Mitchell) were not involved in the Prior Case and do not represent Franklin on any pending matter.  The O'Melveny corporate partner leading that aspect of the representation of the Debtors (J.P. Motley) was not involved in the Prior Case and does not represent Franklin on any pending matter.  The other O'Melveny partners representing the Debtors in the Chapter 11 Cases had no involvement with the Prior Case, with the exception of one finance partner who had nominal involvement concerning certain finance matters.  The lead O'Melveny restructuring, finance, and corporate partners from the Prior Case have not participated in these Chapter 11 Cases and will not participate in them.

30.     If and to the extent that O'Melveny's prior advice to Franklin concerning the Prior Case or other matters were to become an issue, Burr will be able to address them.  Moreover, the Debtors established a Restructuring Committee made up of independent, non-management directors and separately represented by counsel.  All restructure transactions have been and will be approved by the Restructuring Committee after independent review.

31.     O'Melveny has fully informed the Debtors of its ongoing representations of entities that may have a connection to the Debtors.  The Debtors selected O'Melveny as their restructuring counsel with that information and have consented to O'Melveny's continuing to represent such entities in matters unrelated to these proceedings.

32.     If any new relevant facts or relationships are discovered or arise, O'Melveny will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

33.     The proposed employment of O'Melveny is not prohibited by, or improper under, Bankruptcy Rule 5002.  To the best of my knowledge, no O'Melveny attorney or employee is related to any United States Bankruptcy Judge for the Northern District of Alabama or to the Bankruptcy Administrator or any employee in the office thereof.

34.     In addition, certain of the Potential Parties in Interest are or were, from time to time, members of *ad hoc* or official creditors' committees represented by O'Melveny in matters unrelated to the Debtors' Chapter 11 Cases.  From time to time, O'Melveny works with certain professional firms that have been retained by the Debtors or other parties in these Chapter 11 Cases and that may be rendering advice to other Potential Parties in Interest in these Chapter 11 Cases.

35.     The Debtors have numerous relationships and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any connection or conflict, including the efforts outlined above, O'Melveny is unable to state with certainty which of its clients or such clients' affiliates hold claims or otherwise are parties in interest in these Chapter 11 Cases.  If O'Melveny discovers any information that is contrary or pertinent to the statements made herein, O'Melveny will promptly disclose such information to the Court on notice

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 31 of 96

to such creditors and to the Bankruptcy Administrator and such other creditors or other parties in interest as may be required under noticing procedures applicable in the Debtors' Chapter 11 Cases.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on July 27, 2020

/s/ Stephen H. Warren
Stephen H. Warren
Partner
O'Melveny & Myers LLP

43880429 v1

## <u>Schedule 1</u>

43880429 v1

**CONNECTIONS TO POTENTIAL PARTIES IN INTEREST[1]**

| Party Name | Relationship to Debtors | Relationship to O'Melveny[2] |
|---|---|---|
| ACE Insurance / ACE Property & Casualty Insurance Company | Insurer | Current client, and affiliate of current client (Chubb), on matters unrelated to the Debtors' pending Chapter 11 Cases |
| AIG | Insurer | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Alliant TechSystems Operations | Supplier | Potential affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Aon | Lender | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Aon Hewitt | Insurance Brokerage Finance | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Appvion | | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| AT&T | Utility Provider | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Bank of America | UCC-1 Secured Party | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases; affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Bass Pro - Cabela's | Retail Customer (Domestic) | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Berkshire Hathaway | Insurer | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| BRS | Wholesale Distributor (Foreign) | Potential affiliate of former client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| BTIG LLC | Current or Recent Stockholder | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |

---

[1] A list of potential parties in interest searched is provided as Exhibit A hereto.

[2] A "current client" is an entity for which there are, as of the date hereof, active matters on which O'Melveny is engaged. A "former client" is an entity for which there are no active matters as of the date hereof, but there may in the future be active matters. Use of the word "potential" before such designations signifies entities for which O'Melveny was unable to determine whether the similarities of names was a coincidence or whether the party in interest is related to a client in O'Melveny's databases. O'Melveny does not represent any "potential" clients in matters related to these chapter 11 cases. Please note that the identification of a party in interest on this Schedule 2 is not an admission of a conflict, disabling or otherwise.

| Party Name | Relationship to Debtors | Relationship to O'Melveny[2] |
|---|---|---|
| California, State of | Taxing Authority | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| CenturyLink Communications LLC | Utility Provider | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Chubb Group | Insurer | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Cisco Systems | Executory Contract Counterparty | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Cross Sound | Vendor | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Discovery | Wholesale Distributor | Potential current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Ellison Technologies | UCC-1 Secured Party | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Endurance Specialty Insurance | Insurer | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| First Electric Cooperative Corporation | Utility Provider | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Franklin Advisers, Inc. and funds or accounts managed thereby | Fund advisor to lenders and equity holders managed thereby | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases; former client on matters related to Remington, including Prior Case, subject to conflict waiver |
| Indemnity Insurance Company of North America | Insurer | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases; affiliate of current client (Chubb) on matters unrelated to the Debtors' pending Chapter 11 Cases |
| IRIS | Licensing counterparty | Potential current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| JP Morgan Chase Bank, N.A.; JP Morgan Investment Management and funds or accounts managed thereby | Fund advisor to lenders and equity holders managed thereby | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases; affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases; participated with Franklin in ad hoc group related to the Prior Case. |
| Kansas Public Employees Retirement System | Equity Holder | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 36 of 96

| Party Name | Relationship to Debtors | Relationship to O'Melveny[2] |
|---|---|---|
| Keybank | | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Magento / Adobe | Executory Contract Counterparty | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases; affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Markel Corp. | Insurer | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Ozark Motor Lines | Fulfillment Shipping | Potential relationship to OMM summer associate |
| Primus Group, LLC | Litigation Counterparty | Potential affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Rimini Street | Executory Contract Counterparty | Former client on matters not including the Debtors' pending Chapter 11 Cases |
| SAP | Information Technology | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Siemens AG | Executory Contract Counterparty | Client on matters not including the Debtors' pending Chapter 11 Cases |
| Sompo | Insurer | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Spectrum | Utility Provider | Former client on matters not including the Debtors' pending Chapter 11 Cases |
| Sportsman's Warehouse | Retail Customer (Domestic) | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| State of Alabama | | Potential relationship to OMM associate; summer associate |
| Toshiba | Executory Contract Counterparty | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Toyota Industries Commercial Finance | Leasehold Party | Affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Wal-Mart Stores, Inc. | Company-Held Equity Interest; Other Equity Interests | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Wells Fargo | Bank Accounts | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| Westchester Surplus Lines Insurance Company | Insurer | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases; affiliate of current client on matters |

| Party Name | Relationship to Debtors | Relationship to O'Melveny[2] |
|---|---|---|
|  |  | unrelated to the Debtors' pending Chapter 11 Cases |
| Wilmington Trust | UCC-1 Secured Party | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases; affiliate of current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| XPO Logistics | Fulfillment Shipping | Current client on matters unrelated to the Debtors' pending Chapter 11 Cases |
| (Spouse of O'Melveny Employee) | Federal firearms licensee whose business includes the sale of certain Remington products | (Spouse of O'Melveny Employee) |

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 38 of 96

**EXHIBIT A (to Schedule 1)**

**List of Parties Searched**

# LIST OF PARTIES SEARCHED[3]

## DEBTORS

Remington Outdoor Company, Inc.

FGI Holding Company, LLC

FGI Operating Company, LLC

Barnes Bullets, LLC

Remington Arms Company, LLC

Huntsville Holdings LLC

TMRI, Inc.

Remington Arms Distribution Company, LLC

32E Productions, LLC

Great Outdoors Holdco, LLC

RA Brands, L.L.C.

FGI Finance Inc.

Outdoor Services, LLC

## NON-DEBTOR CORPORATE ENTITIES

Remington Outdoor (UK) Ltd.

