## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-11<br><br>Joint Administration Requested |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING REJECTION OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this motion (the "**Motion**") seeking entry of an order, pursuant to Section 365 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to reject two non-residential leases of real property to which Remington Arms Company, LLC ("**RAC**") is a party. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

43820943 v1

## Background

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases. The Debtors' request for joint administration of these Chapter 11 Cases for procedural purposes only is currently pending.

4. The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military and law enforcement customers throughout the world. The Debtors employ approximately 2,100 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' headquarters are located in Huntsville, Alabama.

5. Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession*, filed contemporaneously herewith and incorporated by reference herein.

6. On or about November 30, 2012, First Stamford Place SPE L.L.C. and Merrifield First Stamford SPE L.L.C. (together, the "**Landlord**"), as landlord, and RAC, as tenant, entered into that certain Agreement of Lease (the "**Prime Lease**") for that certain real property more particularly described in the Prime Lease as: Portion of the 5th Floor, 300 First Stamford Place, Stamford, Connecticut 06902 (the "**Premises**").

7. In October 2015, RAC, as sublandlord, and Eagle Bulk Shipping International (USA) LLC (the "**Subtenant**"), as subtenant, entered into that certain Sublease Agreement (the

"**Sublease**," and together with the Prime Lease, the "**Leases**"), whereby RAC subleased a portion of the Premises to the Subtenant.

8. Both of the Leases are unexpired.

## RELIEF REQUESTED

9. By this Motion, the Debtors request entry of an order authorizing the Debtors to reject the Leases.

10. Section 365(a) of the Bankruptcy Code provides that the trustee or debtor-in-possession may assume or reject any unexpired lease, subject to approval by the court. 11 U.S.C. § 365(a). The purpose behind allowing the rejection of unexpired leases is to permit the debtor-in-possession to "relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996).

11. In considering a motion to assume or reject an executory contract, a bankruptcy court reviews a debtor's decision under a "traditional 'business judgment' standard." *Byrd v. Gardinier, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *see also Matter of Condo. Ass'n of Plaza Towers S., Inc.*, 43 B.R. 18, 21 (Bankr. S.D. Fla. 1984). "'The business judgment test requires a showing that rejection of the contract will likely benefit the [bankruptcy] estate.' However, the bankruptcy court may not substitute its own judgment for that of the debtor unless the debtor's decision is so manifestly unreasonably that it must be based upon bad faith, whim or caprice." *Colony Beach & Tennis Club, Inc. v. Colony Beach & Tennis Club Ass'n, Inc. (In re Colony Beach & Tennis Club Ass'n, Inc.)*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010) (internal citations omitted); *see also In re Health Sci. Prods., Inc.*, 191 B.R. 895, 909 n.15 (Bankr. N.D. Ala. 1995) ("The issue thereby presented for determination by the bankruptcy court is

whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.").

12. Where the debtor is both a tenant under a prime lease and a landlord under a sublease, the debtor's rejection of the prime lease and the sublease simultaneously prevents the subtenant from any right to continue in possession of the leased premises under Section 365(h) of the Bankruptcy Code. *See, e.g.*, *Keaty & Keaty v. Loyola Assocs. (In re Stalter & Co., Ltd.)*, 99 B.R. 327, 330–31 (E.D. La. 1989); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992).

13. The Court should authorize the Debtors to reject the Leases. As evidenced by the Sublease, the Debtors are not in possession of the Premises. The Leases are burdensome and provide no value to the Debtors or their estates. In fact, the rent received by the subleasing of a portion of the Premises covers only a fraction of the lease costs that the Debtors incur under the Prime Lease. Rejection of the Prime Lease will help the Debtors avoid unnecessary post-petition administrative expenses, and necessitates rejection of the Sublease.

14. Based on the foregoing, the rejection of the Leases under Section 365(a) of the Bankruptcy Code is a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors' estates and their creditors.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested hereby and such other and further relief to which they are entitled.

Dated: July 28, 2020

          */s/ Derek F. Meek*
          **BURR & FORMAN LLP**
          Derek F. Meek
          Hanna Lahr

420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: dmeek@burr.com
      hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (*pro hac vice* admission pending)
Karen Rinehart (*pro hac vice* admission pending)
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407
Email: swarren@omm.com
      krinehart@omm.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

# EXHIBIT A

43820943 v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re:

REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 20-81688-11

Joint Administration Requested

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING REJECTION OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

This matter came to be heard upon the motion[2] (the "**Motion**") of Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, pursuant to Section 365 of the Bankruptcy Code, authorizing the Debtors to reject two non-residential leases of real property. Upon consideration of the Motion and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record herein; and after due deliberation thereon and good

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

43820943 v1

and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED**.

2. The Debtors are authorized to reject the Leases as described in the Motion pursuant to 11 U.S.C. § 365(a).

3. The Leases are deemed rejected as of the Petition Date.

4. Nothing in this Order shall constitute a waiver of any claims of the Debtors or any interested party or creditor against any of the counterparties to the Leases, whether or not related to the Leases.

5. This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

DATED this the _____ of _____, 2020.

                                                 UNITED STATES BANKRUPTCY JUDGE