IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO. |
| | ) | |
| REMINGTON OUTDOOR CO., INC. | ) | 20-81688-CRJ-11 |
| | ) | |
| | ) | CHAPTER 11 |
| DEBTOR(s). | ) | |

## CHAPTER 11 OPERATING PROCEDURES

### A. MEETING WITH THE BANKRUPTCY ADMINISTRATOR

The debtor shall meet with the Bankruptcy Administrator *at a Date and Time established by the Bankruptcy Administrator.*

    Date:      To Be Determined by the Bankruptcy Administrator
    Time:
    Place:     Seybourn H. Lynne Federal Building
                 400 Well Street, Cain Street Entrance
                 Room 236
                 Decatur, AL 35601

### B. BOOKS AND RECORDS

1. New books and records must have been opened on the date the Chapter 11 petition was filed. If they were not, they must be opened upon receipt of these Procedures, unless otherwise ordered by this Court. The debtor must then close all of its old books and records, reconciled as of the day preceding the filing of the bankruptcy petition.

2. A schedule of all depreciable assets shall be provided to the Bankruptcy Administrator *no later than the date of the scheduled meeting with the Bankruptcy Administrator.* The schedule should include:

   a. A description of the asset;
   b. Method of depreciation;
   c. Serial number;
   d. Date purchased;
   e. Useful life;
   f. Purchase price
   g. Accumulated depreciation; and

h. Scrap value

## C. NEW BANK ACCOUNTS

Necessary new bank accounts must have been opened on the date the Chapter 11 petition was filed. If they were not, they must be opened upon receipt of these Procedures, unless otherwise ordered by this Court. The debtor must then close all old bank accounts, reconciled as of the day preceding the filing of the bankruptcy petition.

When new accounts are set up:

>The words "Chapter 11 Debtor-In-Possession - Bankruptcy Case No. 20-81688-CRJ-11;" must be written on all account signature cards.

## D. PROOF OF NEW BANK ACCOUNTS

When the debtor opens a new account, the debtor must file the following items with the <u>Bankruptcy</u> <u>Clerk's</u> <u>Office</u> *no later than the date of the scheduled meeting with the Bankruptcy Administrator:*

1. The first check from the new account;

2. A copy of a signature card for every account in use after the date of filing the bankruptcy petition bearing the words "Chapter 11 Debtor-In-Possession – Bankruptcy Case No. 20-81688-CRJ-11;" and

3. A reconciled bank statement for every account in use before the filing of the bankruptcy petition.

## E. BANK ACCOUNT INSURANCE OR COLLATERAL

The Federal Deposit Insurance Corporation (FDIC) insures its depositors (here Debtors-in-Possession) for $250,000. This maximum amount is applied to each depositor by each insured institution. It does not apply to each account. Therefore, insurance is not increased merely by dividing funds among different accounts in the same institution.

If the debtor-in-possession has one or more accounts in any single institution where the total amount on deposit exceeds $250,000, the debtor-in-possession must either open another account in a separate bank or require from the institution holding these funds a bond or the deposit of securities with the Federal Reserve Bank, equal to the difference in the amount on deposit and $250,000 as required by 11 U.S.C. § 345. This should be done by the debtor immediately. Form No. BA-40(11), attached to these Procedures, should be used to complete this process. After the depository completes the form, it must be filed with the <u>Bankruptcy</u> <u>Clerk's</u> <u>Office</u>.

## F. BANK STATEMENTS

The debtor-in-possession must file with the Bankruptcy Clerk's Office a copy of its monthly bank statement, or statements if it has more than one account. The statement must be filed along with the Chapter 11 operating reports described in Paragraph K on a monthly basis and must be the statement for the month covered by the monthly operating reports. If the debtor does not receive its statement from its bank by the 15th day of the month so that the debtor is able to file it with the operating reports, the statement must be filed by the last working day of that month.

## G. POST-PETITION TAXES, PAYROLL ACCOUNTS, AND LICENSES

1. Within three work days after each regular payroll period, the debtor is required to pay to the Internal Revenue Service withheld or collected taxes in the form of a Federal Tax Deposit.

2. Within three work days after each regular quarterly period, the debtor is required to pay to the Internal Revenue Service the federal unemployment tax in the form of a Federal Tax Deposit.

3. If the debtor is an individual required to make quarterly tax estimate payments, those payments should be made when due.

4. State and local sales taxes will be paid to the taxing authorities per their existing regulations in a timely manner.

5. The debtor shall keep current all business licenses and permits and shall furnish the Bankruptcy Administrator with copies of the current licenses and provide copies of all renewed licenses as they are renewed.

## H. INSURANCE

1. The debtor shall insure all business-related property of the estate which would customarily be insured in the business engaged in by the debtor or non-business property which would customarily be insured by the debtor or persons in circumstances similar to those of the debtor in the area where the property is kept or utilized. If insurance is not maintained on property of a substantial value, the debtor must file a verified statement explaining why the asset is uninsured and serve a copy of the statement on each creditor who has a security interest in the uninsured property, if any. If workers' compensation insurance is required by law, the debtor shall maintain said insurance in full force and effect.

