IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*<br><br>DEBTORS.[1] | Chapter 11<br><br>Case No.: 20-81688-11<br><br>(Jointly Administered) |

**SANDY HOOK FAMILIES' (1) OBJECTION TO THE DEBTORS' LIST OF TOP 40 UNSECURED CREDITORS AND (2) EMERGENCY MOTION FOR AN STATUS CONFERENCE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

1. The Sandy Hook Families[2] respectfully submit this (i) objection to the Debtors' list of their Top 40 unsecured creditors, which omits the Sandy Hook Families as creditors without any basis; and (ii) motion for a status conference. In light of the Court's order that the Bankruptcy Administrator form a Consolidated Unsecured Creditors' Committee, *see* ECF No. 99, the Sandy Hook Families request the Court hold a status conference on an emergency basis.

## Background

2. The Sandy Hook Families are nine families who lost loved ones in the mass shooting at Sandy Hook Elementary School on December 14, 2012. The shooter used a Bushmaster brand AR-15 made and marketed by the Debtors.

3. On December 13, 2014, the Sandy Hook Families brought wrongful death claims on behalf of their loved ones against the Remington Defendants, in Connecticut state court, civil case no. X06 CV15 6050025 S (the "Sandy Hook Wrongful Death Action").

4. The Sandy Hook Wrongful Death Action seeks to hold the Remington Defendants accountable for their role in the loss of life at Sandy Hook, and seeks monetary and punitive damages for the loss of nine lives, as well as attorneys' fees and costs.

5. **After the Debtors' failed appellate challenges, the case is now in discovery and is scheduled for trial next year.**

---

[2] Donna L. Soto, as administratrix of the Estate of Victoria L. Soto; Ian Hockley and Nicole Hockley, as co-administrators of the Estate of Dylan C. Hockley; David C. Wheeler, as administrator of the Estate of Benjamin A. Wheeler; Mary d'Avino, as administratrix of the Estate of Rachel M. D'Avino; Mark Barden and Jacqueline Barden, as co-administrators of the Estate of Daniel G. Barden; William D. Sherlach, as executor of the Estate of Mary Joy Sherlach, Neil Heslin and Scarlett Lewis, as co-administrators of the Estate of Jesse McCord Lewis; Leonard Pozner, as administrator of the Estate of Noah S. Pozner; Gilles J. Rousseau, as administrator of the Estate of Lauren G. Rousseau.

### The Debtors Omitted the Movants from the Top 40 Unsecured Creditors List

6. The Debtors are well aware of the Sandy Hook Wrongful Death action and the significant damages claims it presents. **Yet the Debtors' list of the Top 40 Unsecured Creditors, ECF No. 4, includes holders of other unliquidated claims but conspicuously *omits* the Sandy Hook Families**—even though the potential damages in the Sandy Hook Wrongful Death Action would dwarf the other claims on that list.

7. There is no justification for the omission of the Sandy Hook Families. The Debtors are required to file a list of creditors, *see* 11 U.S.C. § 521 (a)(1)(A), and the official Form 204 requires that the Debtors include claims which are disputed. *See* ECF No. 4 at 1.

### The Movants will be Irreparably Harmed if They Cannot Participate on the UCC

8. After six years of nationally-significant litigation, it is simply not plausible that the Debtors did not realize that the Sandy Hook Families should have been included as Top 40 Unsecured Creditors.

9. The omission is even more glaring because this is not the first time the Debtors have sought Chapter 11 relief: in their prior petition in 2018, *In re Remington Outdoor Company, Inc., et al.*, No. 18-10684 (BLS) (Bankr. D. Del.), the Debtors *did* include the Sandy Hook Families on their Official Form 204. *See* Ex. [A] at 18.

10. **By omitting the Sandy Hook Families from the list of Top 40 Unsecured Creditors, the Debtors have placed them at a significant disadvantage: the Sandy Hook Families have not been able to participate in hearings in this fast-paced proceeding, may not be considered for the UCC, and will be forced to file a complex proof of claim without sufficient time**.

11. A status conference with the Court would allow the Sandy Hook Families to present these issues to the Court and to ensure that their rights are protected in this proceeding.

## Conclusion

The Sandy Hook Families object to the Debtors' list of Top 40 Unsecured Creditors and respectfully request an status conference on an emergency basis.

Respectfully submitted this the 5th day of August, 2020.

>/s/ Tazewell T. Shepard IV
>Tazewell T. Shepard III
>Tazewell T. Shepard IV
>*Attorneys for the Sandy Hook Families*
>
>**SPARKMAN, SHEPARD & MORRIS, P.C.**
>P. O. Box 19045
>Huntsville, AL  35804
>Tel: 256/512-9924

## CERTIFICATE OF SERVICE

This is to certify that I have this the 5th day of August, 2020 served the foregoing pleading upon the Debtor's 40 largest unsecured creditors, all other persons requesting notice, and the Office of the Bankruptcy Administrator, by depositing said copies in the United States Mail in properly addressed envelopes with adequate postage thereon.

>/s/ Tazewell T. Shepard IV
>Tazewell T. Shepard IV