# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | ) ) | Case No. 20-81688-CRJ11 |
| | ) | Jointly Administered |
| Debtors. | ) | |

**BANKRUPTCY ADMINISTRATOR'S LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 AND 507 (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING AUTOMATIC STAY, (IV) GRANTING RELATED RELIEF, AND (V) SCHEDULING A FINAL HEARING**

The Bankruptcy Administrator hereby files this limited objection to releases in Debtors' Motion for Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection, (iii) Modifying Automatic Stay, (iv) Granting Related Relief, and (v) Scheduling a Final Hearing and sets forth the following:

1. The Debtors seek entry of an order (a) authorizing the Debtors to, among other things, (I) use Cash Collateral subject to the terms described in the Interim Order and Final Order, and (ii) grant the Pre-petition Secured Creditors adequate protection of their interests in the Prepetition Collateral, and (b) scheduling and establishing deadlines relating to the Final Hearing and order authorizing the Debtors to use Cash Collateral. As part of the order authorizing use of cash collateral, the Debtors seek to release

> "each Prepetition Secured Creditors, and each of their respective successors, assigns, participants, representatives, owners, members, partners, financial advisors, investment advisors (including, without limitation, employees of investment advisors), legal advisors, managers, consultants, accountants, predecessors in interest, affiliates, subsidiaries, parents, officers, shareholders, directors, employees, attorneys and agents, past, present and future, and their respective heirs, predecessors, successors and assigns."

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

2. The Debtors' as part of the Cash Collateral Order seek to provide that the releases granted by the Debtors shall be binding on, any trustee or other representative appointed in the Cases, whether such trustee or representative is appointed in Chapter 11 or Chapter 7. The Court should not bind a future trustee with broad releases of potential claims against the pre-petition secured creditors.

3. The Debtors have filed a Bid Procedures Motion and seek to sell most, if not all, of the Debtors' assets through a sale process under Section 363 of the Bankruptcy Code. If a sale of the Debtors' assets is approved, there will likely be nothing left for the Debtors' to reorganize and case may be converted to a Chapter 7. The Court must balance the interests of the Debtors' in the use of cash collateral against the interests of unsecured creditors in these cases. The Court should not at this early stage of the case bind a future trustee with a release of potential pre-petition claims against the Secured Creditors.

4. The proposed Cash Collateral Order would seek to make the releases granted to the Prepetition Secured Creditors binding upon all parties-in-interest, any trustee appointed in these cases and any Committee, after an extremely short challenge period of thirty (30) calendar days from the entry of this Interim Cash Collateral Order. The short challenge period makes the restrictions on the rights of the Unsecured Creditors Committee and future trustee to pursue potential causes of action against the Prepetition Secured Creditors even more objectionable.

5. The Bankruptcy Administrator reserves the right (I) to join in the objections of other parties in interest, including without limitation any objection of the Official Committee of Unsecured Creditors, (ii) to raise further and other objections to the Motion prior to or at the hearing, and to amend, supplement or modify this Objection at any time prior to the hearing on the Motion, and (iii) to be heard before this Court with respect to the subject matter of this Objection or any other objection raised to the Motion.

WHEREFORE, the Bankruptcy Administrator files this limited objection to the inclusion of releases binding upon a chapter 11 or chapter 7 trustee in the Final Cash Collateral Order and requests such other and further relief as the Court deems just and appropriate.

Respectfully submitted August 7, 2020.

                                                                 J. THOMAS CORBETT
United States Bankruptcy Administrator for the
Northern District of Alabama
/s/ Richard M. Blythe
Richard M. Blythe
Assistant U.S. Bankruptcy Administrator
Alabama Bar ID: ASB-3199-B52R

OF COUNSEL:
United States Bankruptcy Administrator
Northern District of Alabama

Seybourn H. Lynne Federal Building
P.O. Box 3045
400 Well Street NE. Room 236
Decatur, Alabama 35602
(256) 340-2740

## CERTIFICATE OF SERVICE

      I hereby certify that on August 7, 2020, I have served a copy if the foregoing on the parties listed below by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U.S. Mail, postage prepaid.

Stephen H. Warren, Esq. swarren@omm.com
Karen Rinehart, Esq. krinehart@omm.com
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA, 90071

Derek F. Meek, Esq. dmeek@burr.com
Hanna Lahr, Esq. hlahr@burr.com
Burr & Forman LLP
420 20th Street North, Suite 3400
Birmingham, AL 35203

Sarah Link Schultz
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
sschultz@akingump.com

Andreas Andromalos, Esq. aandromalos@brownrudnick.com
Tia C. Wallach, Esq. twallach@brownrudnick.com
Brown Rudnick LLP
One Financial Center
Boston MA, 02111

Jeremy Retherford, Esq. jretherford@balch.com
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203

Kathleen LaManna, Esq. klamanna@goodwin.com
Nathan Plotkin, Esq. nplotkin@goodwin.com
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

Donald Bernstein, Esq. donald.bernstein@davispolk.com
Joanna McDonald, Esq. joanna.mcdonald@davispolk.com
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Benjamin S. Goodman, Esq. bgoldman@handfirm.com
Hand Arendall Harrison Sale
1810 5th Avenue North, Suite 400
Birmingham, AL 35203

Joshua Morse, Esq. joshua.morse@pillsburylaw.com
Andrew Alfano, Esq. andrew.alfano@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998

Daniel Sparks, Esq. ddsparks@csattorneys.com
Bill Bensinger, Esq. bdbensinger@csattorneys.com
Christian & Small LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203

            **/s/Richard M. Blythe**
            Richard M. Blythe
            Of Counsel