# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered |

### AMENDED FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, AND OTHER COMPENSATION, AND EMPLOYEE BENEFITS AND (B) CONTINUE EXISTING EMPLOYEE BENEFIT PLANS AND PROGRAMS AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY DEBTORS RELATING TO THE FOREGOING[2]

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), seeking entry of a final order (this "**Order**"),[3] pursuant to sections 105, 363, and 507 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors, in their sole discretion, to (a) pay prepetition amounts relating to the Employee Obligations and (b) continue their existing Employee Benefit Programs, (ii) authorizing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing, and (iii) granting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] This Order amends the Order entered on August 11, 2020 [Docket No. 282] (the "**Initial Employee Wages Order**") to incorporate ¶¶ 7-9 with respect to the Debtors' workers' compensation program. The Initial Employee Wages Order is otherwise unchanged by the terms hereof.

[3] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

43995337 v1

certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **APPROVED** on a final basis as set forth herein.

2. The Debtors are authorized but not directed, in their sole discretion, to honor and pay their prepetition Employee Obligations, including, but not limited to, the Prepetition Wages.

3. Notwithstanding any other provision of this Order, no payments to any individual employee on account of prepetition Employee Obligations shall exceed the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

4. The Debtors are authorized but not directed, in their sole discretion, to continue to honor Employee Benefit Programs in the ordinary course of business.

43995337 v1

2

Case 20-81688-CRJ11    Doc 386    Filed 08/18/20    Entered 08/18/20 14:28:45    Desc
Main Document    Page 2 of 5

5. Nothing herein shall be deemed to authorize (i) the payment of any amounts in satisfaction of bonus or severance obligations that are subject to section 503(c) of the Bankruptcy Code, including any severance payment to any employee with an officer or vice president title, without further order of the Court or (ii) the Debtors to cash out unpaid vacation, paid time off, or leave time upon termination of an employee, unless applicable state law requires such payment.

6. The Debtors are authorized but not directed, in their sole discretion, to continue to (i) pay any Payroll Withholding Amounts to the respective authority in accordance with the Debtors' stated policies and prepetition practices and (ii) pay any outstanding amounts to ADP for an unpaid prepetition services.

7. The Debtors are authorized but not directed, in their sole discretion, to continue the workers' compensation programs that they maintain for their employees (the "Workers' Compensation Programs") in the ordinary course of business.

8. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit: (a) current and former employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Programs[4] in the appropriate judicial or administrative forum; (b) insurers and third party administrators providing coverage for any workers' compensation claims or direct action claims to draw on any and all collateral provided by or on behalf of the Debtors therefor without further order of the Bankruptcy Court if the Debtors fail to pay and/or reimburse any insurers and third party administrators for any amounts due and owing pursuant to the terms of the Workers' Compensation Programs and (c) insurers and third party administrators to handle, administer,

---

[4] For the avoidance of doubt, the term Workers' Compensation Programs shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto.

43995337 v1                                     3

defend, settle, and/or pay workers' compensation claims and direct action claims pursuant to the terms of the Workers' Compensation Programs. For the avoidance of doubt, this modification of the automatic stay pertains solely to direct action claims and claims under the Workers' Compensation Programs and any such workers' compensation claims must be pursued in accordance with the applicable Workers' Compensation Programs.

9. Nothing in this or any other Order: (a) alters or amends the terms and conditions of the Workers' Compensation Programs; (b) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under the Workers' Compensation Program, or the Debtors' rights, remedies, claims, and/or defenses with respect thereto; or (c) creates a direct right of action against any insurers or third party administrators where such right of action does not already exist under non-bankruptcy law.

10. In accordance with this Order and any other order of this Court, the Debtors are authorized but not directed to pay all processing fees associated with, and all costs incident to, payment of the Employee Benefit Programs and reimbursable expenses.

11. Each of the Debtors' banks and financial institutions on which checks were drawn or electronic payment requests, drafts, or other forms of payment were made, drawn, or issued in payment of the prepetition obligations approved herein are authorized, but not obligated, to receive, process, honor, and pay all such checks and electronic payment requests when processed for payment (or to reissue checks, electronic payment requests, drafts, or other forms of payment made, drawn, or issued on the Debtors' accounts, as applicable and necessary); *provided*, in each case, that sufficient funds are on deposit in the applicable account to cover such payment. All banks and financial institutions are authorized to rely on the Debtors' designation of any particular check, electronic payment request, draft, or other form of payment as approved by this Interim

Order.

12. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rules 6004(h), 7062, and 9014, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated this the 18th day of August, 2020.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge