**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-CRJ11 |
| Debtors. | Jointly Administered |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Remington Outdoor Company, Inc. ("**Remington**") and its affiliated (collectively, the "**Affiliates**") entities, as debtors and debtors in possession (Remington and the Affiliates, collectively, the "**Debtors**") in these chapter 11 cases commenced on July 27, 2020 (the "**Petition Date**"), herewith file their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the Northern District of Alabama (the "**Bankruptcy Court**"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Mark Little, Chief Financial Officer, in his capacity as an authorized agent of each of the Debtors, has signed the Schedules and Statements for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Little has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors and the Debtors' advisors. Mr. Little has not (nor could he have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methods, and Disclaimer Regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States of America ("**GAAP**"), nor are they intended to be fully reconciled to the Debtors' consolidated financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that were available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies, some of which may be material.

## General Disclosures Applicable to Schedules and Statements

1.     <u>General Reservation of Rights</u>. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses, and/or Claims[2] or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.     <u>References</u>. Reference to the applicable loan agreements and documents related thereto is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach or have attached to such property and equipment.

3.     <u>Amendments and Supplements</u>. Although the Debtors made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate. Moreover, the Debtors continue their review of Claims that have been or may be asserted and the assets of the estates.

4.     <u>Recharacterization</u>. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as may be necessary and appropriate.

5.     <u>Liabilities</u>.     The Debtors allocated liabilities between the prepetition and postpetition periods based on the information available and research conducted in connection with

---

[2] As used herein, the term "**Claim**" has the meaning set forth in section 101(5) of the Bankruptcy Code.

2

the preparation of the Schedules and Statements and consolidated financial statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

6.     Insiders. As used in the Statements and Schedules, the term "insiders" refers to Remington's board of directors (the "**Board**"), Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer. Persons listed as "insiders" have been included solely for informational reporting purposes with respect to the Schedules and Statements, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, and does not act an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses with respect thereto are hereby expressly reserved. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including federal securities laws, or with respect to any theories of liability or for any other purpose.

7.     Accounts Payable, Disbursements and Intercompany Transactions. The Debtors utilize an integrated cash management system and periodically transfer funds among the Debtors. For additional information regarding the Debtors' intercompany transactions and related cash management protocols, see *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Operating Cash Management System and Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Continue Performing and Granting Administrative Priority for Intercompany Transactions, (II) Waiving Certain Bankruptcy Administrator Requirements, (III) Granting the Debtors an Extension to Comply with the Requirements of Section 345 (b) of the Bankruptcy Code, and (IV) Granting Related Relief* [D.I. 14], and Order thereon [D.I. 295]. Predominantly, the Debtor's obligations are paid by and/or through any of three entities (Remington Outdoor Company, Inc., Remington Arms Company, LLC, and FGI Operating Company, LLC), notwithstanding the fact that such obligations may, technically, be obligations of one or more of the affiliated Debtors.

8.     Executory Contracts. The Debtors have not included executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts (save and except for employee employment agreements and contracts ancillary thereto) have been listed in Schedule G. The Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, however, inadvertent errors, omissions, or overinclusion may have occurred. The Debtors reserve the right to assert that any contract listed in Schedule G does or does not satisfy the applicable requirements to be treated as an executory contract. Such agreements may be reclassified as assets or liabilities. Further, the Debtors' rejection of executory contracts may result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any claims for rejection damages. The Debtors and their estates reserve any and all rights with respect to the assertion of any such claims.

9.     Setoffs. The Debtors incur certain setoffs and other similar rights from customers or suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items, including without limitation intercompany transactions, pricing discrepancies, returns, refunds, debit memos, credits, and other disputes between the Debtors and their suppliers

3

or customers. These normal setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and can be voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and accordingly, certain setoffs may be excluded from the Schedules and Statements.

10. <u>Claims Description</u>. Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated."

11. <u>Excluded Assets and Liabilities</u>. The Debtors have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

12. <u>Causes of Action</u>. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their Claims and causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such Claims and causes of action.

13. <u>Confidential or Sensitive Information</u>. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns regarding the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.

