# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC. *et al.*,<br><br>Debtors. | § § § § § § § § § § | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered |

## SANDY HOOK FAMILIES' REPLY TO DEBTORS' RESPONSE TO MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 2004

1. The Sandy Hook Families[1] file this reply to the late-filed *Debtors' Response to Soto Plaintiffs' Motion to Conduct Rule 2004 Discovery* [Docket No. 470] (the "**Response**"). The Debtors filed their Response on the eve of the hearing on the Families' Rule 2004 Motion, restricting the time allowed for the Families to respond.

2. As an initial matter, the Debtors refuse to engage on the actual, limited scope of the Families' requests.[2] The Families refer the Court to the Report filed earlier today by the Families [Docket No. 476] for a complete explanation of why the discovery sought (from no earlier than 2018) is completely irrelevant to the underlying state court litigation, which concerned marketing conduct in the 2006-2012 time period. The Debtors' conclusory assertions that the discovery sought is in furtherance of the state court proceeding (and citations to inapposite case law regarding the pending proceeding rule) is only reasonable if you ignore what the discovery requests actually

---

[1] Capitalized terms that are not defined herein have the meanings given to them in the Sandy Hook Families' Rule 2004 Motion.

[2] In their Response, Debtors chide the Families for failing to file amended discovery requests documenting their concessions. Attached hereto as **Exhibit A** are the Families' amended discovery requests.

1

seek.  The Debtors' conclusory assertions that the discovery sought is in furtherance of the state court proceeding (and citations to inapposite case law regarding the pending proceeding rule) is only reasonable if you ignore what the discovery requests actually seek.  For reference, the Families list the four remaining, pending categories of documents that the Families seek from the Debtors:

- **Requests 1, 2 & 11**:  Documents related to the financial condition of the Debtors in the immediate period prior to their filing of this bankruptcy, including valuation of assets, business, liabilities, debt, or equity securities.

- **Requests 4 & 15**:  Documents related to how tort liabilities like the Sandy Hook Wrongful Death Action may have factored into the decision to file for bankruptcy and why such liabilities were omitted from the schedule of unsecured creditors;

- **Requests 16 and 17**:  Documents related to potentially available insurance proceeds that could be used to pay tort claim liabilities; and

- **Request 18**:  Documents relating to any releases Debtors intend to request in connection with the chapter 11 cases and 363 sale.

3.        After distorting the content of the discovery requests, the Debtors claim that the Families have not established "that the discovery they seek is reasonably necessary to protect their legitimate interests in the bankruptcy cases." (Response at 6.)  The Debtors then inaccurately describe the Families' position by claiming that the sole basis for which they seek discovery is suspicion about an improper bankruptcy purpose.

4.        The Debtors, who have refused to provide a single document to the Families, are correct that the Families are unable to determine whether the bankruptcy filings or expedited sale process were necessary or if they were filed for an improper purpose.  However, the Families are not seeking discovery to go on what the Debtors suggest is a mere fishing expedition—they seek discovery in anticipation of a contested Sale Hearing scheduled to occur in less than a month.  The Debtors' refusal to acknowledge that objections to the sale are due in less than a week and that there will be a contested Sale Hearing in less than a month is particularly conspicuous here.

2

Case 20-81688-CRJ11    Doc 480    Filed 08/27/20    Entered 08/27/20 05:52:29    Desc
Main Document    Page 2 of 11

5. The Debtors spend nearly half of their brief tilting at windmills in an effort to paint the Families as unreasonable creditors who have the gall to question whether the Debtors are seeking proper relief under the Bankruptcy Code. (Response at 6-11.) However, the main reason the Families requested discovery is in furtherance of their preparation of a sale objection that seeks to ensure that any sale does not unlawfully prejudice their claims. **None** of the following valid reasons—set forth in the Families' submissions and clearly related to the Families' need to evaluate potential objections to the sale—are addressed by the Debtors in their Response:

- *First*, the Families seek discovery related to whether the Debtors will be administratively insolvent after the proposed sale closes, assuming it is approved, and therefore lack the resources to administer these chapter 11 cases. To the extent applicable insurance coverage is available to satisfy tort claims, in whole or in part, the Families want to ensure that the administratively insolvent nature of the Debtors' estates is not invoked as a justification for denying tort claimants, like the Families, access to meaningful insurance proceeds. (*See* Request Nos. 1, 2, 11, 16, 17.)

- *Second*, there is currently only limited information available about the impact a sale may have on tort claimants, limiting the Families' ability to ensure that the contemplated sale does not improperly release or prejudice their claims. (*See* Request Nos. 2, 16–18.)

- *Third*, the Families need to confirm that a sale does not impact applicable insurance coverage. (*See* Request Nos. 16–18.)

- *Lastly*, at the Sale Hearing, the Debtors will be required to carry their evidentiary burden to demonstrate that the proposed sale is proper under the facts and circumstances of these cases. The Families are entitled to discovery designed to test these factual assertions and confirm that this expedited sale process is in fact appropriate under the facts and

3

circumstances of these cases, and that the Debtors are not improperly using chapter 11 to selectively discharge unliquidated tort liabilities that the Debtors have asserted are worth less than $15,000, while their businesses otherwise continue without interruption. (*See* Request Nos. 1, 2, 4, 11 and 15.)

6. The Debtors also argue that the Families are using their Rule 2004 Motion to re-litigate the issues raised in their objection to the bidding procedures. In other words, according to the Debtors, the bidding procedures hearing was **too soon** to raise these concerns, but now it is **too late**. This flawed logic cannot withstand scrutiny. To secure Court approval of any sale, the Debtors must carry their evidentiary burden, and parties in interest such as the Families are entitled to test the Debtors' evidence by, among other things, seeking relevant discovery from the Debtors.

