UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | Case No. 20-81688-CRJ-11 |
| REMINGTON OUTDOOR COMPANY, | } | |
| INC., *et al.,* [1] | } | Chapter 11 |
| | } | |
| Debtors. | } | Jointly Administered |
| | } | |

**ORDER SCHEDULING AND ESTABLISHING REMOTE HEARING PROCEDURES
FOR THE SEPTEMBER 23, 2020 SALE HEARING**

On August 27, 2020, the Court held a Status Conference pursuant to 11 U.S.C. § 105(d) of the Bankruptcy Code, during which discussion was had regarding the hearing scheduled on September 23, 2020 to consider the sale of substantially all or a portion of the Debtors' assets (hereinafter the "Sale Hearing"). In light of the current COVID-19 pandemic and in the interest of public health and for the safety and welfare of court employees, the Bankruptcy Court for the Northern District of Alabama entered an Administrative Order ceasing all in-person hearings throughout the District effective March 23, 2020 pending further Order.[2]

The Court hereby finds and each party by and through counsel has agreed pursuant to Rule 43(a) of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), that the COVID-19 pandemic

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters is located at 100 Electronics Blvd SW, Huntsville, Alabama 35824.

[2] *See* Administrative Order 20-004, Court Operations During COVID-19 Outbreak.

and the cessation of all in-person hearings before the Court provides "good cause in compelling circumstances" to allow the Sale Hearing to be conducted remotely, through the use of videoconferencing technologies.

The Court further finds that the procedures adopted herein will provide "appropriate safeguards" for purposes of Federal Rule 43(a) and ensure due process of law by: (i) enabling the Court to identify, communicate with, and judge the demeanor of all witnesses, (ii) enabling counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real-time, (iii) enabling the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoiding any undue influence or interference with the witnesses in connection with their testimony, and (v) preserving the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. **Pretrial Status Hearing:** A pretrial status hearing will be held on **September 17, 2020** at **10:00 a.m., CDT**, before the Honorable Clifton R. Jessup, Jr. to discuss the status of the Sale Hearing, including the witness and exhibits that the parties have indicated they wish to present at the Sale Hearing. The pretrial status hearing will be held remotely using Microsoft Teams software. Participants in the pretrial status hearing will be connected remotely with the courtroom using this technology but will not be physically present in the courtroom. Prior to the hearing, the Court will issue a Microsoft Teams link that enables participation in the hearing to the list of attorneys identified as Participants by the parties in accordance with Paragraph 3 below.

2. **Remote Sale Hearing Procedure:** The Court will hold the Sale Hearing scheduled on **September 23, 2020** at **10:00 a.m., CDT** remotely using Microsoft Teams software. Participants in the Sale Hearing will be connected remotely with the courtroom using this technology but will not be physically present in the courtroom. Prior to the hearing, the Court

will issue a Microsoft Teams link that enables participation in the hearing to the list of persons identified as Participants by the parties in accordance with Paragraph 3 below.

3. **Prior Notice of Participants:** By **12:00 p.m., Noon, CDT**, on **Tuesday, September 15, 2020**, the parties shall each file a Notice of Participants, listing all attorneys and witnesses who will participate in the Sale Hearing for each party, together with an email address and telephone number for each participant. The telephone number provided should be a number at which the attorney or witness can be reached during the hearing in the event of an interruption in the audio or video feed.

4. **Electronic Submission of Hearing Exhibits:** By **12:00 p.m., Noon, CDT**, on **Tuesday, September 15, 2020**, the parties shall transmit via electronic mail all exhibits to: (i) Chambers at ordersCRJ@alnb.uscourts.gov, (ii) each other; and (iii) each witness. The parties may also distribute the electronic documents by way of a secure link to an FTP or other file sharing service, if necessary. The exhibits must be submitted in a .pdf format.

   a. Each party shall combine all of its exhibits into one .pdf document and each individual exhibit shall be pre-marked and bookmarked for easy review by the Court. Upon receipt of the electronic documents (or a download link), each attorney and witness shall take the steps necessary to ensure that all electronic documents can be successfully opened and are readily available during the hearing.

   b. Exhibits intended to be used only for impeachment purposes, shall be submitted to the Court and the other parties via email separately from all other exhibits in a .pdf folder conspicuously labeled "For Impeachment Purposes Only." Witness shall not review the impeachment exhibits until the start of his or her testimony.

5. **Remote Witness Testimony:** In accordance with Rule 43(a) of the Federal Rule of Civil Procedure, for good cause in compelling circumstances, any witness called to testify at the Sale Hearing shall testify by contemporaneous transmission from a different location into the courtroom (hereinafter referred to as "Remote Witness"). The party offering the Remote

Witness shall be responsible for ensuring that the Court's Microsoft Teams link, and all exhibits in .pdf format, are supplied to the Remote Witness prior to the hearing.

   a. All Remote Witnesses shall be placed under oath remotely and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn and testified in open court.

   b. Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to view the video feed and be seen by the Court.

   c. While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibits submitted by the parties pursuant to Paragraph 3 above, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the Remote Witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is approved by the Court, the Remote Witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

   6. **Courtroom Formalities:** Although conducted using videoconferencing technology, the Sale Hearing constitutes a court proceeding. No person shall record— from any location or by any means—the audio or video of the evidentiary hearing. The audio recording created and maintained by the Court shall constitute the official record of the evidentiary hearing. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress

appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

7. **Retention of Jurisdiction:** The Court retains jurisdiction to make any changes to the procedures outlined in this Order as it deems necessary at any time.

Dated this the 27th day of August, 2020.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge