# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*, | ) ) ) | Case No. 20-81688-11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## SECOND LIMITED OBJECTION OF THE CITY OF HUNTSVILLE, ALABAMA TO THE DEBTORS' MOTION FOR (I) AN ORDER ESTABLISHING BIDDING PROCEDURES AND GRANTING RELATED RELIEF AND (II) AN ORDER OR ORDERS APPROVING THE SALE OF THE DEBTORS' ASSETS

The City of Huntsville, Alabama (the "City") hereby submits this Second Limited Objection (this "Objection") to the *Debtors' Motion for (I) an Order Establishing Bidding Procedures and Granting Related Relief and (II) an Order or Orders Approving the Sale of the Debtors' Assets* [Doc. 29] (the "Motion")[1] filed by the Debtors. In support of this Objection, the City states as follows:

### BACKGROUND

1. Prior to the Petition Date, the City, the Industrial Development Board of the City of Huntsville (the "IDB"), Madison County, Alabama (the "County," and together with the City and the IDB, the "Local Authorities"), and Debtor Remington Outdoor Company, Inc. ("ROC") entered into that certain Project Development Agreement dated February 27, 2014 (as assigned and amended from time to time, the "Development Agreement").

2. Debtor Remington Arms Company, LLC ("RAC") subsequently assumed all rights and obligations of ROC under the Development Agreement pursuant to that certain Assignment

---

[1] Capitalized terms not otherwise defined herein shall have the meaning attributable to them in the Motion.

and Assumption of Development Agreement dated March 5, 2014, by and between ROC, as assignor, and RAC, as assignee (the "Assignment").

3. Pursuant to the Development Agreement, the Local Authorities and the Debtors identified certain real property (the "Huntsville Project Site") with an approximately 843,715 square foot facility (the "Huntsville Facility") as a suitable location to renovate and equip a manufacturing facility for the Debtors' use (the "Huntsville Project").

4. To incentivize the Debtors to undertake the Huntsville Project, the Local Authorities financed the acquisition of the Huntsville Project Site and a portion of the costs to renovate and equip the Huntsville Facility and provided various tax abatements to ROC and RAC. Specifically, pursuant to the Development Agreement, the Local Authorities advanced the sum of $12,500,000 to or for the benefit of the Debtors, with such funds to be used by the Debtors to pay for the costs of acquiring the Huntsville Project Site and the Huntsville Facility, and to pay for a portion of the Huntsville Project renovations.

5. To evidence the financing provided to the Debtors by the Local Authorities pursuant to the Development Agreement, RAC executed and delivered a Promissory Note in favor of the City dated March 6, 2014 in the principal amount of Twelve Million Five Hundred Thousand and No/100 Dollars ($12,500,000.00) (the "Note").

6. To secure all obligations under the Development Agreement and the Note, RAC executed, among other things, a Mortgage and Security Agreement in favor of the City dated March 6, 2014, and recorded in the Office of the Judge of Probate of Madison County, Alabama as Instrument No. 2014-00118250 (the "Mortgage"), pursuant to which RAC granted the City a first-priority lien and security interest on, without limitation, the Huntsville Project Site and Huntsville Facility (collectively, the "Collateral").

7. The Development Agreement, the Note, and the Mortgage are cross-defaulted.

8. In exchange for the Local Authorities' commitments, the ROC and RAC agreed in the Development Agreement to, among other things, reach yearly minimum hiring and wage levels at the Huntsville Facility and to repay the indebtedness due under the Note and the Mortgage.

9. ROC and RAC were in default prepetition and remain in default under the terms of the Development Agreement for, among other things, failing to satisfy the minimum employment and wage requirements at the Facility (the "Default").[2]

10. The current outstanding principal indebtedness secured by the Mortgage is $12,500,000.00 million, excluding accrued interest and other fees and charges due under the Development Agreement, the Note, and the Mortgage.

11. In its Schedules of Assets and Liabilities on file with the Court, RAC has valued the Collateral in excess of $61 million. [*See* Doc. 439, p. 20]. Accordingly, based on the Debtors' own valuation, the City's claim is an oversecured claim.

## LIMITED OBJECTIONS

12. The City supports the Debtors' efforts to sell substantially all of their assets, including the Huntsville Facility, on a going concern basis and does not object generally to the Debtors' Motion. However, the City does have two limited objections to the Sale proposed in the Motion.

13. First, the City objects to the Motion on a limited basis because the Motion does not request authorization to pay the City the obligations secured by the Mortgage in cash at closing from the Sale proceeds, despite seeking such authorization to pay certain other secured creditors' claims. In the Motion, the Debtors request authority to pay the Priority Term Loan Obligations

---

[2] The Debtors acknowledged their defaults in their first day pleadings. *See Declaration of Ken D'Arcy in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors-in-Possession* [Doc. 6], at ¶ 35 ("The Debtors were not in compliance with the employment goal [for the Huntsville Facility] for the annual test period most recently ended.").

