# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-CRJ11 |
| | Jointly Administered |
| Debtors. | |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion by (i) the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these jointly administered chapter 11 cases (the "Bankruptcy Cases"), (ii) Donna L. Soto, Ian and Nicole Hockley, David C. Wheeler, Mary A. D'Avino, Mark and Jacqueline Barden, William D. Sherlach, Neil Heslin and Scarlett Lewis, Leonard Pozner, and Gilles J. Rousseau (collectively, the "Soto Plaintiffs"), and (iii) the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"), (iv) Franklin Advisors, Inc. ("Franklin"), and (v) Whitebox Advisors LLC ("Whitebox," and, collectively with the Debtors, the Soto Plaintiffs, the Committee, and Franklin, the "Parties" and each a "Party") for the entry of a confidentiality and protective order ("the Protective Order"). Based upon the agreement of the Parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Confidential Material

    a. "Confidential Material," refers to information of any type, kind, or character, whether it be a document, information contained in a document, information revealed during a deposition or 2004 Examination, information revealed in an interrogatory answer, or otherwise. To qualify as Confidential Material, the information at issue must be designated as such by the party producing the information (the "Producing Party") in the manner provided for in paragraph 2 below.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters is located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

b.  All Debtors' documents and information shall be deemed to be Confidential Material and shall be treated as such until such time as they become Non-Confidential Material as provided for in paragraph 2 below.

c.  "Non-Confidential Material," as used herein, shall include documents and information where such information, documents or the contents thereof (i) have been received or obtained by any Party from a public source, provided that such other source is not known by the Party receiving the information (the "Receiving Party") to be in violation of any other obligation of confidentiality or nonuse; (ii) are or become available to the public from a source other than the Receiving Party; (iii) have been included in a filing by a person or entity (other than the Receiving Party) with the Bankruptcy Court that has not been sealed and is open to public inspection; (iv) becomes Non-Confidential Material as provided for in paragraph 2 below; or (v) is determined by the Bankruptcy Court to be Non-Confidential Material in a Motion ruling upon an Objection as provided for in paragraph 4 below.

2.  <u>Designation of Confidential Material</u>.  The Producing Party may designate Confidential Material by any of the means outlined in this paragraph (in each case, subject to paragraph 4 below).

a.  The Producing Party may designate specific documents and information as Confidential Material by (i) providing written notice to the Receiving Party identifying such documents by Bates numbers (or by specifying the document with reasonable precision), if the Receiving Party already has documents in its possession from the Producing Party; or (ii) at the time a document is produced to the Receiving Party, by stamping thereon or affixing thereto the legend "Confidential Material" (or a substantially similar legend) to the front page of such document.  The legend "Confidential Treatment Requested" stamped on or affixed to the Documents and Information shall constitute a designation of that document by the Producing Parties as Confidential Material.

b.  Where the Receiving Party marks as an exhibit at a deposition or 2004 Examination of a Producing Party or its representative any of the documents and information that previously have not been designated by the Producing Party as Confidential Material as provided herein and that does not constitute Non-Confidential Material hereunder, the Producing Party may designate such exhibits and/or portions of the transcript relating thereto as Confidential Material by either: (i) stating orally on the record, with reasonable precision, the exhibits and/or portions of the testimony that the Producing Party designate as Confidential Material; or (ii) sending to the Receiving Party within five (5) days after the Producing Party receives the transcript a written notice to the Receiving Party that identifies those specific exhibits and/or transcript pages and lines that the Producing Party designates as Confidential Material.

c.  Notwithstanding the foregoing, the entirety of all deposition and 2004 Examination transcripts shall be deemed Confidential Material for three (3) days after the transcript is delivered to counsel for the Producing Party.  During that three-day period, the Producing Party may designate any portion of a deposition or 2004 Examination transcript, to the extent not previously designated, as Confidential Material. Transcript pages and exhibits containing Confidential Material shall be distributed only in accordance with this Protective Order and to the deponent, and the deponent's counsel (who shall first have executed the

Acknowledgment of Confidentiality Agreement attached hereto as Exhibit A if such counsel is not also counsel for one of the Qualified Persons defined in Paragraph 3, below). Except as to the Bankruptcy Administrator, no one may attend or review the portion(s) of transcripts of any depositions or 2004 Examinations designated as containing Confidential Material, other than the Court and its personnel, the court reporter, outside counsel for the Receiving Party, counsel for a non-Party deponent (who shall first have executed the Acknowledgment of Confidentiality Agreement attached hereto as Exhibit A if such counsel is not also counsel for one of the Qualified Persons defined in Paragraph 3, below), and those individuals otherwise permitted to view Confidential Material pursuant to the terms of this Protective Order and whose attendance at or review of this data is reasonably necessary to assist in connection with the Proceeding.

