IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered |

## DEBTORS' RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file their response (this "**Response**") to the *Motion for Relief from Automatic Stay* (the "**Motion for Relief**") [Docket No. 597] filed by Benjamin and Joann Harris (together, the "**Harrises**"). In support of this Response, the Debtors respectfully state as follows:

1. In the Motion for Relief, the Harrises request that this Court grant them relief from the automatic stay to permit the United States Court of Appeals for the Tenth Circuit (the "**Appellate Court**") to enter a decision on the pending appeal (the "**Pending Appeal**") from the United States District Court for the Western District of Oklahoma, *Benjamin & Joann Harris v. Remington Arms Company, LLC*, Case No. CJ-2015-6466 (the "**Underlying Litigation**").

2. The Debtors do not object to the Motion for Relief solely to the extent that it seeks relief from the automatic stay to permit the Appellate Court to issue a decision in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

Pending Appeal, as the appeal was fully briefed and argued pre-petition. As such, permitting the Appellate Court to issue a decision will not require the Debtors' estates to incur additional costs in the Pending Appeal. However, the Debtors do object to the Motion for Relief to the extent that the Harrises seek relief to proceed with any additional filings or proceedings, whether in the Pending Appeal, the Underlying Litigation, and/or any further appeals or actions after the Appellate Court issues a decision. The Debtors are defendants in multiple lawsuits that were pending prior to the filing of the Chapter 11 Cases. Those lawsuits are now stayed, which has given the Debtors the ability to focus on the upcoming auction and sale of the Debtors' assets, a course of action that is in the best interests of the Debtors' estates and their creditors. The Debtors' limited post-petition financing budget is not sufficient to support defense of these lawsuits if relief from the stay were to be granted more expansively.

3. Additionally, the Debtors object to the Harrises seeking to pursue any applicable insurance proceeds. As an initial matter, such relief is premature, as the Pending Appeal is still in process and the Debtors may be the successful party in that appeal. Further, any claims that the various plaintiffs may have against such insurance policies should be addressed later, rather than now in a piecemeal fashion before the Debtors have had an opportunity to assess the impact on their insurance assets. The Debtors plan to continue discussions with the Creditors' Committee concerning insurance-related issues and reserve all rights related to their insurance assets.

4. Finally, under the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection, (iii) Modifying Automatic Stay, and (iv) Granting Related Relief* (the "**Final Cash Collateral Order**") [Docket No. 410], there are default provisions related to relief from stay orders

2

concerning assets of the Debtors' estates. *See* Final Cash Collateral Order, ¶ 11(ii)(C). While the Debtors would reserve all rights to contest that any order on the Motion for Relief as to the Debtors' insurance assets could constitute a default, the risk that such an order would result in a default under the Final Cash Collateral Order should be taken into account, particularly since there is no immediate basis for the Harrises to pursue any insurance assets.

5. The Debtors' position with respect to the Motion for Relief should not be considered a general consent to relief from the automatic stay for other creditors and/or interested parties, and the Debtors reserve all rights to object to any other motions for relief from the automatic stay filed in these Chapter 11 Cases. Without limiting the generality of the foregoing, the Debtors reserve all rights related to the automatic stay and process for liquidating claims against them under the Bankruptcy Code and other applicable law, none of which are waived hereby. The ultimate allowance of any claims in these Chapter 11 Cases, including those asserted by the Harrises, must remain subject to those rules and procedures.

Dated: September 14, 2020.

/s/ Derek F. Meek
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:      (205) 458-5100
Email: dmeek@burr.com
         hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (admitted *pro hac vice*)
Karen Rinehart (admitted *pro hac vice*)

3

400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: swarren@omm.com
 krinehart@omm.com

*Attorneys for the Debtors and Debtors in Possession*