| | |
|---|---|
| **Subject:** | Remington / Magpul |
| **Date:** | Sunday, September 20, 2020 at 5:30:54 PM Eastern Daylight Time |
| **From:** | Rinehart, Karen |
| **To:** | Mark Schneiderman |
| **CC:** | Taylor, Jennifer, Carter, Matt |
| **Attachments:** | AssumptionAssignmentNotice_DI420_8_21_20.pdf, BiddingProceduresOrder8_20_20_DI_411.pdf |

We are in receipt of your email thread (below) commencing on 9/11/20. Please note that the *Order Establishing Bidding Procedures Relating to the Sales of All or a Portion of the Debtors' Assets*, entered on 8/20/20 (Docket No. 411) (the "Bidding Procedures Order") established 9/1/20 at 4:00 p.m. CDT as the Sale Objection Deadline and 9/8/20 at 4:00 p.m. CDT as the Assumption and Assignment Objection Deadline. *See* Bidding Procedures Order, para. 4. *See also* Bidding Procedures Order, para. 24, which sets forth the requirements for a counterparty objection regarding the proposed assumption and assignment and/or cure costs. Such objections were required to be filed and served not later than 4:00 p.m. CDT on the day that is fourteen days following service of the Assumption and Assignment Notice. The Assumption and Assignment Notice was filed and served on 8/21/20 (Docket 420), and Magpul is listed as Item No. 76 thereon. Accordingly, the response deadline was 9/4/20 at 4:00 p.m. CDT. Please refer to Bidding Procedures Order para. 35 for the conditions under which parties are deemed to have consented to any Sale Transaction, including the transfer of the Debtors' right, title, and interest in, to, and under the Debtors' Acquired Assets free and clear of any and all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for any Sale Transaction.

Copies of the Bidding Procedures Order and the Assumption and Assignment Notice are attached hereto for your ease of reference.

Regards,

## O'Melveny

**Karen Rinehart**
kr nehart@omm.com
O: 213-430-6686

Of Counse
O Me veny & Myers LLP
400 South Hope Street, 18th F oor
Los Ange es, CA  90071

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Page 1 of 3

Case 20-81688-CRJ11    Doc 750-2    Filed 09/21/20    Entered 09/21/20 16:49:32    Desc Exhibit Exhibit B - Annex A -- Email with OMN    Page 1 of 3

**From:** Mark Schneiderman <mschneiderman@magpul.com>
**Sent:** Wednesday, September 16, 2020 11:28 AM
**To:** Carter, Matt <mattcarter@omm.com>
**Cc:** Taylor, Jennifer <jtaylor@omm.com>
**Subject:** Re: ROC Sale -- Magpul

[EXTERNAL MESSAGE]
I'll assume we have an extension unless you say otherwise. I realize you are busy on other more pressing matters,

Mark

---

**From:** Mark Schneiderman <mschneiderman@magpul.com>
**Date:** Monday, September 14, 2020 at 12:50 PM
**To:** "Carter, Matt" <mattcarter@omm.com>
**Cc:** "Taylor, Jennifer" <jtaylor@omm.com>
**Subject:** Re: ROC Sale -- Magpul

Kindly confirm that any objection deadlines are tolled so that we can avoid the need to file anything.

-Mark

---

**From:** "Carter, Matt" <mattcarter@omm.com>
**Date:** Friday, September 11, 2020 at 5:21 PM
**To:** Mark Schneiderman <mschneiderman@magpul.com>
**Cc:** "Taylor, Jennifer" <jtaylor@omm.com>
**Subject:** RE: ROC Sale -- Magpul

Mark,

Thanks; we'll connect the right folks with you.

Regards,
Matt Carter

**O'Melveny & Myers LLP**
Direct tel: **(213) 430-7802**

---

**From:** Mark Schneiderman <mschneiderman@magpul.com>

Page 2 of 3

Case 20-81688-CRJ11    Doc 750-2    Filed 09/21/20    Entered 09/21/20 16:49:32    Desc
Exhibit Exhibit B - Annex A -- Email with OMN    Page 2 of 3

**Sent:** Friday, September 11, 2020 12:56 PM
**To:** Taylor, Jennifer <jtaylor@omm.com>; Carter, Matt <mattcarter@omm.com>
**Subject:** ROC Sale -- Magpul

[EXTERNAL MESSAGE]
Jennifer and Matt,

I also wanted to address a matter related to Magpul and the sale of Remington's assets, let me know who the right person to talk to on this.

Situation 1:

There is a License Agreement dated January 23, 2008 between Magpul and Remington (i.e., Bushmaster Firearms International LLC). This relates to licenses for the product that is now called the ACR. This product has not been refreshed and we assume that the intent is to retire it, but wanted to confirm. There has been no formal communications on this license, but Magpul would like clarification that it has been terminated.

Magpul is entitled to an 8.5% royalty on Gross Sales. There is also a minimum annual sales volume, which has not been met for many years. To the extent the License has not been terminated pre-petition, Magpul has a claim (including post-petition admin) for minimum royalty payments. Given the 4,000 minimum order quantity and the ~$2,000 price per unit, the minimum expected royalty is $680,000 for any calendar year period. It would take a more substantive accounting to determine the actual claims Magpul would assert if Remington would assert that the License is still in force or attempted to transfer it. We think it makes sense to clean up the record.

We would propose to enter into a stipulation clarifying that the License was terminated, effective nunc pro tunc to the petition date. We would also like to make clear that the debtors do not purport to sell this license as a part of any sale transaction.

Situation 2:

There are a number of Magpul products designed for the Remington 700 (e.g., the Pro chassis). These were designed in consultation with and support of Remington. Magpul is also a supplier to Remington for a number of parts. The Sale order free and clear language could be read to mean that Remington IP is being sold free and clear of licenses (express or implied) to Magpul. However, Magpul takes the position that Remington agreed not to assert its IP against Magpul with respect to Magpul's products for the 700 line or otherwise. We would like the sale order to carve out express or implied licenses to Magpul from the free and clear language. Although we don't need anything specific on what the rights are, the sale order should not purport to waive Magpul's rights in this regard.

Let me know your preference on next steps, but (in light of the sale) I thought it might be helpful to flag these potential issues from the Magpul side.

-Mark Schneiderman, Esq.
Cell: