# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered |

**SUPPLEMENTAL NOTICE OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND
ASSIGNED IN CONNECTION WITH THE SALE OF THE DEBTORS'
ASSETS AND THE PROPOSED CURE COST WITH RESPECT THERETO**

> **YOU ARE RECEIVING THIS SUPPLEMENTAL NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS AND THE PROPOSED CURE AMOUNT WITH RESPECT THERETO (THE "SUPPLEMENTAL NOTICE") BECAUSE YOU MAY BE A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH REMINGTON OUTDOOR COMPANY OR ONE OR MORE OF ITS AFFILIATED DEBTORS (COLLECTIVELY, THE "DEBTORS"). PLEASE READ THIS SUPPLEMENTAL NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN.**

**PLEASE TAKE NOTICE** that on July 28, 2020, the Debtors filed a motion (the "**Motion**")[2] with the United States Bankruptcy Court for the Northern District of Alabama (the "**Bankruptcy Court**") seeking, among other things, entry of an order (the "**Bidding Procedures Order**"): (i) approving the proposed bidding procedures (the "**Bidding Procedures**") by which the Debtors will solicit and select the highest or otherwise best offer for the sale of substantially all or a portion of their assets (the "**Acquired Assets**") through one or more sales of the Acquired Assets (each, a "**Sale Transaction**" or "**Sale**"); (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "**Assumption and Assignment Procedures**"); (iii) approving the form and manner

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters is located at 100 Electronics Blvd SW, Huntsville, AL 35824.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

of notice with respect to certain procedures, protections, schedules, and agreements, including the Debtors' selection of one or more stalking horse bidders (each, a "**Stalking Horse Bidder**"), if any, and the provision of Bid Protections (as defined below) to such Stalking Horse Bidder, if necessary; (iv) scheduling (a) an auction (the "**Auction**") if the Debtors receive two (2) or more timely and acceptable Qualified Bids (as defined below), and (b) a final hearing (the "**Sale Hearing**") to approve one or more Sales of the Acquired Assets; and (v) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that on August 20, 2020, the Bankruptcy Court entered the Bidding Procedures Order [Doc. 411].

**PLEASE TAKE FURTHER NOTICE** that the Bidding Procedures Order, among other things, established procedures for the assumption and assignment of certain executory contracts and unexpired leases that the Debtors believe they might seek to assume and assign in connection with a Sale Transaction (collectively, the "**Designated Contracts**") to a purchaser and the determination of related Cure Costs (as defined below). The Debtors are parties to numerous Designated Contracts and, in accordance with the Bidding Procedures Order, hereby file this notice identifying (i) the Designated Contracts, which may be assumed and assigned to the Successful Bidder(s) in connection with the Sale Transaction(s) and (ii) the proposed amounts, if any, the Debtors believe are owed to the counterparty to the Designated Contract to cure any defaults or arrears existing under the Designated Contract (the "**Cure Costs**"), both as set forth on Exhibit 1 attached hereto. Other than the Cure Costs listed on Exhibit 1, the Debtors are not aware of any amounts due and owing under the Designated Contracts listed therein.

**PLEASE TAKE FURTHER NOTICE** that on August 21, 2020, the Debtors filed the *Notice of Executory Contracts and Unexpired Leases That May Be Assumed and Assigned in Connection with the Sale of the Debtors' Assets and the Proposed Cure Cost with Respect Thereto* [Doc. 420] (the "**Notice**"). On September 4, 2020, the Debtors filed the *Amended Notice of Executory Contracts and Unexpired Leases That May Be Assumed and Assigned in Connection with the Sale of the Debtors' Assets and the Proposed Cure Cost with Respect Thereto* [Doc. 583] (the "**Amended Notice**").

