# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | Case No. 20-81688-CRJ11 |
| | Jointly Administered |
| Debtors. | |

## ORDER AUTHORIZING ENTRY INTO THE
## COLLATERAL SUB-AGENT APPOINTMENT AGREEMENT

Upon consideration of the motion (the "**Motion**")[2] [ECF No. 1067] of the Debtors pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") for authority to enter into the Agreement as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion on November 12, 2020; and this Court having determined that the legal and factual bases set forth in the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **APPROVED** as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(b) and (c) of the Bankruptcy Code, to enter into the Agreement.

3. The parties to the Agreement are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate and fully execute the Agreement and effectuate its terms, including entry into the Agreement.

4. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order. The Court shall retain jurisdiction with respect to any matters, Claims, rights, or disputes arising from or related to this Order.

Dated this the 13th day of November, 2020.

/s/ Clifton R. Jessup, Jr.  
Clifton R. Jessup, Jr.  
United States Bankruptcy Judge