UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered<br><br>**Re: Docket No. 1006, 1128** |

# FEE EXAMINER'S FINAL REPORT REGARDING FIRST INTERIM FEE APPLICATION REQUEST OF <u>O'MELVENY & MYERS LLP</u>

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the First Interim Fee Application Request of O'Melveny & Myers LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Attorneys for the Debtors for the compensation period from July 27, 2020 through September 30, 2020 ("Fee Application") seeking approval of fees in the amount of $5,370,153.50 and the reimbursement of expenses in the amount of $99,394.52, submits its final report.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

1

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the interim fee statement and the applications, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Alabama ("Local Rules").

2. DFR did not prepare informal memos related to interim fee applications of the Firm. We included our questions and issues in an initial report and this final report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of July 27, 2020 through September 30, 2020 the Firm submitted fee applications in the amount of $5,370,153.50 as actual, reasonable and necessary fees and for expense reimbursement of $99,394.52. For the Fee Application period, we calculated that $37,962.50 was related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. We noted that cumulatively through this period the Firm has charged $37,962.50 related to fee

2

Case 20-81688-CRJ11    Doc 1213    Filed 12/03/20    Entered 12/03/20 13:37:25    Desc
Main Document    Page 2 of 7

applications on a cumulative basis and we have calculated that 0.7% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this interim fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Our procedures applied to the monthly fee applications identified timekeepers with limited time charged to this estate. We questioned the necessity and value to the estate because of the minimal involvement. We requested and the Firm advised us how they were necessary and of value in these instances. After our review of this information, we have no recommendation for reduction in fees. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

6. Also, our procedures applied to the monthly fee applications identified entries where charges may have been duplicated. We requested that the Firm review these entries and correct the application if they are found to be duplicates. The Firm provided additional detail and explanation that these were not duplicated entries. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

7. We noted that several of the Firm's professionals attended hearings telephonically during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested that the Firm provide further explanation regarding these hearings and why all of these fees are compensable. The Firm provided a detailed description of how the auction proceeded and how each participant was actively involved. Included in this was an explanation of the different expertise needed

3

throughout the process. Also, the Firm advised us that even though some of the proceedings exceeded normal working hours, the time of several participants was capped at 8 hours/day and the remaining time was not billed. After our review of this information and explanations, we have no recommendation for reduction in fees. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

8. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted the entries for Text Editing totaling $12,584.25. This represents 279.7 hours at $45 per hour. Activities, such as proof reading, word processing and text editing, are normally considered part of the Firm's overhead and would not be charged to the estate. We requested and the Firm agreed to withdraw them. We recommend that reimbursement of expenses be reduced by $12,584.25.

9. Also, we noted the entries for color copies totaling $54,621.25. This represents 43,697 pages at $1.25 per page. We request and the Firm agreed to reduce these charges to the more normal rate of $0.80/page. We requested and the Firm agreed to withdraw them. We recommend that reimbursement of expenses be reduced by $19,663.65.

10. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm identified the participants referred to as "Litigation Counsel", "OMM Attorneys", "OMM Labor Team", "Client",

4

"Debtors Product Liability Counsel", "Burr & Forman", "Financial Advisor", "Committee Counsel", "OMM Litigation Team", "Prime Clerk", "M-III", "OMM Team", "E&Y", "Alabama Co-counsel", "OMM Specialists", "OMM Production Support Team", "Special Committee Advisors", "Advisors", "Working Group", "Bankruptcy Team", "Debtors Professionals", "OMM Sale Team", "OMM", "Akin", "Ducera", "Litigation Team", "Consultation Parties", "Ducera Team", "OMM M&A Team and "Team". Also, we reviewed entries that did not identify participants. We are not able to test these entries without this information. We requested and the Firm provided such participant information for these entries. After our review of this information, we have no recommendation for reduction in fees. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

11. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as procedures related to invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. Professionals are aware of the timekeeping requirements and the Debtor should not need to reimburse the Firm for errors or invoice review. We requested that the Firm review the entries and withdraw such entries for administrative activities, if appropriate. The Firm explained the context of these entries and how they were not administrative. Since no adjustment is required, no exhibit has been included.

5

12. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm agreed to instruct timekeepers to avoid or stop the use of vague activity descriptions such as "work on", "work", "follow up" and "attention to". Also, we identified vague entries that did not explain the amount of time charged or may not identify the subject. We requested and the Firm provided additional description of the activities to support the time and need. After our review of this information, we have no recommendation for reduction in fees. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

13. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

**CONCLUSION**

14. Regarding the applications and the fees and expenses discussed in the previous sections, DFR submits its final report for the First Interim Fee Application Request of O'Melveny & Myers LLP for compensation for services rendered and reimbursement of expenses as Attorneys for the Debtors for the compensation period from July 27, 2020 through

6

September 30, 2020 and we will recommend the approval of the fees of $5,370,153.50 and reimbursement of expenses in the amount of $67,146.62 ($99,394.52 minus $32,247.90).

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
W. J. Dryer

1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.287.0955
dfr.wjd@gmail.com