# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 20-81688-CRJ11 |
| REMINGTON OUTDOOR ) | |
| COMPANY, INC., *et al.*,[1] ) | Chapter 11 |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

### IRONSHORE SPECIALTY INSURANCE COMPANY'S MOTION TO CONTINUE THE CONFIRMATION HEARING TO ACCOMMODATE MEDIATION OF OBJECTIONS TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE EXIT TERM LOAN LENDERS

Ironshore Specialty Insurance Company ("Ironshore") hereby moves to continue the confirmation hearing scheduled for March 8, 2021 to accommodate a mediation of objections to confirmation of Debtors' Joint Chapter 11 Plan, as revised (the "Plan," Dkt. No. 1405, Exh. B-1).

Objections to confirmation were timely filed by Ironshore, by the Sandy Hook families, by a number of Class 7 Tort Claimants who joined in the objections of the Sandy Hook families, and others. The objections filed by Ironshore and the Sandy Hook families address many of the same interrelated issues having to do with (i) the treatment of Class 7 Tort Claimants under the Plan and (ii) the insurance, under policies issued by Ironshore and other

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405) (collectively, the "Debtors").

insurers, that might be available with respect to such claims, subject, in all respects, to the terms, conditions, exclusions, and limitations set forth, or incorporated, in such insurance policies. While many of the objections stated by Ironshore and the Sandy Hook families come at issues from differing, sometimes opposite, perspectives, on other issues Ironshore and the Sandy Hook families appear to have similar perspectives. Both Ironshore and the Sandy Hook families included with their objections proposed plan modifications that, if accepted by Debtors, would resolve their objections.

In their objections, the Sandy Hook families state that, as an alternative to their proposed plan modifications, "the Sandy Hook Families are willing to enter into mediation to achieve a resolution of [their] Objection. In light of the targeted revision to the Plan the Sandy Hook Families seek, they believe mediation would be an efficient means of consensually resolving this Objection." (Dkt. No. 1546 at 7 n.8.)

Ironshore agrees with the Sandy Hook families that mediation would be an efficient means of attempting to consensually resolve the pending objections by Ironshore and the Class 7 Tort Claimants. The issues raised in the various objections are serious, substantive objections that must be addressed by the Court. To the extent the objections voice differing or opposite perspectives, any ruling by the Court will leave one or more of the Debtors, Ironshore, and/or the Tort Claimants disappointed, potentially leading to the Debtors abandoning the Plan (if the Court's rulings are not to Debtors' liking) or, if a confirmation order is entered, the filing of appeals by one or more objectors, which could delay the Effective Date of the Plan. Given these factors, Ironshore submits that a mediation among Debtors, the Committee, Ironshore, the Sandy Hook families, and other Class 7 Tort Claimant objectors would be an efficient and potentially effective way to possibly resolve the pending objections to the satisfaction of all

Case 20-81688-CRJ11    Doc 1572    Filed 03/03/21    Entered 03/03/21 17:54:39    Desc
Main Document    Page 2 of 4

parties. Mediation is particularly attractive here, given the litigation postures of the various parties, because the confidentiality afforded by the mediation process will promote frank discussions among the mediation parties.[2]

Ironshore therefore moves that the Court (i) order the aforementioned parties to mediation of the Plan confirmation objections filed by Ironshore, the Sandy Hook families, and the Class 7 Tort Claimants who joined in the Sandy Hook families' objections, and (ii) continue the scheduled March 8 confirmation hearing until sometime after completion of the initial substantive mediation session, subject to the confirmation hearing being further continued if the parties and the Court believe that the mediation ought to continue (if an agreement is not reached during that initial mediation session).

WHEREFORE, for the reasons stated above, Ironshore requests that the Court order a Plan mediation and continue the confirmation hearing to accommodate that mediation.

DATED: March 3, 2021

Respectfully submitted,

By: _/s/ Kevin D. Heard_
Kevin D. Heard
Angela S. Ary
HEARD, ARY & DAURO, LLC
303 Williams Avenue
Park Plaza, Suite 921
Huntsville, Alabama 35801
Phone: (256) 715-5184
Email: kheard@heardlaw.com
aary@heardlaw.com

Mark D. Plevin (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor

---

[2] Ironshore acknowledges that other parties also filed objections. The Court may wish to consider whether any Plan mediation should include such other objectors.

San Francisco, California 94111
Phone: (415) 986-2800
Email: mplevin@crowell.com

Tacie H. Yoon (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: tyoon@crowell.com

*Attorneys for Ironshore Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I certify that I have, on this the 3rd day of March, 2021 served the foregoing pleading upon the Debtors' 40 largest unsecured creditors, all counsel of record requesting notice, all other persons requesting notice, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

/s/ *Kevin D. Heard*
Kevin D. Heard

59938738

- 4 -