UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re:                                              Chapter 11

REMINGTON OUTDOOR COMPANY
                                                    Case No. 20-81688-CRJ11
INC. et al.

              Debtors                               Jointly Administered

## MOTION OF JAMES H. FETZER TO INTERVENE

## AND FOR APPOINTMENT OF LOCAL ALABAMA LEGAL COUNSEL

NOW, COMES James H. Fetzer, Ph.D., pro se, to request permission to intervene in this case and for an extension of time to locate Alabama counsel to anchor my *own pro hac vice,* or in the alternative, for a court-appointed local counsel for that purpose, as follows:

1. I am the co-editor of the book, *Nobody Died at Sandy Hook: It was a FEMA drill to Promote Gun Control* (2015; 2ND ed. 2016), which has thirteen contributors, including six Ph.D. (current or retired) professors. On 22 October 2015 we published our findings concluding that the school had been closed since 2008 and that the "shooting" had been a 2-day FEMA drill presented as mass murder to promote the Obama administration's gun control agenda. Amazon.com banned the book on 19 November 2021 even though it had sold nearly 500 copies in less than a month.

2. In that book, I made the assertion that the unsealed Noah Pozner death certificate uploaded to the web by Leonard Pozner, one of the Plaintiffs in the Soto v. Remington case, was a fake. Leonard Pozner sued me for libel regarding published statements of my belief that the unsealed death certificate was fake. I was blocked by the Dane

1

County, WI, Circuit Court to present proof that nobody died at Sandy Hook on the ground that, "Whether or not Sandy Hook ever happened or not is not relevant to this—the—the truthfulness or the accuracy of the death certificate", even though the death certificate stated the decedent had died at Sandy Hook Elementary on 14 December 2012 of "multiple gunshot wounds". A Summary Judgment was granted to Pozner against me which violated all summary judgment standards including discounting the only two document experts' reports in the case, both of which said the death certificate was fake. The Wisconsin Appellate Court affirmed the Circuit errors including the summary judgment errors. I have filed my Petition for Review where it is awaiting a ruling from the Wisconsin Supreme Court and available at consolidated case numbers 2020AP121 and 2020AP1570.

3. When I sought an impeachment witness because I thought the person who testified as "Leonard Pozner" during a video deposition was an imposter, I was held in Contempt of Court and attorney fees were added to my liability in the amount of $650,000 which was more than the $450,000 awarded by a Madison jury selected for damages only.

4. As the result of a process in which I was not allowed to present my defense (that nobody died at Sandy Hook) but where two forensic experts concluded that the death certificate was fake (which the Circuit Court simply set aside as "someone else's opinion"), I now have two judgments against me for a total of $1,100,000.

5. I have also been injured by the Conn Supreme Court opinion published at 331 Conn 53, 202 A. 3d 262, cert denied (2019). Upon appeal of the exclusion of my evidence by the Wisconsin Circuit Court showing no one died at Sandy Hook, the Wisconsin Court of

2

Case 20-81688-CRJ11    Doc 2147    Filed 09/24/21    Entered 09/24/21 10:48:01    Desc
Main Document    Page 2 of 7

Appeals (IV District) responded by citing that specific case as though it were judicial fact rather than the presumption it is:

> "On December 14, 2012, twenty year old Adam Lanza forced his way into Sandy Hook Elementary School in Newtown and, during the course of 264 seconds, fatally shot twenty first grade children and six staff members, and wounded two other staff members. *65 Lanza carried out this massacre using a Bushmaster XM15-E2S semiautomatic rifle that was allegedly manufactured, distributed, and ultimately sold to Lanza's mother by the various defendants in this case. *There is no doubt that Lanza was directly and primarily responsible for this appalling series of crimes.*" (emphasis added)

6. There has been no judicial determination of the truth and accuracy of that quoted summary above and there exists considerable irrefutable evidence to the contrary. According to the FEMA Manual, which we discovered and published in the book, the event was instead a "mass casualty exercise involving children" at Sandy Hook Elementary with "Exercise Date: 12/14/12." It was a FEMA exercise complete with restrooms and refreshments at the Firehouse, where the participants had to sign in with the controller upon arrival and were identified by color-coded nametags on lanyards during the drill. Even the FBI's US Crime Report for 2012 shows zero (0) murders or non-negligent manslaughters in Newtown, of which Sandy Hook is a subdivision.

7. When I learned of the proposed settlement between Remington and nine of the Sandy Hook parents, therefore, I immediately recognized that it was an insurance fraud and

3

published what I knew about it on my blog. I explained the enormity of the deception and added examples to prove my suspicions, including the FBI's US Crime Report for 2012, the staging of the iconic photo sent around the world (of what appears to be a police woman leading a line of children to safety, where there is an earlier photo that reveals a group of parents standing around while she rearranges the kids to get "a better shot"), and a demonstration that the official report on Sandy Hook (by Danbury States Attorney Stephen Sedensky III) fails to connect the alleged shooter to his alleged victims and the weapons he is supposedly used, which would fail to convict.

