# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered |

## ORDER DENYING MOTION TO INTERVENE

This matter is before the Court on the *Motion to Intervene and for Appointment of Local Alabama Counsel*, ECF No. 2147, (hereinafter "Motion to Intervene"), filed by James H. Fetzer (hereinafter the "Movant") and *Erratum to Motion to Intervene*, ECF No. 2149, seeking to intervene in this bankruptcy case. After careful review, the Court finds that the Motion to Intervene should be denied because the Movant lacks standing to intervene in this bankruptcy proceeding and in the interest of comity with the Superior Court of Connecticut.

The Movant alleges that the Bankruptcy Plan Administrator is not properly supervising state court litigation pending in the Superior Court of Connecticut in which individuals commonly referred to throughout this case as the "Sandy Hook Families" filed a prepetition wrongful death action against the Debtor. The Movant states that the Superior Court of Connecticut recently entered an order denying his Motion to Intervene in the wrongful death action, finding that the Movant's alleged interests in the action are insufficient for Movant to be brought in as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

a party. The Movant now seeks to intervene in this bankruptcy proceeding to challenge the settlement in this Court.

As explained by the Eleventh Circuit Court of Appeals, "to have standing in a bankruptcy proceeding, a party must be a 'party in interest.' . . . . Chapter 11 of the Bankruptcy Code provides that a 'party in interest' is a debtor or a creditor and that a 'party in interest' may raise and be heard on any issue in a bankruptcy case."[2] Further, "[a]ccording to the general provisions of the Bankruptcy Code, a 'creditor' includes an 'entity that has a claim against the debtor.' 11 U.S.C. § 101(10)(A). A 'claim' is a 'right to payment,' whether or not such right is reduced to judgment, disputed or undisputed, secured or unsecured, or liquidated or unliquidated. *Id.* § 101(5)(A).'"[3]

On October 26, 2020, this Court entered an *Order (A) Establishing Bar Dates and Procedures for Filing Proofs of Claim, Including Section 503(b)(9) Claims; (B) Approving the Form and Manner of Notice Thereof; and (C) Granting Related Relief*, ECF No. 1039, (the "Bar Date Order"). Pursuant to the Bar Date Order, this Court established December 10, 2020 as the deadline by which all holders of claims, subject to certain inapplicable exceptions, were required to be filed. The Movant did not file proof of claim in this case, and is, therefore, not a creditor or party in interest with standing to intervene in this bankruptcy proceeding.

It is further undisputed that the Superior Court of Connecticut recently determined that the Movant's interests in the underlying action are insufficient for the Movant to be brought in as a party in the state court action. Accordingly, in the interest of comity with the Superior Court of Connecticut, this Court finds that abstention under 28 U.S.C. § 1334(c)(1) is appropriate

---

2  *Wolfe v. Rodriquez (In re Rodriquez),* 633 Fed. Appx. 524, 526 (11th Cir. 2015)(quoting *Walden v. Walker* (*In re Walker),* 515 F.3d 1204, 1212 (11th Cir.2008)).
3  *Id.*

2

Case 20-81688-CRJ11    Doc 2150    Filed 09/27/21    Entered 09/27/21 08:48:06    Desc
Main Document    Page 2 of 3

under the circumstances of this case. "Bankruptcy courts have discretion to "abstain from hearing any proceeding, including core matters, 'in the interest of comity with State courts or respect for State law.'" [4]

**IT THEREFORE ORDERED, ADJUDGED and DECREED** that the Motion to Intervene is hereby **DENIED.**

Dated this the 27th day of September, 2021.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

---

4  *Id.* (quoting *Stern v. Marshall,* 564 U.S. 462, 131 S.Ct. 2594, 2620, 180 L.Ed.2d 475 (2011).