# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered |

## NOTICE OF PLAN ADMINISTRATOR'S TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED SECURED CLAIMS) AND OPPORTUNITY FOR HEARING

**NOTICE IS HEREBY GIVEN** that, pursuant to 11 U.S.C. §§ 105, 506, and 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule 3007-1(c), Gene Davis, Plan Administrator for Remington Outdoor Company, Inc. ("**Remington**" or the "**Company**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed an objection ("**Objection**") to the allowance of certain claims as secured claims, as identified on **Exhibit A** to the Objection (the "**Misclassified Secured Claims**"), reducing the total amount of the Misclassified Secured Claims from $4,961.48 to $0, and reclassifying these amounts either as 11 U.S.C. § 507(a)(7) priority claims or general unsecured claims against the Debtors in the aggregate amount of $4,141.48, as detailed therein. A copy of the Objection accompanies this notice.

**YOU ARE FURTHER NOTIFIED** that any opposition or other response to said Objection must be filed with the clerk's office **within 30 days of the date of this notice**, and a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).

46779494 v1

copy must be served on the party filing such Objection, any other affected creditors, and any other entity as the Court may direct. If a response to said Objection is filed and served within the time specified, the Court will schedule a hearing to consider the Objection and the response thereto. If a timely response is filed, you will be notified of the time, date, and place of the hearing. At the hearing, the party opposing or otherwise responding to the Objection must appear in person or through an attorney and be prepared to advocate their position by testimony from witnesses and other evidence.

**IF NO RESPONSE IS FILED WITHIN THE TIME SPECIFIED, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT IN THE OBJECTION WITHOUT A HEARING.**

Dated: December 3, 2021

*/s/ James P. Roberts*
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
James P. Roberts
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Email:    dmeek@burr.com
          hlahr@burr.com
          jroberts@burr.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sarah Link Schultz
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Email: sschultz@akingump.com

*Attorneys for the Plan Administrator*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered |

## PLAN ADMINISTRATOR'S TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED SECURED CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW AND RECLASSIFY CERTAIN FILED PROOFS OF CLAIM ASSERTING SECURED CLAIMS AGAINST THE DEBTORS' ESTATES. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW ITS CONTENTS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

Gene Davis, Plan Administrator for Remington Outdoor Company, Inc. ("**Remington**" or the "**Company**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"),[2] hereby submits this omnibus objection (this "**Objection**") seeking entry of an order reclassifying certain proofs of claim (the "**Misclassified Secured Claims**"), as identified on **Exhibit A** attached hereto, that improperly claim secured status and/or fail to provide adequate support of a secured claim such that the Plan

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).

[2] "Plan Administrator" shall have the meaning set forth in the *Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Dkt. No. 1658] (the "**Confirmation Order**").

Administrator can determine the validity of the claim. In support of this Objection, the Plan Administrator respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

2. The predicates for the relief requested herein are sections 105 and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Alabama (the "**Local Rules**"), and this Court's Administrative Order No. 17-01, *Amended Administrative Order Restating Pleadings Permitted to Be Filed with Negative Notice*, dated June 8, 2017.

## BACKGROUND

3. On July 27, 2020 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "**Court**"), commencing these Chapter 11 Cases. These Chapter 11 Cases are being jointly administered for procedural purposes only under Case No. 20-81688-CRJ11. See Dkt. No. 89.

4. On July 30, 2020, the Court authorized the employment and retention of Prime Clerk LLC ("**Prime Clerk**") as the claims, noticing and solicitation agent for the Debtors in these Chapter 11 Cases. See Dkt. No. 102. Electronic copies of all claims asserted against the Debtors in these Chapter 11 Cases, including those listed on Exhibit A hereto, are publicly available on the Debtors' case website maintained by Prime Clerk at https://cases.primeclerk.com/RemingtonOutdoor/.

5. On August 24, 2020, each of the Debtors filed their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs. See Dkt. Nos. 433–445.

6. On January 25, 2021, the Debtors filed the: (i) *Disclosure Statement Disclosure Statement for Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Dkt. No. 1369] (as supplemented, amended, and modified, the "**Disclosure Statement**"); and (ii) *Chapter 11 Plan of Reorganization Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Dkt. No. 1370] (as supplemented, amended, and modified, the "**Chapter 11 Plan**").

