IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-11<br><br>Jointly Administered |

**PLAN ADMINISTRATOR'S SECOND MOTION FOR
LEAVE TO CONDUCT SALE OF NON-RESIDENTIAL
REAL ESTATE (MADISON, NC) IN ACCORDANCE WITH EXISTING
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER MODIFYING AND
CONFIRMING THE JOINT CHAPTER 11 PLAN OF THE DEBTORS, THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, AND EXIT TERM LOAN LENDERS**

**COMES NOW** Gene Davis, as Plan Administrator for Remington Arms Company, LLC ("**Remington**" or the "**Company**"),[2] and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"), and hereby seeks the entry of a second order, substantially in the form attached hereto as Exhibit A (the "**Madison Property Bidding Procedures Order**"), allowing the Plan Administrator to conduct the auction and sale of that certain real property located at 870 Remington Drive, Madison, North Carolina 27025 (the "**Madison Property**"), in the manner set forth in the Confirmation Order and previously approved by the *Order Establishing Bidding Procedures Relating to the Sales of All or a Portion of the Debtors' Assets* [Dkt. No. 411] (the "**Bidding**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).

[2] Capitalized terms not otherwise defined herein shall have the meaning so ascribed in the *Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Dkt. No. 1658] (the "**Confirmation Order**") and the Madison Property Bidding Procedures, as applicable.

47110863 v1

**Procedures Order**"). In support of this motion (this "**Sale Motion**"), the Plan Administrator respectfully states as follows:

## PRELIMINARY STATEMENT

The Plan Administrator, with the assistance of ordinary course professionals B. Riley Real Estate, LLC ("**BRRE**") and NAI Global of New York City, Inc. (individually, "**NAI**," and together with BRRE, the "**Real Estate Professionals**"), has, since March 31, 2021 (the "**Effective Date**"), been engaged in marketing the Madison Property to interested parties. The marketing and sale process of the Madison Property is an integral component of the *Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Dkt. No. 1370] (the "**Chapter 11 Plan**"), as modified, amended, and revised, as it allows for the potential recovery by unsecured creditors of the Debtors.[3] As a result of these efforts, LDJ Global Strategies, LLC (the "**Stalking Horse Purchaser**") has agreed to serve as the stalking horse purchaser for the Madison Property, subject to approval by the Bankruptcy Court.

After consultation with the Real Estate Professionals, the Plan Administrator has determined in his business judgment that, given the emergence of the Stalking Horse Purchaser, along with the limited resources available to maintain the Madison Property for an extended period of time, it is in the best interests of all parties to proceed with the sale of the Madison Property to the highest and best bidder without delay. As set forth in the Confirmation Order, such sale will be subject to the Bidding Procedures Order. *See* Confirmation Order, at 75 ¶ 156 ("Any sale or lease of the Madison Property

---

[3] *See* Chapter 11 Plan, at 5, 6 (defining "Unsecured Creditor Recovery Amount," and "Distribution Contribution," respectively); *id*. at 5 ("it being agreed and acknowledged that the Unsecured Creditor Recovery Amount shall be gifted in Cash from the Collateral Proceeds[.]"); *see id*. at 1 ("Certain significant assets that constitute Collateral of the Exit Term Loan Secured Creditors but were not included in the Sales (the "Remaining Assets") remain in the Debtors' estates and are expected to generate additional value upon disposition (the "Remaining Asset Proceeds," together with the Primary Asset Sale Proceeds and all other Cash on hand constituting Cash Collateral of the Prepetition Secured Creditors, the "Collateral Proceeds") for the benefit of the Exit Term Loan Secured Creditors and the Debtors' estates.").

or any portion thereof shall be subject to Bankruptcy Court approval, after due notice and hearing, pursuant to sections 1129 and 1146 of the Bankruptcy Code, and the Bankruptcy Court's *Order Establishing Bidding Procedures Relating to the Sales of all of a Portion of the Debtors' Assets* [Docket No. 411]."). By this Sale Motion, the Plan Administrator seeks approval of its proposed sale timeline and certain other procedures to govern the sale process.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *General Order of Reference* of the United States District Court for the Northern District of Alabama dated July 16, 1984, as amended on July 17, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are Sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELIEF REQUESTED

