# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-81688-11<br><br>Jointly Administered |

### ORDER APPROVING PLAN ADMINISTRATOR'S SECOND MOTION FOR LEAVE TO CONDUCT SALE OF NON-RESIDENTIAL REAL ESTATE (MADISON, NC) IN ACCORDANCE WITH EXISTING FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER MODIFYING AND CONFIRMING THE JOINT CHAPTER 11 PLAN OF THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND EXIT TERM LOAN LENDERS

This matter having come before the Court on _____, 2022, upon the *Plan Administrator's Second Motion for Leave to Conduct Sale of Non-Residential Real Estate (Madison, NC) in Accordance with Existing Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Dkt. No. 2385] (the "**Motion**")[2] filed by Gene Davis, Plan Administrator for Remington Arms Company, LLC, (the "**Plan Administrator**"), and its affiliated debtors and debtors in possession (collectively the "**Debtors**") in the above-captioned Chapter 11 cases (collectively, the "**Chapter 11 Cases**"), seeking entry of this order (the "**Madison Property Bidding Procedures Order**"): (i) approving the bidding procedures attached

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Madison Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion or the Madison Property Bidding Procedures, as applicable.

hereto as <u>Exhibit 1</u> (the "**Madison Property Bidding Procedures**") by which the Plan Administrator will solicit and select the highest or otherwise best offer for the sale of (a) all those certain parcels or tracts of land located in Rockingham County, North Carolina, more particularly described in the Purchase and Sale Agreement entered into by and between the Plan Administrator and LDJ Global Strategies, LLC, dated January 28, 2022 (the "**Stalking Horse PSA**") (the "**Land**"),[3] (b) all improvements, buildings, structures, parking areas (if any), mechanical systems and fixtures located on the Land (collectively, the "**Improvements**"), and (c) all rights, privileges, easements, hereditaments, and appurtenances pertaining to the foregoing, including all right, title, and interest of Remington Arms Company, LLC, if any, in adjacent streets, roads, alleys, and rights-of-way, all rights of view, light and air, mineral and subsurface rights, development rights, zoning rights, water rights, sewer and drainage rights, utility reservations or capacities, rights of ingress and egress, roadways, parking areas, roadbeds, alleyways and reversions or other appurtenances used in connection with the beneficial use and ownership of the Land (collectively, the "**Appurtenances**", and together with the Land and the Improvements, the "**Madison Property**"); (ii) approving the form and manner of notice with respect to certain procedures, protections, schedules, and agreements described herein and attached hereto, including the procedures for the Plan Administrator's selection of LDJ Global Strategies, LLC, as stalking horse bidder (the "**Stalking Horse Bidder**"), and the provision of Bid Protections (as defined below) to such Stalking Horse Bidder; (iii) scheduling (x) an auction (the "**Auction**") if the Plan Administrator receives two (2) or more timely and acceptable Qualified Bids (as defined below), and (y) a final hearing (the "**Sale**

---

[3] The Stalking Horse PSA is attached as Exhibit 1 to the *Plan Administrator's Notice of Stalking Horse Related to Pending Motion for Leave to Conduct Second Sale of Non-Residential Real Estate in Accordance with Existing Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Dkt. No. 2386] (the "**Notice of Stalking Horse**").

**Hearing**") to approve the sale of the Madison Property (the "**Sale**" or "**Sale Transaction**"); and (iv) granting related relief; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections having been filed, or all objections having been resolved or overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *General Order of Reference* of the United States District Court for the Northern District of Alabama dated July 16, 1984, as amended on July 17, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief granted herein are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Madison Property Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors, as well as all other parties in interest.

C.      The notice of the Motion, the hearing to approve the Madison Property Bidding Procedures (the "**Madison Property Bidding Procedures Hearing**"), and the proposed entry of this Madison Property Bidding Procedures Order was adequate and sufficient under the circumstances of the Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further

notice of the Motion, the Madison Property Bidding Procedures Hearing, or this Madison Property Bidding Procedures Order is necessary or required.

D. The Plan Administrator has demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion, including, without limitation: (i) approval of the Madison Property Bidding Procedures, including the procedures for selecting a Stalking Horse Bidder and the provision of the Bid Protections; (ii) approval of the form and manner of notice of all procedures, protections, schedules, and agreements described in the Motion and attached hereto; (iii) the scheduling of a date for the (a) Auction and (b) Sale Hearing; and (iv) granting related relief as set forth herein. Such compelling and sound business justification, which was set forth in the Motion and on the record at the Madison Property Bidding Procedures Hearing are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

E. The Madison Property Bidding Procedures, substantially in the form attached hereto as <u>Exhibit 1</u> and incorporated by reference as if fully set forth herein, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

