# DECLARATION OF SCOTT SOURA

I, Scott Soura, being duly sworn, declare and state as follows:

1. I am the Manager of Roundhill Group LLC, ("Roundhill"). In this capacity, I am familiar with the day-to-day operations, business and the financial affairs of Roundhill. I am duly authorized by Roundhill to speak on its behalf and to submit this Declaration. I know each of the following facts to be true of my own personal knowledge and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this Declaration in support of Roundhill's Motion to Enforce and Compel Compliance with Orders Approving Strum, Ruger & Company, Inc's ("Ruger") Asset Purchase Agreement and Roundhill Group, LLC's Asset Purchase Agreement (the "Motion"). All capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to same in the Motion.

3. Pursuant to the Sale Motion, a multi-day auction, spanning September 17, 2020 through September 24, 2020 (the "Auction"), was conducted by Debtors to sell all property of the estate, including but not limited to those assets associated with the Remington firearms business.

4. On September 24, 2020, the Auction concluded based on the then-existing Roundhill APA and Ruger APA. During the next two days, the Roundhill APA was cleaned up and put into final form. During this two-day period, and despite Ruger proclaiming it was only bidding on and purchasing assets associated with the Marlin business, it was discovered that Ruger included two Remington patents (*i.e.* the Patents). There was no indication that what Ruger included on its schedules were in fact patents exclusively associated with the Remington firearms business. At the request of the estate, and to facilitate the estate's closing schedule, Roundhill and Ruger reached a compromise whereby each would effectively share the patents – structured with

ownership of the patents resting with Ruger, while concurrently providing Roundhill with a perpetual, worldwide, royalty free license.

5. On September 26, 2020, the Roundhill APA was signed with the explicit understanding that Ruger and Roundhill would cooperate in good faith. Such an express understanding was necessary due to the complexity of the transaction, time being of the essence and the fact that the Ruger License has not been drafted as of September 26, 2020.

6. Pursuant to the amended sale order [Docket No. 983] associated with the Roundhill APA (the "Amended Sale Order") entered on October 13, 2020, Roundhill purchased the Acquired Assets (as defined in the Roundhill APA) for $13,000,000.00. A true and correct copy of the Amended Sale Order, including the Roundhill APA, is attached hereto as Exhibit A. Roundhill timely and fully paid the $13,000,000.00 purchase price under the Roundhill APA, and has timely and completely satisfied all other obligations under the Roundhill APA.

7. Pursuant to the Ruger APA, it is my understanding that Ruger acquired assets associated with Debtors' Marlin firearms business.

8. The Acquired Assets Roundhill acquired include, but are not limited to, "all (i) registered and unregistered Intellectual Property owned and primarily used by Seller in connection with the ownership, operation and/or management of the Business, other than Excluded Assets, and any and all corresponding rights that, now or hereafter, may be secured throughout the world (collectively, the "Acquired Intellectual Property"), and (ii) to the extent transferable under applicable Law, all agreements under which Intellectual Property is licensed to Seller and used primarily in connection with the ownership, operation and/or management of the Business, other than the Trademark License Agreement (collectively, the "Assumed Inbound IP Licenses")."

9. The Roundhill APA provides that Plaintiff "shall receive a nonexclusive, perpetual, worldwide, royalty-free license to use Patents Nos. 10,254,063 and 10,718,584" (the "Ruger License"). Similarly, Section 1.7 of the Ruger APA provides, in relevant part, that "Buyer agrees to enter into a non-exclusive, perpetual, worldwide, royalty-free license in favor of the buyer or buyers of the Non-Marlin Business to use Patents Nos. 10,254,063 and 10,718,584 in the Non-Marlin Business." A true and correct copy of the Ruger APA is attached to the Request for Judicial Notice as RJN Exhibit 1.

