# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors.<br><br>ROUNDHILL GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,<br><br>Defendant. | Chapter 11<br><br>Case No. 20-81688-CRJ11<br><br>Jointly Administered<br><br><br><br>Adv. Pro. 21-80033-CRJ |

**STIPULATED ORDER RESOLVING (I) ROUNDHILL
GROUP LLC'S MOTION FOR: (1) EMERGENCY ISSUANCE OF
A TEMPORARY RESTRAINING ORDER; AND (2) ISSUANCE OF A
PRELIMINARY INJUNCTION WITH A HEARING ON EXPEDITED
BASIS PURSUANT TO F.R.B.P. 7065(b); MEMORANDUM OF POINTS
AND AUTHORITIES AND DECLARATIONS OF SCOTT SOURA AND BILLY HOGUE
IN SUPPORT AND (II) THE ABOVE-CAPTIONED ADVERSARY PROCEEDING**

Roundhill Group LLC ("Roundhill") having filed the *Plaintiff's Notice of Motion and Motion for: (1) Emergency Issuance of a Temporary Restraining Order; and (2) Issuance of a Preliminary Injunction with a Hearing on Expedited Basis Pursuant to F.R.B.P. 7065(b); Memorandum of Points and Authorities and Declarations of Scott Soura and Billy Hogue in*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The Debtors' corporate headquarters are located at 100 Electronics Boulevard SW, Huntsville, AL 35824.

*Support* [Dkt. No. 3] (the "Motion") in the above-captioned adversary proceeding (the "Adversary Proceeding"), and Remington Outdoor Company, Inc. and its affiliated debtors, as debtors, debtors-in-possession, and defendants (individually, the "Debtors" and together with Roundhill, the "Parties") in the above-captioned chapter 11 cases, having filed a response thereto, a hearing having been scheduled and due notice having been given, the Debtors and Roundhill have stipulated to the resolution of both the Motion and the Adversary Proceeding (the "Stipulations"). Therefore, it appearing to the Court that, based upon the aforementioned pleadings, this stipulated order (the "Order") and the record of this Court, after due deliberation and good and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS THAT:**

A. The Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

B. On September 26, 2020, the Debtors and Roundhill entered into that certain Asset Purchase Agreement, dated as of September 26, 2020 (as amended from time to time, the "APA"). Pursuant to the APA, Roundhill purchased the Debtors' non-Marlin firearms business located at the Ilion, New York properties. The business included certain additional physical assets located at the Debtors' factories in Lenoir City, Tennessee, and Huntsville, Alabama (the "Huntsville Property"). The Second Amendment (as defined below) defines such assets at the Huntsville Property as the "Huntsville Other Assets." The APA required that Roundhill take delivery of the Huntsville Other Assets by the closing date of the sale transactions, which occurred on October 12, 2020 (the "Original Removal Deadline").

C. On September 30, 2020, the Court approved the sale to Roundhill and entered the *Order Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, and Interests* [Docket No. 905].

D. On October 7, 2020, the Debtors and Roundhill amended and restated the APA in anticipation of closing the sale transaction.

E. On October 10, 2020, the Debtors and Roundhill entered into *Amendment #1 dated as of October 10, 2020 to that certain Amended and Restated Asset Purchase Agreement by and among Roundhill Group, LLC, Remington Outdoor Company, Inc. and each of the subsidiaries of Remington Outdoor Company, Inc.* (the "First Amendment"). The First Amendment (i) required the Debtors, notwithstanding the closing of the sale transaction, to retain possession of the acquired assets until Roundhill obtained applicable insurance coverage, (ii) extended the removal deadline to December 11, 2020 (the "First Extended Date"), and (iii) made certain other modifications.

F. On December 8, 2020, the Debtors and Roundhill entered into *Amendment #2 dated as of December 8, 2020 to that certain Amended and Restated Asset Purchase Agreement by and among Roundhill Group, LLC, Remington Outdoor Company, Inc. and each of the subsidiaries of Remington Outdoor Company, Inc.* (the "Second Amendment"), which, among other things, extended the deadline to take delivery of the Huntsville Other Assets to February 17, 2021 (the "Second Extended Date").

