# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br> REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-81688-CRJ11 <br><br> Jointly Administered |

## PLAN ADMINISTRATOR'S THIRD MOTION TO EXTEND PERIOD TO OBJECT TO PROOFS OF CLAIM

**COMES NOW,** Gene Davis (the "**Plan Administrator**"), on behalf of Remington Outdoor Company, Inc. and its affiliated debtors (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through his undersigned counsel, and hereby moves this Court (this "**Motion**") for entry of an order substantially in the form of the proposed order attached hereto as **Exhibit A** (the "**Proposed Order**") extending the deadline for the Plan Administrator and/or any other party with standing to object to proofs of claim (the "**Claims Objection Deadline**") as set forth herein, without prejudice to further extension requests. In support of this Motion, the Plan Administrator states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).

2. The predicates for the relief requested herein are 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9006(b)(1), and article VII.C of the Plan (as defined herein).

## BACKGROUND

3. On July 27, 2020, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court, commencing these Chapter 11 Cases. These Chapter 11 Cases are being jointly administered for procedural purposes only under Case No. 20-81688-CRJ11. *See* Docket No. 89.

4. On July 30, 2020, the Court authorized the employment and retention of Prime Clerk LLC ("**Prime Clerk**") as the claims, noticing, and solicitation agent for the Debtors in these Chapter 11 Cases. *See* Docket No. 102. Electronic copies of all claims asserted against the Debtors in these Chapter 11 Cases are publically available on the Debtors' case website maintained by Prime Clerk at https://cases.primeclerk.com/RemingtonOutdoor.

5. On January 25, 2021, the Debtors filed the *Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* (as amended, supplemented, and/or modified, the "**Plan**")[2] [Docket No. 1370].

6. On March 12, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* (the "**Confirmation Order**") [Docket No. 1658], approving the Plan.

7. Pursuant to the Plan, as confirmed by the Court, objections to Claims were to be served and filed on or before (a) the one-hundred eightieth (180th) day following the later of (i)

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

the Effective Date and (ii) the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, or (b) such later date as may be fixed by the Bankruptcy Court upon the request of the Plan Administrator.  *See* Plan, art. VII.C.

8. On March 31, 2021, the Debtors filed the *Notice of (i) Confirmation of Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders and (ii) Occurrence of the Effective Date* [Docket No. 1764], giving notice that the Effective Date of the Plan occurred on March 31, 2021.

9. Pursuant to the Plan, the Claims Objection Deadline was originally the later of (a) September 27, 2021 and (b) the date that a proof of Claim was filed or amended or a Claim was otherwise asserted or amending in writing by or on behalf of a holder of such Claim.

10. On August 24, 2021, the Court entered its *Order Approving Plan Administrator's Motion to Extend Period to Object to Proofs of Claim* [Docket No. 2118], extending the Claims Objection Deadline to the later of (a) December 17, 2021 at 5:00 PM CST, and (b) the one-hundred eightieth (180th) day following the date that a Proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

11. On December 15, 2021, the Court entered its *Order Approving Plan Administrator's Second Motion to Extend Period to Object to Proofs of Claim* [Docket No. 2214], extending the Claims Objection Deadline to March 31, 2022.

## RELIEF REQUESTED

12. By this Motion, the Plan Administrator seeks (a) the extension of the Claims Objection Deadline to June 30, 2022; and (b) the extension of any other time periods or deadlines contained in the Plan or related documents that are related to and/or dependent on the Claims

Objection Deadline, with such time periods and/or deadlines to be extended in a manner commensurate with the extension of the Claims Objection Deadline.

13. Fed. R. Bankr. P. 9006(b)(1) provides that "the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]" 11 U.S.C. § 105(a) provides the bankruptcy court with broad discretion to take actions necessary to administer the bankruptcy case. "Cause" is not defined by Fed. R. Bankr. P. 9006(b)(1), but "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused[.]" 10 Collier on Bankruptcy ¶ 9006.06 (16th 2021).

14. Cause exists here for the Court to grant an extension of the Claims Objection Deadline. The Plan Administrator and, prior to his appointment, the Debtors have been diligently reviewing and reconciling the approximately 3,200 Claims to determine whether objections exist for each Claim. To that end, the Debtors filed nineteen (19) omnibus objections to claims and two (2) non-omnibus objections to claims on or before the Effective Date, and the Plan Administrator has since filed nine (9) omnibus objections to claims and one (1) non-omnibus objection to claim. The Plan Administrator has continued to focus on the administration of the Plan, including the marketing and sale of the Madison, NC property, the transition of certain assets and services to certain buyers, the preparation and filing of various tax filings, audits, and the resolution of various matters that have arisen since the Plan was confirmed. The Plan Administrator is also working to pursue certain claims of the estates, including avoidance actions. To date, the Plan Administrator has filed 140 adversary proceedings seeking to avoid certain pre-petition transfers. In order to

ensure that the claims review process is thorough and complete while also ensuring that other required tasks are completed, the Plan Administrator needs additional time to complete his review of the claims.

