# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | ) Case No.: 20-81688-CRJ-11 |
| | ) Chapter 11 |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |

## ORDER APPROVING SETTLEMENT
## PAYMENT TO THE SANDY HOOK FAMILIES

This matter having come before the Court on March 29, 2022 upon the motion (Dkt. No. 2398 the "Motion")[2] by Ironshore Specialty Insurance Company ("Ironshore") for entry of an order, pursuant to Paragraph 98 of the Confirmation Order in this case,[3] approving the Insurers' proposed settlement payment to the Sandy Hook Families,[4] as set forth in the Motion and that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405) (collectively, the "Debtors").

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion and/or the *Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* (Dkt. No. 1658-1, the "Plan"), as applicable.

[3] *Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Lenders*, Dkt. No. 1658 (the "Confirmation Order")

[4] The "Sandy Hook Families" means, collectively, the following, who are all of the plaintiffs in the *Soto* Action: Donna L. Soto, as Administratrix of the Estate of Victoria Leigh Soto; Ian and Nicole Hockley, as Co-Administrators of the Estate of Dylan Christopher Jack Hockley; David C. Wheeler, Administrator of the Estate of Benjamin A. Wheeler; Mary A. D'Avino, as Administratrix

(Continued . . .)

certain Settlement Agreement and Release dated February 14, 2022 (the "Settlement Agreement"); and the Court having reviewed the Motion and determined that the relief requested in the Motion (a) is in the best interests of the Debtors, the ROC Liquidation Estates, and other parties in interest and (b) does not negatively affect any applicable creditor of the Debtors; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, the Court hereby finds and determines as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference of the U.S. District Court for the Northern District of Alabama dated July 16, 1984, as amended July 17, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The predicates for the relief granted herein are Paragraphs 98 and 138 of the Confirmation Order. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

**Retention of Jurisdiction**

C. It is necessary and appropriate for this Court to retain jurisdiction to enforce the terms and provisions of this Order.

**Notice of the Motion**

D. Ironshore has provided due and adequate notice of the Motion, the

---

of the Estate of Rachel Marie D'Avino a/k/a Rachel M. D'Avino; Mark and Jacqueline Barden, as Co-Administrators of the Estate of Daniel G. Barden; William D. Sherlach, as Executor of the Estate of Mary Joy Sherlach, and William D. Sherlach, Individually; Neil Heslin and Scarlett Lewis, as Co-Administrators of the Estate of Jesse McCord Lewis; Veronique de la Rosa and Leonard Pozner, as Co-Administrators of the Estate of Noah Samuel Pozner; and Gilles J. Rousseau, as Administrator of the Estate of Lauren G. Rousseau.

- 2 -

Case 20-81688-CRJ11    Doc 2453    Filed 03/29/22    Entered 03/29/22 11:26:28    Desc
Main Document    Page 2 of 6

hearing on the Motion, and the subject matter and terms of the Settlement Agreement to all parties in interest pursuant to Bankruptcy Rule 2002. Without limiting the generality of the foregoing, adequate notice has been provided, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded, to all parties in interest, including without limitation: (i) all persons or entities that filed a notice of appearance and demand for service of papers in the Chapter 11 Cases, via service through CM/ECF; (ii) the Sandy Hook Families; (iii) Joann Harris and Benjamin Harris; (iv) Precious Seguin; (v) the Plan Administrator; (vi) E. I. du Pont de Nemours and Company and Sporting Goods Properties, Inc.; and (vii) each of the Insurers.

E. The foregoing notice was good, adequate, and sufficient and is the best notice practicable under the circumstances of these Chapter 11 Cases and constitutes due, sufficient, adequate, and timely notice to all Persons entitled thereto in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Confirmation Order, the applicable Local Rules of this Court, and the procedural due process requirements of the United States Constitution. Notice of the relief requested by the Motion has been provided by means reasonably calculated to reach all interested parties and reasonably convey all the required information to inform all those Persons affected by this Order, and a reasonable time for a response and an opportunity to object to the relief requested was afforded to all such Persons. No other or further notice of the Motion or of this Order is necessary.

