# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 20-81688-CRJ11 |
| REMINGTON OUTDOOR ) | |
| COMPANY, INC., *et al.*,[1] ) | Chapter 11 |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

## IRONSHORE'S OBJECTION TO
## PROOF OF CLAIM NO. 1288 FILED BY TERRY WALTON
## AND PROOF OF CLAIM NO. 1338 FILED BY TRAVIS WALTON

Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, paragraph 95 of the Confirmation Order (Dkt. No. 1658), and the *Order Approving Plan Administrator's Third Motion To Extend Period To Object To Proofs Of Claim* (Dkt. No. 2452), Ironshore Specialty Insurance Company hereby objects to Proof of Claim No. 1288 filed by Terry Walton and Proof of Claim No. 1338 filed by Travis Walton (collectively, the "Walton Claims") and seeks an order disallowing the Walton Claims in their entirety, because (i) they do not represent a valid obligation of the only debtor against which the Walton Claims have been asserted and (ii) the Walton Claims are facially deficient.

In support of this Objection, Ironshore states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405) (collectively, the "Debtors").

## I. Jurisdiction and Venue

1. This Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district under 28 U.S.C. § 1409.

3. The predicates for the relief requested herein are 11 U.S.C. § 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Alabama.

## II. Background

### A. The Debtors and their Chapter 11 bankruptcy cases

4. On July 27, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court, commencing these Chapter 11 Cases. These Chapter 11 Cases (collectively, the "Bankruptcy Case") are being jointly administered,[2] and shall be referred to collectively herein as the "Bankruptcy Case."

5. On October 26, 2020, the Court entered the Bar Date Order, which established December 10, 2020 at 5:00 p.m. (prevailing Central Time) as the General Bar Date by which all non-governmental creditors were required to file a proof of claim.

6. On March 12, 2021, the Bankruptcy Court entered the Confirmation Order. The Confirmation Order (at ¶ 75) approved and confirmed the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Lenders (the

---

[2] *See* Dkt. No. 89.

"Plan") in its entirety, and incorporated by reference the terms of the Plan "whether or not such terms are expressly referenced or described" in the Confirmation Order.

7. The Confirmation Order addressed the treatment of Tort Claims against the Debtors, such as the Walton Claims. Specifically, under Paragraph 93 of the Confirmation Order, holders of Class 7 Tort Claims were given the "right to be automatically granted, without any further action by the Bankruptcy Court, relief from the automatic stay and any plan injunction arising under the Plan or this Confirmation Order solely to proceed with litigating the cause(s) of action giving rise to such Class 7 Tort Claim (each, a 'Tort Action') and obtaining a judgment thereon" by filing a Stay Relief Notice.[3] Paragraph 95 of the Confirmation Order specifically granted Debtors' insurers, including Ironshore, "standing in the Plan Administrator's stead to timely object to the allowance of such Class 7 Tort Claims for which the holders thereof do not elect to file a Stay Relief Notice within forty-five days of the Effective Date."

8. On August 24, 2021, this Court entered an order extending the time to file objections to proofs of claim to December 17, 2021 at 5:00 p.m. CST.[4] On December 15, 2021, the Court entered an order further extending the time to file objections to proofs of claim to March 31, 2022.[5] On March 29, 2022, the Court entered an order further extending the time to file objections to proofs of claim to June 30, 2022.[6]

---

[3] All capitalized terms that are not defined herein shall have the same meaning as in the Confirmation Order.

[4] *See* Dkt. No. 2118.

[5] *See* Dkt. No. 2214.

[6] *See* Dkt. No. 2452.

B. **The Walton Claims**

9. The Claims Register reflects that on December 10, 2020, the Waltons' counsel electronically filed the Walton Claims against Remington Outdoor Company, Inc. ("ROC"). The Walton Claims are not filed against any debtor besides ROC. Specifically, the Walton Claims are not filed against Remington Arms Company, LLC, another one of the Debtors. Travis Walton's proof of claim (No. 1338) is in the amount of $1.25 million. Terry Walton's proof of claim (No. 1288) is in the amount of $300,000. The basis for Travis Walton's claim in Part 2, section 8 of the claim form is "Personal Injury," while the basis for Terry Walton's claim is "Personal Injury / California Dillon v. Legg Claim."

10. The Waltons are the plaintiffs in a lawsuit titled *Travis Walton and Terry Walton v. Remington Arms Company, LLC, et al.*, Case No. BC 723793, which the Waltons filed in the Superior Court of the State of California, County of Los Angeles, Central District, on or about October 2, 2018 (the "Walton Lawsuit"). The complaint alleges that on or about October 5, 2016, a Marlin Firearms "1895 Gov't Big Loop" lever action rifle loaded with PRVI Partizan dba PPU branded Gov't 45-70 caliber rifle ammunition exploded while being used by Travis Walton. Terry Walton, Travis' father, witnessed the incident and alleges that he suffered emotional distress.

11. Travis Walton asserts causes of action for negligence, strict liability, and breach of warranty, based on alleged defects in the rifle, against Remington Arms Company, LLC, Remington Arms Company, Inc., ROC, Marlin Firearms, Turner's Outdoorsman, and Does 1-100, while Terry Walton asserts a cause of action for negligent infliction of emotional distress-bystander liability against these defendants.

12. Travis Walton asserts virtually identical causes of action for negligence, strict liability, and breach of warranty, based on alleged defects in the ammunition, against TR&Z USA Trading Corp., PRVI Partizan, A.D. dba PPU, Ventura Munitions, and Does 1-100, while Terry Walton asserts a cause of action for negligent infliction of emotional distress-bystander liability against these defendants.

13. The prayer for relief in the Waltons' complaint states that Travis Walton seeks "[g]eneral damages in a sum in excess of the jurisdictional limitations to be stated according to proof." The Waltons' complaint does not include a prayer for relief as to Terry Walton. A copy of the summons, complaint, civil cover sheet, and several administrative documents issued by the Los Angeles Superior Court were attached to the Walton Claims.

14. On December 3, 2019, the Los Angeles Superior Court granted plaintiffs' request to dismiss ROC without prejudice.[7]

15. On January 8, 2020, Remington Arms Company, LLC ("Remington Arms") filed an answer to the Waltons' complaint.[8]

16. The Walton Lawsuit was stayed due the filing of the Bankruptcy Case. The Waltons, however, have not filed Stay Relief Notices in the Bankruptcy Case.

### III. Relief Requested

17. By this Objection, Ironshore seeks entry of an order disallowing and

---

[7] *See* Request for Dismissal of Remington Outdoor Company, Inc., attached to the Declaration of Tacie H. Yoon ("Yoon Decl.") as Exhibit 1.

[8] *See* Remington Arms Company, LLC's Answer to Plaintiffs' Complaint, attached to the Yoon Decl. as Exhibit 2.

(continued…)

expunging the Walton Claims in their entirety.

### IV. Basis for Relief

18. Pursuant to § 502(a), a filed proof of claim is deemed allowed unless a party in interest objects.[9] Rule 3007 provides that an objection must be in writing and that the claimant must be provided with not less than 30 days' notice of the hearing concerning the objection.

19. If an objection is filed, the Court, after notice and hearing, determines the validity and amount of such claim.[10] A proof of claim should be disallowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."[11] When objecting to a claim under § 502(b)(1), a debtor may assert "any defense to a claim that is available outside of the bankruptcy context."[12]

20. If the objection asserts the existence of a factual dispute concerning the claim, an evidentiary hearing would be required to determine the amount of the claims subject to allowance. *See* 11 U.S.C. § 502(b). If the debtor or other objecting party (such as Ironshore) disputes the evidentiary presumption of validity of a proof of claim, the burden of establishing the basis of the claim by preponderance of the evidence would shift back to the claimant. *See*

---

[9] *See* 11 U.S.C. § 502(a).

[10] *See* 11 U.S.C. § 502(b).

[11] 11 U.S.C. § 502(b)(1).

[12] *Travelers Cas. & Sur. Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450 (2007), quoting 4 *Collier on Bankruptcy* ¶ 502.03[2][b], at 502-22.

*Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 20-22 n. 2 (2000) (holding that the ultimate burden of proof in establishing a claim, after the claim's validity is disputed by an objecting party, depends on applicable nonbankruptcy law governing the substantive basis of the claim).

21. The Walton Claims should be disallowed pursuant to § 502(b)(1) because they are unenforceable against the debtor against which the claims are asserted. In addition, Paragraphs 10(g) and (h) of the Bar Date Order state that, in order to be "considered properly and timely filed," a proof of claim must "set forth with specificity the legal and factual basis for the alleged Claim," and "include supporting documentation" or "explain why such documentation is not available." The Walton Claims fail to satisfy the foregoing requirements for a properly and timely submitted proof of claim, and therefore should be disallowed and expunged pursuant to § 502(b)(1) for that additional reason.[13]

### V. Argument and Authorities

### A. The Walton Claims should be disallowed under § 502(b)(1) because they are unenforceable against ROC

22. This Court should disallow and expunge the Walton Claims because they are asserted only against ROC, which is no longer a defendant in the Walton Lawsuit, and cannot be added back to that suit or sued in a new action because of the statute of limitations. Because the Waltons voluntarily dismissed ROC from their lawsuit, their proofs of claim,

---

[13] In addition, the Walton Claims should be disallowed because they are contingent and unliquidated. However, because the Walton Claims are based on alleged prepetition personal injuries, this Court lacks jurisdiction to enter a final judgment estimating or liquidating the Walton Claims for purposes of distribution under the Plan. *See In re Poole Funeral Chapel, Inc.*, 63 B.R. 527, 529 (Bankr. N.D. Ala. 1986) (concluding the bankruptcy court could estimate personal injury tort claims for purposes of plan confirmation but could not liquidate such claims for distribution).

including the documents attached to their proofs of claim, do not establish any basis for finding that ROC has any liability to the Waltons.

23. Any claim the Waltons might attempt to assert now against ROC in state court would be time-barred. The statute of limitations applicable to the Waltons' claims against ROC is two years under California law.[14] The incident which the Waltons allege caused their injuries occurred on October 5, 2016 – about 5-½ years ago. ROC's 2018 bankruptcy case in Delaware was filed on March 25, 2018, 536 days (or 1.47 years) after the date of injury. The automatic stay in that earlier bankruptcy case terminated on May 15, 2018. The Waltons' complaint against ROC was timely when filed in Los Angeles Superior Court on October 2, 2018, 140 days (or 0.38 years) after the automatic stay in the first Remington bankruptcy terminated,[15] but the Waltons voluntarily dismissed ROC 14 months later, on December 3, 2019 – after the statute of limitations on their claim had already run.

24. Thus, even with tolling during the first bankruptcy cases and applying 11 U.S.C. § 108(c), any attempt by the Waltons to amend their California complaint to re-add ROC would be time-barred. Their failure to have asserted a timely claim against ROC (other than the claim that the Waltons voluntarily dismissed) is fatal to their claim here. Accordingly, the Walton Claims must be disallowed in their entirety.

---

[14] *See* Cal. Code of Civ. Proc. § 335.1; *Aguilera v. Heiman*, 174 Cal. App.4th 590, 596 (2003); *Mentzer v. Vaikutyte*, 2018 WL 1684340 at *7 n.7 (C.D. Cal. Feb. 26, 2018).

[15] *See* Cal. Code of Civ. Proc. § 356 ("When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action").

**B. The Walton Claims against ROC should be disallowed under § 502(b)(1) because they do not comply with the requirements of the Bar Date Order**

25. The Court should disallow and expunge the Walton Claims because they fail to comply with the express requirements of the Bar Date Order and because the Waltons have not proven that they can carry their respective burdens of proving their claims or that they can overcome applicable defenses to liability.

26. Specifically:

   a. *<u>The claim does not "set forth with specificity the legal and factual basis for the alleged Claim."</u>* The Walton Claims fail to set forth any facts or information suggesting that ROC bears any liability for the Waltons' alleged injuries. The complaint does not allege that ROC manufactured the rifle in question; indeed, it is identified as a "Marlin Firearms branded" rifle, and no information is provided suggesting the existence of any relationship between Marlin Firearms and ROC. Further, the Waltons' dismissal of ROC from the Walton Lawsuit suggests that they did not even believe that ROC was liable to them.

   In addition, the answer to the complaint filed by Remington Arms alleges affirmative defenses that have not been decided on the merits, including: (1) failure to state a claim; (2) product misuse, abuse, and/or alteration; (3) contributory negligence; (4) apportionment of liability based on Remington Arms' pro-rata proximate cause; (5) allocation of non-economic damages based on Remington Arms' percentage of fault; (6) assumption of risk; (7) failure to exercise reasonable care; (8) suitability of the rifle for intended purposes; (9) disclaimer of warranty, including implied warranties; and (10) lack of privity of contract regarding breach of warranty. If ROC were a defendant in the Walton Lawsuit, it would likely

assert the same affirmative defenses. The Waltons must overcome these defenses to establish their claims against Remington Arms and/or ROC.

The allegations of the complaint also fail to provide any basis for the $1.25 million and $300,000 claim amounts. The complaint alleges only that Travis Walton demands in excess of the "jurisdictional limitations to be stated according to proof," and the complaint is silent as to any amount of compensatory damages demanded by Terry Walton. None of the other documents attached to the proofs of claim provide any information to support the claimed amounts. In particular, nothing in the complaint or other attachments to the Walton Claims supports valuing Travis Walton's claim at $1.25 million or valuing Terry Walton's claim at $300,000, nor does anything in the complaint support attributing the entire claim amounts to ROC or Remington Arms, as opposed to any other defendant. The claim amounts could also be reduced based on the affirmative defenses asserted in Remington Arms' answer.

b. *The supporting documentation is not informative or adequate*. Although the Walton Claims include a copy of their complaint, summons, civil cover sheet, and various court-issued standing orders and forms, those documents fail to provide any factual or evidentiary information to support the claims or the claim amounts. In particular, based on the allegations of the complaint, it is just as likely that the Waltons' alleged injuries were caused by the ammunition, rather than the rifle.

27. The Walton Claims fail to meet the requirements of the Bar Date Order, are subject to disallowance under 11 U.S.C. § 502, and do not establish any right to payment from ROC. The Walton Claims therefore should be disallowed and expunged in their entirety.

- 10 -

Case 20-81688-CRJ11    Doc 2508    Filed 05/11/22    Entered 05/11/22 16:05:53    Desc
Main Document    Page 10 of 14

### C. The Waltons did not submit a timely proof of claim against Remington Arms, the only debtor against whom their California state court action is proceeding

28. The Bar Date Order required that a claimant submit his or her proof of claim against any of the Remington debtors by not later than December 10, 2020 at 5:00 p.m. (prevailing Central Time), the date and time established as the General Bar Date by which all non-governmental creditors were required to file a proof of claim.

29. As of that time, the Waltons had a pending lawsuit in California state court against Remington Arms, but no pending lawsuit against ROC, which they had previously dismissed.

30. The Walton Claims nevertheless seek to recover only from the bankruptcy estate of ROC, not Remington Arms.

31. Because the Waltons did not comply with the Bar Date Order by filing a proof of claim against Remington Arms before the General Bar Date, the Waltons missed their opportunity to recover from the bankruptcy estate of Remington Arms.

### VI. Reservation of Rights

32. Ironshore is prepared to and will offer documentary and/or testimonial evidence at any subsequent hearing in support of this Objection, to the extent such evidence is required.

33. Ironshore expressly reserves all of its rights to amend, modify, or supplement this Objection, and to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.

- 11 -

Case 20-81688-CRJ11    Doc 2508    Filed 05/11/22    Entered 05/11/22 16:05:53    Desc
Main Document    Page 11 of 14

34. Ironshore expressly reserves all of its defenses to coverage under any insurance policy issued to any of the Debtors or under which any of the Debtors might claim coverage including, but not limited to, the fact that the amount of Terry Walton's claim seeks less than the applicable self-insured retentions ("SIRs") in the policy, and Travis Walton's claim, if allowed in an amount less than the applicable SIRs, would not be entitled to recover from ROC's or Remington Arms' insurance coverage. Ironshore further reserves the right to assert that, even if Travis Walton's claim were allowed in the amount sought, the amount payable to him would be reduced by the amount of the applicable SIRs.

WHEREFORE, for the reasons stated above, Ironshore respectfully requests that the Court (i) sustain this objection and disallow the Walton Claims in their entirety, and (ii) award such other and further relief as the Court deems just and proper.

DATED: May 11, 2022

Respectfully submitted,

By: /s/ *Kevin D. Heard*
Kevin D. Heard
Angela S. Ary
HEARD, ARY & DAURO, LLC
303 Williams Avenue
Park Plaza, Suite 921
Huntsville, Alabama 35801
Phone: (256) 535-0817
Email: kheard@heardlaw.com
aary@heardlaw.com

Mark D. Plevin (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Email: mplevin@crowell.com

Tacie H. Yoon  (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for Ironshore Specialty Insurance Company

# CERTIFICATE OF SERVICE

       I hereby certify that on May 11, 2022, I served the foregoing pleading upon counsel for the holders of Claim Nos. 1288 and 1338 by United States Mail and email, as follows:

>Roy Wayne McClean, Esq.
>Law Office of Wayne McClean
>21650 Oxnard Street, Suite 1620
>Woodland Hills, California 91367
>Email: law@mcclean-law.com

and upon the Debtors' 40 largest unsecured creditors, all counsel of record requesting notice, all other persons requesting notice, the Plan Administrator, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

>*/s/ Kevin D. Heard*
>Kevin D. Heard

64053533