# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

<table>
<tr><td>In re:</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Case No.: 20-81688-CRJ11</td></tr>
<tr><td>REMINGTON OUTDOOR</td><td>)</td><td></td></tr>
<tr><td>COMPANY, INC., <em>et al.</em>, [1]</td><td>)</td><td>Chapter 11</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Jointly Administered</td></tr>
<tr><td>Debtors.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

## DECLARATION OF TACIE H. YOON
## IN SUPPORT OF IRONSHORE'S OBJECTION TO
## PROOF OF CLAIM NO. 1288 FILED BY TERRY WALTON
## AND PROOF OF CLAIM NO. 1338 FILED BY TRAVIS WALTON

I, Tacie H. Yoon, declare as follows:

1. I am a member of the District of Columbia Bar, and one of the attorneys for Ironshore Specialty Insurance Company ("Ironshore"), a party in interest in Debtors' cases.

2. I submit this declaration in support of Ironshore's Objection to Proof of Claim No. 1288 filed by Terry Walton and Proof of Claim No. 1338 filed by Travis Walton. I make this declaration based on personal knowledge.

3. Exhibit 1 hereto is a true and correct copy of Plaintiffs' Request for Dismissal of Remington Outdoor Company, Inc., which was filed on November 22, 2019, in *Travis Walton and Terry Walton v. Remington Arms Company, LLC, et al.*, Case No. BC 723793 (Cal. Super. Ct., Los Angeles Cty) (the "Walton Lawsuit"), and granted on December 3, 2019.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405) (collectively, the "Debtors").

4.      Exhibit 2 hereto is a true and correct copy of Remington Arms Company, LLC's Answer to Plaintiffs' Complaint, which was filed on January 8, 2020 in the Walton Lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 11, 2022, at Washington, D.C.


*/s/ Tacie H. Yoon*
Tacie H. Yoon

# Exhibit 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 134370 | FOR COURT USE ONLY |
|---|---|---|

NAME: David Lira, Esq.
FIRM NAME: Giradi Keese
STREET ADDRESS: 1126 Wilshire Blvd.
CITY: Los Angeles  STATE: CA  ZIP CODE: 90017
TELEPHONE NO.: (213) 977-0211  FAX NO.: (213) 481-1554
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Plaintiffs Travis Walton and Terry Walton

**FILED**
Superior Court of California
County of Los Angeles
**11/22/2019**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ Billy Lopez _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

Plaintiff/Petitioner: Travis Walton, et al.
Defendant/Respondent: Remington Arms Company, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: BC723793 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☒ Complaint  (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name):  on (date):
   (4) ☐ Cross-complaint filed by (name):  on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* As to defendant, Remington Outdoor Company, Inc.

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 11/**2**/2019

David Lira, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date:

▶

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)  (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross Complainant

(To be completed by clerk)

4. ☐ Dismissal entered as requested on (date):
5. ☑ Dismissal entered on (date): 12/03/2019 as to only (name) as stated above
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☑ Attorney or party without attorney notified on (date): 12/03/2019
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed ☐ means to return conformed copy  Sherri R. Carter, Executive Officer / Clerk of Court

Date: 12/03/2019  Clerk, by _____ Billy Lopez _____, Deputy  Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

CONFIDENTIAL MATERIAL  REM_INS_0000229

Electronically Received 11/22/2019 12:10 PM

| Plaintiff/Petitioner: | CASE NUMBER: |
|---|---|
| Defendant/Respondent: | |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**
If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
    a. ☐ not recovering anything of value by this action.
    b. ☐ recovering less than $10,000 in value by this action.
    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)   (SIGNATURE)

---

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   [ Print this form ]   [ Save this form ]   [ Clear this form ]

Case 20-81688-CRJ11    Doc 2508-1    Filed 05/11/22    Entered 05/11/22 16:05:53    Desc
CONFIDENTIAL MATERIAL    Declaration with Exhibits    Page 5 of 14    REM_INS_0000230

# Exhibit 2

**YOKA & SMITH, LLP**
**445 South Figueroa Street, 38th Floor**
**Los, California 90071**
**Phone: (213) 427-2300**
**Fax: (213) 427-2330**

WALTER M. YOKA, Bar # 94536; CHAD CHEN, Bar #265734
Attorneys for Defendant, REMINGTON ARMS COMPANY, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| TRAVIS WALTON, an individual, and TERRY WALTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, LLC; REMINGTON ARMS COMPANY, INC; REMINGTON OUTDOOR COMPANY, INC.; MARLIN FIREARMS; TURNER'S OUTDOORSMAN; TR&Z USA TRADING CORP.; PRVI PARTIZAN, A.D. dba PPU, a Foreign Corporation; VENTURA MUNITIONS, and DOES 1-100, INCLUSIVE<br><br>Defendants. | Case No.: BC723793<br><br>*[Assigned to Hon. Kristin S. Escalante, Dept. 2]*<br><br>**REMINGTON ARMS COMPANY, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint filed: October 2, 2018 |

COMES NOW, Defendant REMINGTON ARMS COMPANY, LLC and severing itself from all other parties, and for itself alone, answers Plaintiffs' Complaint as follows:

1. The Complaint in the above-entitled action being unverified, this answering Defendant, pursuant to Section 431.30(d) of the *Code of Civil Procedure*, denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiffs suffered damages in the sum alleged, or any other sum or sums, whether as alleged or otherwise, or at all.

///

1

REMINGTON ARMS COMPANY, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

## FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

2. This answering Defendant alleges that Plaintiffs' Complaint, and each cause of action contained therein, does not state facts sufficient to constitute a cause of action against this answering Defendant under any legal theory.

## FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

3. This answering Defendant alleges that any damages and injuries suffered by Plaintiffs were caused by misuse of the subject firearm product in a manner not foreseeable by this answering Defendant.

## FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

4. This answering Defendant alleges that at all times mentioned in the Complaint, Plaintiffs and persons and entities other than this answering Defendant so carelessly, recklessly and negligently conducted and maintained themselves so as to cause and contribute in some way to the alleged incident and to the damages, if any, alleged to have been sustained by Plaintiffs. Therefore, Plaintiffs' recovery herein as to any damages and injury suffered by Plaintiffs shall be diminished to the extent that such injury or damages were proximately caused by the negligence of the Plaintiffs and/or persons and entities other than this answering Defendant.

## FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

5. This answering Defendant alleges that any and all events and happenings in connection with the allegations contained in the Complaint were proximately caused and contributed to by the negligence and other legal fault of the Plaintiffs and were further proximately caused and contributed to by the negligence and other legal fault of persons and entities other than this answering Defendant and that if the Plaintiffs recover any sum whatsoever herein, such amount must be reduced in proportion to the extent that the Plaintiffs and/or persons and entities other than this answering Defendant's own negligence and other legal fault proximately caused or contributed

Case 20-81688-CRJ11    Doc 2508-1    Filed 05/11/22    Entered 05/11/22 16:05:53    Desc
Declaration with Exhibits    Page 8 of 14

to the Plaintiffs' claimed injuries and damages and that if there is a verdict in favor of said Plaintiffs against this Defendant, said verdict should be in proportion to this answering Defendant's pro-rata responsibility and to the extent that it is necessary, this answering Defendant may be entitled to partial indemnity from others on a comparative fault basis.

## FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
## THE ALLEGATIONS CONTAINED IN THE COMPLAINT

6. This answering Defendant alleges that the Plaintiffs' non-economic injuries and damages, if any, were proximately caused and contributed to by the negligence and other legal fault of persons and entities other than this answering Defendant. Accordingly, if there is a verdict in favor of the Plaintiffs against this answering Defendant for non-economic damages sustained by the Plaintiffs, the liability, if any, of this answering Defendant for said non-economic damages shall be several only and shall not be joint, and this answering Defendant shall be liable only for the amount of non-economic damages allocated to this answering Defendant's percentage of fault.

## FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
## THE ALLEGATIONS CONTAINED IN THE COMPLAINT

7. This answering Defendant alleges that prior to the happening of the accident referred to in Plaintiffs' Complaint, the firearm product referred to therein had been misused, abused, changed and altered, and that such changes, alterations, misuse and abuse were the sole proximate cause of the incident referred to in the Complaint, and the damages, if any, suffered by the Plaintiffs. As such, any recovery by said Plaintiffs against this answering Defendant is barred.

## FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

8. This answering Defendant alleges that all risks and dangers, if any, related to the firearm product referred to in the Complaint, had been seen, understood, recognized and were fully known to the Plaintiffs and that all the said risks and dangers, if any, were fully appreciated and voluntarily assumed by the Plaintiffs during all the times set out in the Complaint, and that the Plaintiffs voluntarily placed themselves in a position of danger, if such position of danger did, in fact, exist, and thereby assumed the risk of all injuries that might or did result therefrom, and the Plaintiffs are

therefore barred from any recovery herein.

## FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

9. This answering Defendant alleges that Plaintiffs failed to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize resulting damages, and that as such, Plaintiffs cannot recover for losses that may have been prevented by reasonable efforts and expenditures.

## FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
## THE ALLEGATIONS CONTAINED IN THE COMPLAINT

10. This answering Defendant further alleges that the subject firearm product was reasonably fit, suitable and safe for its intended purpose.

## FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO
## THE ALLEGATIONS CONTAINED IN THE COMPLAINT

11. This answering Defendant alleges that Defendant expressly disclaimed any implied warranties by using language which in common understanding called Plaintiffs' attention the exclusion of warranties and made plain that there was no implied warranty.

## FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

12. This answering Defendant alleges that Plaintiffs do not have the requisite privity of contract to maintain their breach of warranty claim.

## FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT

13. This answering Defendant alleges that that all risks and dangers, if any, related to the firearm product referred to in the complaint, had been seen, understood, recognized and were fully known to Plaintiffs and that all of said risks and dangers, if any, were fully appreciated and voluntarily assumed by Plaintiffs during all the times set out in the complaint, and that Plaintiffs voluntarily placed themselves in a position of danger, if such position of danger did, in fact, exist,

| | |
|---|---|
| 1 | and thereby assumed the risk of all injuries that might or did result therefrom, and the Plaintiffs are |
| 2 | therefore barred from any recovery herein. |

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**TO THE ALLEGATIONS CONTAINED IN THE COMPLAINT**

14. This answering Defendant alleges that it may have additional defenses or claims available to it of which it is not now aware. Defendant reserves the right to assert additional defenses or cross-claims, counterclaims, or third-party claims as may be revealed to be appropriate through discovery or otherwise.

WHEREFORE, this answering Defendant prays for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That this answering Defendant be awarded its costs of suit heretofore incurred and hereafter to be incurred in this action;

3. That this answering Defendant be awarded reasonable attorney's fees in an amount according to proof; and

4. That this answering Defendant be awarded such other or further relief as the Court may deem just and proper.

DATED: January 7, 2020

YOKA & SMITH, LLP

BY: _____

WALTER M. YOKA
CHAD CHEN
Attorneys for Defendant, REMINGTON ARMS
COMPANY, LLC

1

2                    **DEMAND FOR JURY TRIAL**

3          Defendant REMINGTON ARMS COMPANY, LLC hereby demands a trial by jury as to all

4    causes of action stated in Plaintiffs' Complaint.

5

6    DATED:   January 7, 2020                    YOKA & SMITH, LLP

7

8                                               BY:
_____
9                                                  WALTER M. YOKA
                                                   CHAD CHEN
10                                                 Attorneys for Defendant, REMINGTON ARMS
                                                   COMPANY, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                6

FILE NO.: REMI.34697

## PROOF OF SERVICE
CCP 1013

**Travis Walton, et al. v. Remington Arms Company, LLC, et al.**
Los Angeles Superior Court Case No.: BC723793

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **445 South Figueroa Street, 38th Floor, Los Angeles, California 90071.**

On January 8, 2020, I served the foregoing document described as **REMINGTON ARMS COMPANY, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL** on the interested party or parties in this action by placing a true copy thereof, enclosed in a sealed envelope, and addressed as noted below:

## *PLEASE SEE ATTACHED SERVICE LIST*

[X]  (BY MAIL) I am familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one working day after the date of deposit for mailing in this declaration.

[]  (BY PERSONAL SERVICE) Such envelope was handed to an agent of Document Delivery Service, ACE LEGAL ATTORNEY SERVICE, who was instructed to effect personal service of said document on January 8, 2020, to the office of the addressee

[]  (BY FACSIMILE) In addition to regular mail, I sent this document via facsimile, number(s) as listed on the attached service list on January 8, 2020.

[]  (BY ELECTRONIC SERVICE) ) In addition to regular mail, I sent this document to the email address(es) as listed on the service list, on January 8, 2020.

[]  (BY OVERNIGHT DELIVERY) By placing a true copy thereof enclosed in a sealed Federal Express (Fed-Ex), January 8, 2020, with such fees prepaid, deposited in a Federal Express depository at Los Angeles, CA in the ordinary course of business.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 8, 2020, at Los Angeles, California.

_____
Lisa M. Guerrero

1

***Travis Walton, et al. v. Remington Arms Company, LLC, et al.***

2    Los Angeles Superior Court Case No.: BC723793

3                                **SERVICE LIST**

4

5    David R. Lira, Esq.
     Nicole F. DeVAnon, Esq.
6    **GIRADI | KEESE**
     1126 Wilshire Blvd.
7    Los Angeles, California 90017
     Tel: (213) 977-0211
8    Fax: (213) 481-1554
     Email: dlira@giradikeese.com
9

10

11   Wayne McClean, Esq.
     Christopher K. Roberts, Esq.
12   **LAW OFFICE OF WAYNE McCLEAN**
     21650 Oxnard Street, Suite 1620
13   Woodland Hills, California 91367
     Tel: (818) 225-7007
14   Fax: (818) 225-7557
     Email:
15

16   *-Attorney for Plaintiffs, TRAVIS WALTON
     and TERRY WALTON*
17

18

19

20

21

22

23

24

25

26

27

28