# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.: 20-81688-CRJ11 |
| REMINGTON OUTDOOR | ) | |
| COMPANY, INC., *et al.*, [1] | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## NOTICE OF IRONSHORE'S JOINDER IN NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S OBJECTION TO PROOF OF CLAIM #1243 FILED BY ROGER STRINGER, KIMBERLY HYDER AND ZACHARY STRINGER

**NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. § 502, Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1(c), that Ironshore Specialty Insurance Company ("Ironshore") has filed a Joinder (Dkt. No. 2603, the "**Joinder**") in Union Fire Insurance Company of Pittsburgh, PA's Objection to Proof of Claim #1243 filed by Roger Stringer, Kimberly Hyder, and Zachary Stringer (the "Objection," Dkt. No. 2588). Proof of Claim No. 1243 was filed on December 12, 2020 by Roger Stringer, Kimberly Hyder, and Zachary Stringer in the amount of $25,000,000.00 (the "**Claim**"). A copy of the Joinder and the Objection accompanies this notice.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405) (collectively, the "Debtors").

**YOU ARE FURTHER NOTIFIED** that any opposition or other response to said Joinder must be filed with the clerk's office **within 30 days of the date of this notice**, and a copy must be served on the undersigned counsel for Ironshore, the Plan Administrator, any other affected creditors, any committee appointed in these cases, the Bankruptcy Administrator, and any other entity as the Court may direct. If a response to the Joinder is filed and served within the time specified, the Court will schedule a hearing to consider the Joinder and the response thereto. If a timely response is filed, you will be notified of the time, date, and place of the hearing. At the hearing, the party opposing or otherwise responding to the Joinder must appear in person or through an attorney and be prepared to advocate their position by testimony from witnesses and other evidence.

**IF NO RESPONSE IS FILED WITHIN THE TIME SPECIFIED, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT IN THE JOINDER WITHOUT A HEARING.**

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing on **July 12, 2022** at **10:00 a.m. CDT** to consider and act upon the Joinder. The Court's notice of hearing, which includes an AT&T call-in number for those unable to attend in person, is also attached.

DATED: June 16, 2022

Respectfully submitted,

By:  _/s/ Kevin D. Heard_
Kevin D. Heard
Angela S. Ary
HEARD, ARY & DAURO, LLC
303 Williams Avenue
Park Plaza, Suite 921

- 2 -

Huntsville, Alabama  35801
Phone:  (256) 715-5184
Email: kheard@heardlaw.com
       aary@heardlaw.com

Mark D. Plevin (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
Email:  mplevin@crowell.com

Tacie H. Yoon (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for Ironshore Specialty Insurance
Company

67500571

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on June 16, 2022, I served the foregoing pleading upon counsel for the holder of Claim No. 1243 by United States Mail and email, as follows:

        Gary Joseph Gambel, Esq.
        Murphy Rogers Sloss Gambel & Tompkins, PLC
        200 West Thomas Street
        Hammond, Louisiana 70401
        Email: ggambel@mrsnola.com

and upon the Debtors' 40 largest unsecured creditors, all counsel of record requesting notice, all other persons requesting notice, the Plan Administrator, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

                            */s/ Kevin D. Heard*
                            Kevin D. Heard

667500571

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

In re:                                )
                                      )    Case No.: 20-81688-CRJ11
REMINGTON OUTDOOR                     )
COMPANY, INC., *et al.*,[1]           )    Chapter 11
                                      )
                                      )    Jointly Administered
Debtors.                              )
                                      )

## IRONSHORE'S JOINDER IN NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S OBJECTION TO PROOF OF CLAIM #1243 FILED BY ROGER STRINGER, KIMBERLY HYDER AND ZACHARY STRINGER

Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, paragraph 95 of the *Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter 11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan Lenders* (the "Confirmation Order," Dkt. No. 1658), and the *Order Approving Plan Administrator's Third Motion To Extend Period To Object To Proofs Of Claim* (Dkt. No. 2452), Ironshore Specialty Insurance Company hereby joins National Union Fire Insurance Company of Pittsburgh, PA's Objection to Proof of Claim #1243 filed by Roger Stringer, Kimberly Hyder and Zachary Stringer (the "Objection," Dkt. No. 2588) and, for the reasons set forth in the Objection, seeks

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405) (collectively, the "Debtors").

(continued…)

an order disallowing and expunging Claim #1243 in its entirety, because it does not represent a valid obligation of any Debtor to the claimants.

In support of this Joinder, Ironshore states as follows:

1. Ironshore has standing to object to the claims of tort claimants as a provider of GL Insurance Assets pursuant to the Confirmation Order.[2]

2. Ironshore issued a commercial excess liability policy (policy 000833901) to Remington Outdoor Company, Inc. ("ROC," f/k/a Freedom Group, Inc.) for the policy period December 1, 2010 to December 1, 2011 (the "Ironshore Excess Policy"), which followed the terms, definitions, exclusions, and conditions contained in National Union policy 71567409, except as otherwise provided in the Ironshore Excess Policy.

3. Claim #1243 asserts a claim against ROC in the amount of $25,000,000, based on an alleged fatal injury on June 11, 2011, which could reach the Ironshore Excess Policy if it were ultimately allowed in full.

4. Claim #1243 should be disallowed for all of the reasons set forth in the Objection.

5. Ironshore expressly reserves all of its rights to amend, modify, or supplement this Joinder.

6. Ironshore expressly reserves all of its defenses to coverage under any insurance policy issued to any of the Debtors or under which any of the Debtors might claim

---

[2] *See* Confirmation Order at ¶ 95 ("the provider of any GL Insurance Assets applicable to such [claim] holder's Class 7 Tort Claim shall have standing in the Plan Administrator's stead to timely object to the allowance of such Class 7 Tort Claims for which the holders thereof do not elect to file a Stay Relief Notice within forty-five (45) days of the Effective Date").

coverage including, but not limited to, the right to assert that, even if Claim #1243 were allowed in the amount sought, the amount payable to the claimant would be reduced by the amount of applicable self-insured retentions and/or that coverage is not available under the Ironshore Excess Policy if all applicable underlying coverage has not been properly exhausted.

        WHEREFORE, for the reasons stated above and in the Objection, Ironshore respectfully requests that the Court (i) sustain the Objection and the Joinder and disallow Claim #1243 in its entirety and (ii) award such other and further relief as the Court deems just and proper.

DATED:                         Respectfully submitted,

                         By:   _/s/ Kevin D. Heard_     
                         Kevin D. Heard
                         Angela S. Ary
                         HEARD, ARY & DAURO, LLC
                         303 Williams Avenue
                         Park Plaza, Suite 921
                         Huntsville, Alabama  35801
                         Phone:  (256) 535-0817
                         Email: kheard@heardlaw.com
                                   aary@heardlaw.com

                         Mark D. Plevin  (admitted *pro hac vice*)
                         CROWELL & MORING LLP
                         Three Embarcadero Center, 26th Floor
                         San Francisco, California  94111
                         Phone:  (415) 986-2800
                         Email:  mplevin@crowell.com

                         Tacie H. Yoon  (admitted *pro hac vice*)
                         CROWELL & MORING LLP
                         1001 Pennsylvania Ave., N.W.
                         Washington, D.C.  20004
                         Phone:  (202) 624-2500
                         Email:  tyoon@crowell.com

Attorneys for Ironshore Specialty Insurance Company

67499995

## CERTIFICATE OF SERVICE

    I hereby certify that on   , 2022, I served the foregoing pleading upon counsel for the holder of Claim No. 1243 by United States Mail and email, as follows:

    Gary Joseph Gambel, Esq.
    Murphy Rogers Sloss Gambel & Tompkins, PLC
    200 West Thomas Street
    Hammond, Louisiana 70401
    Email: ggambel@mrsnola.com

and upon the Debtors' 40 largest unsecured creditors, all counsel of record requesting notice, all other persons requesting notice, the Plan Administrator, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

        */s/ Kevin D. Heard*
        Kevin D. Heard

67499995

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*, [1] | Case No. 20-81688-CRJ11 |
| Debtors. | Jointly Administered |

## NOTICE OF OBJECTION TO
## CLAIM NO. 1243 ASSERTED BY ROGER STRINGER, KIMBERLY HYDER & ZACHARY STRINGER

**NOTICE IS HEREBY GIVEN** that, pursuant to 11 U.S.C. § 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule 3007-1(c), National Union Fire Insurance Company of Pittsburgh, Pa. ( "**NUFIC**"), filed an objection (the "**Objection**") to the allowance of that certain claim no. 1243 filed against debtor Remington Outdoor Company, Inc. (Case No. 20-81688), (the "Claim"), filed by Roger Stringer Kimberly Hyder and Zachary Stringer(collectively, the "Claimant"). A copy of the Objection accompanies this notice.

YOU ARE FURTHER NOTIFIED that any opposition or other response to said Objection must be filed with the clerk's office within 30 days of the date of this notice, and a copy must be served on the party filing such Objection, the debtor or debtor in possession, the trustee, any other affected creditors, any committee appointed in the case, and any other entity as the Court may direct. If a response to said Objection is filed and served within the time specified, the Court will schedule a hearing to consider the Objection and the response thereto. If a timely response is filed, you will be notified of the time, date, and place of the hearing. At

---

[1] 1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).

the hearing, the party opposing or otherwise responding to the Objection must appear in person or through an attorney and be prepared to advocate their position by testimony from witnesses and other evidence.

**IF NO RESPONSE IS FILED WITHIN THE TIME SPECIFIED, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT IN THE OBJECTION WITHOUT A HEARING.**

Dated: June 9, 2022
New York, New York

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ Michael S. Davis
    Michael S. Davis *(Pro Hac Vice)*
    (914) 649-9447
    mdavis@zeklaw.com
    Robert Guttmann *(Pro Hac Vice)*
    rguttmann@zeklaw.com
    *Attorneys for National Union Fire Insurance*
    *Company of Pittsburgh, Pa.,*
    1211 Avenue of the Americas
    New York, New York 10036
    (212) 223-0400

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 9, 2022, the above *Notice of Objection to Claim* and a copy of *National Union Fire Insurance Company of Pittsburgh PA, Inc.'s Objection to Proof of Claim no. 1243*, were served on the following by U.S. Mail and e-mail:

**Claimant's Attorney**:

c/o Gary J. Gambel, Esq.
MURPHY ROGERS
200 West Thomas Street
Hammond, LA 70401
ggambel@mrsnola.com

Service was made on the following by the Court's CM/ECF System:

**Plan Administrator and address:**

Gene Davis c/o
BURR & FORMAN LLP
D Christopher Carson
James H. Haithcock, III
Hanna Lahr
Derek F Meek
James Phillip Roberts
420 North 20th Street, Ste 3400
Birmingham, AL 35203

AKIN GUMP STRAUSS HAUER & FELD LLP
Sarah Link Schultz
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481

Debtors and address:
Remington Outdoor Company, Inc.
100 Electronics Boulevard SW
Huntsville, AL 35824

**Debtors' counsel and addresses:**

Damarr Butler
1625 Eye Street NW
Washington, DC 20006
O'MELVENY & MYERS LLP

Rachel S. Janger
Jeffrey I. Kohn
Janine Panchok-Berry
Gary Svirsky
1625 Eye Street NW
Washington, DC 20006

_____/s/ Robert Guttmann_____
Robert Guttmann

4892-3592-2212, v. 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 20-81688-CRJ11<br>Jointly Administered |

## OBJECTION TO CLAIM NO. 1243

National Union Fire Insurance Co. of Pittsburgh, Pa.("NUFIC"), by its undersigned counsel, as a purported provider of GL Insurance Assets, (as defined in the Joint Plan of Reorganization (the "Plan") in the above captioned chapter 11 cases), submits this Objection to Claim no. 1243[1] filed by Roger Stringer, Kimberly Hyder & Zachary Stringer (the "Stringer Claim") filed against debtor Remington Outdoor Company, Inc. (Case No. 20-81688), and states as follows:

## ARGUMENT

### *Basis for Relief*

Pursuant to § 502(a), a filed proof of claim is deemed allowed unless a party-in-interest objects. Rule 3007 provides that an objection must be in writing and that the

---

[1] The "Objection."

claimant must be provided with not less than 30 days' notice of the hearing concerning the objection.

   If an objection is filed, the Court, after notice and hearing, determines the validity and amount of such claim.

   A proof of claim should be disallowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."

   When objecting to a claim under § 502(b)(1), a debtor may assert "any defense to a claim that is available outside of the bankruptcy context."

   If the objection asserts the existence of a factual dispute concerning the claim, an evidentiary hearing would be required to determine the amount of the claims subject to allowance. See 11 U.S.C. § 502(b).

   If the debtor or other objecting party (such as NUFIC) disputes the evidentiary presumption of validity of a proof of claim, the burden of establishing the basis of the claim by preponderance of the evidence would shift back to the claimant. See Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 20-22 n. 2 (2000) (holding that the ultimate burden of proof in establishing a claim, after the claim's validity is disputed by an objecting party, depends on applicable nonbankruptcy law governing the substantive basis of the claim).

Case 20-81688-CRJ11 Doc 2588 Filed 06/10/22 Entered 06/10/22 13:37:43 Desc
Objection to claim no. 1243 by Roger Stringent Kimberly & Zachary Stringe    Page 2 of 10

### *The Action Commenced by the Stringers Was Dismissed*
### *by the United States District* Court

On March 12, 2018, Roger Stringer, Kimberly Hyder and Zachary Stringer (the "Plaintiffs") filed suit in Mississippi Circuit Court, Marion County, against Remington Arms Company, LLC ("Remington"), Waldo's Sports Center, Inc., Sporting Goods Properties, Inc., ("Sporting Goods") and E.I. du Pont de Nemours and Company ("DuPont"), seeking damages for the wrongful death of Justin Stringer, son of Roger and Kimberly and brother of Zachary. In the Complaint, Plaintiffs assert four causes of action: Manufacturers' Products Liability – Unreasonably Dangerous Product, Failure to Warn Under Strict Manufacturers' Product Liability and Negligence, Negligence and Gross Negligence, and Breach of Warranties (the "Stringer Action").

Before Remington was served with Plaintiffs' Complaint, it had filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. After removing the action to federal court, Sporting Goods and DuPont moved to dismiss on the grounds that Plaintiffs' claims were time barred by the Mississippi statute of limitations and that neither the discovery rule nor the fraudulent concealment doctrine apply to legally excuse Plaintiffs' failure to file their lawsuit within the required time frame (the "Motion to Dismiss").

After the bankruptcy stay was lifted by the Bankruptcy Court in Delaware, Remington joined in the Motion to Dismiss filed by Sporting Goods and DuPont. Plaintiffs opposed the Motion to Dismiss and argued that concealment by the Defendants

Case 20-08-16883-CF-11   Doc 25891   Filed 06/10/22   Entered 06/10/22 10:37:43   Desc
Objection to claim no. 1243 by Roger Stringer Kimberly Hyder Zachary Stringe   Page 3 of 10

made it impossible for Plaintiffs to discover that an alleged defect in the rifle was the cause of harm. The District Court granted the Motion to Dismiss, and dismissed Plaintiffs' Complaint with Prejudice.

Plaintiffs appealed the dismissal to the Fifth Circuit. On August 7, 2019, the Fifth Circuit Court of Appeals heard oral argument. However, before the Court of Appeals issued an order, Remington filed for bankruptcy again on July 27, 2020 – this time in the Northern District of Alabama – and a Suggestion of Bankruptcy was filed with the Court of Appeals on July 28, 2020. The action has been stayed since.

Unless and until the Court of Appeals reverses or remands, this claim is dismissed.

### *Remington has Numerous Defenses to the Stringer Claim*

Remington joined in the Motion to Dismiss upon the lifting of the automatic stay in its first bankruptcy. The Motion to Dismiss argues, *inter alia*, that the Complaint was time-barred and was not saved by any applicable discovery or fraudulent concealment rule.

In addition to the statute of limitations defenses upon which this Claim has been dismissed, the following additional defenses require, without limitation, that the Stringer Claim be dismissed:

(a)    The Rifle was not defective;

(b)    Any defect with the Rife was not the proximate cause of death;

(c)    The Rifle was not used for its intended purpose;

(d) Plaintiffs failed to file a Proof of Claim against debtor Remington Arms Company, LLC, the only Remington entity named as a defendant in the lawsuit;

(e) Plaintiffs filed a Proof of Claim against debtor Remington Outdoor Company, Inc., but that entity is not a defendant in the underlying lawsuit;

(f) Plaintiffs cannot invoke the discovery rule to toll the statute of limitations because the injuries alleged do not involve a latent injury or disease. Miss. Code Ann. Sec. 15-1-49(2);

(g) The sole proximate cause of plaintiffs' injuries and damages was the intentional and/or reckless/negligent conduct of Zachary Stringer at the time of the occurrence;

(h) If Plaintiffs were entitled to recover from defendants, their recovery would be reduced on a pro rata basis by their own contributory negligence in causing the occurrence;

(i) Plaintiffs assumed the risk of their injuries and damages and are therefore barred from recovery from any of the defendants;

(j) Any recovery by Plaintiffs for noneconomic damages is capped at $1 million under Miss. Code Ann. Sec. 11-1-60(2)(b);

(k) Any recovery by plaintiffs for punitive damages is capped in accordance with Miss. Code Ann. Sec. 11-1-65(3)(a);

5

(l)   Plaintiffs' claim for punitive damages is barred by the Due Process and Equal Protection provisions of the United States and Mississippi constitutions; and

(m)  Punitive damages may not be recovered under the Debtors' Plan and/or applicable law.

### *NUFIC's Standing to Object to the Stringer Claim*

Because the underlying basis of the Stringer Claim is a dismissed wrongful death lawsuit, the claim is currently unliquidated. Pursuant to the Plan, NUFIC as a purported provided of a GL Insurance Asset is authorized to file this objection, as follows:

> For the holders of Class 7 Tort Claims who elect not to file a Stay Relief Notice, the Plan Administrator shall not object to the allowance of such Class 7 Tort Claims and such Claim shall be deemed Allowed in the amount set forth on the proof of claim of the applicable holder of the Class 7 Tort Claim filed in the Chapter 11 Cases or otherwise determined by the Bankruptcy Court; **provided that the provider of any GL Insurance Assets applicable to such holder's Class 7 Tort Claim shall have standing in the Plan Administrator's stead to timely object to the allowance of such Class 7 Tort Claims** for which the holders thereof do not elect to file a Stay Relief Notice within forty-five (45) days of the Effective Date[2].

Confirmation Order, page 47/77, paragraph 95 [ECF1658]

---

[2]   Pursuant to the "NOTICE OF (I) CONFIRMATION OF JOINT CHAPTER 11 PLAN OF THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND EXIT TERM LOAN LENDERS AND (II) OCCURRENCE OF THE EFFECTIVE DATE" [Docket no 1764], the Effective Date of the Plan occurred on March 21, 2021.

As of the date hereof, the Stringer Claimants have not filed a Stay Relief Notice. Moreover, the Plan Administrator has not yet objected to the Stringer Claim. Accordingly, as a provider of GL Insurance Assets[3], NUFIC is filing the instant objection to the Stringer Claim before the Claim Objection Deadline.[4]

### *The Bankruptcy Court Should Not Exercise Jurisdiction Over the Stringer Case*

28 USC section § 157 both carves out personal injury and wrongful death claims from "core' bankruptcy matters and directs such claims be adjudicated by the relevant District Court:

> (2) Core proceedings include, but are not limited to—
>
> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 **but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.**
>
> -and-
>
> (5)  The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined

---

[3]  The Plan defines "GL Insurance Assets" as "means the general liability insurance policies that provide coverage for any Tort Claims and all Causes of Action, rights, and proceeds in connection therewith".

[4]  Pursuant to the Joint Plan of Reorganization, Article VII, paragraph <u>C. Objections to Claims; Estimation of Claims</u>:

> Except insofar as a Claim is Allowed under the Plan, the Plan Administrator, and any other party in interest to the extent permitted under section 502(a) of the Bankruptcy Code, shall be entitled to object to Claims. Any objections to Claims shall be served and filed on or before (a) the one-hundred eightieth (180th) day following the later of (i) the Effective Date...

7

by the district court in which the bankruptcy case is pending.

28 U.S. Code § 157 – Procedures; See also, "[I]n addition, the cited cases are inapplicable because this is a lawsuit for personal injury/wrongful death. The United States Code provides that bankruptcy courts may not hear personal injury tort or wrongful death claims." In re EBG Health Care II, Inc., 303 B.R. 626, 630 (Bankr. W.D. Miss. 2003).

Moreover, aside from contravening the provisions of Section 157, any liquidation of the Stringer Claim would violate Res Judicata given, that as of the current date, a District Court has dismissed the underling Stringer Action on the Merits. "Majutama does not seriously dispute here, and, in order to foreclose any possible dispute in the future, we now expressly find, that Majutama is barred by res judicata from reasserting through the proofs of claim process those claims which were actually litigated and decided against it on the merits by the Bankruptcy Court in the prior adversary proceeding." In re Drexel Burnham Lambert Group, 148 B.R. 993, 996 (S.D.N.Y. 1992).

Accordingly, the Court should not allow the Stringer Claim.

_**Reservation of Rights**_

NUFIC is prepared to and will offer documentary and/or testimonial evidence at any subsequent hearing in support of this Objection, to the extent such evidence is required.

NUFIC expressly reserves all of its rights to amend, modify, or supplement this Objection, and to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.

NUFIC expressly reserves all of its defenses to coverage under any insurance policy issued to any of the Debtors or under which any of the Debtors might claim coverage including, but not limited to, the fact that the amount of the Claim seeks less than the applicable self-insured retentions ("SIRs") in the policy, and Claim, if allowed in an amount less than the applicable SIRs, would not be entitled to recover from applicable GL Insurance Assets. NUFIC's further reserves the right to assert that, even if the Claims were allowed in the amount sought, the amount payable would be reduced by the amount of the applicable SIRs.

Case 20-10161-CTG   Doc 2586   Filed 06/10/22   Entered 06/10/22 10:37:43   Desc
Objection to claim no. 1243 by Roger Stringer Kim   Page 22 of 27 Zachary Stringe    Page 9 of 10

WHEREFORE, for the reasons stated above, NUFIC respectfully requests that the Court (i) sustain this objection and disallow the Stringer Claim in its entirety, and (ii) award such other and further relief as the Court deems just and proper.

Dated: June 9, 2022
New York, New York

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ Michael S. Davis

Michael S. Davis *(Pro Hac Vice)*
(914) 649-9447
mdavis@zeklaw.com
Robert Guttmann *(Pro Hac Vice)*
rguttmann@zeklaw.com
*Attorneys for National Union Fire*
*Insurance Company of Pittsburgh, Pa.*
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
4865-2915-4596, v. 1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

**In re:**                                                                   **Case No.** 20–81688–CRJ11
Remington Outdoor Company, Inc.                                **Chapter** 11
                              **EIN:** 26–0174491

    **Debtor(s)**

## NOTICE OF HEARING

Notice is hereby given that a hearing will be held to consider and act upon the following:

*2603* – Joinder Ironshore's Joinder in 2588 National Union Fire's Objection to Stringers' Proof of Claim #1243 Filed by Interested Party Ironshore Specialty Insurance Company (Heard, Kevin)

**Date: Tuesday, July 12, 2022**                      **Time: 10:00 AM**

**Location: Federal Building, Cain St Entrance, 3rd Floor Courtroom, Decatur, AL 35601**

    **THE HEARING WILL TAKE PLACE IN PERSON.** However, if you are unable to appear in person, you may appear telephonically. The dial–in number is **1–877–336–1280**. When prompted, enter the access code **2749965#**. There is no security code. Parties should call in **five minutes** prior to the start of the hearing. Once connected, please mute your phone until your case is called. After your hearing is completed, please hang up to end your call. To avoid disruption, participants are expected to call from a quiet location and are not permitted to use a "speaker" function or to place the call on hold (as this may cause music or other noises to play during the hearings of other participants). Participants are encouraged to call from a landline if possible.

    Attorneys should attend all scheduled hearings. If a conflict is known, the Court should be notified immediately. Continuances of non–evidentiary hearings may be granted if all parties consent. Evidentiary hearings will not be continued except for good cause shown. If there is a failure to attend a scheduled hearing, and the Court has not been notified of the reason for the failure, the Court may enter appropriate orders. Attendance is not required if a settlement has been reached as approved by all parties and filed with the Court by an attorney prior to the hearing date.

Dated: June 15, 2022                              By:

                                        Joseph E. Bulgarella, Clerk
                                        United States Bankruptcy Court

tcw

# Notice Recipients

District/Off: 1126–8                    User: admin                    Date Created: 6/15/2022

Case: 20–81688–CRJ11                    Form ID: van002                Total: 1

**Recipients of Notice of Electronic Filing:**

aty        Derek F Meek        dmeek@burr.com

TOTAL: 1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA,  NORTHERN DIVISION

In re:

Remington Outdoor Company, Inc.

**EIN:** 26–0174491

**Case No.** 20–81688–CRJ11

**Chapter** 11

**Debtor(s)**

## NOTICE OF HEARING

Notice is hereby given that a hearing will be held to consider and act upon the following:

*2587* – Document Notice of National Union's objection to claims no. 1187 and 1164 asserted by Peggy Suazo obo Tony Suazo Filed by Creditor National Union Fire Insurance Co. of Pittsburg Pa., Inc.. (Attachments: # 1 Objection to claims No. 1187 and 1164 by Peggy Suazo obo Tony Suazo) (Guttmann, Robert)

*2588* – Document Notice of objection to claim No. 1243 asserted by Roger Stringer, Kimberly Hyder & Zachary Stringer Filed by Creditor National Union Fire Insurance Co. of Pittsburg Pa., Inc.. (Attachments: # 1 Objection to clain no. 1243 by Roger Stringer, Kimberly Hyder & Zachary Stringer) (Guttmann, Robert)

**Date:  Tuesday, July 12, 2022**          **Time:  10:00 AM**

**Location:  Federal Building, Cain St Entrance, 3rd Floor Courtroom, Decatur, AL 35601**

      **THE HEARING WILL TAKE PLACE IN PERSON.** However, if you are unable to appear in person, you may appear telephonically. The dial–in number is **1–877–336–1280**. When prompted, enter the access code **2749965#**. There is no security code. Parties should call in **five minutes** prior to the start of the hearing. Once connected, please mute your phone until your case is called. After your hearing is completed, please hang up to end your call. To avoid disruption, participants are expected to call from a quiet location and are not permitted to use a "speaker" function or to place the call on hold (as this may cause music or other noises to play during the hearings of other participants). Participants are encouraged to call from a landline if possible.

      Attorneys should attend all scheduled hearings. If a conflict is known, the Court should be notified immediately. Continuances of non–evidentiary hearings may be granted if all parties consent. Evidentiary hearings will not be continued except for good cause shown. If there is a failure to attend a scheduled hearing, and the Court has not been notified of the reason for the failure, the Court may enter appropriate orders. Attendance is not required if a settlement has been reached as approved by all parties and filed with the Court by an attorney prior to the hearing date.

Dated:  June 10, 2022

By:

Joseph E. Bulgarella, Clerk
United States Bankruptcy Court

tcw

# Notice Recipients

District/Off: 1126–8     User: admin     Date Created: 6/10/2022
Case: 20–81688–CRJ11     Form ID: van002     Total: 1

**Recipients of Notice of Electronic Filing:**
aty          Derek F Meek          dmeek@burr.com

TOTAL: 1