Remington Licensing Corporation

Remington Charitable Fund

## CREDIT FACILITY LENDERS

**Priority Term Loan Lenders**

Cantor Fitzgerald Securities

Whitebox GT Fund, LP

Whitebox Multi-Strategy Partners, LP

Whitebox Credit Partners, LP

Whitebox Asymmetric Partners, LP

Pandora Select Partners, LP

---

[3] Inclusion in a category for search purposes is solely to illustrate O'Melveny's conflicts search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the Debtors' schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 40 of 96

Whitebox Caja Blanca Fund, LP

**FILO Lenders**[4]

Ankura Trust Company, LLC

Funds and accounts managed by Franklin Advisers, Inc.

**Exit Term Loan Lenders**

Ankura Trust Company, LLC

Funds and accounts managed by Franklin Advisers, Inc.

JPMorgan Chase Bank, N.A.; funds and accounts managed by JPMorgan Chase Bank, N.A.

J.P. Morgan Investment Management Inc.; funds and accounts managed by J.P. Morgan Investment Management Inc.

Lord Abbett; funds and accounts managed by Lord Abbett

Renaissance Investment Holdings Ltd.

Teachers Retirement Systems of Oklahoma

---

[4] Where available, the names of the individual funds and accounts managed by investment advisors that are holders of the FILO Term Loan, the Exit Term Loan, and equity securities have been provided to the Office of the Bankruptcy Administrator.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document       Page 41 of 96

## STOCKHOLDERS:  KNOWN CURRENT / RECENT STOCKHOLDERS

Funds and accounts managed by Franklin Advisers, Inc.

Funds and accounts managed by J.P. Morgan Investment Management Inc.

Funds and accounts managed by JPMorgan Chase Bank, N.A

Funds and accounts managed by Lord Abbett

First Southern Securities, LLC

Logen Asset Management, L.P.

Whitebox Multi-Strategy Partners, LP

Whitebox Asymmetric Partners, LP

Renaissance Investment Holdings, Ltd.

Newmark Capital Funding 2013-1CLO

ACIS CLO 2013-1, Ltd.

Artisan Credit Opportunities Master Fund LP

DG Value Partners, LP

DG Value Partners II Master Fund, LP

Cantor Fitzgerald & Co.

Antora Peak Capital Management LP

Antora Peak Credit Opportunities Fund, LP

Schultze Master Fund, Ltd.

Hillmark Funding, Ltd.

ACIS CLO 2014-3 Ltd.

ACIS CLO 2014-4 Ltd.

ACIS CLO 2014-5 Ltd.

ACIS CLO 2014-6 Ltd.

BTIG, LLC

LCM XIII Limited Partnership

LCM XIV Limited Partnership

LCM XV Limited Partnership

LCM XVI Limited Partnership

LCM XVII Limited Partnership

LCM XVIII Limited Partnership

LCM XIX Limited Partnership

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 42 of 96

LCM XX Limited Partnership

LCM XXI Limited Partnership

LCM XXII LTD.

LCM XXIII LTD.

LCM XXIV LTD.

LCM XXV LTD.

**OFFICERS AND DIRECTORS**

Melissa Anderson

Mark Boyadjian

Jeff Brown

Emile Buzaid

Joanne Chomiak

Melissa Cofield

Ken D'Arcy

Gene Davis

Billy Hogue

Rick Kilts

William Krogseng

Mark Little

Matt McCarrol

Chuck Rink

Charles Thurman

Matt Trask

John Trull

Brian Wheatley

Ehsan Zargar

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 43 of 96

## BANK ACCOUNTS

Adirondack Bank

Cadence Bank

First State Bank

Wells Fargo Bank

## COMPANY-HELD EQUITY INTERESTS

Walmart Inc.

## UCC SEARCH NAMES

Remington Outdoor Company, Inc.

FGI Holding Company, LLC

FGI Operating Company, LLC

Barnes Bullets, LLC

Remington Arms Company, LLC

Huntsville Holdings LLC

TMRI, Inc.

Remington Arms Distribution Company, LLC

32E Productions, LLC

Great Outdoors Holdco, LLC

RA Brands, L.L.C.

FGI Finance Inc.

Outdoor Services, LLC

Remington Outdoor (UK) Ltd.

Remington Licensing Corporation

Remington Charitable Fund

## DEBTORS' PROFESSIONALS

O'Melveny & Myers LLP

M-III Advisory Partners, LP

Akin Gump

Womble Bond Dickson

Shook, Hardy, and Bacon

Swanson, Martin, and Bell

## EQUITY OWNERS, POTENTIALLY 5% OR GREATER

Schultze Master Fund, Ltd.

Funds and accounts managed by Franklin Advisers, Inc.

Funds and accounts managed by J.P. Morgan Investment Management Inc. and/or funds and accounts managed by JPMorgan Chase Bank, N.A.

## 40 LARGEST UNSECURED CREDITORS

Pension Benefit Guaranty Corporation

State of Arkansas, Business Development, Arkansas Economic Development Commission

City of Huntsville, Alabama

State of Alabama

State of Missouri

St. Marks Powder

Eco-Bat Indiana LLC

Art Guild Inc.

Dasan USA Inc.

Alliant TechSystems Operations LLC

QIQIHAR Hawk Industries Co. Ltd.

MSC Industrial Supply Co.

Swanson Martin & Bell

SAP America Inc.

Helio Precision Inc.

The Doe Run Company

DIE-NAMIC Inc.

Alltrista Plastics LLC

A M Castle & Co. / Castle Metals

Decimet Sales Inc.

Kennametal Inc.

Brothers & Co.

Vista Outdoor Sales LLC

Amark Engineering & Mfg Inc.

Geodis Logistics LLC

Chessgroup

Continental Traffic Service Inc.

Dayton Lamina Corp.

Safari Classics Production

General Dynamics

G & R Manufacturing

National Rifle Association

Oberg Industries

Westrock Converting

Bushnell Inc.

Electro-Tech Inc.

Nordic Components Inc.

Producto Corporation

Luvata Appleton LLC

Village of Ilion Treasurer, Utica, NY

**32E Productions, LLC**

Cantor Fitzgerald Securities

Ankura Trust Company, LLC

**Barnes Bullets, LLC**

Bank of America, N.A.

Ankura Trust Company, LLC

Wilmington Trust, National Association

Cantor Fitzgerald Securities

**FGI Finance Inc.**

Bank of America, N.A.

Ankura Trust Company, LLC

Wilmington Trust, National Association

Cantor Fitgerald Securities

**FGI Holding Company, LLC**

Bank of America, N.A.

Ankura Trust Company, LLC

Wilmington Trust, National Association

Cantor Fitzgerald Securities


**FGI Operating Company, LLC**

Bank of America, N.A.

Ankura Trust Company, LLC

Wilmington Trust, National Association

Cantor Fitzgerald Securities


**Great Outdoors Holdco, LLC**

Cantor Fitzgerald Securities

Ankura Trust Company, LLC


**Huntsville Holdings Company, LLC**

Ameritas Life Insurance Corporation


**Huntsville Holdings LLC**

Cantor Fitzgerald Securities

Ankura Trust Company, LLC


**Outdoor Services, L.L.C.**

Caterpillar Financial Services Corporation


**Outdoor Services LLC**

Internal Revenue Service


**Outdoor Services, LLC**

Cantor Fitzgerald Securities

Ankura Trust Company, LLC

**RA Brands, L.L.C.**

Bank of America, N.A.

Ankura Trust Company, LLC

Wilmington Trust, National Association

Cantor Fitzgerald Securities


**Remington Arms Company, LLC**

Air Liquide Industrial U.S. LP

Bank of America, N.A.

Ankura Trust Company, LLC

Wilmington Trust, National Association

NMHG Financial Services, Inc.

HYG Financial Services, Inc.

J.R. Automation Technologies, LLC

Cantor Fitzgerald Securities


**Remington Arms Company, Inc. and Herkimer County Sheriff**

Richard Keith Caister and d/b/a RKC Products

The Edmunds Manufacturing Company and d/b/a Edmunds Gages


**Remington Arms Company, Inc.**

Regions Commercial Equipment Finance, LLC


**Remington Arms Distribution Company, LLC**

Wilmington Trust, National Association

Bank of America, N.A.

Ankura Trust Company, LLC

Cantor Fitzgerald Securities

**Remington Charitable Fund**

[No Results]


**Remington Licensing Corporation**

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 48 of 96

[No Results]

**Remington Outdoor (UK) Ltd.**

[No Results]

**Remington Outdoor Company, Inc.**

Wilmington Trust, National Association

Bank of America, N.A.

Ankura Trust Company, LLC

Cantor Fitzgerald Securities

**Remington Outdoors Company, Inc.**

Ellison Technologies

**TMRI, Inc.**

Bank of America, N.A.

Ankura Trust Company, LLC

Wilmington Trust, National Association

Cantor Fitzgerald Securities

**LETTERS OF CREDIT**

Geodis Logistics LLC

**FREIGHT BROKERS AND COMMON CARRIERS**

CTSI

Continental Traffic Service, Inc.

**INSURANCE**

Sompo

Berkshire Hathaway

Greewich Insurance Company

XL Insurance America, Inc.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 49 of 96

National Fire & Marine Insurance

Ironshore

Hiscox/StarStone/ACT

AIG

Starr Aviation

Indemnity Insurance Company of North America

Chubb

Endurance

Markel

Axis

Navigators

Beazley

Berkley Pro

US Specialty

WorldSource

XL

Berkley Asset Protection

Illinois Union Insurance Co. (Chubb)

James River Insurance Company

North American Capacity Insurance Company

Westchester Surplus Lines Insurance Company

ACE Property & Casualty Insurance Company

## <u>LANDLORDS</u>

PanCal Southhaven One 127, LLC

First Stamford Place SPE L.L.C. and Merrifield First Stamford SPE L.L.C.

Stout Industral Properties, LLC

PAM Industrial Properties, LLC

Norma J. Allen

Sturgis Economic Development Corporation

BCR Enterprises, Ltd.

Glassell Family LLC

FW Properties, L.L.C.

Eagle Bulk Shipping International (USA) LLC (Subtenant)

### LITIGATION (PENDING / POTENTIAL)

United Mine Workers of America, Local Union 717

U.S. Environmental Protection Agency

Chemetco, Inc. Superfund Site

Layne Kay and Emily Kay v. Barnes Bullets (Utah Supreme Court, Appellate Case No. 2018-0821-SC)

Lori Evans (USDC, E.D. Ark., Case No. 4:19-cv-801)

Sharron Evars (USDC, N.D. Ala., Case No. 5:20-cv-0705)

John Coburn (EEOC Case No. 493-2020-00206)

Alison Manning (EEOC Case No. 420-2020-01534)

Mollie Todd (Smalls Claims Court, District Court of Madison County, Ala., Case No. 47-SM-2019-000969.00)

Worker's Comp Litigant:  Floyd Brothers (Case No. G807557)

Workers Comp Litigant:  Avery Gardner (Case No. F701796)

Workers Comp Litigant:  Johnathan Oliver (Case No. G602108)

Workers Comp Litigant:  Anthony Webster (Case No. G70625)

Workers Comp Litigant:  Chris Strong (Case No. G703571)

Workers Comp Litigant:  Richard Zona (Case No. 985039)

Workers Comp Litigant:  Ruth Suarez (Case No. 300084274)

Workers Comp Litigant:  Corey Castleman (Case No. 201356687)

Workers Comp Litigant:  Nicholas Croan (Case No. 16-014763)

Workers Comp Litigant:  Monica Czarrunchick (Case No. G0743503)

Workers Comp Litigant:  Jason Lape (Case No. G1328832)

Workers Comp Litigant:  Colleen Smith (Case No. G0634470)

Workers Comp Litigant:  Colleen Stanburg (Case No. 60309132)

Workers Comp Litigant:  Susan Barger (Case No. 60703435)

Workers Comp Litigant:  Stephen Brown (Case No. 60500499)

Workers Comp Litigant:  Adam Boepple (Case No. G1851684)

Workers Comp Litigant:  Kim Faubert (Case No. GL450563)

Workers Comp Litigant:  Kevin Trevor (Case No. G1067691)

Workers Comp Litigant: Matthew Davis (Case No. 60805819)

Workers Comp Litigant: Lois Sill (Case No. G0490071)

Workers Comp Litigant: Kerry Atwood (Case No. 60703961)

Workers Comp Litigant: Scott Miller (Case No. 60607085)

Workers Comp Litigant: Raymond Wiegand (Case No. 60506411)

Workers Comp Litigant: Todd Zielinski (Case No. G2063301)

Workers Comp Litigant: Eugene Smith (Case No. 60608514)

Workers Comp Litigant: Larry Hallenbeck (Case No. G2210819)

Workers Comp Litigant: John McKusick (Case No. G1975913)

Workers Comp Litigant: Jessica Boepple (Case No. G1583518)

Workers Comp Litigant: Basilio Santiago (Case No. G1581701)

Workers Comp Litigant: Douglas Pedrick (Case No. G2211672)

Workers Comp Litigant: Eric True (Case No. G1702070)

Workers Comp Litigant: Cynthia Uhlig (Case No. G1975103)

Workers Comp Litigant: Wade Haponski (Case No. G2212070)

JoAnn Harris (USDC, W.D. Okla., Case No. 5:15-cv-1375) / USCA, 8th Circuit

Ryan Carr (USDC, W.D. Okla., Case No. 5:16-cv-1153)

Cody Shearouse (USDC, S.D. Ga., Case No. 4:17-cv-0107)

Vincent Tate (Circuit Court for the County of Henrico, Va., Case No. 087CL17004633-00)

Roger Stringer, (USDC, S.D. Miss., Case No. 2:18-cv-0059) USCA, 5th Circuit

Kimberly Hyder, (USDC, S.D. Miss., Case No. 2:18-cv-0059) USCA, 5th Circuit

Zachary Stringer, (USDC, S.D. Miss., Case No. 2:18-cv-0059) USCA, 5th Circuit

Sharon Teague and Randall Teague (Estate of Mark Randall Teague) (USDC, D. Mont., Case No. 9:18-cv-0184)

Brett Nielsen (USDC, D. Utah, Case No. 2:20-cv-0011)

Richard Clay (Estate of) (Circuit Court of St. Clair County, Ala., Case No. CV2018-900221)

Alyssa Scott (Estate of) (USDC, N.D. Ala., Case No. 19-cv-1891)

Steven Wharton (San Diego County Superior Court, State of California, Case No. 37-2019-000121144-CU-PL-CTL)

Miguel Angeles (Santa Barbara County Superior Court, State of California, Case No. 18-cv-4922)

Travis Walton (Los Angeles County Superior Court, State of California, Case No. BC723793)

Precious Sequin (USDC, E.D. La., Case No. 2:14-cv-2442) USCA, 5th Circuit

Primus Group, LLC (USDC, S.D. Ohio, Case No. 2:19-cv-3450) USCA, 6th Circuit

Case 20-81688-CRJ11   Doc 24   Filed 07/28/20   Entered 07/28/20 01:08:34   Desc Main
Document      Page 52 of 96

Donna L. Soto (Estate of Victoria L. Soto) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Ian Hockley and Nicole Hockley (Estate of Dylan C. Hockley) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

William D. Sherlach (Estate of Mary Joy Sherlach) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Leonard Pozner (Estate of Noah S. Pozner) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Gilles J. Rousseau (Estate of Lauren G. Rousseau) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

David C. Wheeler (Estate of Benjamin A. Wheeler) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Neil Heslin and Scarlett Lewis (Estate of Jesse McCord Lewis) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Mark Barden and Jacqueline Barden (Estate of Daniel G. Barden) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Mary D'Avino (Estate of Rachel M. D'Avino) v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Natalie Hammond v. Bushmaster Firearms International, LLC, et al. (Superior Court for the Judicial District of Fairfield, Bridgeport, Conn., Case No. FBT-CV15-6048103-S, Case Transferred to UWY-CV15-6050025-S)

Pollard v. Remington (USCA, 8th Circuit)

43880429 v1

### TAXING AUTHORITIES

Ohio Treasurer of State, Columbus, Ohio

Delaware Division of Corporations, Dover, Delaware

Alabama Department of Revenue, Montgomery, Alabama

Franchise Tax Board, Sacramento, California

Tennessee Department of Revenue, Nashville, Tennessee

North Carolina Department of Revenue - W/H

Clark County Treasurer, Jeffersonville, Indiana

La Porte County Treasurer, Michigan City, Indiana

North Carolina Secretary of State, Raleigh, North Carolina

James W. Wilburn III, Treasurer, Lenoir City, Tennessee

Loudon County Trustee, Loudon, Tennessee

North Carolina Division of Motor Vehicles, Raleigh, North Carolina

Randolph County Treasurer, Chester, Illinois

Receiver of Taxes, Mohawk, NY

Village of Ilion Treasurer, Ilion, NY

Desoto County, Tax Collector, Hernando, Mississippi

Treasurer of Hancock County, Findlay, Ohio

Lonoke County Collector, Lonoke, Arkansas

Marion County Collector, Yellville, Arkansas

Benton County Collector, Bentonville, Arkansas

Office of the Fayette County Sheriff, Lexington, Kentucky

Crittenden County Sheriff, Marion, Kentucky

Douglas County Tax Commissioner, Douglasville, Georgia

Pinellas County Tax Collector, Seminole, Florida

Juab County Assessor, Nephi, Utah

Lafayette County Collector, Lexington, Missouri

Madison County Tax Collector, Huntsville, Alabama

Butler County Sheriff, Morgantown, Kentucky

Collector of Revenue, Springfield, Missouri

Rockingham County Tax Department, Charlotte, North Carolina

Wake County Department of Revenue, Raleigh, North Carolina

Alabama Department of Revenue, Birmingham, Alabana

City of Huntsville, Huntsville, Alabama

Arizona Department of Revenue, Phoenix, Arizona

State of Arkansas, Little Rock, Arkansas

State of California, Sacramento, California

Colorado Department of Revenue, Denver, Colorado

State of Connecticut, Hartford, Connecticut

Florida Department of Revenue, Tallahassee, Florida

Georgia Sales and Use Tax Division, Atlanta, Georgia

State of Hawaii, Honolulu, Hawaii

Idaho State Tax Commission, Boise, Idaho

Illinois Department of Revenue, Springfield, Illinois

Indiana Department of Revenue, Indianapolis, Indiana

State of Iowa Treasurer, Des Moines, Iowa

Kansas Department of Revenue, Topeka, Kansas

Kentucky State Treasurer, Frankfort, Kentucky

Louisiana Department of RevenueBaton Ruoge, Louisiana

Maine Bureau of Taxation, Augusta, Maine

Maryland Comptroller of the Treasury, Baltimore, Maryland

Massachusetts Department of Revenue, Boston, Massachusetts

State of Michigan, Lansing, Michigan

Minnesota Department of Revenue, St. Paul, Minnesota

Mississippi Tax Commission, Jackson, Mississippi

Missouri Department of Revenue, Jefferson City, Missouri

Nebraska Department of Revenue, Lincoln, Nebraska

Nevada Department of Taxation, Las Vegas, Nevada

State of New Jersey, Trenton, New Jersey

New Mexico Taxation and Revenue Department, Santa Fe, New Mexico

New York State Sales Tax, Albany, NY

North Carolina Department of Revenue, Raleigh, North Carolina

State of North Dakota, Bismarck, North Dakota

Treasurer of State, Columbus, Ohio

Case 20-81688-CRJ11   Doc 24   Filed 07/28/20   Entered 07/28/20 01:08:34   Desc Main
Document    Page 55 of 96

Oklahoma Tax Commission, Oklahoma City, Oklahoma

Pennsylvania Department of Revenue, Harrisburg, Pennsylvania

State of Rhode Island, Providence, Rhode Island

South Carolina Department of Revenue, Columbia, South Carolina

South Dakota Department of Revenue, Sioux Falls, South Dakota

Texas State Treasurer, Austin, Texas

Utah State Tax Commission, Salt lake City, Utah

Vermont Department of Taxes, Montpelier, Vermont

Virginia Department of Taxation, Richmond, Virginia

State of Washington Department of Revenue, Seattle, Washington

Department of Tax & Revenue, Charleston, West Virginia

Wisconsin Department of Revenue, Milwaukee, Wisconsin

Wyoming Department of Revenue, Cheyenne, Wyoming

District of Columbia Government, Washington, DC

Alcohol Tobacco Tax & Trade Bureau. Cincinnati, Ohio

## PROMISSORY NOTES

Industrial Row Realty LLC (as successor-in-interest to H&R 1871, LLC)

L R Nash (SMK) Ltd.

Remington Arms Company, LLC

## OTHER EQUITY INTERESTS

Remington Licensing Corporation

Sporting Activities Insurance Limited

Wal-Mart Stores, Inc.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 56 of 96

## UTILITY PROVIDERS

AAA Disposal Services Inc. (Disposal)

ADCO Companies Ltd. (Boiler Room / Steam)

Airgas USA LLC (Gas)

AT&T (Phone at all Remington Locations)

Centracom (Telephone)

CenturyLink (Telephone)

CenturyLink Communications LLC (Telephone)

City of Huntsville Utilities (Huntsville, Alabama) (Electricity)

City of Lexington, Missouri (Water / Sewer)

Constellation NewEnergy - Gas Division

Cox Communications (Internet Services)

Duke Energy (Electricity)

Empire District (Electricity)

Evergy Inc. (Energy)

First Electric Cooperative Corp. (Electricity)

Frontier Communications (Internet / Telephone)

Herkimer County Sewer District (Mohawk, NY) (Sewer)

Ilion Water Department (Ilion, NY) (Water)

Intercall (Atlanta, GA) (Telephone)

Jay Mecham's Country Garbage (Mona, Utah) (Landfill Usage)

Madison Electric Inc. (Madison, Alabama) (Electricity)

Mail Finance Inc. (Dallas, Texas) (Electricity)

Mona City (Mona, Utah) (Water / Sewer)

National Grid (Gas)

Piedmont Natural Gas Company (Dallas, Texas) (Gas)

Rocky Mountain Power (Electricity)

Spectrum (Cable TV and Internet)

Sprague Operating Resources LLC (Electricity / Gas)

Town of Mayodan (Mayodan, NC) (Water / Sewer)

Verizon (Telephone)

Village of Ilion, Light Department (Ilion, NY) (Electricity)

Waste Management (Carol Stream, Illinois) (Waste Management)

Waste Management of Alabama North (Huntsville, Alabama) (Waste Management)

Waste Management of New York - Utica (Waste Management)

Windstream Corporation (Louisville, Kentucky) (Data Networking / Communications)

## ALABAMA BANKRUPTCY JUDGES (N.D. ALA.)

James J. Robinson

Tamara O. Mitchell

Jennifer H. Henderson

Clifton R. Jessup, Jr.

D. Sims Crawford

## BANKRUPTCY ADMINISTRATOR / TRIAL ATTORNEYS (N.D. ALA.)

Thomas Corbett (Bankruptcy Administrator)

Richard Blythe (Assistant Bankruptcy Administrator)

Jon Dudeck (Deputy in Charge)

Tazewell Shepard (U.S. Trustee's Office, Northern Division)

Judith Thompson (U.S. Trustee's Office, Northern Division)

Michele T. Hatcher (U.S. Trustee's Office, Northern Division)

## EXECUTORY CONTRACTS
## (FROM SPREADSHEET DATED 4/27/20 FROM CLIENT)

Windstream

Microsoft EA & SCE

Rimini Street

Paymetric

BAH (formerly Morphick)

Panaya

DPSI

ERP Maestro

DarkTrace

NetBrain

SAP / SuccessFactors

SAP C4C

SEI

AT&T

CISCO SmartNet (via CDW)

Segra (formerly Data Chambers / Northstate)

Sunview Software

Illinois Department of Natural Resources

National Skeet Shooting Association

Widen Enterprise Inc.

MODX System

NRA Publications

Oracle / Bronto

Magento / Adobe

Union Sportsmen's Alliance

National Wild Turkey Federation

Boone & Crockett Club

Rocky Mountain Elk Foundation

Western Hunting & Conservation Expo

Full Curl Society

Sportsman for Fish & Wildlife

Ducks Unlimited

Outdoor Sportsmans Group

Heartland Waterfowl

Whitetails Unlimited

Phesants Forever

Delta Waterfowl

Independent Hunting LLC

Zmags Corp

Ruffed Grouse Society

Safari Classic Productions

Sportscar Vintage Racing Association

National Machinery

Siemens

Video Jet

Westrock

Sprague

Toshiba

SAP Success Factors

RSR (Quemetco EcoBat) Lead

Doe Run Lead

Gopher Resources - Lead

Cintas

G4S

Diversified Maintenance-RWS, LLC

Niagara LaSalle

Precision Kidd

Eaton Steel


**ADDITIONAL EXECUTORY CONTRACTS**
**(FROM SPREADSHEETS DATED 5/7/20 AND 5/11/20)**

## SOURCING - Direct (Raw Materials)

RSR (Quemetco (EcoBat))

Doe Run

Gopher Resources

Sanders

Aurubis

General Dynamics-OTS

LyondelBassel


## SOURCING - Direct (Not Raw Materials)

National Machinery

Westrock

Manth Brownell

**SOURCING - Indirect**

Sprague Operating Resources

G4S

Siemens (Fire Alarm (Lonoked))

Diversified Maintenance

Pitney Bowes

Stanley Security

Les Olson (Barnes CyberSecurity)

Aagard Group

Airgas

Alabama Equipment

American Food & Vending

American Safety & Health Institute (HSI)

Applied Combustion and Equipment

Arkansas Copier Center

Carlson Wagonlit Travel

Cintas

CoreTrust

Diversified Maintenance

Mail Finance / Ed & Ed Business Technology

Instream Environmental

Les Olson (MONA Barnes CyberSecurity)

LiftOne

Meridian IT

MSC Industrial Supply

National Machinery

Nationwide Power

Otis Elevator Company

Pitney Bowes

Schnitzer Southeast

Security Equipment Inc.

Shred-It

Siemens

SiteHawk

Southern Sweepers

Sprague Operating Resources

Stanley Security

Trane Building Services

Vanguard Cleaning Systems

Videojet

Waste Management

Wiese USA

Stryker Tech LLC


**SALES - Retail Customers (Domestic)**

Mills Fleet Farm

Academy Sports & Outdoors

Bass Pro - Cabela's

Bi-Mart

Dunham's Sporting Goods

Mattoon Rural King

Midway Arms

Pacific Flyway

Scheel's Consolidated

Big 5 Corporation


**SALES - Wholesale Distributors (Domestic)**

All State Police Equipment

Bailey's Firearms Country

Bailey's House of Guns

Barney's

Craig's Firearms

Davidson's

Ed's Public Safety

Firing Line

H&H Gunrange

Kiesler

Lawmen Supply Company

Lawmens' & Shooters

Lawmen's Distribution

LC Action

Lou's Police Distributors

Michigan Police Equipment

Proforce

Smyrna

Surplus Arms & Ammo

Targetmaster

The Attic

Town Police Supply

Witmer Associates

Galls

Bangers LP

Big Rock Sports, LLC

Bill Hicks & Co., Ltd.

Camfour, Inc.

Davidson's, Inc.

Grice Wholesale

Hicks Inc.

Lew Horton Distributing Co., Inc.

RSR Group

Sports South, LLC

VF Grace, Inc.

Williams Shooters Supply Inc.

Zanders Sporting Goods

**SALES - Sales Reps (Domestic)**

Maschmedt & Associates

Murski Breeding Sales, Inc.

ProActive Sales & Marketing

**SALES - Wholesale Distributors (Foreign)**

A&A Dealers

AS Oliva

Abaco Hardware

Aekaphatt Firearms Ltd.

Al Hadaf

Arcocity

Armaq

Artemis

Artemix

Astroclassic

B&B Target

Bell

Bignami

Borchers

Bowmac

BRS

Cabela's

Cairo

Casa El Cazador

CB Servis Centrum

Central Dealers

Chasse Et Loisirs

Civil Arms

Comercial Palmera

Delta Firearms

Diamantopoulos

Discovery

Dolphin Gun Company

Dossul

Edelweiss

Ellwood Epps

Europa

Fancesa

Faulkners

Firearms Training Institute

Formalito

Full Metal

GDV

GP Interarms

General Dynamics

Glaser

Glenn's Ammo

Gowen

Gravel

Grunig

Helmut Hoffman - Germany

Helmut Hoffman - Austria

Hokuto Trading

Horst Trigatti

Hubertech

Importadora Daher

Izhevsky

Jaguar Gruppen

Jakt & Friluft

Juan Ruiz de Velazco (Vega Seis)

Krometal

Kulim Arms

Lawry Shooting Sports

LDS Long Distance Services

Le Baron

Leonowens

Magne Landro

Magnum

Mario Ludwig

Meguro Gun Shop

Midarms

Municiones

Nippo Kogyo

Norma AS

Norma Precision AB

Normark

North Sylva

Omnium Celdonien

Outdoor Brands

Parabellum

PB Dionisio

Peche

Pronature

Purnavu Muiza

Raja Firearms

Raytrade

Raytrade UK Ltd

Redl Sports

Riflecraft

Rivolier

RUAG Germany

Safari & Outdoor

Safari Master

Sail Outdoors

Sako

Sarsilmaz

Shooting Supply Ltd.

Skenco Europe

Skenco International

Soboce

Sofarca

Sologne

Special Tactical

Star Force

Tankeeraq

Thai National

The Gunshop

Topth

Veidihornid

Velkoobchod Zbrane

West Gun Trading Co.

Wholesale Sports

**<u>SALES - Brokers (Foreign)</u>**

ARLE

Atlantic Diving Supply

Aquaterro

Aquila

Ascim

Azimuth Defense

B&B Target

BU Combines

Banzai SPOL S.R.O.

Cairo

Century Dynamics

Clemente Serna Barrera

Continental Defence Solutions

Cornerstone Technica

Counter Measures Technologies

Droo Tactical Trading

DSE Corporation

Dukef Holdings

DW Global

Eton International

Eurooptic

G4 Solutions & Research

Glaser Trading

Glaucus APS

Global Nepal Trading & Consultants

Goldbelt Wolf

Gravel Agency

Hantaurus Shot OY

Helmut Hoffman - Germany

Hyphen Industrial

Iberfix

Igniter

Importadora

K Tree Corp.

Korea Infomax Science

Kornnarath Ltd.

LE&M Distributors

Leonowens

LHB Ltd.

MG Suber & Associates

Magne Landro AS

Magnum Vadasz

Milipol ZRT

Mission Equipment Sweden

Naphantorn Limited Partnership

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 68 of 96

Nathat

PB Dionisio

Poligoni Shenjetarise Katana

Priamos s Coumas

Prof Investment Co.

Promoteq Sandviken

Quintilio Chesi E Hijos

Rainier Arms

Rein International Group

Rescomp

Richmond Global Traders

Riflecraft

Rigg AS

Rivolier SAS

Royal Defence

RUAG Ammotec

SEEEP

Sirien SA

Tactical Power

Tactical Trading

Thai National Trading Co.

UMO

Val Redena

W.H. Brennan

XTEK


**SALES - Foreign Governments**

Republic of Tunisia

Royal Defence, for Resale to Thailand


**SALES - U.S. Government**

US Department of Homeland Security - FLETC

Case 20-81688-CRJ11   Doc 24   Filed 07/28/20   Entered 07/28/20 01:08:34   Desc Main
Document    Page 69 of 96

US Department of Justice

US Army Contracting Command - Foreign Military Sales

NSWC

US Department of Energy

US21 Inc. / US Department of State

US Department of Agriculture - FS

US SOCOM - United States Special Operations Command

US Department of Homeland Security - ICE

US Department of Homeland Security - USSS

US Department of State

FRS


**LICENSING - Outbound Trademark Licenses**

Ashgrove Marketing

Baschieri & Pellagri

Buck Knives

Coastal Pet

Crosman / Velocity Outdoor

Deperate Enterprises

Gator Cases

High Performance Designs

IRIS

Nippo Kogyo

Open Roads Brands

Outdoor Cap

PEM America

SMK

Smoky Mountain Knife Works

Southern Fried Cotton

Top Promotions

Vintage Editions

**LICENSING - Inbound Licenses**

Haas Outdoors, Inc.

Jordan Outdoor Enterprises, Ltd.

MagPul Industries Corp.

National Machinery

Ducks Unlimited

Norgon, LLC

Silvers, Robert

Advanced Technology International USA, LLC

Veil Camo LLC


**MARKETING - TV Sponsorship Agreements**

Heartland Waterfowl

Independent Hunting

Outdoor Sportsman Group


**MARKETING - Marketing Transaction Agreements**

NRA

Delta Waterfowl

Full Curl Society

National Wild Turkey Federation

Outdoor Sportsman Group/KSE Sportsman

Pheasants Forever

Rocky Mountain Elk Foundation

Rocky Mountain Elk Foundation (1st amendment)

Ruffed Grouse Society

SportscarVintage Racing Association

Western Hunting & Conservation Expo

Sportsmen for Fish & Wildlife

Whitetails Unlimited


**MARKETING - Event Sponsorship Agreements**

None

**MARKETING - Conservation Sponsorship Agreements**

Ducks Unlimited

**CONSUMER SERVICE - Rebate Services**

Velocity

**CONSUMER SERVICE - Warranty and Repair Services**

Wild West Guns

Sprague's Sports Inc.

J & G Gunsmithing

Higher Power Outfitters Inc.

Scheels All Sport

Mann & Son Sporting Goods

Paducah Shooters Supply

Williams Gun Sight

Dick Williams Gun Shop, Inc.

Alhman's Inc.

B&B Arms

Skip's Gun Shop

Wild West Guns

The Gunworks of Central New York

Sports World

Allison & Carey Gunworks

Southland Gun Works, Inc.

Scheels All Sport

Triton Arms

Carter Gunsmithing

**CUSTOMER SERVICE - Co-Op Program**

None

**FULFILLMENT - Logistics and Warehousing**

Geodis

Continental Traffic Service

DG Advisor LLC

Livingston

GCB Glover Customs Brokers


**FULFILLMENT - Shipping**

CTSI

FedEx Transportation Services

Manitoulin Transport

Old Dominion Freight Line

Saia Inc.

YRC Inc.

Swift Transportation

United Parcel Service

Ozark Motor Linds (Ozark Motor Lines)

A. Duie Pyle

Teals Express

XPO Logistics


**COMPLIANCE - Environmental Health & Safety**

Cintas

HSI

Safety Kleen

Siemens

Site Hawk

VSC

Waste Management

ACE Industries

Advantage

Air Gas

ALX

American Equipment Inc.

Aon

Apex Engineering

Bell

Bronstein Container

Brown Randall

Call-Em-All

Cell Mark

Clean Harbors

Concentra

Confidata

CTEH

David's Fire Equipment

Dr. McFadden

ECCI

Enersolv

Environmental Resource Center

Environmental Works

Fastenal

Foster Brothers

Frakes

FTN

G4S

Gallagher Bassett

Gellco

GHD

Grainger

HazMat

Heritage

Howa

Hoya

Independent Electric

Industrial Health Council

Industrial Hearing

Instream

Interplex

JJKeller Online

Johnson Contracting

K Safety

Koorsen

K-ter

L&T Health Systems

Life Science Labs

Lion Technologies

LSC

Marx Optical

Melfie's Shoes

Metalico

MJ Communications

Modern Shoes

MSC

MT2

Northern Safety

One Stop

Opaque Smoke School

Paper & Dust Pros

Pollution Control Incorporated

Shoe Maker

Simplex Grinell

Slocum Dickson

Sound Choice

Southern Optical (switching vendor)

Spohns

Terrell Technical

Thompson Tractor

Tim Crumb

TK Group

Utah Fire Equipment

Utah Manufacturing Association

Utah Safety Council

WCF Insurance

Work Wear


**COMPLIANCE - Firearms, Ammo and Sales**

Navex Global

Amber Roads

Orchid Advisors


**FINANCE - Insurance Brokerage**

Aon


**FINANCE - Insurance Policies**

None


**INFORMATION TECHNOLOGY - Software**

SAP

Microsoft

DarkTrace

Windstream


**SALES - International Warehouse and Distribution Agreements**

Borchers, S.A.

Helmut Hofmann GMBH

Jaguar Gruppen A/S

Midarms, SPRL

Norma Precision AB

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document    Page 76 of 96

Raytrade Pty Ltd.

Raytrade UK Limited

Sako Ltd.

Skenco Europe, Kft.

<h2 style="text-align:center">LEASES</h2>

Norma J. Allen

Sturgis Economic Development Corporation

FW Properties, LLC

Toyota Industries Commercial Finance

HYG Financial Services

BCR Enterprises Ltd.

Empire State Realty Trust (ESRT) First Stamford Place SPE LLC

Eagle Bulk Shipping International (USA) LLC

GEODIS Logistics LLC

Arkansas Copier (De Large)

Safety Kleen

Wiese Lifts

Mail Finance Inc.

Stout Industrial (Tom Stout and Pam Stout)

PAM Industrial Properties

Applied Combustion

MacCopy

Great America Financial/Toshiba Business Solutions

Glassell Family LLC

S&K Industries

PanCal Southhaven One 127, LLC

<h2 style="text-align:center">OTHER PARTIES SUBMITTING LOI'S</h2>

(CONFIDENTIAL)

## Schedule 2

43880429 v1

# ACCOUNTING SUMMARY

### Invoices Rendered and Payments Received By
### O'Melveny in the 90 Days Prior to the Petition Date

### Remington Billing and Payment History[1]

| Matter Number | Invoice Date | Invoice Number | Billed Fees | Billed Expenses | Billed Total | Payment Amount | Receipt Date |
|---|---|---|---|---|---|---|---|
| 00011 | 5/19/2020 | 1064593 Balance | $311,689.20 | | $311,689.20 | $(311,689.20) | 5/8/20 |
| 00009 | 5/19/2020 | 1064594 | 6,889.05 | - | 6,889.05 | (6,889.05) | 5/8/20 |
| 00004 | 5/19/2020 | 1064595 | 1,325.70 | - | 1,325.70 | (1,325.70) | 5/8/20 |
| 00001 | 5/19/2020 | 1064596 | 9,256.95 | $35.10 | 9,292.05 | (9,292.05) | 5/8/20 |
| 00011 | 6/2/2020 | 1065037 | 558,488.70 | 18,083.51 | 576,572.21 | (67,905.38) | 5/8/20 |
| | | | 887,649.60 | 18,118.61 | 905,768.21 | (397,101.38) | **5/8/20 Total** |
| 00011 | 6/2/2020 | 1065037 Balance | | | | (431,758.05) | 5/21/20 |
| | | | - | - | - | (431,758.05) | **5/21/20 Total** |
| 00011 | 6/2/2020 | 1065037 Balance | | | | (76,908.78) | 6/5/20 |
| 00005 | 6/2/2020 | 1065039 | | - | 172.63 | 172.63 | (172.63) | 6/5/20 |
| 00004 | 6/2/2020 | 1065040 | 2,271.15 | 22.50 | 2,293.65 | (2,293.65) | 6/5/20 |
| 00001 | 6/2/2020 | 1065041 | 7,724.70 | 75.60 | 7,800.30 | (7,800.30) | 6/5/20 |
| 00011 | 6/10/2020 | 1065824 | 556,862.85 | 2,983.51 | 559,846.36 | (499,663.43) | 6/5/20 |
| | | | 566,858.70 | 3,254.24 | 570,112.94 | (586,838.79) | **6/5/20 Total** |
| 00011 | 6/10/2020 | 1065824 Balance | | | | (60,182.93) | 6/12/20 |

[1] Includes information through Friday, July 25, 2020. OMM will provide to the Bankruptcy Administrator a supplement to this billing and payment history that reflects fees and expenses incurred and payment applied from Saturday, July 26, 2020 through the chapter 11 filing date.

43880429 v1

| 00011 | 6/16/20 20 | 1066250 | 479,992.05 | 329.40 | 480,321.45 | (480,321.45) | 6/12/20 |
|---|---|---|---|---|---|---|---|
| 00011 | 6/22/20 20 | 1066424 | 550,650.55 | 734.79 | 551,385.34 | (19,341.98) | 6/12/20 |
| | | | 1,030,642.60 | 1,064.19 | 1,031,706.79 | (559,846.36) | **6/12/20 Total** |
| 00011 | 6/22/20 20 | 1066424 Balance | | | | (480,321.45) | 6/17/20 |
| | | | - | - | - | (480,321.45) | **6/17/20 Total** |
| 00011 | 6/22/20 20 | 1066424 | | | | (51,721.91) | 6/23/20 |
| 00011 | 6/30/20 20 | 1066808 | 280,204.65 | 3,788.46 | 283,993.11 | (283,993.11) | 6/23/20 |
| 00011 | 7/14/20 20 | 1067914 | 266,969.25 | 3,367.35 | 270,336.60 | (215,670.32) | 6/23/20 |
| | | | 547,173.90 | 7,155.81 | 554,329.71 | (551,385.34) | **6/23/20 Total** |
| 00011 | 7/14/20 20 | 1067914 Balance | | | | (54,666.28) | 7/6/20 |
| 00011 | 7/21/20 20 | 1068486 | 370,325.25 | 544.46 | 370,869.71 | (229,326.83) | 7/6/20 |
| | | | 370,325.25 | 544.46 | 370,869.71 | (283,993.11) | **7/6/20 Total** |
| 00011 | 7/21/20 20 | 1068486 Balance | | | | (141,542.88) | 7/16/20 |
| 00011 | 7/24/20 20 | 1068583 | 338,671.35 | 212.27 | 338,883.62 | (128,793.72) | 7/16/20 |
| | | | 338,671.35 | 212.27 | 338,883.62 | (270,336.60) | **7/16/20 Total** |
| 00011 | 7/24/20 20 | 1068583 Balance | | | | (210,089.90) | 7/22/20 |
| | | Unallocated Payment | - | - | - | (160,779.81) | 7/22/20 |
| | | | | | | (370,869.71) | **7/22/20 Total** |
| | | Unallocated Payment | | | | (499,663.43) | 7/24/20 |
| | | | - | - | - | (499,663.43) | **7/24/20 Total** |
| **Total** | | | **$3,741,321.40** | **$30,349.58** | **$3,771,670.98** | **$4,432,114.22** | |

-1-

43880429 v1

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 80 of 96

**Exhibit B**

**D'Arcy Declaration**

43880429 v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

### DECLARATION OF KEN D'ARCY
### IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF INTERIM
### AND FINAL ORDERS AUTHORIZING THE RETENTION AND EMPLOYMENT OF
### O'MELVENY & MYERS LLP AS ATTORNEYS FOR THE DEBTORS

I, Ken D'Arcy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

1. I am the Chief Executive Officer of the Debtors with offices located at 100 Electronics Blvd SW, Huntsville, Alabama 35824.

2. I am duly authorized to make this declaration (this "**Declaration**") on behalf of the Debtors and submit this Declaration in support of the *Debtors' Application for Entry of Interim and Final Orders Authorizing the Retention and Employment of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "**Application**"),[2] filed concurrently with this Declaration, in which the Debtors seek entry of interim and final orders authorizing the employment of O'Melveny & Myers LLP ("**O'Melveny**") as the Debtors' attorneys in these Chapter 11 Cases pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

43880429 v1

Bankruptcy Code section 327(a) and Bankruptcy Rules 2014(a) and 2016, and under the terms and conditions set forth in the Application.

3.      Except as otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto. Certain of the disclosures set forth herein are related to matters within the knowledge of members of the Debtors' senior management and the Debtors' advisors are based on information provided by them.

## THE DEBTORS' SELECTION OF COUNSEL

4.      O'Melveny has represented the Debtors in their refinancing efforts since 2018 and their restructuring efforts since March 2020. These efforts are recounted in greater detail in the First Day Declaration filed on the Petition Date.

5.      Accordingly, I believe that O'Melveny is extensively familiar with the Debtors' businesses, their complex history, and the potential legal issues that may arise in the context of these Chapter 11 Cases. For these reasons, as well as what I understand to be O'Melveny's extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code, I believe O'Melveny is both well-qualified and uniquely able to represent the Debtors in these Chapter 11 Cases.

## RATE STRUCTURE

6.      In my capacity as Chief Executive Officer, I, and my team, are responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. O'Melveny has informed the Debtors that it believes its rates for bankruptcy representations are comparable to the rates O'Melveny charges for non-bankruptcy representations. In my experience working with other outside law firms for the Debtors and on other matters, I believe that O'Melveny's rates are comparable to those of firms similar to O'Melveny. I, as well as my team, am responsible for reviewing the invoices regularly submitted by O'Melveny, and can confirm that the rates

O'Melveny charged the Debtors in the prepetition period are the same as the rates O'Melveny will charge the Debtors in the postpetition period, with the exception of the fact that O'Melveny provided the Debtors a voluntary courtesy discount prior to the commencement of these Chapter 11 Cases, and subject to annual and customary firm-wide adjustments in the ordinary course of O'Melveny's business. This courtesy discount was not part of the engagement agreement with O'Melveny and did not cover the Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on July 27, 2020

/s/ *Ken D'Arcy*
_____
Ken D'Arcy
Chief Executive Officer
Remington Outdoor Company, Inc.

**Exhibit C**

**Proposed Interim Order**

43880429 v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF O'MELVENY & MYERS LLP AS ATTORNEYS FOR THE DEBTORS

Upon the *Debtors' Application for Entry of Interim and Final Orders Authorizing the Retention and Employment of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an interim order (this "**Interim Order**") pursuant to Bankruptcy Code sections 327(a), 328(a), 329, and 330 and Bankruptcy Rules 2014(a) and 2016(a), authorizing the Debtors to retain and employ O'Melveny & Myers LLP ("**O'Melveny**") as the Debtors' attorneys in these Chapter 11 Cases, in accordance with the terms and conditions set forth in the Application; and upon consideration of the Warren Declaration and D'Arcy Declaration filed contemporaneously therewith; and upon the First Day Declaration; and it appearing that (i) the Court has jurisdiction over these Chapter 11 Cases and the Application under 28 U.S.C. §§ 1334(b) and 157, and the *Amended General Order of Reference* from the United States District Court for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

the Northern District of Alabama dated as of July 17, 1984, (ii) venue of these Chapter 11 Cases and the Application in this Court is proper under 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rule 1073-1, (iii) the Application is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter interim and final orders consistent with Article III of the United States Constitution, and (iv) notice of the Application was adequate and proper under the circumstances, and no other or further notice need be given; and this Court being satisfied, based on the representations made in the Application, the Warren Declaration, and the D'Arcy Declaration that O'Melveny is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that O'Melveny represents no interest adverse to the Debtors' estates; and the Court having held an interim hearing, if necessary, to consider the relief requested in the Application (the "**Interim Hearing**"); and upon the record of the Interim Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to employ and retain O'Melveny as their attorneys in these Chapter 11 Cases, effective as of the Petition Date, in accordance with O'Melveny's customary hourly rates and reimbursement policies in effect when services are rendered, as set forth in the Application and the Warren Declaration.

Case 20-81688-CRJ11    Doc 24    Filed 07/28/20    Entered 07/28/20 01:08:34    Desc Main
Document      Page 87 of 96

3.     O'Melveny is authorized to provide the Debtors with the professional services as described in the Application.  Specifically, but without limitation, O'Melveny is authorized to render the following legal services:

(a)     advising the Debtors of their rights, powers, and duties as debtors and debtors in possession in the management and operation of their businesses;

(b)     preparing on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in these Chapter 11 Cases;

(c)     advising the Debtors on, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in these Chapter 11 Cases;

(d)     advising the Debtors on actions that they might take to collect and recover property for the benefit of their estates;

(e)     advising the Debtors on executory contracts and unexpired lease assumptions, assignments, and rejections;

(f)     assisting the Debtors in reviewing, estimating, and resolving any claims asserted against their estates;

(g)     advising the Debtors in connection with potential sales of assets;

(h)     commencing and conducting litigation necessary or appropriate to assert rights held by the Debtors, protect assets of their estates, or otherwise further the goals of the Debtors' restructuring;

(i)     assisting the Debtors in obtaining the Court's approval of the postpetition debtor in possession financing facilities;

(j)     attending meetings and representing the Debtors in negotiations with representatives of creditors and other parties in interest;

(k)     advising the Debtors on tax matters;

(l)     advising and assisting the Debtors in connection with the preparation, solicitation, confirmation, and consummation of a chapter 11 plan; and

(m)     performing all other necessary legal services in connection with the Debtors' chapter 11 cases and other general corporate matters concerning the Debtors' businesses.

4.     Should O'Melveny agree to undertake specific matters beyond the scope of the responsibilities set forth above, the Debtors are authorized to employ O'Melveny for such matters, in addition to those set forth above, without further order of this Court.

5.     O'Melveny shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, as well as any other applicable procedures and orders of this Court. O'Melveny shall make a reasonable effort to comply with the Bankruptcy Administrator's requests for information and additional disclosures, both in connection with the Application and the interim and final fee applications to be filed by O'Melveny in these Chapter 11 Cases.

6.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the contents of the Application are adequate.

7.     To the extent there may be any inconsistency between the terms of the Application, the Engagement Agreement, the Warren Declaration, the D'Arcy Declaration, and this Interim Order, this Interim Order shall govern.

8.     The Debtors and O'Melveny are authorized to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

9.     The final hearing (the "**Final Hearing**") on the Application is scheduled for _____, 2020, at __:__ _.m., Central Time, before this Court. Any objections or responses to entry of a final order on the Application shall be filed on or before 4:00 p.m. Central Time on _____, 2020, and served on the following parties: (a) proposed counsel for the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA, 90071 (Attn: Stephen H. Warren and Karen Rinehart) (Emails: swarren@omm.com; krinehart@omm.com) and

Burr & Forman LLP, 420 20th Street North, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek and Hanna Lahr) (Emails: dmeek@burr.com; hlahr@burr.com); (b) the Office of the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602 (Attn: Richard Blythe) (Email: richard_blythe@alnba.uscourts.gov); and (c) counsel to the Creditors' Committee (if any). In the event no objections to the entry of a final order on the Application are timely received, this Court may enter a final order without need for a hearing thereon.

10. No later than two (2) business days after the date this Interim Order is entered, the Debtors shall cause this Interim Order to be served via first class U.S. mail on the following parties, which shall constitute adequate notice of the Final Hearing on the Application: (i) the Bankruptcy Administrator; (ii) the Debtors' consolidated list of creditors holding the forty largest unsecured claims; (iii) counsel to Whitebox Advisors LLC as Priority Term Loan Lender; (iv) counsel to Cantor Fitzgerald Securities, as Priority Term Loan Agent under the Debtors' prepetition Priority Term Loan Credit Agreement; (v) counsel to Ankura Trust Company, LLC as FILO Agent under the Debtors' prepetition FILO Term Loan Agreement and as Exit Term Loan Agent under the Exit Term Loan Agreement; (vi) counsel to Franklin Advisors, Inc., as FILO Lender; (vii) the United States Internal Revenue Service; (viii) counsel to the United Mine Workers of America; and (ix) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Interim Order shall be immediately effective and enforceable upon its entry.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

Dated: July __, 2020

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit D**

**Proposed Final Order**

43880429 v1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-11 |
| Debtors. | Joint Administration Requested |

## FINAL ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF O'MELVENY & MYERS LLP AS ATTORNEYS FOR THE DEBTORS

Upon the *Debtors' Application for Entry of Interim and Final Orders Authorizing the Retention and Employment of O'Melveny & Myers LLP as Attorneys for the Debtors* (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of a final order (this "**Final Order**") pursuant to Bankruptcy Code sections 327(a), 328(a), 329, and 330 and Bankruptcy Rules 2014(a) and 2016(a), authorizing the Debtors to retain and employ O'Melveny & Myers LLP ("**O'Melveny**") as the Debtors' attorneys in these Chapter 11 Cases in accordance with the terms and conditions set forth in the Application; and upon consideration of the Warren Declaration and D'Arcy Declaration filed contemporaneously therewith; and upon the First Day Declaration; and it appearing that (i) the Court has jurisdiction over these Chapter 11 Cases and the Application under 28 U.S.C. §§ 1334(b) and 157, and the *Amended General Order of Reference* from the United States District Court for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

the Northern District of Alabama dated as of July 17, 1984, (ii) venue of these Chapter 11 Cases and the Application in this Court is proper under 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rule 1073-1, (iii) the Application is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter interim and final orders consistent with Article III of the United States Constitution, and (iv) notice of the Application was adequate and proper under the circumstances, and no other or further notice need be given; and this Court being satisfied, based on the representations made in the Application, the Warren Declaration, and the D'Arcy Declaration that O'Melveny is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that O'Melveny represents no interest adverse to the Debtors' estates; and the Court having held a final hearing, if necessary, to consider the relief requested in the Application (the "**Final Hearing**"); and upon the record of the Final Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized to employ and retain O'Melveny as their attorneys in these Chapter 11 Cases, effective as of the Petition Date, in accordance with O'Melveny's customary hourly rates and reimbursement policies in effect when services are rendered, as set forth in the Application and the Warren Declaration.

3.    O'Melveny is authorized to provide the Debtors with the professional services as described in the Application.  Specifically, but without limitation, O'Melveny is authorized to render the following legal services:

(n)    advising the Debtors of their rights, powers, and duties as debtors and debtors in possession in the management and operation of their businesses;

(o)    preparing on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in these Chapter 11 Cases;

(p)    advising the Debtors on, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in these Chapter 11 Cases;

(q)    advising the Debtors on actions that they might take to collect and recover property for the benefit of their estates;

(r)    advising the Debtors on executory contracts and unexpired lease assumptions, assignments, and rejections;

(s)    assisting the Debtors in reviewing, estimating, and resolving any claims asserted against their estates;

(t)    advising the Debtors in connection with potential sales of assets;

(u)    commencing and conducting litigation necessary or appropriate to assert rights held by the Debtors, protect assets of their estates, or otherwise further the goals of the Debtors' restructuring;

(v)    assisting the Debtors in obtaining the Court's approval of the postpetition debtor in possession financing facilities;

(w)    attending meetings and representing the Debtors in negotiations with representatives of creditors and other parties in interest;

(x)    advising the Debtors on tax matters;

(y)    advising and assisting the Debtors in connection with the preparation, solicitation, confirmation, and consummation of a chapter 11 plan; and

(z)    performing all other necessary legal services in connection with the Debtors' chapter 11 cases and other general corporate matters concerning the Debtors' businesses.

4.     Should O'Melveny agree to undertake specific matters beyond the scope of the responsibilities set forth above, the Debtors are authorized to employ O'Melveny for such matters, in addition to those set forth above, without further order of this Court.

5.     O'Melveny shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, as well as any other applicable procedures and orders of this Court. O'Melveny shall make a reasonable effort to comply with the Bankruptcy Administrator's requests for information and additional disclosures, both in connection with the Application and the interim and final fee applications to be filed by O'Melveny in these Chapter 11 Cases.

6.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the contents of the Application are adequate.

7.     To the extent there may be any inconsistency between the terms of the Application, the Engagement Agreement, the Warren Declaration, the D'Arcy Declaration, the Interim Order, and this Final Order, this Final Order shall govern.

8.     The Debtors and O'Melveny are authorized to take all actions necessary or appropriate to implement the relief granted in this Final Order.

9.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Final Order shall be immediately effective and enforceable upon its entry.

10.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.

Dated: July __, 2020

_____
UNITED STATES BANKRUPTCY JUDGE