2. *By the date of the scheduled meeting with the Bankruptcy Administrator*, the

debtor shall file with the <u>Bankruptcy</u> <u>Clerk's</u> <u>Office</u> copies of all of its insurance policies or a list of all of its insurance policies. If a list is filed, each policy should be described to include:

   a.   Policy number;
   b.   Name of the insured;
   c.   A general description of the property insured;
   d.   The beneficiary;
   e.   Name and address of the insuring agent;
   f.   Amount of coverage;
   g.   Type of insurance;
   h.   Date of expiration;
   i.   Amount of premium;
   j.   Insurance carrier; and
   k.   Premium due date.

3. If a notice of cancellation or of non-renewal is given on any of the debtor's insurance policies, or the debtor chooses not to renew any policy, the debtor shall notify the Bankruptcy Administrator in writing no later than three days after receipt of the notice or after deciding not to renew.

## I. COPIES TO THE BANKRUPTCY ADMINISTRATOR

The debtor shall provide the Bankruptcy Administrator with copies of motions to employ professionals, applications for compensation and expenses, and all plans and disclosure statements.

## J. INSPECTION OF PROPERTY AND RECORDS

The debtor shall permit the Bankruptcy Administrator reasonable inspection of its premises, properties, books, and records.

## K. FINANCIAL REPORTS

A debtor-in-possession shall file with the Clerk, not later than the 15th day of the next succeeding month, an operating report for each month or part of a month after the entry of an order for relief under Chapter 11, Title 11, of the United States Code, which accurately reflects, in reasonable detail, the business transacted by the debtor and the results thereof and the condition of the bankruptcy estate and its assets.

A debtor-in-possession shall file with the Clerk, not later than the 15th day of the month following each calendar quarter, a similar report for the immediately preceding quarter or part of a quarter after entry of such order for relief.

By the 15th day of each month following entry of an order confirming a Chapter

11 plan, the debtor shall file with the Clerk a report for the preceding calendar month showing the steps taken toward consummation of the plan and any failure(s) by the debtor to comply with the terms of the plan, and as soon as is reasonably practicable and appropriate the debtor shall file with the Clerk a motion for a final decree, as provided for in Bankruptcy Rule 3022.

The Bankruptcy Administrator may prescribe suitable forms for obtaining this information, giving consideration to clarity and simplicity.

### L. 120 DAY REPORT ON PLAN

If a plan of reorganization has not been filed, the debtor-in-possession shall file on the 120th day after the order for relief in a Chapter 11 case, a report to the Court explaining why a plan and disclosure statement have not been filed, and shall describe what preparations are being undertaken to file those documents, and shall specify a date when they will be filed.

### M. STATUS CONFERENCE

Status conferences may be set by the Bankruptcy Administrator with the debtor in the Bankruptcy Administrator's office for reviews and clarifications of financial reports, bank statements, tax payments, licenses, permits, and insurance coverage of the debtor.

### N. MISCELLANEOUS PROVISIONS

1. References in these Procedures to "Bankruptcy Administrator" include persons the Bankruptcy Administrator may designate.

2. All documents to be filed with or served on the Bankruptcy Administrator shall be delivered to the Bankruptcy Administrator divisional office where the case is pending.

3. All documents to be filed with or served on the Bankruptcy Clerk shall be delivered to the divisional office of the Clerk where the case is pending.

4. The debtor shall provide the chairperson of any committee appointed by the Court in this case copies of <u>all</u> documents required to be filed with or served on the Bankruptcy Administrator or the Bankruptcy Clerk.

These Procedures do not relieve the debtor of any requirements of the bankruptcy statutes or Bankruptcy Rules.

Respectfully submitted on this the 29th day of July, 2020.

                         J. THOMAS CORBETT
                         United States Bankruptcy Administrator for
                         the Northern District of Alabama

                 BY:    /s/ Richard M. Blythe
                         Richard M. Blythe
                         Assistant U.S. Bankruptcy Administrator
                         Alabama. Bar ID: ASB-3199-B52R

OF COUNSEL:
United States Bankruptcy Administrator
Northern District of Alabama
Seybourn H. Lynne Federal Building
Post Office Box 3045
400 Well Street NE, Room 236
Decatur, Alabama 35602
(256) 340-2740

## CERTIFICATE OF SERVICE

       I hereby certify that on July 29, 2020, I have served a copy of the foregoing on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures.

                         /s/ Richard M. Blythe
                         Richard M. Blythe
                         Assistant U.S. Bankruptcy Administrator

Remington Outdoor Company, Inc.
100 Electronics Blvd SW
Huntsville, AL 35824

Derek F. Meek
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
dmeek@burr.com

Stephen H. Warren
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071
swarren@omm.com