14. <u>Current Value — Net Book Value</u>. In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' assets. Accordingly, unless otherwise indicated herein, the Schedules and Statements reflect net book values of the Debtors' assets as of the Petition Date, or, in some instances, the Net Book Value as reported in the most recent accounting close period (unless another date is indicated herein or individually in the Schedules and Statements). Net book values may differ materially from any current market or net realizable value. The Debtors' cash balances represent bank balances as of the Petition Date.

15. <u>Undetermined Amounts</u>. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. Such terms are used interchangeably in the Statements and Schedules.

16. <u>Totals</u>. Except as otherwise stated herein, all totals that are included in the Schedules and Statements represent the total of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts,

the actual total may be different than the listed total. To the extent that a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations. Further, certain Claims, whether listed as secured or otherwise, may represent potential Claims that a claimant may assert against each specific Debtor, and, in certain instances have been scheduled in this manner. Accordingly, adding the reported Claim amounts across all thirteen Debtor Schedules or Statements may be duplicative and may not reflect the total claims for all of the Debtors on a consolidated basis.

17. <u>Intellectual Property</u>. The Debtors have used reasonable efforts to identify and list all intellectual property. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, assigned, terminated, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors make no warranty with respect to the intellectual property, listed or otherwise.

18. <u>Leases</u>. In the ordinary course of their business, the Debtors lease property and equipment from certain third-party lessors for use in daily operations. These leases are identified in Schedule G, but the property subject to any of these leases is not reflected in Schedule A/B as either owned property by or assets of the Debtors. Property subject to any of these leases is also not reflected in the Statements as property or assets of third parties within the control of the Debtors. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues.

19. <u>Entity Classification Issues</u>. The Debtors have endeavored in good faith to identify the assets owned by each Debtor, the liabilities owed by each Debtor, and the Debtor that is a counterparty to executory contracts and unexpired leases. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets, liabilities, and executory contracts and unexpired leases to particular Debtor entities, including but not limited to: (a) certain assets and executory contracts and unexpired leases may be primarily used by a Debtor other than the entity which holds title to such assets or is a party to such executory contract and unexpired lease according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets or is a party to certain executory contracts and unexpired leases may not be ascertainable; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities. In addition, the Debtors note that financial statements have historically only been produced by the Debtors on a consolidated basis, and certain accounting processes and general ledger activities have occurred to support preparation of these consolidated financial statements, and not stand-alone financial statements for each Debtor.

<u>**General Disclosures Applicable to Statements**</u>

1. <u>Question 1</u>. The amounts listed in response to Question 1 include net revenue (not gross revenue) billed to customers by the applicable Debtor. In the normal course of business, the Debtors incur or process a variety of deductions to Gross Revenue, such as returns, discounts, and

5

excise taxes, to arrive at net revenue. Net revenue is the metric generally used internally to evaluate performance and the amount generally reported on external financial statements.

2.      Question 2.  The amounts listed in response to Question 2 include gross income generated by sales into which the Debtors entered in the ordinary course, but not from the operation of the Debtors' business.

3.      Question 3.  The information provided lists payments made by a Debtor within 90 days of the Petition Date on behalf of itself or on behalf of another Debtor in accordance with routine business practices.  Amounts include the funding of payroll to ADP.  Certain items may be duplicative of the information supplied in Statement question 4.  The amounts listed in Statement 3 reflect the Debtors' disbursements based on check or wire detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed. Amounts paid by check or wire are included based on the date of issuance.  The schedule list payments made within 90 days to "creditors".  However the schedule includes payments to a number of professionals who have been retained in this case, including in accordance with Bankruptcy Court orders.  Payments to professionals may represent prepayments or replenishment of professional fee retainers.

4.      Question 4 and 30.  Includes all payments to the Board, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer within one year preceding the case.  Any required details for Question 30 are addressed with the information provided in Question 4.

5.      Question 7.  The Debtors and their estates reserve all rights, claims, and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings does not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors.  The Debtors and their estates reserve all rights to assert that the Debtors are not an appropriate party or parties to such actions or proceedings.  The Debtors may not have included on Statement 7 certain parties that may have asserted informal workers' compensation claims or other claims that were resolved or otherwise addressed without formal litigation or an administrative hearing, or those for which such or similar proceeding were never commenced.

6.      Question 9.  The Debtors have not made any cash contributions.  However, from time to time, in kind contributions are made to sponsors and non-profits who in return provide benefits to the Debtors, typically in the form of product and brand advertisements and product purchase programs.  The specific value each recipient provides to Remington is unknown and not measurable.  While the Debtors have made reasonable efforts to ensure a comprehensive listing, given the magnitude of the Debtors' operations, certain gifts may have been omitted inadvertently from the Statements.

7.      Question 7.  The Debtors have listed those legal disputes and administrative proceedings that are pending in a judicial or an administrative forum.  Any information included in the Debtors' Schedules and Statements shall not be binding on the Debtors with respect to any of the suits and other proceedings identified therein.

8.     Question 10.   The Debtors occasionally incur losses for a variety of reasons, including theft, asserted physical injury, and property damage.  Although such losses are tracked internally and subject to internal review processes before payments are authorized, the Debtors may not have records of all such losses to the extent such losses do not have a material effect on a Debtor's business or are not reported for insurance purposes.

9.     Question 11.   The amounts listed in response to Question 11 include payments made to professionals retained by or on behalf of the Debtors for services concerning restructuring, relief under bankruptcy law, or preparation of bankruptcy petitions, as well as retainers.  Certain of the Debtors' professionals provided services for matters other than bankruptcy or restructuring and the amounts listed include fees and expenses related to such non-bankruptcy and/or restructuring matters.  The list also includes amounts paid to professionals representing certain lenders which were paid pursuant to the requirements of the applicable credit agreements.  The amounts listed in Statement 3 reflect the Debtors' disbursements based on check or wire detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed. Amounts paid by check or wire are included based on the date of issuance.

10.     Question 17.   The Debtors' schedules exclude amounts pertaining to the Supplemental Executive Retirement Plan.

11.     Question 20.  Certain offsite storage facilities are scheduled at Remington Arms Company, LLC, as the primary account holder.  However, corporate records housed at these storage facilities may include records for other Debtors.

12.     Question 26(a), (c).   The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records.  Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records.  In addition to their headquarters in Huntsville Alabama, the Debtors' books and records exist in various offices and locations and some accounting personnel in possession of corporate records work in the Debtors' Madison, NC office.

13.     Question 23 and 24.   The Debtors have disclosed three recent environmental inspections which occurred with respect to the Debtors' Ilion, NY facility.  The environmental notifications or administrative actions are currently pending.  While the Debtors have disclosed these items and have noted them as pending, the Debtors believe all corrective action has occurred and potential issues have been fully remedied.  Further, the Debtors do not expect fines for the items listed, and if a fine were to be asserted, the Debtors do not believe it would be material.

14.     Question 26(b), (d).   The Debtors have provided financial statements to certain lenders, owners, financial institutions, creditors, potential sale bidders, and other parties throughout the ordinary course of business.  Considering the number of such recipients, the confidentiality restrictions to which the Debtors have been bound in certain circumstances, and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Question 26(d).

15.     Question 27.  The last date on which the Debtors undertook an inventory count at their Southaven, MS Distribution Center was 1/6/2020.  For all other locations, the Debtors conduct cycle counts periodically throughout the year.

16.     Question 28.  For purposes of the Statements, the directors and officers that have been disclosed include the Board, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer.  Certain other non-executive officers may exist.  The Debtors have disclosed certain controlling shareholders; please refer to the *Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession,* filed 7/28/20 [D.I. 6] at p. 45, for a chart of the Debtors' structure.

## General Disclosures Applicable to Schedules

1.     Classifications.  Listing a Claim on (a) Schedule D as "secured," (b) Schedule E/F (Part 1) as "priority," or (c) Schedule E/F (Part 2) as "unsecured," or a contract on Schedule G as "executory" or "unexpired," or including on Schedule G a notation regarding the potential contract term or other period remaining, does not in each case constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract and/or avoid any transfer or obligation.  The Debtors reserve all of their rights with respect to any Claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such Claims and causes of action.

2.     Schedule A/B.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in their respective Schedules and Statements, including but not limited to causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any Claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such Claims and causes of action.

The Debtors' owned real estate, machinery, equipment, and other "PPE" property, plant, and equipment, along with intangibles, have all been presented at Net Book Value.  **Net book values may differ materially from any current market or net realizable value.**

- **Schedule A/B 3:** The amounts listed represent bank balances as of the close of business on the Petition Date.  The Wells Fargo account (account number 1084) was open as of the Petition Date, however the Debtors are in the process of closing the account.  Certain accounts including the Professional Fee Reserve, Adequate Assurance Utility Deposit Account, DIP Deposit Account, and Performance Deposit Account held were opened in preparation for the bankruptcy case and held minimal balances as required to open the account.  As the balances are as of the Petition Date, they do not reflect certain deposit amounts that may be required by interim and final first day orders.

8

Certain amounts listed may have been deemed restricted cash due to various credit agreements or collateralization requirements related to letters of credit. As such, a material amount of cash held by the Debtors on the Petition Date was not available for use of operations.

- **Schedule A/B 7:** Unused retainers and advances which may be held by various professionals in this case are not included as deposits. They are reflected on the applications filed by such professionals in the cases.

- **Schedule A/B 8:** A number of items listed include prepaid insurance. Although the Debtors record prepaid insurance on the books of FGI Operating Company, LLC, the Debtors maintain insurance policies for the benefit of each Debtor, and Remington Outdoor Company, Inc. is a named insured on each of the insurance policies.

  A number of items listed include prepayments of materials and inventory. These prepayments were made in the ordinary course of business and may have been applied to shipments received since the petition date.

- **Schedule A/B 11:** Amounts represent only third-party customer receivables and do not include intercompany receivables. In some instances, reserves for doubtful or uncollectible accounts may be booked only at Remington Arms Company, LLC; however, for the purposes of the Schedules, the reserve has been applied to each Debtor scheduled.

- **Schedule A/B 15:** Ownership interests in businesses, partnerships, and joint ventures (including any subsidiaries) have been listed in Schedule A/B 15 as unknown or undetermined. As the Debtors have historically only produced financial statements on a consolidated basis, certain accounting processes and general ledger activity have not occurred that would enable stand-alone financial statements for each Debtor to be prepared, and accordingly, appropriate values for the Debtors' interests in business, partnerships, and joint ventures (including any subsidiaries) that are part of the consolidated group. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the listed net book value.

- **Schedule A/B 72:** Certain debtors have tax attributes (e.g., net operating losses) listed as assets. Federal and State tax laws impose substantial restrictions on the utilization of net operating loss and capital loss carryforwards in the event of an "ownership change" for tax purposes, as defined in Section 382 of the Internal Revenue Code. The utilization of these tax attributes may be limited.

- **Schedule A/B 8 and 73**: The Debtors maintain a number of insurance policies as documented in the Debtors' first day motions and orders relating to such insurance programs. Schedule 8 lists the prepaid amounts which represents the remaining amount to be amortized over the life of such policy. Schedule 73 does not list any values as those policies are listed in Schedule 8, if applicable. A determination as to the surrender or refund value of each of the insurance policies has not been made.

3.        Schedule D.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, inchoate statutory or asserted common law lien rights, putative consignment interests, or other purported ownership status.  The creditor names that are listed represent what the Debtors believe to be the complete list of creditors holding such debt instruments (to the extent that this information has been provided to the Debtors); however, certain other holders may exist). The amounts outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.  To the extent the Debtors have paid or pay any of the Claims listed in Schedule D, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing Claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

Schedule D provides for disclosure of lenders that may be classified as insiders.  Funds and accounts managed by (a) Franklin Advisers, Inc. are lenders under the FILO Term Loan Agreement and the Exit Term Loan Agreement, (b) J.P. Morgan Chase Bank, N.A. and J.P. Morgan Investment Management, Inc. are lenders under the Exit Term Loan Agreement, and (c) Lord, Abbett & Co., LLC are lenders under the Exit Term Loan Agreement.  The majority of the common stock of Remington Outdoor Company, Inc. is held by Cede & Co. as the nominal holder. However, the Debtors are informed and believe that (i) funds and accounts managed (but not owned) by Franklin Advisers, J.P. Morgan Chase Bank, N.A., J.P. Morgan Investment Management, Inc., and Lord, Abbett & Co., LLC hold shares and debt securities issued by Remington Outdoor Company, Inc. and its affiliates; (ii) the percentage of shares owned by the separate funds and accounts managed by Franklin Advisers, Inc., if aggregated, exceeds 50% of the total equity of Remington Outdoor Company, Inc.; (iii) the percentage of shares owned by the separate funds and accounts managed by J.P. Morgan Investment Management, Inc. and JPMorgan Chase Bank, N.A., if aggregated, exceeds 10% of the total equity of Remington Outdoor Company, Inc.; and (iv) at least one individual fund or account managed by Franklin Advisers, Inc. holds more than 10% of the equity of Remington Outdoor Company, Inc.  The Debtors are not able to independently verify these holdings.

4.        Schedule E/F (Part 1).  The listing of any Claim on Schedule E/F (Part 1) does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time.  Certain Claims listed on the Debtors' Schedule E/F (Part 1) are Claims owing to various taxing authorities to which the Debtors may potentially be liable.

The Bankruptcy Court authorized (but did not direct) the Debtors to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court, including but not

10

limited to certain wage, benefit, and tax claims under the *Amended Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, and Other Compensation, and Employee Benefits and (B) Continue Existing Employee Benefits and (B) Continue Existing Employee Benefit Plans and Programs and (II) Authorizing Financial Institutions to Pay All Checks and Electronic Payment Requests* [D.I. 386]. Accordingly, certain outstanding liabilities as of the Petition Date may have been reduced by postpetition payments made on account of prepetition liabilities. Such payments, to the extent made on a date before the Schedules were filed, have been reflected in Schedule E. To the extent that the Debtors have paid or pay any of the Claims listed in Schedule E/F (Part 1) pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing Claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

       5.       <u>Schedule E/F (Part 2)</u>. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F (Part 2) based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed based upon the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor(s). In addition, certain Claims listed on Schedule E/F (Part 2) may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

       Schedule E/F (Part 2) contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation may be listed as "undetermined" or may have a claim amount included; such Claims are marked as contingent, unliquidated, and disputed in the Schedules and Statements except to the extent such Claims have already escheated to the estate.

       To the extent the Debtors have paid or pay any of the Claims listed in Schedule E/F (Part 2) pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing Claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

       Certain vendors listed on this Schedule may have rights to apply their prepetition balance to a letter of credit for which such vendor is the beneficiary.

       6.       <u>Schedule G</u>. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Each contract and unexpired lease listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals, and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the

11

Debtors. In some cases, the same supplier or provider may appear multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights including without limitation to assert that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

7. <u>Schedule H</u>. The Debtors that are the obligors under the post-petition credit facility and certain prepetition obligations are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and any other such agreements (if any). The Debtors reserve all rights to amend the Schedules, including without limitation to remove any, some, or all Debtors as obligors if and to the extent that the Debtors have paid or pay any of the Claims listed, including without limitation Claims listed in Schedule D.

12

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | ) Case No. 20-81688 (CRJ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## SCHEDULE OF ASSETS AND LIABILITIES FOR
## FGI HOLDING COMPANY, LLC (CASE NO. 20-81689)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters is located at 100 Electronics Blvd SW, Huntsville, Alabama 35824.

## Official Form 206Sum
### Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................................. $ _____ **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*.................................................................................................. $ _____ **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................................. $ _____ **0.00**

| Part 2: | Summary of Liabilities |
|---|---|

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $ **241,207,574.49**

3.  ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $ **0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................. +$ **108,477,163.52**

4.  **Total liabilities** ...................................................................................................
   Lines 2 + 3a + 3b

   $ **349,684,738.01**

Fill in this information to identify the case:

Debtor name   **FGI Holding Company, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ALABAMA

Case number (if known)   **20-81689**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**14.**   **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

**15.**   **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                                   % of ownership

| 15.1. | **FGI Operating Company, LLC** | **100** % | **N/A** | **Unknown** |
|---|---|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**                                         **$0.00**

Add lines 14 through 16. Copy the total to line 83.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

  ■ No. Go to Part 6.
  ☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

  ■ No. Go to Part 7.
  ☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

  ■ No. Go to Part 8.
  ☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

  ■ No. Go to Part 9.
  ☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

  ■ No. Go to Part 10.
  ☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

  ■ No. Go to Part 11.
  ☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

  ■ No. Go to Part 12.
  ☐ Yes Fill in the information below.

| Part 12: | Summary |
|----------|---------|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|------------------|-----------------------------------|-------------------------------|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.......................................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

   ☐ **No.** Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ■ **Yes.** Fill in all of the information below.

**Part 1: List Creditors Who Have Secured Claims**

| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 **See Attached Schedule D, Part 1**<br>Creditor's Name | **Describe debtor's property that is subject to a lien** | **$241,207,574.49** | **$0.00** |
| Creditor's mailing address | **Describe the lien** | | |
| Creditor's email address, if known | **Is the creditor an insider or related party?**<br>See Attached Schedule D, Part1 | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?**<br>See Attached Schedule D, Part1 | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?**<br>■ YES<br>**See Attached Schedule D, Part1** | **As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

| | | |
|---|---|---|
| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$241,207,574.49** |

**Part 2: List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

| Creditor Name | Address1 | City | State | Zip | Country | Email | Last 4 Digits of Account Number | Insider or Related Party? | CoDebtor | If Multiple Creditors Have in Interest in the Same Property, Specific Each Creditor and Its Relative Priority | Date Debt was Incurred, Description of Debtor's Property Subject to the Lien and the Nature of Lien | Contingent | Unliquidated | Disputed | Amount of Claim (Do not deduct the value of the collateral) | Value of Collateral that Supports this Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANKURA TRUST COMPANY, LLC, as agent | 214 NORTH MAIN STREET | CONCORD | NH | 03301 | | | | Yes | x | FILO Term Loan Facility | Date debt was incurred = May 15, 2018<br>Describe debtor's property = As defined by the credit documents<br>Describe the lien = First In Last Out Loan | | | | $55,000,000.00 | Unknown |
| ANKURA TRUST COMPANY, LLC, as agent | 214 NORTH MAIN STREET | CONCORD | NH | 03301 | | | | Yes | x | Exit Term Loan Facility | Date debt was incurred = May 15, 2018<br>Describe debtor's property = As defined by the credit documents<br>Describe the lien = Exit Term Loan | | | | $110,707,574.49 | Unknown |
| CANTOR FITZGERALD SECURITIES, as agent | 110 EAST 59TH STREET | NEW YORK | NY | 10022 | | | | No | x | Senior Priority Term Loan | Date debt was incurred = April 18, 2019<br>Describe debtor's property = As defined by the credit documents<br>Describe the lien = Priority Term Loan | | | | $75,500,000.00 | Unknown |
| | | | | | | | | | | | | | | Total: | $241,207,574.49 | |

Debtor name **FGI Holding Company, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ALABAMA

Case number (if known) **20-81689**

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ■ No. Go to Part 2.

    ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $108,477,163.52 |
|---|---|---|---|
| | **See Attached Schedule E/F Part 2** | ☐ Contingent | |
| | | ☐ Unliquidated | |
| | **Date(s) debt was incurred _** | ☐ Disputed | |
| | **Last 4 digits of account number _** | **Basis for the claim: _** | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies,
   assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. + $ | 108,477,163.52 |
| **5c. Total of Parts 1 and 2**  Lines 5a + 5b = 5c. | 5c. $ | 108,477,163.52 |

| Creditor Name | Address1 | Address2 | City | State | Zip | Country | Last 4 Digits of Account Number | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FGI Operating Company, LLC | 100 Electronics Blvd SW | | Huntsville | AL | 35824 | | | Intercompany Payable | | | | | $108,477,163.52 |
| | | | | | | | | | | | | **Total:** | **$108,477,163.52** |

Debtor name   **FGI Holding Company, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ALABAMA

Case number (if known)   **20-81689**

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal   Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.2  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.3  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.4  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name   **FGI Holding Company, LLC**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ALABAMA

Case number (if known)  **20-81689**

☐ Check if this is an
amended filing

Official Form 206H
# Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 **See Attached** | | **See Attached Schedule D, Part 1** | ■ D  **2.1**____<br>☐ E/F ____<br>☐ G ____ |
| 2.2 **See Attached Schedule H** | | | ☐ D ____<br>☐ E/F ____<br>☐ G ____ |

Case 20-81688-CRJ11   Doc 440   Filed 08/24/20   Entered 08/24/20 22:54:00   Desc
Main Document    Page 23 of 33

| Name of Codebtor | Address1 | City | State | Zip | Name of Creditor | Applicable Schedules (D, E/F, G) |
|---|---|---|---|---|---|---|
| 32E PRODUCTIONS, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| 32E PRODUCTIONS, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| 32E PRODUCTIONS, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| BARNES BULLETS, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| BARNES BULLETS, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| BARNES BULLETS, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| FGI FINANCE, INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| FGI FINANCE, INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| FGI FINANCE, INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| FGI HOLDING COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| FGI HOLDING COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| FGI HOLDING COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| FGI Operating Company, Inc. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| FGI Operating Company, Inc. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| FGI Operating Company, Inc. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| GREAT OUTDOORS HOLDCO, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| GREAT OUTDOORS HOLDCO, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| GREAT OUTDOORS HOLDCO, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| HUNTSVILLE HOLDINGS LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| HUNTSVILLE HOLDINGS LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| HUNTSVILLE HOLDINGS LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| OUTDOOR SERVICES, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| OUTDOOR SERVICES, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| OUTDOOR SERVICES, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| RA BRANDS, L.L.C. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| RA BRANDS, L.L.C. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| RA BRANDS, L.L.C. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| REMINGTON ARMS COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| REMINGTON ARMS COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| REMINGTON ARMS COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| REMINGTON ARMS DISTRIBUTION COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| REMINGTON ARMS DISTRIBUTION COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| REMINGTON ARMS DISTRIBUTION COMPANY, LLC | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| REMINGTON OUTDOOR COMPANY, INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| REMINGTON OUTDOOR COMPANY, INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| REMINGTON OUTDOOR COMPANY, INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |
| TMRI INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (ETL) | D |
| TMRI INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | ANKURA TRUST COMPANY, LLC, as agent (FILO) | D |
| TMRI INC. | 100 Electronics Blvd SW | Huntsville | AL | 35824 | CANTOR FITZGERALD SECURITIES, as agent | D |

Fill in this information to identify the case:

Debtor name **FGI Holding Company, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ALABAMA

Case number (if known) **20-81689**

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 24, 2020**        *X* **/s/ Mark Little**
_____                    Signature of individual signing on behalf of debtor

**Mark Little**
Printed name

**Chief Financial Officer**
Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | ) | Case No. 20-81688 (CRJ) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## FGI HOLDING COMPANY, LLC (CASE NO. 20-81689)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters is located at 100 Electronics Blvd SW, Huntsville, Alabama 35824.

Debtor name **FGI Holding Company, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ALABAMA

Case number (if known)   **20-81689**

☐ Check if this is an
   amended filing

## Official Form 207
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:    Income**

1.  **Gross revenue from business**

    ■ None.

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    |---|---|---|

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

    | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    |---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ■ None.

    | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
    |---|---|---|---|

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

    ■ None.

    | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
    |---|---|---|---|

5.  **Repossessions, foreclosures, and returns**
    List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**

   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**

   List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **See Global Notes** | | | |
| | | | | $0.00 |

| Email or website address |
|---|

| Who made the payment, if not debtor? |
|---|

---

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

**Part 11:**  **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

**Part 12:**  **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.

☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **Matthew Watts 100 Electronics Blvd SW Huntsville, AL 35824** | **September 2019 through Current** |
| 26a.2.   **Michael Robinson 100 Electronics Blvd SW Huntsville, AL 35824** | **October 2017 through September 2019** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.   **Grant Thornton LLP 201 South College Street Suite 2500 Charlotte, NC 28244** | **More than 10 years** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  **Matthew Watts**<br>**100 Electronics Blvd SW**<br>**Huntsville, AL 35824** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  **See Global Notes** |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Ken D'Arcy | 100 Electronics Blvd SW<br>Huntsville, AL 35824 | Chief Executive Officer | 0% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Chuck Rink | 100 Electronics Blvd SW<br>Huntsville, AL 35824 | Chief Operating Officer | 0% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Mark Little | 100 Electronics Blvd SW<br>Huntsville, AL 35824 | Chief Financial Officer | 0% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Remington Outdoor Company, Inc. | 100 Electronics Blvd SW<br>Huntsville, AL 35824 | Owner | 100% |

## 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No

☐ Yes. Identify below.

## 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **August 24, 2020**

**/s/ Mark Little**                                                        **Mark Little**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Chief Financial Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☑ Yes