7. The Debtors also contend that discovery relating to the Sale Hearing is premature because there is not a contested matter. This argument should be rejected by the Court. Courts applying the "pending proceeding" rule universally recognize that Rule 2004 Discovery is appropriate when a contested matter has not been formally commenced, *see, e.g.*, *In re SunEdison, Inc.*, 572 B.R. 482, (Bankr. S.D.N.Y. 2017) (under the pending proceeding rule, "once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004") (internal citations omitted),[3] and that the pending proceeding rule does not apply when the discovery sought is unrelated to the pending proceeding. *See In re Wash. Mut., Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009) (collecting cases).

---

[3] To the extent the Court determines the Sale Hearing constitutes a contested matter, the Families respectfully submit that their Rule 2004 Motion should be construed as a motion to compel pursuant to Bankruptcy Rules 7026 and 7034, made applicable to contested matters pursuant to Bankruptcy Rule 9014(c).

4

8. Because of the expedited timeline in these proceedings, the Families are obligated to file a sale objection before the Debtors have selected a winning bidder. The timing of the process requested by the Debtors necessitates expedient and cooperative discovery in order for all interested parties to evaluate the serious consequences a sale will have on their claims.

Dated: August 27, 2020
       Huntsville, Alabama

Respectfully submitted,

By: Tazewell T. Shepard IV
Tazewell T. Shepard III
Tazewell T. Shepard IV
State Bar No. 24004246
**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

**KOSKOFF KOSKOFF & BIEDER**
Joshua Koskoff (admitted *pro hac vice*)
Alinor Sterling (admitted *pro hac vice*)
David Bernard (admitted *pro hac vice*)
Jeffrey Wisner (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421
jkoskoff@koskoff.com

- and -

**SELENDY & GAY PLLC**
Faith Gay (admitted *pro hac vice*)
1290 Avenue of the Americas,
New York, NY 10104
Tel. (212) 390-9000
fgay@selendygay.com

*Counsel for the Sandy Hook Families*

**CERTIFICATE OF SERVICE**

       This is to certify that I have this the 26th day of August, 2020 served the foregoing pleading upon the Debtor's 40 largest unsecured creditors, all counsel of record requesting notice, all other persons requesting notice, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

                                                  /s/ Tazewell T. Shepard IV
                                                  Tazewell T. Shepard IV

# EXHIBIT A

6

## REQUESTS

**REQUEST NO. 1**

Documents sufficient to show your financial performance and projections covering the years 2018 – 2020 inclusive (include both actual results and projections).

**REQUEST NO. 2**

Documents reflecting any valuation of your assets, business or liabilities, including the Sandy Hook Wrongful Death Action, from 2018 to the present.

**REQUEST NO. 3**

Documents reflecting Communications with prepetition lenders relating to the Sandy Hook Wrongful Death Action, and your decision to pursue chapter 11 and/or sale of substantially all of Remington's going concern business.

**REQUEST NO. 4**

Documents relating to the role of the Sandy Hook Wrongful Death Action, and the denial of your petition for certiorari, in the decision to commence your chapter 11 cases and/or pursue an asset sale under section 363 of the Bankruptcy Code and your decision to "explore strategic alternatives" in December 2019 as described in the D'Arcy Decl. ¶¶ 47-48.

**REQUEST NO. 5**

WITHDRAWN

**REQUEST NO. 6**

WITHDRAWN

**REQUEST NO. 7**

Documents concerning the prepetition marketing of your assets and negotiations over a potential sale of those assets, and any Communications with any party, including but not limited to the Navajo Nation, in connection therewith regarding the Sandy Hook Wrongful Death Action.

**REQUEST NO. 8**

Documents sufficient to show indications of interest or bids you have received, and any confidentiality or non-disclosure agreements you have entered into, in connection with the proposed sale of your assets either pre- or post-petition.

**REQUEST NO. 9**

Communications with potential buyers regarding the Sandy Hook Wrongful Death Action.

**REQUEST NO. 10**

WITHDRAWN

**REQUEST NO. 11**

Documents sufficient to show your valuation of any debt or equity securities associated with the Debtors.

**REQUEST NO. 12**

WITHDRAWN

**REQUEST NO. 13**

WITHDRAWN

**REQUEST NO. 14**

WITHDRAWN

**REQUEST NO. 15**

Documents relating to your decision to omit the claims of the Sandy Hook Families from your list of top 40 unsecured creditors.

**REQUEST NO. 16**

Documents relating to any insurance policies applicable to the Sandy Hook Wrongful Death Action, including any policies under which you have provided notice of claims, and all Communications with insurance companies regarding any notice of claims.

**REQUEST NO. 17**

Documents sufficient to show the total fees and expenses you have incurred defending the Sandy Hook Wrongful Death Action, how much has been reimbursed by insurance, and whether such amounts are inside or outside coverage limits.

**REQUEST NO. 18**

Documents relating to any releases you intend to request in connection with your chapter 11 cases or 363 sale.

**REQUEST NO. 19**

       WITHDRAWN

**REQUEST NO. 20**

       WITHDRAWN

**REQUEST NO. 21**

       WITHDRAWN

## **INTERROGATORIES**

**INTERROGATORY NO. 1**

       WITHDRAWN

**INTERROGATORY NO. 2**

       WITHDRAWN

**INTERROGATORY NO. 3**

       WITHDRAWN

**INTERROGATORY NO. 4**

       WITHDRAWN