3

and the FILO Term Loan Obligations with cash proceeds from the Sale. Without explanation, the Debtors do not propose similar treatment for the City, despite acknowledging the City's first priority mortgage on the Huntsville Facility. As a first-priority oversecured creditor, the City is entitled to payment at closing of cash proceeds from any sale of its Collateral in the amount of its allowed secured claim. The City, therefore, requests that any order approving the Motion grant the Debtors authority to pay the full amount of the City's secured claim with the cash proceeds from the Sale.

14. Second, the City objects to any proposed assumption or assignment of the Development Agreement by the Debtors in the Sale.[3] Section 365(c) of the Bankruptcy Code provides that, without the counterparty's consent, the Debtors "may not assume or assign any executory contract … if … applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor." 11 U.S.C. § 365(c)(1)(A). Additionally, the Debtors "may not assume or assign any executory contract … if … such contract is a contract to make a loan, or extend other debt financing or financial accommodations." 11 U.S.C. § 365(c)((2).

15. The City asserts that the Development Agreement is a contract for personal services and, thus, is not assignable under Alabama law. *See Sisco v. Empiregas, Inc. of Belle Mina*, 237 So. 2d 463, 466–67 (Ala. 1970) ("We commence with the general proposition that personal service contracts are not assignable."). Likewise, the City asserts the Development Agreement is a contract for the City and the other Local Authorities to provide "financial accommodations to or for the benefit of" the Debtors. Accordingly, the Debtors cannot assume or assign the

---

[3] The City notes that the Debtors have not identified the Development Agreement as an executory contract that may be assumed and assigned in connection with the Sale. [*See* Doc. 420.] However, the City files this Objection out of an abundance of caution.

Development Agreement under Section 365 of the Bankruptcy Code. *See* 11 U.S.C. §§ 365(c)(1)(A); 365(c)((2).

**NOTICE**

16. The City will provide notice of this Objection by email or via CM/ECF to (i) counsel for the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071, Attn: Steve Warren (swarren@omm.com) and Jennifer Taylor (jtaylor@omm.com); (ii) co-counsel for the Debtors, Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, Attn: Derek Meek (dmeek@burr.com) and Hanna Lahr (hlahr@burr.com); (iii) counsel for the Restructuring Committee, Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201, Attn: Sarah Schultz (sschultz@akingump.com); (iv) counsel for the Committee, Fox Rothschild LLP, 345 California Street, Suite 2200, San Francisco, California 94104, Attn: Michael A. Sweet (msweet@foxrothschild.com) and Baker Donelson Bearman Caldwell & Berkowitz, P.C., 420 20th Street North, Birmingham, Alabama 35203, Attn: Matthew Cahill (mcahill@bakerdonelson.com) and Rita Hullett (rhullett@bakerdonelson.com); (v) the Bankruptcy Administrator, 400 Well Street, Decatur, Alabama 35602, Attn: Richard Blythe (richard_blythe@alnba.uscourts.gov); (vi) counsel to the Stalking Horse Bidder, if any; (vii) counsel to the FILO Lenders, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com) and Andrew V. Alfano (andrew.alfano@pillsburylaw.com); (viii) counsel to Whitebox Advisors LLC, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, Attn: Andreas Andromalos (aandromalos@brownrudnick.com) and Tia C. Wallach (twallach@brownrudnick.com); (ix) all parties that have requested notice in the Debtors' bankruptcy cases.

## RESERVATION OF RIGHTS

17. The City reserves the right to join in the objections of other interested parties, to supplement or amend this Objection, and to make any additional arguments at the Sale Hearing. The City further reserves the right to file any additional objections related to (i) the identity of any Stalking Horse Bidder, Successful Bidder or Backup Bidder, (ii) the form or substance of the Stalking Horse Bid, Successful Bid or Backup Bid, or (iii) any proposed Assumption and Assignment of the Development Agreement, Note or Mortgage.

**WHEREFORE**, City respectfully requests that the Court deny approval of the Sale as currently proposed and grant the City such other and further relief as the Court deems to be just and proper.

Dated: September 1, 2020

/s/ Jay R. Bender
Jay R. Bender
Andrew J. Shaver
**BRADLEY ARANT BOULT CUMMINGS, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
jbender@bradley.com
ashaver@bradley.com

*Attorneys for the City of Huntsville, Alabama*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered to receive such service:

                                  /s/ Jay R. Bender
                                  Of Counsel