      d.    Where the Receiving Party files any papers in court that include any of Confidential Material, the Receiving Party shall (i) note on the first page of the filed papers that they include documents that the Debtors designated as Confidential Material; (ii) request the Bankruptcy Court to file under seal those portions of the filed papers that contain Confidential Material; and (iii) provide notice to the Producing Party of the filing and its Confidential Material. The Producing Party then shall notify the Court and the party filing the court papers promptly, which shall be no later than five (5) business days after the filing, whether the Producing Party designates as Confidential Material any material included in the filed papers. Any documents that are designated by the Producing Party as Confidential Material prior to or after filing in the Court shall be permanently filed under seal unless the Receiving Party objects in writing within 24 hours of such filing and/or designation, and the Producing and Receiving Parties shall cooperate to effect such sealing.

      e.    In the event that a Receiving Party received from the Debtors any documents or information before this Order was entered, then such party may identify specific Debtors' documents and information by Bates numbers (or by specifying the document with reasonable precision) and request that the Debtors advise it in writing whether the Debtors intend to designate such documents as Confidential Material (the "Consulted Debtors' Documents"). The Debtors shall respond to such request in writing within five (5) days by identifying any of the Consulted Debtors' Documents by Bates numbers (or by specifying the document with reasonable precision) that the Debtors designate as Confidential Material. Any Consulted Debtors' Documents that the Debtors do not timely designate in writing as Confidential Material shall constitute Non-Confidential Material.

    3.    <u>Qualified Persons Use of Confidential Material</u>

      a.    Only "Qualified Persons" may have access to Confidential Material, and shall not disclose, divulge, reveal, describe, characterize, transmit, give, show to, make available to, use, or otherwise communicate or summarize any of the Confidential Material to any person other than:

      (i)    except to the extent that Confidential Materials are further designated as for "Professionals' Eyes Only," any director or officer of a Receiving Party, in each case only to the extent necessary for, and solely in and for purposes of, these Bankruptcy Cases, and only after that person executes the Acknowledgment of Confidentiality Agreement attached hereto as Exhibit A and is disclosed to the Producing Party, which shall have two (2) business days

to object to the receipt of its Confidential Materials, during which time and until the resolution of any such objection, such person shall not receive access to such party's Confidential Materials;

(ii) financial adviser or expert, retained by the Receiving Party only to the extent necessary for, and solely in and for the purposes of, these Bankruptcy Cases, only if and to the extent that such person executes the Acknowledgment of Confidentiality Agreement attached hereto as Exhibit A and is disclosed to the Producing Party, which shall have two (2) business days to object to the receipt of its Confidential Materials, during which time and until the resolution of any such objection, such person shall not receive access to such party's Confidential Materials;

(iii) the Bankruptcy Court and other court personnel (subject in each case to the restrictions set forth herein);

(iv) court reporters who record depositions, 2004 Examinations, or other testimony in these Bankruptcy Cases (subject in each case to the restrictions set forth herein);

(v) any person who is indicated on the face of a document designated as Confidential Material as being an author, addressee, or copy recipient thereof, to whom Confidential Material may be shown;

(vi) litigation vendors and other third-party litigation support personnel engaged for these Bankruptcy Cases, only to the extent necessary for, and solely in and for the purposes of, these Bankruptcy Cases; and

(vii) any person or entity to whom such disclosure may be required by law, statute, regulation, or court order, after reasonable notice to the Producing Party, and an opportunity for such parties to be heard

(viii) the Receiving Parties' counsel, who shall be bound by this Protective Order and subject exclusively to this Court's jurisdiction in connection with any questions about compliance, including those lawyers who are not admitted *pro hac vice* in these bankruptcy cases but who may have access to the production who shall first have executed the Acknowledgment of Confidentiality Agreement attached hereto as Exhibit A. With respect to the Soto Plaintiffs, "counsel" means counsel in the Bankruptcy Cases and counsel in the action, *Soto, et al. v. Bushmaster Firearms Int'l, LLC, et al.*, No. UWY-CV15 6050025S (Ct. Super. Ct.);

(ix) Debtors expressly reserve all rights to object to the scope of Soto Plaintiffs' counsel who may review documents, if any, that Debtors may produce in addition to those documents produced in response to the Court's August 28, 2020 Order [ECF 499].

b. Notwithstanding anything herein to the contrary, the Confidential Material shall be used solely in and for purposes of these Bankruptcy Cases and shall not be used in any other proceeding case or for any other purpose.

c. Any documents designated as for "Professionals' Eyes Only" may be accessed by only by persons designated in Paragraphs (3)(a)(ii)–(viii).

4. <u>Duty to Ensure Compliance</u>.  Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

5. <u>Disputes Regarding Confidential Status</u>.  A Receiving Party may raise a good-faith objection ("Objection") to the Producing Party's designation of Confidential Material and shall confer with the Producing Party regarding the basis of the Objection.  If the Receiving Party and the Producing Party cannot in good faith resolve any Objection within three (3) business days, then the Receiving Party may move in the Bankruptcy Court, upon notice required under the applicable court rules to the Debtors, for an order determining the Objection (a "Motion").  Materials subject to an Objection shall continue to be treated as Confidential Material pursuant to this Agreement during the pendency of a Motion, and the parties shall endeavor to obtain Bankruptcy Court leave to have a Motion filed under seal.

5. <u>Filing of Confidential Material in the Bankruptcy Court</u>.  In the event that the Receiving Party files any papers in the Bankruptcy Court that include any of the Producing Party's Documents and Information, it shall do so in the manner provided for in paragraph 2 above.

6. <u>Property of Producing Party</u>.  All Producing Party documents and information and Confidential Material shall remain the exclusive proprietary property of the Producing Party.

7. <u>Return of Documents</u>.  Not later than 120 days after conclusion of these Bankruptcy Cases, and upon written notification of the items to be returned or destroyed by the Producing Party, any Confidential Material, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any Qualified Person (except subparagraph 3(a)(iii), (iv), and (vii)) shall, to the extent reasonably practicable, be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Material designated to be returned or destroyed.  Each Qualified Person shall certify in writing to the Producing Party within five (5) business days following the destruction of any, some, or all of the above: (a) a description of the materials destroyed, providing an accurate, specific, and detailed description of such materials, (b) the date on which such materials were destroyed, and (b) the method of destruction.

8. <u>Unintentional Disclosures</u>.  Failure to designate information as Confidential Material does not, standing alone, waive any Party's right to designate the information under this Protective Order.  The designating Party must promptly provide written notice indicating its designation to the recipients of the information and, if the designating Party did not produce the information, to the person that produced the information.  The recipient(s) of such notice shall thereafter treat the information in all respects as if it had been designated before production and shall, in addition, exercise commercially reasonable efforts to ensure (a) the return or destruction of such Confidential Material from persons other than those authorized to receive the information; (b) that any documents or other materials derived from such Confidential Material are treated as if

the information had been designated when originally produced; and (c) that such Confidential Material is not further disclosed, except in accordance with the terms of this Protective Order.

9. <u>Ongoing Obligations</u>. Insofar as the provisions of this Protective Order, or any other protective orders entered in these Bankruptcy Cases, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of these Bankruptcy Cases, except that (a) there shall be no restriction on documents that are used as exhibits in open court, unless such exhibits were filed under seal, and (b) a party may seek the written permission of the Producing Party or order of the court with respect to dissolution or modification of this, or any other, protective order.

10. <u>Additional Parties</u>. Any party who produces information in the Bankruptcy Cases that they wish to designate as Confidential Material hereunder may sign a joinder to this Protective Order and thereby become a Party to this Agreement and assume all of the protections of a Party hereunder.

IT IS SO ORDERED this the 10th day of September 2020.

<u>/s/ Clifton R. Jessup, Jr.</u>
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Respectfully submitted:

| | |
|---|---|
| */s/ Derek F. Meek* | */s/ Tazewell T. Shepard IV* |
| BURR & FORMAN LLP | SPARKMAN, SHEPARD & MORRIS, P.C. |
| Derek F. Meek | Tazewell T. Shepard III |
| Hanna Lahr | Tazewell T. Shepard IV |
| 420 North 20th Street, Suite 3400 | P.O. Box 19045 |
| Birmingham, Alabama 35203 | Huntsville, AL 35804 |
| Telephone: (205) 251-3000 | Telephone: (256) 512-9924 |
| Facsimile: (205) 458-5100 | Email: ty@ssmattorneys.com |
| Email: dmeek@burr.com | |
| hlahr@burr.com | - and - |
| | |
| - and - | KOSKOFF KOSKOFF & BIEDER |
| | Joshua Koskoff (admitted *pro hac vice*) |
| O'MELVENY & MYERS LLP | Alinor Sterling (admitted *pro hac vice*) |
| Stephen H. Warren (admitted *pro hac vice*) | David Bernard (admitted *pro hac vice*) |
| Karen Rinehart (admitted *pro hac vice*) | Jeffrey Wisner (admitted *pro hac vice*) |
| 400 South Hope Street, 18th Floor | 350 Fairfield Avenue |
| Los Angeles, CA 90071-2899 | Bridgeport, CT 06604 |
| Telephone: (213) 430-6000 | Telephone: (203) 336-4421 |
| Facsimile: (213) 430-6407 | Email: jkoskoff@koskoff.com |

44127732 v1

Email: swarren@omm.com
krinehart@omm.com

*Attorneys for the Debtors and Debtors in Possession*

*/s/ Daniel D. Sparks*
CHRISTIAN & SMALL LLP
Daniel D. Sparks
Bill D. Bensinger
1800 Financial Center, 505 N. 20th St
Birmingham, AL 35203
Telephone: (205) 795-6588
Email: ddsparks@csattorneys.com
bdbensinger@csattorneys.com

- and -

PILLSBURY WINTHROP SHAW PITTMAN LLP
Joshua D. Morse
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Email: joshua.morse@pillsburylaw.com

Andrew V. Alfano
31 West 52nd Street
New York, NY 10019
Telephone: (212) 858-1000
Email: andrew.alfano@pillsburylaw.com

*Attorneys for Franklin Advisors, Inc.*

*/s/ Matthew M. Cahill*
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ PC
Matthew M. Cahill
Rita L. Hullett

- and -

SELENDY & GAY PLLC
Faith Gay (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 390-9000
Email: fgay@selendygay.com

*Attorneys for the Soto Plaintiffs*

*/s/ Andrew M. Carty*
BALCH & BINGHAM LLP
Jeremy L. Retherford
Jonathan P. Hoffmann
1901 Sixth Avenue North, Suite 1500
Post Office Box 306 (35201)
Birmingham, AL 35203
Telephone: (205) 226-3479
Email: jretherford@balch.com
jhoffmann@balch.com

- and -

BROWN RUDNICK LLP
Steven D. Pohl
Andreas P. Andromalos
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Email: spohl@brownrudnick.com
aandromalos@brownrudnick.com

Andrew M. Carty
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: acarty@brownrudnick.com

*Attorneys for Whitebox Advisors LLC*

420 20th Street North, Suite 1600
Birmingham, AL 35203
Telephone: (205) 244-3839
Email: rhullett@bakerdonelson.com
mcahill@bakerdonelson.com

Jan M. Hayden
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-8645
Email: jhayden@bakerdonelson.com

- and -

*/s/ Gordon E. Gouveia*
FOX ROTHSCHILD LLP
Gordon E. Gouveia
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 980-3816
Email: ggouveia@foxrothschild.com

Michael A. Sweet
325 California St., Suite 2200
San Francisco, CA 94104-2670
Telephone: (415) 364-5560
Email: msweet@foxrothschild.com

*Attorneys for the Committee*

44127732 v1

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br> REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-81688-CRJ11 <br><br> Jointly Administered |

## CONFIDENTIALITY AGREEMENT FOR EXPERT CONSULTANT OR EMPLOYEES OF ANY PARTY

I, _____, under penalty of perjury, 28 U.S.C. § 1746, certify that:

      1.    The "Confidential Material," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to that Protective Order's terms.

      2.    I have received a copy of and have read the Protective Order.

      3.    I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

      4.    I agree not to use any "Confidential Material" disclosed to me under the Protective Order except for purposes of the above-captioned case (and pursuant to the Protective Order's terms) and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the "Confidential Material" or by order of the Court.

      5.    I also agree to notify any stenographic, clerical, or technical personnel who may assist me about the terms of this Protective Order and that Order's binding effect on them and me.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters is located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

44127732 v1

6. I understand that I am to retain all documents or materials designated as or containing "Confidential Material" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies (including electronic copies), and any writings prepared by me containing "Confidential Material" are to be returned to counsel who provided me with such documents and materials.

Signed _____,
this _____, day of _____, 20__


_____
                Signature

44127732 v1