**PLEASE TAKE FURTHER NOTICE** that on September 27, 2020, the Debtors filed the *Notice of Successful Bidders with Respect to Certain of the Debtors' Assets* [Doc. 821]. This Supplemental Notice includes 18 additional Designated Contracts, which may be assumed and assigned to the Successful Bidder(s) in connection with the Sale Transaction(s). The additional Designated Contracts are listed on Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that the listing of a Designated Contract on Exhibit 1 does not constitute an admission that the Designated Contract is an executory contract or unexpired lease as contemplated by Section 365(a) of the Bankruptcy Code or that the Debtors have any liability thereunder, and the Debtors expressly reserve all of their rights, claims, causes of action, and defenses with respect to the Designated Contracts listed on Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that a counterparty to a Designated Contract listed on this Supplemental Notice may file an objection (a "**Designated Contract Objection**") only if such objection is to the proposed assumption and assignment of the applicable Designated Contract or the proposed Cure Costs, if any. All Designated Contract Objections must (1) state, with

specificity, the legal and factual basis for the objection as well as what Cure Costs are required, if any, (2) include appropriate documentation in support thereof, and (3) be filed and served on the Objection Recipients no later than **4:00 p.m. (prevailing Central Time) fourteen (14) days following the date of this Supplemental Notice** (the "**Assignment and Assumption Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that the Objection Recipients are: (i) counsel for the Debtors, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071, Attn: Steve Warren (swarren@omm.com) and Jennifer Taylor (jtaylor@omm.com); (ii) co-counsel for the Debtors, Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, Attn: Derek Meek (dmeek@burr.com) and Hanna Lahr (hlahr@burr.com); (iii) counsel for the Restructuring Committee, Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201, Attn: Sarah Schultz (sschultz@akingump.com); (iv) counsel for the Committee, Fox Rothschild LLP, 345 California Street, Suite 2200, San Francisco, California 94104, Attn: Michael A. Sweet (msweet@foxrothschild.com) and Baker Donelson Bearman Caldwell & Berkowitz, P.C., 420 20th Street North, Birmingham, Alabama 35203, Attn: Matthew Cahill (mcahill@bakerdonelson.com) and Rita Hullett (rhullett@bakerdonelson.com); (v) the Bankruptcy Administrator, 400 Well Street, Decatur, Alabama 35602, Attn: Richard Blythe (richard_blythe@alnba.uscourts.gov); (vi) counsel to the Stalking Horse Bidder, if any; (vii) counsel to the FILO Lenders, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com) and Andrew V. Alfano (andrew.alfano@pillsburylaw.com); (viii) counsel to Whitebox Advisors LLC, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, Attn: Andreas Andromalos (aandromalos@brownrudnick.com) and Tia C. Wallach (twallach@brownrudnick.com); and (ix) all parties that have requested notice in the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE THAT IF A COUNTERPARTY TO A DESIGNATED CONTRACT FILES A DESIGNATED CONTRACT OBJECTION IN A MANNER THAT IS CONSISTENT WITH THE REQUIREMENTS SET FORTH ABOVE, AND THE PARTIES ARE UNABLE TO CONSENSUALLY RESOLVE THE DISPUTE, THE SUCH OBJECTION WILL BE HEARD AT A HEARING DATE THAT THE DEBTORS DETERMINE IN THEIR DISCRETION, OR SUCH OTHER DATE DETERMINED BY THIS COURT.**

**PLEASE TAKE FURTHER NOTICE** that if the counterparty to a Designated Contract does not timely file and serve a Designated Contract Objection that is consistent with the requirements set forth above by the Assignment and Assumption Objection Deadline, such counterparty will be deemed to have consented to the assumption and assignment of the Designated Contract to a Successful Bidder, notwithstanding any anti-alienation provision or other restriction on assumption or assignment in the Designated Contract, and shall be forever barred from asserting any objection with regard to such assumption and assignment and/or Cure Costs set forth in Exhibit 1, except with respect to the adequate assurance of future performance by the Successful Bidder(s). Any objections to any Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Supplemental Designated Contract Hearing and will be resolved at the hearing at which it is raised or, in the Debtors' discretion, adjourned to a later hearing.

**PLEASE TAKE FURTHER NOTICE** that although the Debtors have made a good faith effort to identify all Designated Contracts that might be assumed and assigned in connection with a Sale Transaction, the Debtors may discover certain contracts inadvertently omitted from the Designated Contracts list or Successful Bidder(s) may identify other executory contracts or unexpired leases that they desire to assume and assign in connection with the Sale. Accordingly, the Debtors have reserved the right, at any time after the Assumption and Assignment Service Date and before the closing of a Sale Transaction, to (i) supplement the list of Designated Contracts on this Supplemental Notice with previously omitted Designated Contracts in accordance with the definitive agreement for a Sale Transaction, (ii) remove a Designated Contract from the list of contracts ultimately selected as a Designated Contract that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale Transaction, and/or (iii) modify the previously stated Cure Cost associated with any Designated Contract.

**PLEASE TAKE FURTHER NOTICE** that in the event that the Debtors exercise any of the rights reserved above, the Debtors will promptly serve a further supplemental notice of assumption and assignment by electronic transmission, hand delivery, or overnight mail on the counterparty (and its attorney, if known) to each impacted Designated Contract at the last known address available to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that this Supplemental Notice is subject to the terms and conditions of the Motion and the Bidding Procedures Order, with such Bidding Procedures Order controlling in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety. Parties with questions regarding the Assumption and Assignment Procedures contained herein should contact the Debtors' counsel at the contact information provided below.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a Designated Contract on this Supplemental Notice will not obligate the Debtors to assume any Designated Contract listed thereon or the Successful Bidder(s) to take assignment of such Designated Contract. Only those Designated Contracts that are included on a schedule of assumed and assigned executory contracts and unexpired leases attached to the final purchase agreement with the Successful Bidder(s) (each, an "**Acquired Contract**") will be assumed and assigned to the Successful Bidder(s).

**PLEASE TAKE FURTHER NOTICE** that copies of this Supplemental Notice, the Motion, and the Bidding Procedures Order may be examined by interested parties (i) free of charge at the website established for these Chapter 11 cases by the Debtors' claims agent, Prime Clerk, at https://cases.primeclerk.com/RemingtonOutdoor, or (ii) on the Bankruptcy Court's electronic docket for the Debtors' Chapter 11 cases, which is posted on the Internet at www.alnb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).

*(Remainder of page intentionally left blank)*

Dated: September 29, 2020

/s/ Derek F. Meek
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: dmeek@burr.com
hlahr@burr.com

- and -

**O'MELVENY & MYERS LLP**
Stephen H. Warren (admitted *pro hac vice*)
Karen Rinehart (admitted *pro hac vice*)
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Jennifer Taylor (admitted *pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Attorneys for the*
*Debtors and Debtors in Possession*

**Exhibit 1**

| Contract Counter Party | Services Provided | Cure Amount [1] |
|---|---|---|
| Ashgrove Marketing Ltd. | Trademark License Agreement | N/A |
| Bashieri & Pellagri | Trademark License Agreement | N/A |
| IRIS USA Inc. | Trademark License Agreement | N/A |
| HI - PERFORMANCE DESIGNS INC | Trademark License Agreement | 290 |
| Nippo Kogyo Co., Ltd. | License Agreement | 290 |
| Open Roads Brands, LLC | Trademark License Agreement | N/A |
| Outdoor Cap Company, Inc. | Trademark License Agreement | N/A |
| TOP PROMOTIONS INC | Trademark License Agreement | 4,653 |
| P.L. Austin, Inc. d/b/a Vintage Editions | Trademark License Agreement | N/A |
| DE LAGE LANDEN FINANCIAL SER | Agreement | 14,131 |
| Norgon LLC | Magazine Catch Manufacturing License Agreement | N/A |
| Ashgrove Marketing Ltd. | Exclusive Trademark License Agreement | N/A |
| AVT Leather Inc. | Trademark License Agreement | N/A |
| Desperate Enterprises, Inc. | Trademark License Agreement | N/A |
| PEM America Company | Trademark License Agreement | N/A |
| L R Nash (SMK) LTD | Trademark License Agreement | N/A |
| Radiator Specialty Company DBA RSC Chemical Solutions | Trademark License Agreement | N/A |
| Southern Fried Cotton | Trademark License Agreement | N/A |
| THE ALLEN CO INC | Trademark License Agreement | 8,842 |

(1) Amounts represent what has been recorded in the accounts payable ledger as of the petition date, noting that "N/A" means the Cure Cost is $0. These figures do not include (i) future commitments under the contracts, (ii) amounts due under development agreements, (iii) future commitments under any purchase orders and (iv) goods received and not invoiced. The Debtors are continuing to review and reconcile pre-petition liabilities and cure costs; all amounts are subject material change.