8. I therefore submitted a Motion to Intervene in the Soto v. Remington lawsuit on 10 September 2021 and the Superior Court Judge for the State of Connecticut issued an Order requesting objections to be filed by 20 September 2021 and my reply by 10 October 2021. The litigants replied on 20 September 2021, where both parties insisted that my involvement was unwarranted, even though I was emphatic that there had been no effort to answer the fundamental question; "Did 20 children and six adults die at Sandy Hook?" I replied on 22 September 2021 explaining why not only my interests were at stake but those of the stockholders and creditors of Remington, not to mention the enormous public interest in knowing the truth about Sandy Hook. The Superior Court promptly denied my Motion to Intervene on the ground that "The interests alleged by the proposed intervenor are insufficient for him to be brought in as a party."

9. I have been handicapped from the beginning of these legal proceedings, including my early inability to obtain a Wisconsin attorney to assist me until after the erroneous Summary Judgment had been granted against me by the Circuit Court, which I am confident would not have happened had I been represented. I was relieved to have

4

obtained legal representation since, where a New Jersey attorney joined my Madison attorney *pro hac vice* for the Petition for Review to the Wisconsin Supreme Court. I moved for the Connecticut court to appoint a local counsel for the sole purpose of anchoring one or both of my attorneys in Connecticut for my intervention. The most informative response I received from one attorney was that she knew no one "with the guts and nuts" to take this on.

10. It is my belief, subject to my payment of fees and costs, that one or both of my current attorneys will appear *pro hac vice* in this case provided they are introduced to the court by an Attorney qualified to practice law in Alabama. I also believe that it would expedite justice for this Court to make an appointment of local counsel, where their participation would be involuntary and, accordingly, they would not have to bear the burden of criticism for having association with a "Sandy Hook skeptic".

11. The importance of judicially proving the alleged Sandy Hook Shooting took place on 12/14/12 ought to be obvious even to non-litigants in this case. To go forward with the settlement without that proof would allow the Connecticut Supreme Court finding quoted above to remain. That would expose me to future litigation from other Sandy Hook alleged parents and work a fraud upon me.

12. The Bankruptcy Plan Administrator is not properly supervising the Soto case by approving the $33 million settlement without demanding discovery and requiring the Plaintiffs to prove six adults and twenty children died at Sandy Hook. The inference from the exorbitant size of the settlement offered would cause the public to draw the wrong conclusion while they are ignorant of the voluminous, specific, and detailed evidence to the contrary.

5

13. There is a growing movement that laws should be passed in every state that will not permit the sealing or redaction of any evidence in cases that are used to commit another crime of greater import, namely: the disarmament of the American people against the 2nd Amendment. If a shooting is never used for that purpose, the crime reports may remain sealed for the grieving. The "Sandy Hook School Shooting" is constantly cited in advertisements for disarmament in violation of the 2nd Amendment. And the same is used to ruin gun manufacturers against the law of the land. Under these circumstances all the evidence should be made public. The outrageous $33,000,000 payoff without determining if the crime even took place will only harden what might be one of the greatest deceptions in history. Who really wants to be a part of that?

For these and other good reasons, I respectfully request that this Motion be granted.

*/s/ James H. Fetzer, Ph.D.*

JAMES H. FETZER, Ph.D., Pro Se

## CERTIFICATION OF SERVICE

On this 24th day of September, 2021, I hereby certify that a copy of the foregoing Motion to Intervene and for Extension of Time to Retain Legal Counsel has been emailed this day to all counsel of record as follows:

| O'MELVENY & MYERS LLP | BURR & FORMAN LLP |
|---|---|
| Co-Counsel for the Debtors and Debtors in Possession | Co-Counsel for the Debtors and Debtors in Possession |
| 400 South Hope Street | 420 North 20th Street, Suite 3400 |
| Los Angeles, CA 90071-2899 | Birmingham, Alabama 35203 |
| **Rachel S. Janger** | **D. Christopher Carson** |
| rjanger@omm.com | ccarson@burr.com |

6

**FOX ROTHSCHILD LLP**
Co-Counsel for the Committee
345 California Street, Suite 2200
San Francisco, CA 94104
**Michael G. Menkowitz**
mmendowitz@foxrothschild.com

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Co-Counsel for the Committee
420 20th Street North, Suite 1400
Birmingham, AL 35203
**Matthew M. Cahill**
mcahill@bakerdonelson.com

*[signature]* Ph.D.
_____
James H. Fetzer, Ph.D., Pro Se
800 Violet Lane
Oregon, WI 53575

(608) 354-4280
jfetzer@d.umn.edu

7