7. On March 12, 2021, following notice and a hearing, the Court confirmed the Chapter 11 Plan. *See* Confirmation Order. The Chapter 11 Plan, as proposed and subsequently confirmed, called and provided for the appointment of Gene Davis as Plan Administrator to supervise and facilitate the orderly liquidation and wind-down of the Debtors' estates.

## RELIEF REQUESTED

8. The Plan Administrator and his advisors have continued their review of the proofs of claim filed on the claims register in these Chapter 11 Cases maintained by Prime Clerk. After reviewing the proofs of claim identified on **Exhibit A,** the Plan Administrator has determined that the proofs of claim listed improperly claim secured status and/or fail to provide adequate information regarding the liens or collateral such that the Plan Administrator is unable to determine if secured status is warranted. The Plan Administrator has determined that, based on the Debtors' books and records and a review of the filed claims, the Misclassified Secured Claims provided on **Exhibit A** should be reclassified as general unsecured claims. Accordingly, the Plan Administrator seeks the reclassification in the Court's claims register of the Misclassified Secured Claims from secured claims to 11 U.S.C. § 507(a)(7) priority claims or general unsecured claims,

as applicable, and preservation of the Plan Administrator's right to later object to the Misclassified Secured Claims on any other basis.

## THE MISCLASSIFIED SECURED CLAIMS SHOULD BE RECLASSIFIED AS EITHER 11 U.S.C. § 507(a)(7) OR GENERAL UNSECURED CLAIMS

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection provides sufficient substantiations to refute at least one of the claim's essential allegations, the claimant has the burden to demonstrate the validity of the claim. *Walston v. PYOD, LLC (In re Walston)*, 606 Fed. Appx. 543, 546 (11th Cir. 2015); *see also In re Britt*, 199 B.R. 1000, 1008–09 (Bankr. N.D. Ala. 1996) ("Although Rule 3001(f) places the burden of going forward on the objecting party, the burden of ultimate persuasion rests always with the claimant.").

10. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Moreover, section 506(a) of the Bankruptcy Code provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest is considered a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

11. Based on a review of the filed proofs of claims accompanying the Misclassified Secured Claims outlined on Exhibit A hereto, it is evident that the Misclassified Secured Claims are either: (i) more properly priority claims under 11 U.S.C. § 507(a)(7) pertaining to deposits on firearms that the claimants never received; or (ii) general unsecured claims pertaining to repairs the claimants allege are necessary to place their firearms in working order. In either case, the Misclassified Secured Claims are not secured claims under 11 U.S.C. § 506.

12. Failure to reclassify some or all of the Misclassified Secured Claims as general unsecured claims as set forth in greater detail on Exhibit A could result in the Misclassified Secured Claims receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted by the Bankruptcy Code.

13. To avoid the possibility of a creditor receiving a greater recovery than is provided for under applicable law, the Plan Administrator requests that the Court reclassify the Misclassified Secured Claims listed on **Exhibit A** as general unsecured claims on the claims register subject to further objections on any other basis.

## RESERVATION OF RIGHTS

14. The Plan Administrator reserves any and all rights to object to any Misclassified Secured Claims on any and all substantive grounds through a subsequent objection. In addition, the Plan Administrator reserves all rights to object on any other basis to any Misclassified Secured Claims as to which the Court does not grant the relief requested herein. The Plan Administrator also reserves the right to object to any other proofs of claim filed in these Chapter 11 Cases.

## NOTICE

15. The Plan Administrator will provide notice of this Objection by facsimile, e-mail, overnight delivery, or hand delivery to: (i) each claimant whose Misclassified Secured Claim the Plan Administrator has objected to as listed on **Exhibit A**, with such notice sent to the address listed on such Misclassified Secured Claims; (ii) the Bankruptcy Administrator; and (iii) any party that has requested renewed notice in these Chapter 11 Cases under Bankruptcy Rule 2002. A copy of this Objection is also available on the Debtors' case website at https://cases.primeclerk.com/RemingtonOutdoor/. In light of the relief requested herein, the Plan Administrator submits that no other or further notice is necessary.

## NO PRIOR REQUEST

16.     No prior request for the relief sought in the Objection has been made by the Plan Administrator to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court sustain this Objection by entering an order reclassifying the Misclassified Secured Claims listed on **Exhibit A** as general unsecured claims on the Debtors' claims registry, and granting such other and further relief as this Court deems just and proper.

Dated:  December 3, 2021

        */s/ James P. Roberts*
        **BURR & FORMAN LLP**
        Derek F. Meek
        Hanna Lahr
        James P. Roberts
        420 North 20th Street, Suite 3400
        Birmingham, Alabama 35203
        Telephone:  (205) 251-3000
        Email:     dmeek@burr.com
                  hlahr@burr.com
                  jroberts@burr.com

        - and -

        **AKIN GUMP STRAUSS HAUER & FELD LLP**
        Sarah Link Schultz
        2300 N. Field Street, Suite 1800
        Dallas, TX 75201-2481
        Telephone: (214) 969-2800
        Email: sschultz@akingump.com

        *Attorneys for the Plan Administrator*

*In re Remington Outdoor Company, Inc., et al.*
Case No. 20-81688-CRJ11

EXHIBIT A
Twenty-Eighth Omnibus Objection – Misclassified Secured Claims

| | CREDITOR | CLAIM NO. | DATE FILED | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Bertoli, Chris<br>250 Pleasant Ave<br>Santa Rosa, CA 95403 | 408 | 11/5/2020 | Remington Arms Distribution Company, LLC | Secured<br><br>Unsecured | $500.00<br><br>$0.00 | Secured<br><br>Unsecured | $0.00<br><br>$500.00 | Claim asserts secured status.<br><br>Repair claim for purchased firearm incorrectly classified as a secured claim.<br><br>Claim should be reclassified as a General Unsecured Claim. |
| 2 | Mason, Greg<br>20464 5th St East<br>Sonoma, CA 95476 | 1312 | 12/10/2020 | Remington Outdoor Company, Inc. | Secured<br><br>Priority<br><br>Unsecured | $650.00<br><br>$0.00<br><br>$0.00 | Secured<br><br>Priority<br><br>Unsecured | $0.00<br><br>$650.00<br><br>$0.00 | Claim asserts secured status.<br><br>Deposit claim for purchased firearm incorrectly classified as a secured claim.<br><br>Claim should be reclassified as a 11 U.S.C. § 507(a)(7) claim. |
| 3 | Rogers, Kevin<br>2030 N. 27th Street<br>Decatur, IL 62526 | 988 | 12/07/2020 | Remington Arms Company, LLC | Secured<br><br>Unsecured | $100.00<br><br>$0.00 | Secured<br><br>Unsecured | $0.00<br><br>$100.00 | Claim asserts secured status.<br><br>Repair claim for purchased firearm incorrectly classified as a secured claim.<br><br>Claim should be reclassified as a General Unsecured Claim. |

46779494 v1

| | CREDITOR | CLAIM NO. | DATE FILED | DEBTOR | ASSERTED | | MODIFIED | | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | CLASS | AMOUNT | CLASS | AMOUNT | |
| 4 | Schweikert, Albert L. 446 Meagan Dr. Sparks, NV 89436 | 555 | 11/13/2020 | Remington Outdoor Company, Inc. | Secured | $2,891.48 | Secured | $0.00 | Claim asserts secured status. |
| | | | | | Priority | $2,891.48 | Priority | $2,891.48 | Deposit claim for purchased firearm incorrectly classified as a secured claim. |
| | | | | | Unsecured | $0.00 | Unsecured | $0.00 | |
| | | | | | | | | | Claim should be reclassified as a 11 U.S.C. § 507(a)(7) claim. |
| 5 | Shane Smith - SMI162 2504 Livingston HWY Monroe, TN 38573 | 867 | 11/30/2020 | Remington Outdoor Company, Inc. | Secured | $820.00 | Secured | $0.00 | Claim asserts secured status. |
| | | | | | Priority | $0.00 | Priority | $820.00 | Deposit claim for purchased firearm incorrectly classified as a secured claim. |
| | | | | | Unsecured | $0.00 | Unsecured | $0.00 | |
| | | | | | | | | | Claim should be reclassified as a 11 U.S.C. § 507(a)(7) claim. |
| | | | | **Totals:** | **Secured** | **$4,961.48** | **Secured** | **$0.00** | |
| | | | | | **Priority** | **$2,891.48** | **Priority** | **$3,541.48** | |
| | | | | | **Unsecured** | **$0.00** | **Unsecured** | **$600.00** | |
| | | | | | | **$7,852.96** | | **$4,141.48** | |

46779494 v1