4. The Court having already entered the Bidding Procedures Order, and having further ordered that the sale of the Madison Property be conducted in accordance therewith, *see* Confirmation Order, at 75 ¶ 156, the Plan Administrator seeks only the entry of the Madison Bidding Procedures Order maintaining the bidding procedures previously approved by the Court (the "**Original Bidding Procedures**") with minimal revisions pertaining only to the narrowed scope of the proposed auction, as well as tailored schedule and dates associated with the requested auction, sale, and attendant hearings (the "**Madison Property Bidding Procedures**"). The Plan Administrator believes the aforementioned tailored schedule will allow the Plan Administrator to solicit the highest and best offers

for the purchase of the Madison Property, while efficiently preserving estate assets, and seeks approval of the following schedule:

| DEADLINE | ACTION |
|---|---|
| March 29, 2022 at 10:00AM CST | Hearing to consider approval of the Madison Property Bidding Procedures, and entry of the Madison Property Bidding Procedures Order |
| March 30, 2022 | Sale Notice Mailing Date |
| April 6, 2022 at 4:00PM CST | Sale & Stalking Horse Objection Deadline |
| April 13, 2022 at 4:00PM CST | Sale & Stalking Horse Objection Response Deadline |
| April 19, 2022 at 4:00PM CST | Bid Deadline |
| April 21, 2022 at 10:00AM CST | Auction |
| April 22, 2022 | Post-Auction Notice Filing Date |
| April 26, 2022 at 4:00PM CST | Successful Bidder Objection Deadline |
| April 28, 2022 at 4:00PM CST | Successful Bidder Objection Response Deadline |
| May 2, 2022 at 10:00AM CST | Sale Hearing |

5. In addition to seeking approval of the Madison Property Bidding Procedures, including the schedule set forth above, the Plan Administrator additionally seeks approval of that certain Purchase and Sale Agreement dated January 28, 2022, by and between the Plan Administrator and LDJ Global Strategies, LLC (the "**Stalking Horse PSA**").[4] As set forth in the Stalking Horse PSA, LDJ Global Strategies, LLC is not an "insider" or "affiliate" of any of the Debtors or the Plan Administrator, and no common identity of incorporators, directors, officers, or controlling stockholders exists between the Stalking Horse Purchaser on the one hand, and the Debtors and Plan Administrator on the other hand. Further, upon approval by this Court, the

---

[4] A copy of the Stalking Horse PSA is attached as <u>Exhibit A</u> to the *Notice of Stalking Horse* [Dkt. No. 2386].

Stalking Horse PSA shall remain subject to the competitive bidding process outlined in the Madison Property Bidding Procedures and the Plan Administrator will continue to negotiate in good faith with all Qualified Bidders through the Bid Deadline and the Auction. However, the Stalking Horse PSA sets a critical floor for all future bids through a purchase price that includes, subject to certain adjustments, $875,000 in cash.

6. The Stalking Horse Purchaser has expended, and likely will continue to expend, considerable time, money and effort pursuing the Sale, and it has engaged in extended arms-length and good faith negotiations. In recognition of this expenditure of time, energy and resources, and the benefits to the estate of securing a stalking horse bid, the Plan Administrator has agreed to provide certain bidding protections to the Stalking Horse Purchaser. Specifically, provided that the Stalking Horse Purchaser has not materially breached the terms of the Stalking Horse PSA, the Plan Administrator will pay to the Stalking Horse Purchaser a break-up fee of $26,250.00 (the "**Break-Up Fee**").

## REQUEST FOR WAIVER OF STAY

7. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

8. Given the limited resources available to wind down the Debtors' estates, the Plan Administrator believes that the sale of the Madison Property should be consummated as soon as practicable to preserve and maximize value. Accordingly, the Plan Administrator requests that the Madison Property Bidding Procedures Order approving the sale process for the Madison Property be effective immediately upon entry of such order and that the fourteen-day stay under Bankruptcy Rule 6004(h) be waived.

## NOTICE

9. The Plan Administrator will provide notice of this Sale Motion, exclusive of any and all exhibits, by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the Bankruptcy Administrator; (ii) counsel to Ankura Trust Company, LLC, as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (iii) counsel to certain Exit Term Loan Lenders, including Franklin Advisers, Inc. and the Franklin Managed Entities; (iv) the GUC Oversight Committee; (v) any entity that has filed a renewed request for notice under Fed. R. Bankr. P. 2002 after the Effective Date; and (vi) any party holding a lien or interest against the Madison Property, which party is known to the Plan Administrator or the Real Estate Professionals.

10. A notice of sale (the "**Sale Notice**") will be served on the foregoing parties, and, upon approval of this Sale Motion, the Plan Administrator will cause a copy of the Sale Notice to be made available at https://cases.primeclerk.com/RemingtonOutdoor. In light of the nature of the relief requested herein, the Plan Administrator submits that no other or further notice is necessary.

## NO PRIOR REQUEST

11. No prior request for the relief sought in this Sale Motion has been made to this or any other court.

**WHEREFORE**, the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 28, 2022

*/s/ Derek F. Meek*
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
James P. Roberts
420 20th Street North, Suite 3400
Birmingham, AL 35203

47110863 v1

Case 20-81688-CRJ11    Doc 2385    Filed 01/28/22    Entered 01/28/22 16:25:40    Desc
Main Document    Page 6 of 7

Telephone: (205) 251-3000
Email: dmeek@burr.com
hlahr@burr.com
jroberts@burr.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sarah Link Schultz
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Email: sschultz@akingump.com

*Attorneys for the Chapter 11 Plan Administrator*