F. The Plan Administrator is authorized to pay the Break-Up Fee. The Bid Protections are commensurate to the real and material benefits conferred upon the Debtors' estates by the Stalking Horse Bidder. The Bid Protections are fair, reasonable and appropriate, in light of the size and nature of the Sale Transaction, and the efforts that have been and will be expended by the Stalking Horse Bidder. The Bid Protections are a material inducement for, and condition of the Stalking Horse Bidder's execution of the Stalking Horse PSA. Unless it is assured that the Bid Protections will be available, the Stalking Horse Bidder is unwilling to remain obligated to consummate the Sale Transaction or otherwise be bound under its Stalking Horse PSA (including

the obligations to maintain its committed offer while such offer is subject to higher or better offers as contemplated by the Madison Property Bidding Procedures).

G.       The Sale Notice and the Publication Notice, substantially in the forms attached hereto as Exhibit 2 and Exhibit 3, respectively, and incorporated by reference as if fully set forth herein, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of (i) the sale of the Madison Property free and clear of all liens, claims, and encumbrances, (ii) the Madison Property Bidding Procedures, and (iii) the Auction and the Sale Hearing. No other or further notice is required.

H.       The Post-Auction Notice, substantially in the form attached hereto as Exhibit 4 and incorporated by reference as if fully set forth herein, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bidder.  No other or further notice is required.

I.       The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Motion is approved as set forth herein.[4]

2.       All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Madison Property Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

---

[4] Notwithstanding anything to the contrary herein, the consummation of the Sale Transaction is subject to entry of the Sale Order.

**I. The Timeline for the Sale**

3. The Plan Administrator is authorized to proceed with the Sale Transaction in accordance with the Madison Property Bidding Procedures and is authorized to take any and all actions reasonably necessary or appropriate to implement the Madison Property Bidding Procedures in accordance with the following timeline:

| DEADLINE | ACTION |
| --- | --- |
| March 29, 2022 at 10:00AM CST | Hearing to consider approval of the Madison Property Bidding Procedures, and entry of the Madison Property Bidding Procedures Order |
| March 30, 2022 | Sale Notice Mailing Date |
| April 6, 2022 at 4:00PM CST | Sale & Stalking Horse Objection Deadline |
| April 13, 2022 at 4:00PM CST | Sale & Stalking Horse Objection Response Deadline |
| April 19, 2022 at 4:00PM CST | Bid Deadline |
| April 21, 2022 at 10:00AM CST | Auction |
| April 22, 2022 | Post-Auction Notice Filing Date |
| April 26, 2022 at 4:00PM CST | Successful Bidder Objection Deadline |
| April 28, 2022 at 4:00PM CST | Successful Bidder Objection Response Deadline |
| May 2, 2022 at 10:00AM CST | Sale Hearing |

4. For the avoidance of doubt, the Plan Administrator reserves the right and is authorized to modify the above timeline and the Madison Property Bidding Procedures (the "**Modifications**") in accordance with the provisions of the Madison Property Bidding Procedures; *provided, however*, that the Plan Administrator shall consult with the Consultation Parties or, to the extent provided therein, the Bid Consultation Parties, with respect to any Modifications.

**II.     The Madison Property Bidding Procedures**

5.     The Madison Property Bidding Procedures are approved in their entirety. The Plan Administrator is authorized to take any and all actions reasonably necessary or appropriate to implement the Madison Property Bidding Procedures in accordance therewith. The failure to specifically include or reference a particular provision of the Madison Property Bidding Procedures in this Madison Property Bidding Procedures Order shall not diminish or impair the effectiveness of such provision.

6.     The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest. As further described in the Madison Property Bidding Procedures, the Bid Deadline shall be **April 19, 2022 at 4:00PM CST**. Any disputes or objections to the selection of any Qualified Bid, Successful Bid, or Backup Bid shall be resolved by this Court at the Sale Hearing as set forth herein.

7.     The Plan Administrator is authorized to conduct the Auction in accordance with the Madison Property Bidding Procedures. The Auction shall take place on **April 21, 2022 at 4:00PM CST** virtually via video conferencing technology, or at such other place and time as the Plan Administrator shall notify all Qualified Bidders and the Consultation Parties.

8.     The Prepetition Secured Creditors shall have the right, subject in all respects to the Bankruptcy Code and other applicable law, to credit bid all or any portion of their allowed secured claims pursuant to Section 363(k) of the Bankruptcy Code or other applicable law, in accordance with the applicable provisions of the Prepetition Credit Documents and any such credit bid shall be deemed a Qualified Bid subject to the Intercreditor Agreement; *provided*, *however*, that nothing herein or in the Madison Property Bidding Procedures shall affect or in any way limit the right or ability of any party in interest, to object to the Prepetition Secured Creditors' right to credit bid,

including the nature, amount, or scope of such credit bid, subject to the (a) applicable provisions of the Court's *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507(I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying Automatic Stay, and (IV) Granting Related Relief*; and (b) Sale Objection Deadline (as defined below).

### III. Stalking Horse Bidder and Bid Protections

9. In accordance with the Madison Property Bidding Procedures, the Plan Administrator has designated LDJ Global Strategies, LLC as the Stalking Horse Bidder for the Madison Property and has entered into the Stalking Horse PSA. The Stalking Horse PSA establishes the minimum Qualified Bid at the Auction with respect to the Madison Property and remains subject to higher or otherwise better offers at the Auction.

10. The Stalking Horse PSA (i) limits the break-up fee in favor of the Stalking Horse Bidder in the amount of $26,250.00 (the "**Break-Up Fee**"); and (ii) sets the initial overbid protection (individually, the "**Minimum Overbid Increment**", and together with the Break-Up Fee, the "**Bid Protections**") in the amount of $30,000.00. In the event that the Plan Administrator determines that the Bid Protections must differ from the amounts set forth herein, the Court shall hold a hearing on the approval of any such different Bid Protections on an expedited basis, upon the request of the Plan Administrator.

11. The Break-Up Fee, to the extent payable under the Stalking Horse PSA, shall (a) constitute an allowed administrative expense claim against the Debtors pursuant to Sections 105(a) and 364(c)(1) of the Bankruptcy Code. Subject to the foregoing, the Bid Protections, to the extent payable, shall be paid (i) in cash from the proceeds of any approved Sale or (ii) credited against the purchase price if, after an Auction, the Stalking Horse Bid, as enhanced at the Auction, is the Successful Bid and the Sale contemplated by the Stalking Horse PSA (as enhanced at the auction) is consummated.

12. Any and all objections, if any, to, either (i) the Plan Administrator's selection of LDJ Global Strategies, LLC as the Stalking Horse Bidder, (ii) the Plan Administrator's entry into the Stalking Horse PSA, or (iii) the approval of the Bid Protections, must be filed by **April 6, 2022 at 4:00PM CST** (the "**Stalking Horse Objection Deadline**"). Any and all such objections, if any, must be served on: (i) counsel for the Plan Administrator, Burr & Forman LLP, Attn: Derek Meek (dmeek@burr.com), Jeffrey T. Baker (jbaker@burr.com), Hanna Lahr (hlahr@burr.com), and James P. Roberts (jroberts@burr.com), Akin Gump Strauss Hauer & Feld LLP, Attn: Sarah Schultz (sschultz@akingump.com); (ii) the Bankruptcy Administrator, 400 Well Street, Decatur, Alabama 35602, Attn: Richard Blythe (richard_blythe@alnba.uscourts.gov); (iii) counsel for the Stalking Horse Bidder, Fox Rothschild LLP, Attn: E. Garrett Walker (gwalker@foxrothschild.com), and William E. Burton III (wburton@foxrothschild.com); (iv) counsel to Ankura Trust Company, LLC, as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement, 450 Lexington Ave., New York, NY 10017, Attn: Donald Bernstein (donald.bernstein@davispolk.com); and (v) counsel to certain Exit Term Loan Lenders, including Franklin Advisers, Inc. and the Franklin Managed Entities, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998, Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com).[5] All responses to such objections must be filed by **April 13, 2022 at 4:00PM CST**.

13. If one or more objections are timely filed and served concerning either the Plan Administrator's selection of LDJ Global Strategies, LLC as the Stalking Horse Bidder, or the Plan Administrator's entry into the Stalking Horse PSA, a hearing to consider such issues will be held before the Hon. Clifton R. Jessup, Jr., United States Bankruptcy Judge, on a date and time to be

---

[5] The foregoing shall be referred to collectively as the "**Objection Recipients**".

set by the Bankruptcy Court. Any party failing to timely file an objection to the Plan Administrator's designation of LDJ Global Strategies, LLC as the Stalking Horse Bidder or the Plan Administrator's entry into the Stalking Horse PSA will be forever barred from objecting and will be deemed to have consented to the foregoing.

14. If no objections to the Plan Administrator's designation of LDJ Global Strategies, LLC as the Stalking Horse Bidder, the Plan Administrator's entry into the Stalking Horse PSA, or the approval of the Bid Protections, are filed and served prior to the Stalking Horse Objection Deadline, then the Plan Administrator's designation of LDJ Global Strategies, LLC as the Stalking Horse Bidder, the Plan Administrator's entry into the Stalking Horse PSA, and the Bid Protections, are hereby approved by this Court for all purposes.

**IV. Notice Procedures**

15. The form of Sale Notice substantially in the form attached hereto as <u>Exhibit 2</u> is approved.

16. On **March 30, 2022**, the Plan Administrator shall serve, or cause to be served, the Sale Notice by first-class mail, postage prepaid, or, for those parties who have consented to receive notice by the Electronic Case Files ("**ECF**") system, by ECF, upon (i) all entities reasonably known by the Plan Administrator and the Real Estate Professionals to have expressed an interest in a transaction with respect to all or part of the Madison Property within the past two years; (ii) any parties identified as potential bidders by the Real Estate Professionals; (iii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon or with respect to any of the Madison Property; (iv) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief granted herein; (v) counsel to Ankura Trust Company, LLC, as Exit Term Loan Agent under the Debtors' prepetition Exit Term Loan Agreement; (vi) counsel to certain Exit Term Loan Lenders, including Franklin Advisers, Inc. and

the Franklin Managed Entities; (vii) counsel to the Stalking Horse Bidder; (viii) the Bankruptcy Administrator; and (ix) all creditors of the Debtors having filed or asserted claims against the Debtors; *provided, however*, that to the extent email addresses are available, parties referenced in this paragraph may be served by email.

17. Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to known interested parties.

18. The Publication Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, is approved. The Plan Administrator is directed to publish the Publication Notice, as modified for publication, in any newspaper, news media, or method of publication which the Plan Administrator believes, upon the advice of the Real Estate Professionals, to be the most efficient commercially reasonable method of publication. In addition, the Plan Administrator is authorized, but not directed, to (i) publish the Sale Notice in additional publications as the Plan Administrator deems appropriate and (ii) cause the Sale Notice to be posted at https://cases.primeclerk.com/RemingtonOutdoor.

19. Service of the Publication Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to all unknown parties.

## V. The Sale Hearing

20. A Sale Hearing to (i) approve the sale of the Madison Property to the Successful Bidder shall be held on **May 2, 2022 at 10:00AM CST**, and may be adjourned or rescheduled without notice, subject to paragraph 4 of this Madison Property Bidding Procedures Order. At the Sale Hearing, the Plan Administrator will seek Bankruptcy Court approval of the Successful Bid, as well as the Backup Bid, if any. Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction and there will be no further bidding at the Sale Hearing. In the event that the Successful Bidder cannot or refuses to

consummate the Sale because of the breach or failure on the part of such Successful Bidder, the Plan Administrator may, in accordance with the Madison Property Bidding Procedures, designate the Backup Bid to be the new Successful Bid and the Backup Bidder to be the new Successful Bidder, and the Plan Administrator shall be authorized, but not required, to consummate the applicable transaction with the Backup Bidder without further order of the Bankruptcy Court.

21. Any and all objections, if any, to any Sale Transaction (but excluding any objection based on the specific identity of any Stalking Horse Bidder, the form or substance of any Stalking Horse PSA or the Bid Protections) must be filed no later than **April 26, 2022 at 4:00PM CST** (the "**Sale Objection Deadline**"). Any and all such objections must be served on the Objection Recipients and counsel to any Successful Bidder. All responses to such objections must be filed no later than **April 28, 2022 at 4:00PM CST** (the "**Response Deadline**").

22. Any party failing to timely file an objection to the Sale Transaction will be forever barred from objecting and will be deemed to have consented to any Sale Transaction, including the transfer of the Debtors' right, title and interest under, in, and to the Madison Property free and clear of any and all liens, claims, encumbrances and other interests in accordance with a definitive agreement for any Sale Transaction.

23. The form of the Post-Auction Notice, substantially in the form attached hereto as Exhibit 4 is approved. On **April 22, 2022**, or as soon as reasonably practicable thereafter, the Plan Administrator is directed to file on the docket, but not serve, the Post-Auction Notice identifying any Successful Bidder.

**VII. Other Provisions**

24. Notwithstanding anything herein or in the Madison Property Bidding Procedures to the contrary, the Plan Administrator shall not be permitted to modify the consultation rights of the Consultation Parties or the Bid Consultation Parties in the Madison Property Bidding

Procedures absent further order of this Court or the consent of any affected Consultation or Bid Consultation Parties.

25. The Plan Administrator is authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Madison Property Bidding Procedures Order.

26. This Madison Property Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

27. To the extent this Madison Property Bidding Procedures Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

28. To the extent any of the deadlines set forth in this Madison Property Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Madison Property Bidding Procedures Order shall govern.

29. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Madison Property Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

30. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Madison Property Bidding Procedures Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Madison Property Bidding Procedures, the Stalking Horse PSA, and the implementation of this Madison Property Bidding Procedures Order.

Dated: _____, 2022

CLIFTON R. JESSUP, JR.
UNITED STATES BANKRUPTCY JUDGE