10. Patents Nos. 10,254,063 and 10,718,584 (the "Patents") that were to be covered by the Ruger License are patents related to detachable magazines designed to feed rounds of ammunition into a firearm. As of the Petition Date, Debtors' Marlin firearms business did not manufacture or sell or firearm that could have utilize the Patents.

11. On January 1, 2021, Debtors filed their joint chapter 11 plan [Docket No. 1370] (as amended, the "Plan").

12. On March 5, 2021, Roundhill filed a complaint against Debtors initiating adversary case number 21-80033-CRJ (the "Adversary Proceeding"), which included a claim for relief against Debtors for their failure to provide the Ruger License pursuant to the terms of the Roundhill APA.

13. Prior to initiating the Adversary Proceeding, Roundhill and Ruger participated in numerous rounds of negotiation regarding the terms and scope of the Ruger License – including circulation of multiple iterations of draft license agreements. Unfortunately, the parties hit an impasse in their negotiations on December 9, 2020 primarily due to Ruger's refusal to permit Roundhill the ability to sublicense the Ruger License to its own affiliates (an "Intracompany Sublicense"). In particular, on or about December 9, 2020, Ruger provided a "take it or leave it"

draft (the "December 9th Draft") of the Ruger License naming REM TML Holdings, LLC ("Holdings") as the licensee. Notwithstanding Roundhill informing Ruger that Holdings will not manufacture, sell, or brand any product utilizing the Ruger License, and that an affiliate would be the manufacturer and seller of the products utilizing the Ruger license, the December 9th Draft prohibited Holdings from sublicensing same to any affiliate of Holdings. Effectively, the December 9th Draft was illusory and provided Roundhill with no usable license at all.

14. On March 12, 2021, the Court entered the order confirming the Plan [Docket No. 1658].

15. On or about March 30, 2021, Debtors and Roundhill entered into a stipulation to resolve the Adversary Action (the "Stipulated Resolution"), which was approved by the Court that same day [Adv. Docket No. 37]. Paragraph 10 of the Stipulated Resolution provides: "[t]he Debtors hereby assign to Roundhill (without representation or warranty) their rights under the APA to enforce Ruger's cooperation with respect to the Patent License, which, accordingly, allows Roundhill to pursue these rights directly with Ruger."

16. During the Auction, representatives for Roundhill had numerous correspondence with representatives for most, if not all, interested or prospective buyers for non-Remington firearms assets – including representatives of Ruger. During Roundhill's discussions with Ruger, Roundhill was led to believe that it would obtain the Ruger License allowing Roundhill to operate the Remington firearms business in the same manner as Debtors did prior to the Petition Date. In particular, representatives for Ruger stated to Roundhill thatRuger and Roundhill would share the full and equal use of patents and suggested this licensing structure as the easiest way to accomplish this objective.

17. Roundhill did not want to close until all issues with the Ruger License were resolved, but representatives of the estate pushed very hard to close and asked that Roundhill accommodate their schedule. On October 12, 2020, Chris Killoy, CEO of Ruger and Chris Metz, CEO of Vista had a call and agreed that Roundhill would have full use of the Patents and that counsel for the parties could work out the details over the coming week. Roundhill accommodated the estate's desires to close quickly based on these promises.

18. In the approximately five and a half (5.5) months since the Stipulated Resolution, Roundhill has attempted to rekindle negotiations with Ruger to no avail. Further, Roundhill has analyzed numerous business structures in attempt to make do with the December 9th Draft but has failed to craft a workable solution. Being left with no alternative, Roundhill brings the instant Motion seeking this Court to enforce and compel compliance with the Orders.

19. Roundhill merely requests that it be provided the right to an Intracompany Sublicense – it has no intention or desire to sublicense the Ruger License to competitors of Ruger or any entity outside of an affiliate.

20. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Ruger License Roundhill. Furthermore, attached hereto as <u>Exhibit 2</u> is a true and correct redline draft of the Ruger License comparing Exhibit 1 to the December 9th Draft.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of January, 2022, at Trenton, New Jersey

_____
Scott Soura