G. On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* [Docket No. 1370] (as amended, the "Plan").

H. On February 17, 2021, before the expiration of the Second Extended Date, the Debtors and Roundhill entered into *Amendment #3 dated as of February 17, 2021 to that certain*

3

Case 20-81688-CRJ11 Doc 3240 Filed 03/02/18 Entered 03/02/18 12:54:40 Desc Main
Exhibit RJN 3: Order Resolving Document Page 3 of 23 Page 3 of 12

*Amended and Restated Asset Purchase Agreement by and among Roundhill Group, LLC, Remington Outdoor Company, Inc. and each of the subsidiaries of Remington Outdoor Company, Inc.* (the Third Amendment"), which extended the Second Extended Date to February 20, 2021 (the "Third Extended Date").

I. On February 20, 2021, the Debtors and Roundhill entered into *Amendment #4 dated as of February 20, 2021 to that certain Amended and Restated Asset Purchase Agreement by and among Roundhill Group, LLC, Remington Outdoor Company, Inc. and each of the subsidiaries of Remington Outdoor Company, Inc.* (the "Fourth Amendment"), which extended the Third Extended Date to February 26, 2021 (the "Fourth Extended Date").

J. The Fourth Extended Date passed on February 26, 2021, with the Huntsville Other Assets still at the Huntsville Property. The Debtors did not grant a further extension to Roundhill for removal of the Huntsville Other Assets from the Huntsville Property.

K. On March 5, 2021, Roundhill filed the Adversary Proceeding.

L. On March 12, 2021, the Court entered the order confirming the Plan [*See* Docket No. 1658] (the "Confirmation Order"). Among other findings, the Court approved the appointment of Eugene I. Davis of Pirinate Consulting Group, LLC as the Plan Administrator to perform the functions of the Plan Administrator, as set for in Section V.G. of the Plan, the Plan Administration Agreement, and the Creditor Trust Agreement [*See* Confirmation Order, at ¶87].

M. On March 24, 2021, the Court held a status conference regarding the Motion.

N. On March 26, 2021, the Parties appeared before the Court and read the terms of the Stipulations into the record. Entry into the Stipulations constitutes the Debtors' exercise of sound business judgment and the entry of this Order is in the best interests of the Debtors, their estate, and their creditors.

4

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Debtors[2] and Roundhill and **IT IS HEREBY ORDERED** by the Court as follows:

**Removal of the Huntsville Other Assets**

1. Except as set forth in paragraphs 10 and 12 below, nothing in this Order will be deemed to enlarge, alter, or amend, the liabilities or obligations of the Parties under the APA.

2. Commencing on March 31, 2021, Roundhill will have 45 calendar days to remove all of the Huntsville Other Assets (as defined in APA) from the Huntsville Property. For the avoidance of doubt, if Roundhill wishes to remove, or commence the removal of, the Huntsville Other Assets from the Huntsville Property prior to March 31, 2021, the Debtors shall permit them to do so.

3. Roundhill will remove any and all Huntsville Other Assets solely at their own cost and the Debtors will have no obligation to decommission, prepare, pack or otherwise remove any of the Huntsville Other Assets for Roundhill. After removing all of the Huntsville Other Assets, Roundhill will return the Huntsville Property to Broom Clean[3] condition. Notwithstanding the foregoing, Roundhill will not be liable for any damage or condition, or be obligated to repair any damage or condition, to the Huntsville Property that occurred or existed prior to entry of this Order.

4. The Debtors will grant Roundhill reasonable access (*i.e.*, unlocking gates and doors) to the Huntsville Property, including before normal business hours, after normal business hours, and weekends, to allow Roundhill to remove any and all Huntsville Other Assets. Any physical alterations to the buildings by Roundhill necessary to remove the Huntsville Other Assets

---

[2] References herein to the Debtors are understood and agreed to refer to, after the Effective Date, the Plan Administrator.

[3] For purposes of this Order, "Broom Clean" shall have the meaning which shall be agreed to by the Debtors and Roundhill and/or as otherwise ordered by the Court as part of the Removal Plan.

continue to be subject to (a) prior arrangement with the Debtors (the "Removal Proposals") and (b) immediate repair by Roundhill at no cost to the Debtors or detriment to the value of the Huntsville Property (the "Repair Proposals").

5. On or before March 31, 2021, Roundhill and the Debtors will each designate one or more principal representatives (the "Party Representatives") (such persons to be business persons and not attorneys to the Parties) to discuss and address the Removal Plan (as defined below). Beginning on or about March 31, 2021 and during the week of April 4, 2021, the Party Representatives will meet and confer in good faith to establish (a) a removal plan for the removal of the Huntsville Other Assets from the Huntsville Property and the process for returning the Huntsville Property to Broom Clean condition and (b) a repair plan to repair any damage caused by Roundhill during, or resulting from, the removal process (collectively, the "Removal Plan"). If the Party Representatives are not able to reach agreement on any Removal Plan (such disagreement, a "Dispute"), such Party Representatives will report the Dispute to James C. Bastian, Jr., Sarah Link Schultz and James Roberts (collectively, the "Designated Counsel"). In such event, Designated Counsel will meet and confer to attempt to address and resolve any such Dispute. If such Dispute(s) cannot be resolved by Designated Counsel, all such unresolved Disputes will be presented to the Court for review and resolution on shortened notice, pursuant to Bankruptcy Code section 105 invoking the Court's continuing jurisdiction in the APA approval order, on April 15, 2021 at 10:00 a.m. (CDT); *provided, however*, that if there are any unresolved Disputes that occur after April 15, 2021, then all such unresolved Disputes will be presented to the Court on May 10, 2021 at 10:00 a.m. (CDT). The Court will resolve such Disputes and, as part of such consideration, will determine whether any additional time should be added to the Removal Deadline as a result of such Disputes. Notwithstanding the existence of a Dispute, Roundhill will be permitted to

6

Case 20-33163-CGB11 Doc 724 Filed 03/02/18 Entered 03/02/18 12:40:44 Desc Main
Exhibit RJN 3: Order Resolving Page 26 of 123    Page 6 of 12

continue removal of all Huntsville Other Assets not directly impacted by such Dispute. Notwithstanding anything herein to the contrary, the Debtors and Roundhill acknowledge that the Party Representatives will continue to meet and confer on the Removal Plan after the Removal Deadline as necessary until all Disputes are resolved either consensually or by the Court.

6. Roundhill agrees to comply with certain milestones (each a "Milestone" and collectively, the "Milestones") during the 45-day period to ensure that any and all of the Huntsville Other Assets will be removed from the Huntsville Property on time. Upon or in advance of each such Milestone, if the Milestone has been satisfied, Roundhill will deliver to the Debtors a certificate signed by a duly authorized officer of Roundhill verifying, under penalty of perjury, the satisfaction of the requirements of each such Milestone, as follows:

- "Milestone #1"—Riggers must arrive at the Huntsville Property by March 31, 2021, and such riggers must be duly equipped and adequate for the purpose of removing the Huntsville Other Assets from the Huntsville Property by the Removal Deadline (the "Riggers").

- "Milestone #2"—The first truck needed to remove the Huntsville Other Assets must arrive at the Huntsville Property by April 5, 2021.

- "Milestone #3"—Roundhill must commence loading trucks with the Huntsville Other Assets by April 12, 2021.

- "Milestone #4"—Roundhill and the Debtors will meet and confer by April 30, 2021, to inspect the Huntsville Property and review the Removal Plan to determine Roundhill's compliance with the Removal Plan, and to identify any issues at the Huntsville Property that must be addressed by Roundhill prior to the Removal Deadline to repair any physical damage and cause the Huntsville Property to be Broom Clean.

- "Milestone #5"—Roundhill must have removed all Huntsville Other Assets from the Huntsville Property by May 14, 2021 (45 days from Wednesday, March 31, 2021) (the "Removal Deadline").

- "Milestone #6"—On or promptly after the Removal Deadline, the Party Representatives shall meet and confer to determine (a) if the Removal Plan has been complied with, (b) whether the Huntsville Property is in Broom Clean condition, and (c) the costs, if any, to complete any unfinished repairs and to return the Huntsville Property to Broom Clean condition (the "Final Inspection"). If the Party

7

Case 20-10883-CTG Doc 724 Filed 03/02/22 Entered 03/02/22 12:54:40 Desc Main
Document Page 7 of 12

Case 20-10883-CTG Doc 874-5 Filed 06/02/22 Entered 06/02/22 12:54:40 Desc
Exhibit RJN 3: Order Resolving Page 27 of 123 Page 7 of 12

Representatives are unable to reach an agreement on Milestone #6 (the "Milestone #6 Dispute"), then a qualified real estate inspector selected by the Parties (the "Inspector") will complete the Final Inspection. In the event that (a) the Party Representatives determine that a breach of Milestone #6 has occurred or (b) a Milestone #6 Dispute is determined to be a breach of Milestone #6, such breach shall be hereinafter referred to as a ("Milestone #6 Breach").

7. In order to secure Roundhill's obligations to remove the Huntsville Other Assets in accordance with the terms of this Order, on the date that the Riggers arrive at the Huntsville Property as described in Milestone #1, Roundhill will deposit One Million Dollars ($1,000,000.00)(the "Deposit") by wire transfer of immediately available funds in an account established for the benefit of the Debtors by Prime Clerk LLC ("Prime Clerk") as account agent. The Parties agree that the account agent agreement with Prime Clerk will be substantially similar to Prime Clerk's standard form of account agent agreement, provided that release of the Deposit under the account agent agreement is agreed to occur only upon (a) mutual agreement of the Parties or (b) joint instructions of the Parties as may be ordered by the Court. The Parties will execute joint instructions to be held in escrow by the Debtors and to be released to Prime Clerk as described in paragraph 8 below.

8. The Deposit will be released upon the following circumstances:

- If Roundhill meets all Milestones, the Deposit will be returned to Roundhill, net of any Removal Losses (as defined below).

- If Roundhill misses Milestone #3, the Debtors will automatically be entitled to receive $100,000.00 from the Deposit within two (2) business days following delivery by the Debtors of the pre-executed joint written notice, accompanied by certification under penalty of perjury by a representative of the Debtors that Milestone #3 was missed, to the account agent (with a copy to Roundhill) and without any other notice or approval (including notice or approval of the Court).

- If the Inspector or the Party Representatives complete the Final Inspection and determine that the Huntsville Property is not in Broom Clean condition and/or all physical damage has not been repaired, the Debtors will be entitled to receive first from the Deposit, and thereafter from Roundhill, the amount determined by the Inspector required to return the Huntsville

8

Property to Broom Clean condition and to complete the repairs of any physical damage. Such amounts shall be delivered from the Deposit within two (2) business days following delivery by the Debtors of the pre-executed joint written notice to the account agent (with a copy to Roundhill) and without any other notice or approval (including notice or approval of the Court).

- In the event of any Removal Losses (as defined below), the Debtors shall be entitled to recover their actual damages suffered as a result of the Removal Losses (the "Damages"). Damages may be determined either by mutual agreement of the Parties pursuant to the Repair Proposal process outlined above or by the Court when resolving a Dispute. Roundhill shall be responsible for payment of all Damages. If Roundhill does not pay for such Damages, the Debtors may instead pay for such Damages and subsequently be reimbursed for such Damages first from the Deposit (within two (2) business days following delivery by the Debtors of the pre-executed joint written notice to the account agent (with a copy to Roundhill) and without any other notice or approval (including notice or approval of the Court)), and, thereafter, from Roundhill.

- Upon resolution of all Removal Proposals, Repair Proposals, the Removal Plan, Removal Losses, and the satisfaction of any penalties related to missed Milestones, any remaining balance of the Deposit, if any, shall be returned to Roundhill. The Debtors will deliver the pre-executed joint written notice to the account agent (with a copy to Roundhill) to release the remaining balance of the Deposit to Roundhill.

- In all events subject to the Removal Plan and the Dispute process, Roundhill agrees to pay for any and all repair and remediation costs necessary to address and restore (a) the Huntsville Property to Broom Clean condition and (b) any damages to the Huntsville Property as a result of Roundhill's removal of the Huntsville Other Assets (collectively, "Removal Losses"). For the sake of clarity, Removal Losses will not include, and in no event is Roundhill liable for, any damage to the Huntsville Property that occurred prior to entry of this Order.

**Company Store Inventory and Ammunition**

9. Roundhill will receive all of the ammunition and company store assets at the Huntsville Property, subject to Roundhill obtaining sufficient regulatory and transportation safety compliance under applicable law to remove such assets. For the avoidance of doubt, all such ammunition and assets will be treated as Huntsville Other Assets and will be removed in accordance with the parameters set forth in this Order.

9

**Ruger Patent License**

10. The Debtors hereby assign to Roundhill (without representation or warranty) their rights under the APA to enforce Ruger's cooperation with respect to the Patent License, which, accordingly, allows Roundhill to pursue these rights directly with Ruger.

**Various Economic Issues**

11. To resolve the various economic disputes between the Parties relating to the sale transaction and the APA, Roundhill will, immediately following entry of this Order, make a payment by wire transfer of immediately available funds to the Debtors in the amount of $250,000.00.

**IT Assets**

12. The Debtors have no responsibility, and are released from the need or any obligation, to resolve any asset allocation issues between Roundhill and Vista (or any other purchaser) that may arise in connection with the allocation of joint or commingled assets.

**Disposal of Restricted Inventory**

13. The Parties agree to cooperate in good faith with respect to the disposal or return of firearms inventory that, due to ATF and other government regulations, may not be transferred to Roundhill and instead must be returned to the ATF and/or otherwise destroyed.

**Dismissal of Adversary Proceeding**

14. Upon entry of this Order, the Adversary Proceeding shall be dismissed without prejudice; *provided* that any such claims shall be released pursuant to the below paragraph 15 upon satisfaction of the obligations detailed in this Order, and further provided that any dispute regarding enforcement of this Order may be raised in the Debtors' main bankruptcy case.

10

Case 20-33113-CRM11 Doc 724 Filed 03/02/18 Entered 03/02/18 12:54:40 Desc Main
Exhibit RJN 3: Order Resolving Document Page 10 of 12    Page 10 of 12

**Waivers and Releases**

15. Effective upon the satisfaction in full of the obligations detailed in this Order, the Parties will provide each other with mutual waivers and releases of any and all claims related to the APA and the sale transaction between the Debtors and Roundhill; *provided, however*, such release will include appropriate exclusions for Assumed Liabilities under the APA (other than Transaction Taxes and other economic issues expressly covered by the Stipulations) and all post-closing covenants under the APA, including employee related matters.

*[Remainder of page intentionally left blank]*

11

Case 2:18-bk-10883-CFR11 Doc 6724 Filed 03/30/02/18 22 Entered 06/30/02/18 22:54:40 Desc Main
Exhibit RJN 3: Order Resolving Document Page 21 180 0132   Page 11 of 12

Dated this the 30th day of March, 2021.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| */s/ Stephen H. Warren* | */s/ James C. Bastian, Jr.* |
| **O'MELVENY & MYERS LLP** | **SHULMAN BASTIAN FRIEDMAN & BUI LLP** |
| Stephen H. Warren (admitted *pro hac vice*) | James C. Bastian, Jr. |
| Karen Rinehart (admitted *pro hac vice*) | Ryan D. O'Dea |
| 400 South Hope Street | 100 Spectrum Center Drive |
| Los Angeles, CA 90071-2899 | Suite 600 |
| Telephone: (213) 430-6000 | Irvine, CA 92618 |
| Facsimile: (213) 430-6407 | Telephone: (949) 340-3400 |
| Email: swarren@omm.com | Facsimile: 949-340-3000 |
| krinehart@omm.com | Email: jbastian@shulmanbastian.com |
| | rodea@shulmanbastian.com |

Gary Svirsky (admitted pro hac vice)
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000
Email: gsvirsky@omm.com
       nmitchell@omm.com

*Attorneys for the Debtors and Debtors in Possession*

12

Case 20-31883-CRJ11  Doc 724  Filed 03/30/21  Entered 03/30/21 12:54:40  Desc Main
Exhibit RJN 3: Order Resolving Document  Page 21 of 33  Page 12 of 12