15. Additionally, under the Plan, holders of Allowed Tort Claims received a beneficial interest in the Tort Claim Sub-Trust reflecting such holders' respective share of proceeds of the applicable GL Insurance Assets. The Debtors' insurers continue to defend asserted Tort Claims, but the defense, including any settlement negotiations with the holders of such claims, is continuing and will not be concluded by the current Claims Objection Deadline. If the Claims Objection Deadline is not extended, the Plan Administrator and/or the insurers will have to file premature objections and/or motions to estimate claims. Accordingly, estate resources will be preserved by allowing such claims to be resolved in the ordinary course.

16. The Plan Administrator submits that the requested extension is reasonable and necessary under the circumstances of these complex Chapter 11 Cases. Further, the request is not prejudicial to the Debtors' creditors, as it permits the Plan Administrator additional time to object to claims that should be reduced or disallowed, thereby increasing the available funds to be paid *pro rata* to creditors with allowed claims.

17. Accordingly, the Plan Administrator requests that (a) the Claims Objection Deadline be extended to June 30, 2022; and (b) any other time periods or deadlines contained in the Plan or related documents that are related to and/or dependent on the Claims Objection Deadline be extended by an equal period.

## **NOTICE**

18. Notice of this Motion will be provided in accordance with paragraph 129 of the Confirmation Order. The Plan Administrator believes that under the circumstances, such notice is sufficient and no other or further notice need be provided.

19. This is the Plan Administrator's third request to this Court for the relief sought in this Motion in connection with these Chapter 11 Cases.

**WHEREFORE,** the Plan Administrator requests that this Court enter an order substantially in the form of the Proposed Order attached hereto as Exhibit A, extending the Claims Objection Deadline and related time periods and/or deadlines as set forth herein, without prejudice to further extension requests by the Plan Administrator, and grant such other, further, and different relief as this Court deems just and proper.

Dated: March 23, 2022.

*/s/ Hanna Lahr*
**BURR & FORMAN LLP**
Derek F. Meek
Hanna Lahr
James P. Roberts
420 20th Street North, Suite 3400
Birmingham, AL 35203
Telephone:     (205) 251-3000
Facsimile:      (205) 458-5100
Email:    dmeek@burr.com
             hlahr@burr.com
             jroberts@burr.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sarah Link Schultz
2300 N. Field Street
Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:    sschultz@akingump.com

*Attorneys for the Plan Administrator*

**Exhibit A**

47577513 v1

Case 20-81688-CRJ11    Doc 2431    Filed 03/23/22    Entered 03/23/22 15:21:38    Desc
Main Document    Page 7 of 9

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br> REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-81688-CRJ11 <br><br> Jointly Administered |

### ORDER APPROVING PLAN ADMINISTRATOR'S THIRD
### MOTION TO EXTEND PERIOD TO OBJECT TO PROOFS OF CLAIM

This matter came before the Court for hearing on _____, 2022 upon the motion (the "**Motion**")[2] [Docket No. \_\_] of Gene Davis (the "**Plan Administrator**"), on behalf of Remington Outdoor Company, Inc. and its affiliated debtors in these Chapter 11 Cases, for entry of an order extending the deadline for the Plan Administrator and/or any other party with standing to object to proofs of claim (the "**Claims Objection Deadline**") and any related time periods and/or deadlines. Upon consideration of the Motion, and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is **APPROVED**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

47577513 v1

2. The Claims Objection Deadline is hereby extended to June 30, 2022. For the avoidance of doubt, this extension applies to any party with standing to bring a claim objection including, without limitation, the Plan Administrator and any provided of GL Insurance Assets (collectively, the "**Insurers**").

3. Any other time periods or deadlines contained in the Plan or related documents that are related to and/or dependent on the Claims Objection Deadline are hereby extended to provide the same length of time for the Plan Administrator and Insurers to take action as the Plan Administrator and Insurers have based on the prior Claims Objection Deadline.

4. Nothing in the Motion or this Order shall be deemed or construed as a waiver of the right or impairment of the ability of the Plan Administrator to make additional requests to further extend the Claims Objection Deadline or any other deadline.

5. The extension of the Claims Objection Deadline sought by the Plan Administrator and approved by the Court shall be without prejudice to the Plan Administrator or the Insurers' right to seek further extensions of the Claims Objection Deadline.

6. The Plan Administrator shall serve a copy of this Order on all parties served with the Motion pursuant to paragraph 129 of the Confirmation Order, including (a) the GUC Oversight Committee; (b) the Bankruptcy Administrator; and (c) any entity that has filed a renewed request for notice under Fed. R. Bankr. P. 2002 after the Effective Date.

7. This Court shall retain jurisdiction over all matters regarding the interpretation or implementation of this Order.

Dated this the ___ day of _____, 2022.

_____
UNITED STATES BANKRUPTCY JUDGE