**Sound Business Judgment and Reasonableness**

F. The payment of the Settlement Amount (as defined in the Settlement Agreement) would have no impact on the Debtors' remaining GL Insurance Assets or other Tort Claims covered by the same Policies. Mr. and Mrs. Harris and Ms. Seguin are the only

- 3 -

Case 20-81688-CRJ11    Doc 2453    Filed 03/29/22    Entered 03/29/22 11:26:28    Desc
Main Document    Page 3 of 6

persons or entities other than the Sandy Hook Families known to have asserted claims that could potentially be covered under the Policies. Because the U.S. Court of Appeals for the Tenth Circuit affirmed a grant of summary judgment in favor of Remington Arms Company, LLC against Mr. and Mrs. Harris, they hold no cognizable interest in, or claim against, the Policies or their proceeds. The interests of Ms. Seguin are fully protected by the terms of the Settlement Agreement.

G. The Settlement is proposed in good faith and is the product of arms'-length negotiations that have occurred among the Sandy Hook Families, the Insurers, and the Plan Administrator over an extended period through experienced counsel

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Motion is **APPROVED**, and the payment of the Settlement Amount to the Sandy Hook Families pursuant to the terms and conditions of the Settlement Agreement are **APPROVED** in all respects, pursuant to Paragraph 98 of the Confirmation Order.

2. The Insurers are authorized to make, and the Sandy Hook Families are authorized to receive, the Settlement Amount. The Insurers, the Plan Administrator, and the Sandy Hook Families are authorized to perform their respective obligations as set forth in the Settlement Agreement.

3. Each Insurer is only responsible for paying its own Insurers' Settlement Share (as defined in the Agreement); under no circumstances is an Insurer obligated to pay another Insurer's Settlement Share, as the Insurers' respective obligations are several and not joint.

4. For the reasons set forth herein, any objections to the Motion and the

relief requested therein and granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits or have otherwise been adequately addressed by the terms of this Order.

5. James River shall reserve $500,000 to pay Ms. Seguin, if the United States Court of Appeals for the Fifth Circuit enters a Final Order affirming the judgment in her favor. If Ms. Seguin's judgment is reversed by a Final Order entered by the Fifth Circuit, then James River shall pay the $500,000 reserved for Ms. Seguin to the Sandy Hook Families, in accordance with the terms of the Settlement Agreement, and without any further need to seek approval from this Court.

6. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h). The provisions of this Order are non-severable and mutually dependent.

7. This Court shall retain jurisdiction to interpret and enforce the provisions of this Order and further to hear and determine any and all disputes with respect to this Order, including without limitation any disputes among the Parties with respect to the interpretation or enforcement of this Order (including after the closing of the Chapter 11 Cases).

8. From the date of entry of this Order until the date this Order has become a Final Order, or such earlier termination of the Settlement Agreement pursuant to Section 4.2 thereof, the Parties shall: (a) not file any new motions, briefs, pleadings, objections, or other requests for relief against each other in the *Soto* Action; (b) provide open extensions of time for each other; and (c) otherwise reasonably cooperate with each other as may be necessary to avoid unnecessary litigation expenses.

9. From the date of entry of this Order until the date this Order has become

- 5 -

Case 20-81688-CRJ11    Doc 2453    Filed 03/29/22    Entered 03/29/22 11:26:28    Desc
Main Document    Page 5 of 6

a Final Order, or such earlier termination of the Settlement Agreement pursuant to Section 4.2 thereof, no Party shall take any discovery in the *Soto* Action, including, without limitation, requiring any other Party or any non-Party to respond to discovery, produce any documents, or appear for a deposition, except as expressly permitted under the terms of the Settlement Agreement.

10. This Order shall be binding upon the following, and upon each of their respective successors and assigns: (a) the Insurers; (b) the Debtors; (c) the Sandy Hook Families; (d) the Plan Administrator; (e) all persons having or asserting any interest in the Policies, including without limitation Mr. and Mrs. Harris and Ms. Seguin; (f) all other creditors of the Debtors; (g) all other insurers of the Debtors; (h) all other insureds under the Policies; and (i) all other parties in interest.

Dated this the 29th day of March, 2022.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge